# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALL COAST, LLC** | **CIVIL ACTION NO:** |
| **VERSUS** | **SECTION:** |
| **SHORE OFFSHORE SERVICES, LLC;**<br>**MODERN AMERICAN RAILROAD**<br>**SERVICES, LLC; and  MARTIN**<br>**ENERGY SERVICES, LLC** | **MAGISTRATE:** |

## <u>COMPLAINT IN ADMIRALTY</u>

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, All Coast, LLC ("All Coast"), who respectfully represents as follows:

### I.

All Coast is a limited liability company organized and existing under the laws of the state of Louisiana.

### II.

Shore Offshore Services, LLC ("Shore") is a limited liability company organized and existing under the laws of the state of Louisiana.

### III.

Modern American Railroad Services, LLC ("MARS") is a limited liability company organized and existing under the laws of the state of Louisiana.

### IV.

Martin Energy Services, LLC ("Martin") is a limited liability company organized and existing under the laws of the state of Alabama.

V.

This is a complaint in admiralty and asserts maritime claims. This Court has jurisdiction pursuant to 28 U.S.C § 1333. All Coast desires to proceed with a bench trial pursuant to Rule 9 (h) of the Federal Rules of Civil Procedure. Venue is proper under 28 U.S.C.A. § 1391(b)(2).

VI.

The All Coast L/B STINGRAY ("the Stingray") is a 130' leg class, triple leg lift boat measuring 71.5' x 42.1' x 6.8', is of 99 gross tons, 67 net tons, built in 1979, and bears official number 603825.

VII.

The All Coast L/B GROUPER ("the Grouper") is a 120' leg class, triple leg lift boat measuring 86.5' x 57' x 7', is of 97 gross tons, 66 net tons, built in 1979, and bears official number 609642.

VIII.

On the afternoon of October 28, 2020, Hurricane Zeta made landfall in Cocodrie, Louisiana, thirty miles west of Port Fourchon, Louisiana. At that time, the D/B Thor ("the Thor"), which was owned by MARS and operated and/or chartered by Shore, was moored to bollards at the Martin dock in Port Fourchon, with a crew onboard waiting out the storm.

IX.

At all times, the dock and bollards were owned and operated by, and/or in the custody and control of Martin. At some point during the afternoon, after Zeta made landfall, the mooring lines snapped, the dock and bollards failed, and the Thor was set adrift with its crew unable to bring the vessel under control.

X.

The Stingray was jacked up in Bayou Lafourche, north of Port Fourchon with a crew onboard. At approximately 1700 hours that evening, the Stingray crew observed the Thor approaching. The Thor struck the M/V Trent Joseph ("the Joseph") and a barge, the Weeks 595 ("the 595"), and each of these vessels in turn struck the Stingray.

XI.

The Stingray crew was unable to react to avoid impact, as the Stingray was jacked up on its legs and unable to maneuver. The Joseph was forced under the hull of the Stingray, causing it to slide forward on its legs and strike the Grouper, which was jacked up next to the Stingray.

XII.

The Stingray suffered a large gash measuring approximately 13' x 8' on the starboard side, and the Grouper's stern leg was damaged as a result of being pushed forward by the Stingray, which resulted from the Thor, the Joseph, and the 595 striking the Stingray.

XIII.

As a result of the incident, the Stingray and Grouper both suffered significant damage and All Coast had to send both vessels to the shipyard where they are currently undergoing repairs. Furthermore, at the time of the incident, the Stingray was on charter pursuant to a master time charter agreement with Cantium. But for the incident, the Stingray would be on charter today, earning charter hire, and the charter would have continued for the foreseeable future.

XIV.

As a result of this incident, All Coast has suffered money damages for the cost of repairs to the Stingray and the Grouper, as well as the loss of charter hire and/or loss of use of the Stingray as a result of the Stingray having to come off charter to be repaired.

XV.

The cause of the incident and resulting damages was the negligence of Shore, MARS and Martin, and their employees, officers, agents, and/or servants for whom they are responsible as follows:

1.  failing to properly train or supervise their employees;

2.  failing to provide a competent and adequate crew;

3.  failing to maintain the vessels and their equipment;

4.  failing to institute proper emergency procedures;

5.  failing to heed emergency procedures;

6.  failing to properly moor vessels;

7.  failing to properly maintain docks and bollards;

8.  failing to adequately prepare the vessels for the landfall of Hurricane Zeta;

9.  all other acts of negligence and fault that may be identified during discovery and proven at trial.

XVI.

The cause of the incident and resulting damages was also the unseaworthiness of the Thor as the vessel was not reasonably fit for its intended purpose. As a result of the unseaworthiness of the Thor, All Coast suffered damages for the cost of repairs to the Stingray and the Grouper, and the loss of charter hire and/or loss of use of the Stingray.

**WHEREFORE**, All Coast, LLC, prays that its Complaint be deemed good and sufficient and that after due proceedings be had, there be judgment in its favor against Shore Offshore Services, LLC, Modern American Railroad Services, LLC, and Martin Energy Services, LLC, for all damages sought, including but not limited to all interest and attorneys' fees and all other legal and equitable remedies under the law.

Respectfully submitted,

**THE MOELLER FIRM, LLC**

_____
Matthew A. Moeller (TA) (#29991)
David K. Smith (#35325)
650 Poydras Street, Suite 1207
New Orleans, LA 70130
Telephone: (504) 702-6794
Facsimile: (504) 702-6783

**ATTORNEYS FOR ALL COAST, LLC**