UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HARVEY SEAS, LLC and HARVEY GULF INTERNATIONAL MARINE, LLC<br><br>VERSUS<br><br>SHORE OFFSHORE SERVICES, LLC; MODERN AMERICAL RAILROAD SERVICES, L.L.C.; MARTIN ENERGY SERVICES, LLC; CROSBY TUGS L.L.C.; and, DAWN SERVICES, L.L.C. | CIVIL ACTION<br><br>NO. 21-258 c/w 21-337, 21-464<br><br>***PLEADING APPLIES TO 21-337***<br><br>SECTION A (4)<br><br>JUDGE JAY C. ZAINEY<br><br>MAGISTRATE CHIEF JUDGE KAREN WELLS ROBY |

## ANSWER TO COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Dawn Services, L.L.C. ("Dawn"), who responds to the Original Complaint (the "Complaint") of Plaintiffs Harvey Seas, LLC and Harvey Gulf International Marine, LLC (collectively "Plaintiffs") as follows:

### FIRST DEFENSE

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs fail to state a claim against Dawn upon which relief can be granted.

### SECOND DEFENSE

Answering separately the numbered allegations of the Complaint, Dawn responds as follows:

1.

The allegations of Paragraph 1 contain legal conclusions for which no response is required. To the extent a response is required, the allegations of Paragraph 1 are denied for lack of knowledge or information sufficient to form a belief about the truth therein.

2.

The allegations of Paragraph 2 contain legal conclusions for which no response is required. To the extent a response is required, the allegations of Paragraph 2 are denied for lack of knowledge or information sufficient to form a belief about the truth therein.

3.

The allegations of Paragraph 3 are denied for lack of knowledge or information sufficient to form a belief about the truth therein.

4.

The allegations of Paragraph 4 are denied for lack of knowledge or information sufficient to form a belief about the truth therein.

5.

The allegations of Paragraph 5 are denied for lack of knowledge or information sufficient to form a belief about the truth therein.

6.

The allegations of Paragraph 6 are denied for lack of knowledge or information sufficient to form a belief about the truth therein.

7.

The allegations of Paragraph 7 are denied for lack of knowledge or information sufficient to form a belief about the truth therein.

8.

Dawn denies the allegation in Paragraph 8 that Crosby Tugs was the charterer and/or owner *pro hac vice* of a tug owned by Dawn. The remaining allegations of Paragraph 8 are denied for lack of knowledge or information sufficient to form a belief about the truth therein.

9.

Dawn admits that it is a limited liability company organized under the laws of Louisiana and has a principal place of business in Harvey, Louisiana. The remaining allegations of Paragraph 9 are denied.

10.

The allegations of Paragraph 10 are admitted.

11.

The allegations of Paragraph 11 are denied for lack of knowledge or information sufficient to form a belief about the truth therein.

12.

The allegations of Paragraph 12 are denied.

13.

The allegations of Paragraph 13 are denied for lack of knowledge or information sufficient to form a belief about the truth therein.

14.

The allegations of in Paragraph 14 are denied for lack of knowledge or information sufficient to form a belief about the truth therein.

15.

The allegations of Paragraph 15 are denied for lack of knowledge or information sufficient to form a belief about the truth therein.

16.

The allegations of Paragraph 16 are denied for lack of knowledge or information sufficient to form a belief about the truth therein.

17.

The allegations of Paragraph 17 are denied for lack of knowledge or information sufficient to form a belief about the truth therein.

18.

The allegations of Paragraph 18 are denied for lack of knowledge or information sufficient to form a belief about the truth therein.

19.

The allegations of Paragraph 19 are denied for lack of knowledge or information sufficient to form a belief about the truth therein.

20.

The allegations of Paragraph 20 are denied for lack of knowledge or information sufficient to form a belief about the truth therein.

21.

The allegations of Paragraph 21 are denied for lack of knowledge or information sufficient to form a belief about the truth therein.

22.

The allegations of Paragraph 22 contain legal conclusions for which no response is required. To the extent a response is deemed necessary, Dawn denies the allegations contained in Paragraph 22.

23.

The allegations of Paragraph 23 contain legal conclusions for which no response is required. To the extent a response is deemed necessary, Dawn denies the allegations contained in Paragraph 23.

24.

The allegations of Paragraph 24 are denied for lack of knowledge or information sufficient to form a belief about the truth therein.

25.

The allegations of Paragraph 25 are denied for lack of knowledge or information sufficient to form a belief about the truth therein.

26.

The allegations of Paragraph 26 are denied for lack of knowledge or information sufficient to form a belief about the truth therein..

27.

The allegations of Paragraph 27 are denied.

28.

The allegations of Paragraph 28 are denied.

29.

The allegations of Paragraph 29 are denied for lack of knowledge or information sufficient to form a belief about the truth therein.

30.

The allegations of Paragraph 30 are denied.

### **FOURTH DEFENSE**

Dawn avers that Plaintiffs' injuries were caused by Plaintiffs' sole negligence and recovery is therefore barred.

### **FIFTH DEFENSE**

In the alternative, Dawn avers that if the alleged injuries complained of by Plaintiffs are found to be caused by the act or omissions other than those solely attributable to Plaintiffs, then Plaintiffs were a contributing cause of said injuries, either barring or diminishing Plaintiffs' recovery.

### **SIXTH DEFENSE**

Dawn avers that the alleged injuries, if any, were caused by acts or omissions or conditions that are responsibilities of persons other than Dawn and for whom Dawn has no legal responsibility or control and whose comparative fault is pleaded in bar, diminution, or mitigation of any recovery by Plaintiffs.

### **SEVENTH DEFENSE**

Dawn avers that if Plaintiffs are entitled to recover from Dawn, which is specifically denied, Plaintiffs' recovery is barred and/or reduced in proportion to the degrees or percentages of

fault attributable to Plaintiffs, and/or any co-defendant or third-party defendant herein and/or any other person or entity to whom a percentage of fault is attributed.

### EIGHTH DEFENSE

Dawn avers that the alleged injuries and damages were caused by superseding and intervening acts and/or negligence and/or strict liability of parties over whom Dawn had no control and/or for whose actions Dawn is not liable.

### NINTH DEFENSE

Dawn avers that the alleged injuries and damages were caused by an overwhelming natural force, *force majeure*, peril of the sea, or act of God for which Dawn is not liable.

### TENTH DEFENSE

Plaintiffs' demands are barred or diminished by Plaintiffs' failure to mitigate, minimize, or abate damages.

### ELEVENTH DEFENSE

At all relevant times, Dawn complied with all applicable laws, regulations, and standards.

### TWELVETH DEFENSE

Dawn denies that it is liable to any extent as alleged in the Original Complaint, and claims exoneration from any and all liability for all losses, damages, and injuries incurred by Plaintiffs as a result of the allegations contained in the Original Complaint, and for any other damages or claims which exist or may arise, but have not been specifically pled.

**THIRTEENTH DEFENSE**

The causal connection between the negligence alleged by Plaintiffs and the resulting harm is so attenuated that it falls outside the scope of risk created by the alleged conduct and is unforeseeable as a matter of law.

**FOURTEENTH DEFENSE**

While Dawn denies that it or any vessel it owned or operated was present in the vicinity of the incident that forms the basis of this lawsuit, and Dawn denies it or any of its vessels are liable, out of an abundance of caution and in recognition of the allegations set forth in the Complaint regarding the alleged presence of a Dawn vessel (which are specifically denied), Dawn claims entitlement to exoneration from or limitation of all liability for all losses, damages, or injuries incurred by Plaintiffs as pled in their Complaint, and for any other losses that might exist but have not been specifically pled. If Dawn, or any alleged vessel of Dawn, should be held responsible for any of the damages complained of by Plaintiffs, then Dawn claims the benefits of the Limitation of Liability Act provisions set forth in 46 U.S.C. § 30501, *et seq*.

**FIFTEENTH DEFENSE**

Dawn reserves its rights to raise all affirmative defenses that may be revealed as a result of discovery and further reserves the right to adopt the affirmative defenses raised by all other parties.

WHEREFORE, Dawn Services, L.L.C. prays that its Answer and Affirmative Defenses to the Original Complaint be deemed good and sufficient, and that after due proceedings be had, judgment be entered in Dawn's favor and against Plaintiffs, dismissing Plaintiffs' claims, with prejudice, at Plaintiffs' cost, and for any and all further general and equitable relief to which Dawn may be entitled.

- 9 -

        Respectfully submitted,

        */s/ David L. Reisman*
        David L. Reisman, T.A. (Bar #21833)
        Raymond T. Waid (Bar #31351)
        Lance Bullock (Bar # 38519)
        LISKOW & LEWIS
        701 Poydras Street, Suite 5000
        New Orleans, Louisiana 70139-5099
        Telephone: (504) 581-7979
        dreisman@liskow.com
        rwaid@liskow.com
        lbullock@liskow.com

        ***Attorneys for Dawn Services, L.L.C.***

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of April, 2021, a copy of the above and foregoing was forwarded to all counsel of record via the Court's ECF system.

        *s/ David L. Reisman*