# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ALL COAST, LLC** | * | **CIVIL ACTION NO. 21-258** |
| | * | **c/w 21-337, 21-464, 21-822** |
| **VERSUS** | * | |
| | * | **JUDGE ZAINEY** |
| **SHORE OFFSHORE SERVICES, LLC** | * | |
| | * | **MAGISTRATE ROBY** |
| | * | |
| _____ / | | **Applies to 21-464** |

### ANSWER AND CLAIM OF
### RAF, INC., GLOBAL TOWING SERVICES, LLC,
### AND OFFSHORE TOWING, INC.

COME NOW, by and through undersigned counsel, RAF, Inc., Global Towing

Services, LLC, and Offshore Towing, Inc. ("Owners/ Operators") who Answer the

Verified Complaint for Exoneration from and/ or Limitation of Liability ("the

Complaint") of Modern American Railroad Services, LLC and Shore Offshore Services,

LLC and further assert a Claim as follows:

### Answer

1.

The Complaint fails to state a cause of action for which relief may be granted.

2.

The allegations of paragraph 1 of the Complaint do not require a response from

Owners/ Operators.  To the extent a response is required, the allegations are denied for

lack of sufficient information to justify a belief therein.

1

3.

The allegations of paragraph 2 of the Complaint do not require a response from

Owners/ Operators.  To the extent a response is required, the allegations are denied for

lack of sufficient information to justify a belief therein.

4.

The allegations of paragraph 3 of the Complaint do not require a response from

Owners/ Operators.  To the extent a response is required, the allegations are denied for

lack of sufficient information to justify a belief therein.

5.

The allegations of paragraph 4 of the Complaint are admitted.

6.

The allegations of paragraph 5 of the Complaint are admitted.

7.

The allegations of paragraph 6 of the Complaint are denied.

8.

The allegations of paragraph 7 of the Complaint do not require a response from

Owners/ Operators.  To the extent a response is required, the allegations are denied for

lack of sufficient information to justify a belief therein.

9.

The allegations of paragraph 8 of the Complaint as to other parties or entities do

not require a response from Owners/ Operators. To the extent a response is required, the

allegations as to other parties or entities are denied for lack of sufficient information to

justify a belief therein.  It is admitted that the THOR allided with the ROLAND A.

FALGOUT.

10.

The allegations of paragraph 9 of the Complaint are admitted.

11.

The allegations of paragraph 10 of the Complaint are denied.

12.

The allegations of paragraph 11 of the Complaint are denied.

13.

The allegations of paragraph 12 of the Complaint are denied.

14.

The allegations of paragraph 13 of the Complaint are admitted as to those

allegations concerning Owners/ Operators and its property.  As to allegations directed to

other parties or entities, those allegations are denied for lack of sufficient information to

justify a belief therein.

15.

The allegations of paragraph 14 of the Complaint do not require a response from

Owners/ Operators.  To the extent a response is required, the allegations are denied for

lack of sufficient information to justify a belief therein.

16.

The allegations of paragraph 15 of the Complaint do not require a response from Owners/ Operators.  To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of paragraph 16 of the Complaint do not require a response from Owners/ Operators.  To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

18.

The allegations of paragraph 17 of the Complaint do not require a response from Owners/ Operators.  To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of paragraph 18 of the Complaint do not require a response from Owners/ Operators.  To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

20.

The allegations of paragraph 19 of the Complaint do not require a response from Owners/ Operators.  To the extent a response is required, the allegations are denied for

lack of sufficient information to justify a belief therein.

21.

The allegations of paragraph 20 of the Complaint do not require a response from

Owners/ Operators.  To the extent a response is required, the allegations are denied for

lack of sufficient information to justify a belief therein.

22.

The allegations of paragraph 21 of the Complaint do not require a response from

Owners/ Operators.  To the extent a response is required, the allegations are denied for

lack of sufficient information to justify a belief therein.

23.

The allegations of paragraph 22 of the Complaint as to other parties or entities do

not require a response from Owners/ Operators.  To the extent a response is required, the

allegations as to other parties or entities are denied for lack of sufficient information to

justify a belief therein. However, it is admitted that Owners/ Operators has a claim against

Petitioners.

24.

The allegations of paragraph 23 of the Complaint do not require a response from

Owners/ Operators.  To the extent a response is required, the allegations are denied for

lack of sufficient information to justify a belief therein.

25.

The allegations of paragraph 24 of the Complaint do not require a response from Owners/ Operators.  To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein. However, Owners/ Operators reserve the right to challenge or demand proof of the Value of the vessel and/ or the Petitioner's interest therein.

26.

The allegations of paragraph 25 of the Complaint do not require a response from Owners/ Operators.  To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein However, Owners/ Operators reserve the right to challenge or demand proof of value of the pending freight.

27.

The allegations of paragraph 26 of the Complaint do not require a response from Owners/ Operators.  To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein. However, Owners/ Operators reserves the right to challenge or demand proof of value of the vessel and/ or pending freight.

28.

The allegations of paragraph 27 of the Complaint do not require a response from Owners/ Operators.  To the extent a response is required, the allegations are denied for

lack of sufficient information to justify a belief therein.

29.

The allegations of paragraph 28 of the Complaint are denied. It is specifically denied that Petitioners are entitled to the relief requested.

30.

The allegations of paragraph 29 of the Complaint are denied. It is specifically denied that Petitioners are entitled to the relief requested.

31.

The allegations of paragraph 30 of the Complaint are denied.

32.

The allegations of paragraph 31 of the Complaint are admitted only as to the jurisdictional allegations.

33.

The allegations of the unnumbered paragraph containing the Prayer for Relief are denied. It is specifically denied that Petitioners are entitled to the relief requested.

**Claim**

34.

RAF, Inc. is the owner of the M/V ROLAND A. FALGOUT, an offshore towing vessel bearing U.S. Coast Guard Official number 581858.

35.

Global Towing Services, Inc. is the operator of the ROLAND A. FALGOUT.

36.

Offshore Towing, Inc. is the operator/ broker of the ROLAND A. FALGOUT.

37.

On October 28, 2020, the ROLAND A. FALGOUT was moored at the C-Port

Mooring Dolphins 1 and 2 in Bayou Lafourche, Louisiana.

38.

The ROLAND A. FALGOUT was properly moored in all respects was not in any

way obstructing the navigable channel nor impeding the navigation of any vessel.

39.

At approximately, 4:15 p.m. on October 28, 2020, the ROLAND A. FALGOUT

was struck by the drifting D/B THOR, owned and operated by Petitioners Modern

American Railroad Services and Shore Offshore Services, LLC.

40.

Prior to the breakaway of the THOR and subsequent allision with the ROLAND A.

FALGOUT, the THOR had been improperly moored and inadequately secured at the

Martin Energy dock on Bayou Lafourche.  The THOR broke free from its moorings

during Hurricane Zeta on October 28, 2020.

41.

The allision by the THOR with the ROLAND A. FALGOUT was caused by the negligence or other legal fault of Petitioners in failing to properly moor, secure, and control the THOR prior to the breakaway and/ or failure to hold, retrieve, or otherwise prevent the THOR from alliding with the ROLAND A. FALGOUT.

42.

In addition, or in the alternative, Petitioners are liable under the doctrine of *res ipsa loquitur*.

43.

In addition, or in the alternative, Petitioners are presumed at fault under the Louisiana rule. The Louisiana, 70 U.S. 164 (1865).

44.

As a consequence of the allision, the ROLAND A. FALGOUT sustained serious physical damage including, but not limited to, damage to her stern bulwarks, aft horn, main deck superstructure, port kort nozzle, propellers, rudders, propulsion engines, reduction gears, and other parts and appurtenances.

45.

Because of the physical damages caused by the allision, the ROLAND A. FALGOUT could not navigate under its own power and had to be towed from its mooring at C-Port Mooring Dolphins to Conrad Industries Deepwater facility in Amelia, Louisiana

for repair.  Additional tug services were required during the repair process.

46.

Because of the physical damage caused by the allision and subsequent need for

repairs, Owners/ Operators lost the use of the ROLAND A. FALGOUT during the time

the vessel was out of service.

47.

WHEREFORE, after due proceedings had, RAF, Inc. Global Towing Services,

LLC, and Offshore Towing, Inc. pray that this Answer and Claim be deemed good and

sufficient; that the Complaint from Exoneration or Limitation of Liability be denied; that

Judgment be had in favor of , RAF, Inc. Global Towing Services, LLC, and Offshore

Towing, Inc. and against Petitioners; that Petitioners be held liable for all damages

sustained or incurred by RAF, Inc. Global Towing Services, LLC, and Offshore Towing,

Inc. caused, in whole, or in part, by the allision with the THOR; for prejudgment and post

judgment interest; for attorney fees and costs in defending this action; and for all other

general and equitable relief to which , RAF, Inc. Global Towing Services, LLC, and

Offshore Towing, Inc. may be entitled.

Respectfully submitted,

/s/ Cindy Galpin Martin

_____

RUFUS C. HARRIS, III (#6638)
ALFRED J. RUFTY, III (#19990)
CINDY GALPIN MARTIN (#25159)
HARRIS & RUFTY, L.L.C.
650 Poydras Street, Suite 2710
New Orleans, Louisiana 70130
Telephone:  (504) 525-7500
Facsimile:   (504) 525-7222
Attorneys for , RAF, Inc. Global Towing Services,
LLC, and Offshore Towing, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and forgoing pleading was served on counsel of record by electronic means including the CM/ ECF system this 3rd day of June, 2021.

/s/ Cindy G. Martin

_____