UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
STATE OF LOUISIANA


| | | |
|---|---|---|
| ALL COAST, LLC | * | LEAD CASE:  2:21-cv-00258-JCZ-KWR |
| | * | |
| VERSUS | * | JUDGE JAY C. ZANEY |
| | * | |
| SHORE OFFSHORE SERVICES, LLC; | * | MAGISTRATE KAREN WELLS ROBY |
| MODERN AMERICAN RAILROAD | * | |
| SERVICES, LLC; and MARTIN | * | |
| ENERGY SERVICES, LLC | * | |

Consolidated with:

| | | |
|---|---|---|
| HARVEY GULF INTERNATIONAL | * | MEMBER CASE:  2:21-cv-00337-JCZ-KWR |
| MARINE, LLC and HARVEY SEAS, | * | |
| LLC | * | |
| | * | |
| VERSUS | * | JUDGE JAY C. ZANEY |
| | * | |
| SHORE OFFSHORE SERVICES, LLC; | * | MAGISTRATE KAREN WELLS ROBY |
| MODERN AMERICAN RAILROAD | * | |
| SERVICES, LLC; MARTIN ENERGY | * | |
| SERVICES, LLC; CROSBY TUGS, | * | |
| LLC; and DAWN SERVICES, LLC. | * | |

Consolidated with:

| | | |
|---|---|---|
| IN RE:  IN THE MATTER OF | * | MEMBER CASE:  2:21-cv-00464-JCZ-KWR |
| MODERN AMERICAN RAILROAD | * | |
| SERVICES, LLC, as owner, and SHORE | * | JUDGE JAY C. ZANEY |
| OFFSHORE SERVICES, LLC as | * | |
| Bareboat Charterer and Owner Pro Hac | * | MAGISTRATE KAREN WELLS ROBY |
| Vice of D/B Thor | * | |

Consolidated with:

| | | |
|---|---|---|
| IN RE:  CROSBY TUGS, LLC as owner | * | MEMBER CASE:  2:21-cv-00822-JCZ-KWR |
| and operator of the M/V Crosby | * | |
| Endeavor Petitioning for Exoneration | * | JUDGE JAY C. ZANEY |
| from or Limitation of Liability | * | |
| | * | MAGISTRATE KAREN WELLS ROBY |

1

**ANSWER AND CLAIM OF GARBER BROS., LLC TO
COMPLAINT FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY
FILED BY MODERN AMERICAN RAILROAD SERVICES, LLC AND SHORE
OFFSHORE SERVICES, LLC (2:21-00464)**

COMES NOW, by and through undersigned counsel, Garber Bros., LLC ("GARBER") who files this Answer and Claim to the Complaint for Exoneration from and/or Limitation of Liability filed by Modern American Railroad Services, LLC as Owner ("MARS") and Shore Offshore Services, LLC as Bareboat Charterer and Owner Pro Hac Vice of the D/B Thor ("SOSL") and further file this Claim as follows:

**ANSWER OF GARBER TO THE COMPLAINT OF MARS AND SOSL**

**FIRST DEFENSE**

The Verified Complaint for Exoneration From or Limitation of Liability ("the Complaint") fails to state a claim for which relief may be granted.

**SECOND DEFENSE**

GARBER, as claimant-in-limitation, avers that, to the extent the facts demonstrate, MARS and SES are not entitled to exoneration from or limitation of liability in these proceedings because the alleged unseaworthiness of the vessel, D/B THOR, and the alleged negligent conduct of her owner and/or operators by and through her master, crew and/or shoreside personnel all occurred with the privity and knowledge of limitation Petitioners, MARS and SOSL.

**THIRD DEFENSE**

GARBER, as claimant-in-limitation, avers that, to the extent the facts demonstrate, the security posted by MARS and SOSL is legally insufficient due to its failure to properly compute the fair market value of the vessel, D/B THOR, and her pending freight as of October 28, 2020. In that event, the limitation fund is invalid or inadequate.

2

<u>FOURTH DEFENSE</u>

GARBER, as claimant-in-limitation, avers that all insurance coverage insuring limitation Petitioners and the vessel, D/B THOR, for the events and occurrences of October 28, 2020, must be included in the limitation fund in the event that limitation Petitioners prevail in this limitation of liability proceeding, which, to the extent the facts demonstrate, limitation claimant denies are appropriate for all of the reasons stated herein.

<u>FIFTH DEFENSE</u>

In answering the allegations the MARS and SOSL Complaint, categorically, by paragraph, GARBER avers as follows:

**<u>Answer</u>**

1.

The allegations of fact in paragraph 1 of the Complaint are denied for lack of information sufficient to justify a belief therein.

2.

The allegations of fact in paragraph 2 of the Complaint are denied for lack of information sufficient to justify a belief therein.

3.

The allegations of paragraph 3 of the Complaint are denied for lack of information sufficient to justify a belief therein.

4.

The allegations of paragraph 4 of the Complaint pertain to law, not to fact, and require no response on the part of GARBER; however, to the extent the Court requires an answer, the

allegations contained in paragraph 4 of the Complaint are admitted insofar as GARBER does not contest that the venue is proper in this Court.

5.

The allegations of paragraph 5 of the Complaint pertain to law, not to fact, and require no response on the part of GARBER; however, to the extent the Court requires an answer, the allegations contained in paragraph 5 of the Complaint are admitted insofar as GARBER does not contest that the jurisdiction is proper in this Court.

6.

The allegations of paragraph 6 of the Complaint are denied for lack of information sufficient to justify a belief therein.

7.

The allegations of paragraph 7 of the Complaint are denied for lack of information sufficient to justify a belief therein.

8.

The allegations of paragraph 8 of the Complaint are denied for lack of information sufficient to justify a belief therein.

9.

The allegations of paragraph 9 of the Complaint are denied for lack of information sufficient to justify a belief therein.

10.

The allegations of paragraph 10 of the Complaint are denied for lack of information

sufficient to justify a belief therein.

11.

The allegations of paragraph 11 of the Complaint are denied for lack of information sufficient to justify a belief therein.

12.

The allegations of paragraph 12 of the Complaint are denied for lack of information sufficient to justify a belief therein.

13.

The allegations of paragraph 13 of the Complaint are admitted.

14.

The allegations of paragraph 14 of the Complaint do not require a response from GARBER. To the extent a response is required, the allegations are admitted.

15.

The allegations of paragraph 15 of the Complaint do not require a response from GARBER. To the extent a response is required, the allegations are admitted.

16.

The allegations of paragraph 16 of the Complaint do not require a response from GARBER. To the extent a response is required, the allegations are admitted.

17.

The allegations of paragraph 17 of the Complaint do not require a response from GARBER. To the extent a response is required, the allegations are admitted.

18.

The allegations of paragraph 18 of the Complaint do not require a response from GARBER. To the extent a response is required, the allegations are admitted.

19.

The allegations of paragraph 19 of the Complaint do not require a response from GARBER. To the extent a response is required, the allegations are admitted.

20.

The allegations of paragraph 20 of the Complaint do not require a response from GARBER. To the extent a response is required, the allegations are admitted.

21.

The allegations of paragraph 21 of the Complaint do not require a response from GARBER. To the extent a response is required, the allegations are admitted.

22.

The allegations of paragraph 22 (12) of the Complaint as to GARBER are admitted. All other allegations do not require a response from GARBER. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

23.

The allegations of paragraph 23 of the Complaint are denied for lack of information sufficient to justify a belief therein.

24.

The allegations of paragraph 24 of the Complaint are denied for lack of information sufficient to justify a belief therein.  However, GARBER reserves the right to challenge or demand proof of the Value of the vessel.

25.

The allegations of paragraph 25 of the Complaint are denied for lack of information sufficient to justify a belief therein.  However, GARBER reserves the right to challenge or demand proof of the Value of the pending freight for the subject voyage.

26.

The allegations of paragraph 26 of the Complaint are denied for lack of information sufficient to justify a belief therein. However, GARBER reserves the right to challenge or demand proof of the Value of the vessel and/ or the Petitioner's interest therein and of the pending freight.

27.

The allegations of paragraph 27 of the Complaint are denied for lack of information sufficient to justify a belief therein; and GARBER reserves the right to challenge the sufficiency of the Letters of Undertaking.

28.

The allegations of paragraph 28 of the Complaint are denied for lack of information sufficient to justify a belief therein.

29.

The allegations of paragraph 29 of the Complaint are denied for lack of information sufficient to justify a belief therein; and GARBER avers that Petitioners are not entitled to limit their liability.

30.

The allegations of paragraph 30 of the Complaint are denied for lack of information sufficient to justify a belief therein; and GARBER avers that Petitioners are not entitled to limit their liability and therefore pro rate their damages.

31.

The allegations of paragraph 31 of the Complaint pertain to law, not to fact, and require no response on the part of GARBER; however, to the extent the Court requires an answer, the allegations contained in paragraph 31 of the Complaint are admitted insofar as GARBER does not contest that the jurisdiction is proper in this Court.

32.

The remaining Paragraphs (1) through (6) of the MARS and SOSL Complaint constitute a prayer for relief to which no response on the part of these claimant is required; however, to the extent the Court requires an Answer, the allegations contained in the prayer for relief directed to the issue of MARS and SOSL entitlement to exoneration from or limitation of lability are denied.

<u>SIXTH DEFENSE</u>

At all pertinent times, GARBER conducted their affairs in a safe and lawful manner adhering to state and federal guidelines, laws and regulations, industry standards, rules and regulations and accepted practices of the industry, both locally and nationally, and were free

8

from fault, negligence, gross negligence, strict liability or any other comparable conduct.

SEVENTH DEFENSE

GARBER avers that the incident described in MARS and SOSL's Complaint, and any damages claimed as a result thereof, were caused by MARS and SOSL and/or third parties or entities for whom GARBER can have no liability or legal responsibility.

EIGHTH DEFENSE

GARBER avers application of the Oregon Rule.

NINTH DEFENSE

GARBER avers application of the Louisiana Rule.

TENTH DEFENSE

GARBER avers application of the Pennsylvania Rule.

<strong>CLAIM IN LIMITATION OF GARBER</strong>

NOW INTO COURT, through undersigned counsel, come claimant-in-limitation Garber Bros. LLC ("GARBER"), who, in accordance with the provisions of Supplemental Rule F(5) of the Federal Rules of Civil Procedure, bring this Claim in the limitation action by Modern American Railroad Services, LLC as Owner ("MARS") and Shore Offshore Services, LLC as Bareboat Charterer and Owner Pro Hac Vice of D/B Thor ("SOSL"), averring upon information and belief as follows:

1.

Jurisdiction over this claim-in-limitation exists under the Court's general maritime jurisdiction 28 U.S.C. § 1333. Further, this is a case of admiralty and maritime jurisdiction with the purview of 46 U.S.C. §30501 *et seq.*, Rule 9(h) of the Federal Rules of Civil Procedure and

Rule F(9) of the Supplemental Rules of Certain Admiralty and Maritime Claims.

2.

Made defendants in this Claim are Modern American Railroad Services, LLC as Owner ("MARS") and Shore Offshore Services, LLC as Bareboat Charterer and Owner Pro Hac Vice of the D/B/ Thor ("SOSL") both which are limited liability companies organized and existing pursuant to the laws of the State of Louisiana and in this judicial district.

3.

Garber Bros., LLC is the owner and operator of the M/V "SEA CYPRESS", an offshore towingvessel bearing U.S. Coast Guard Official number 1251555.

4.

On October 28, 2020, the M/V "SEA CYPRESS" was standing by with the dredge "E.W. Ellefsen". The SEA CYPRESS was moored starboard side to the dredge.

5.

The SEA CYPRESS was properly moored in all respects was not in any way obstructing the navigable channel nor impeding the navigation of any vessel.

6.

At approximately, 4:20 p.m. on October 28, 2020, the SEA CYPRESS was struck by the drifting D/B THOR, owned and operated by Modern American Railroad Services and Shore Offshore Services, LLC.

7.

Prior to the breakaway of the THOR and subsequent allision with the SEA CYPRESS, the THOR had been under the care, custody, and control of the CROSBY ENDEAVOR,

owned and operated by Crosby Tugs.

8.

The allision by the THOR with the SEA CYPRESS was caused by the negligence or other legal fault of MARS and SOSL in failing to properly moor, secure, and control the THOR prior to the breakaway and/ or failure to hold, retrieve, or otherwise prevent the THOR from alliding with the SEA CYPRESS.

9.

In addition, or in the alternative, MARS and SOSL is liable under the doctrine of *res ipsa loquitur.*

10.

In addition, or in the alternative, MARS and SOSL is presumed at fault under the Louisiana rule. The Louisiana, 70 U.S. 164 (1865).

11.

As a consequence of the allision, the SEA CYPRESS sustained serious physical damage including, but not limited to, damage to her port upper side shell in way of a fuel tank and other parts and appurtenances.

12.

Because of the physical damages caused by the allision, the SEA CYPRESS proceeded to Weeks Marine on November 2, 2020 for damage control.  The SEA CYPRESS then proceed to Coral Marine in Amelia, Louisiana for fuel removal and "gas freeing".  The SEA CYPRESS was then hauled out to Electra Shipyard Services for surveying, bidding, and repairs.

All of this resulted in GARBER incurring damages for the repair of the SEA CYPRESS.

13.

Because of the physical damage caused by the allision and subsequent need for repairs, GARBER lost the use of the SEA CYPRESS during the time the vessel was out of service which resulted in GARBER incurring monetary damages for loss of use.

WHEREFORE, premises considered, claimant-in-limitation, GARBER BROS., LLC, pray that Modern American Railroad Services, LLC as Owner and Shore Offshore Services, LLC as Bareboat Charterer and Owner Pro Hac Vice of the D/B Thor appear and answer this Claim in Limitation and after all legal delays and due proceedings had there be judgment in favor of GARBER BROS., LLC for total and complete contribution, indemnification, and reimbursement for any and all damages incurred by GARBER BROS., LLC together with prejudgment and post-judgment interest, costs of court and attorney's fees for defending the claims of Modern American Railroad Services, LLC and Shore Offshore Services, LLC and for any such orders and further relief as justice and equity require.

### ANSWER AND CLAIM OF GARBER BROS., LLC TO
### COMPLAINT FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY
### FILED BY CROSBY TUGS, LLC (2:21-00822)

COMES NOW, by and through undersigned counsel, Garber Bros., LLC ("GARBER") files this Answer and Claim to the Complaint for Exoneration from and/or Limitation of Liability filed by Crosby Tugs, LLC "Crosby" as the owner and operator of the M/V CROSBY ENDEAVOR and further file this Claim as follows:

12

<u>FIRST DEFENSE</u>

The Complaint for Exoneration From or Limitation of Liability ("the Complaint") fails to state a claim for which relief may be granted.

<u>SECOND DEFENSE</u>

GARBER, as claimant-in-limitation, avers that, to the extent the facts demonstrate, Crosby is not entitled to exoneration from or limitation of liability in these proceedings because the alleged unseaworthiness of the vessel M/V Crosby Endeavor and the alleged negligent conduct of her owner and/or operators by and through her master, crew and/or shoreside personnel all occurred with the privity and knowledge of limitation Petitioner, Crosby.

<u>THIRD DEFENSE</u>

GARBER, as claimant-in-limitation, avers that, to the extent the facts demonstrate, the security posted by Crosby is legally insufficient due to its failure to properly compute the fair market value of the vessel, M/V Crosby Endeavor, and her pending freight as of October 28, 2020.  In that event, the limitation fund is invalid or inadequate.

<u>FOURTH DEFENSE</u>

GARBER, as claimant-in-limitation, avers that all insurance coverage insuring limitation Petitioner and the vessel, M/V Crosby Endeavor, for the events and occurrences of October 28, 2020 must be included in the limitation fund in the event that limitation Petitioner prevails in this limitation of liability proceeding, which, to the extent the facts demonstrate, limitation claimant denies are appropriate for all of the reasons stated herein.

<u>FIFTH DEFENSE</u>

In answering the allegations of Crosby's Complaint, categorically, by paragraph, GARBER avers as follows:

## Answer

1.

The allegations of paragraph 1 of the Complaint pertain to law, not to fact, and require no response on the part of GARBER; however, to the extent the Court requires an answer, the allegations contained in paragraph 1 of the Complaint are admitted insofar as GARBER does not contest that the jurisdiction is proper in this Court.

2.

The allegations of paragraph 2 of the Complaint pertain to law, not to fact, and require no response on the part of GARBER; however, to the extent the Court requires an answer, the allegations contained in paragraph 2 of the Complaint are admitted insofar as GARBER does not contest that venue is proper in this Court.

3.

The allegations of paragraph 3 of the Complaint are denied for lack of information sufficient to justify a belief therein.

4.

The allegations of paragraph 4 of the Complaint are denied for lack of information sufficient to justify a belief therein.

5.

The allegations of paragraph 5 of the Complaint are denied for lack of information sufficient to justify a belief therein.

6.

The allegations of paragraph 6 of the Complaint are denied for lack of information sufficient to justify a belief therein.

7.

The allegations of paragraph 7 of the Complaint are denied for lack of information sufficient to justify a belief therein.

8.

The allegations of paragraph 8 of the Complaint are denied for lack of information sufficient to justify a belief therein.

9.

The allegations of paragraph 9 of the Complaint are denied for lack of information sufficient to justify a belief therein.

10.

The allegations of paragraph 10 of the Complaint are denied for lack of information sufficient to justify a belief therein.

11.

The allegations of paragraph 11 of the Complaint are denied for lack of information sufficient to justify a belief therein.

12.

The allegations of paragraph 12 of the Complaint are denied for lack of information sufficient to justify a belief therein.

13.

The allegations of paragraph 13 of the Complaint are denied for lack of information sufficient to justify a belief therein.

14.

The allegations of paragraph 14 of the Complaint are denied for lack of information sufficient to justify a belief therein.

15.

The allegations of paragraph 15 of the Complaint are denied for lack of information sufficient to justify a belief therein.

16.

The allegations of paragraph 16 of the Complaint are admitted to the extent that the D/B THOR allided with the M/V "SEA CYPRESS" owned and operated by GARBER, all other allegations of fact in paragraph 16 of the Company are denied for lack of information sufficient to justify a belief therein.

17.

The allegations of paragraph 17 of the Complaint are admitted.

18.

The allegations of fact in paragraph 18 of the Complaint are admitted.

19.

The allegations of paragraph 19 are admitted only to the extent that Crosby has filed a Complaint for Exoneration from or Limitation of Liability. However, it is denied that

Crosby is entitled to the relief sought in its Complaint.

20.

The allegations of paragraph 20 of the Complaint are denied for lack of information sufficient to justify a belief therein.

21.

The allegations of paragraph 21 of the Complaint are denied for lack of information to justify a belief therein.

22.

The allegations of paragraph 22 of the Complaint regarding other demands, suits, petitions, unsatisfied liens, or liens, are denied for lack of information sufficient to justify a belief therein.

23.

The allegations of paragraph 23 of the Complaint are denied. It is specifically denied that Crosby is entitled to the relief requested.

24.

The allegations of paragraph 24 of the Complaint are denied for lack of information sufficient to justify a belief therein.

25.

The allegations of paragraph 25 of the Complaint are denied for lack of information sufficient to justify a belief therein except to admit that several lawsuits have been filed in connection with the Incident and the owner of the Thor has sought exoneration from and/or

limitation of liability in this Court.

26.

The allegations of paragraph 26 of the Complaint are denied for lack of information sufficient to justify a belief therein. However, GARBER reserves the right to challenge or demand proof of the Value of the vessel and her pending freight and/or the Petitioner's interest therein.

27.

The allegations of paragraph 27 of the Complaint are denied for lack of information sufficient to justify a belief therein; however, it is specifically denied that Crosby was free from fault or that it is entitled to the relief requested.

28.

The allegations of paragraph 28 of the Complaint are denied for lack of information sufficient to justify a belief therein.

29.

The allegations of paragraph 29 of the Complaint are denied. It is specifically denied that Crosby is entitled to the relief requested.

30.

The allegations of paragraph 30 of the Complaint are denied; and, Petitioner is not entitled to the relief sought herein and therefore pro rate their damages.

31.

The allegations of paragraph 31 of the Complaint pertain to law, not to fact, and require

no response on the part of GARBER; however, to the extent the Court requires an answer, the allegations contained in paragraph 31 of the Complaint are admitted insofar as GARBER does not contest that the jurisdiction is proper in this Court.

32.

The allegations of paragraph 32 of the Complaint pertain to law, not to fact, and require no response on the part of GARBER; however, to the extent the Court requires an answer, the allegations contained in paragraph 32 of the Complaint are admitted insofar as GARBER does not contest that the jurisdiction is proper in this Court.

33.

The allegations of paragraph 33 of the Complaint pertain to law, not to fact, and require no response on the part of GARBER; however, to the extent the Court requires an answer, the allegations contained in paragraph 33 of the Complaint are admitted insofar as GARBER does not contest that the jurisdiction is proper in this Court.

34.

The remaining Paragraphs 1 through 7 of CROSBY's Complaint constitute a prayer for relief to which no response on the part of these claimant is required; however, to the extent the Court requires an Answer, the allegations contained in the prayer for relief directed to the issue of CROSBY entitlement to exoneration from or limitation of liability are denied.

<u>SIXTH DEFENSE</u>

At all pertinent times GARBER conducted their affairs in a safe and lawful manner adhering to state and federal guidelines, laws and regulations, industry standards, rules and regulations and accepted practices of the industry, both locally and nationally, and were free

from fault, negligence, gross negligence, strict liability or any other comparable conduct.

<u>SEVENTH DEFENSE</u>

GARBER avers that the incident described in Crosby's Complaint, and any damages claimed as a result thereof, were caused by Crosby and/or third parties or entities for whom GARBER can have no liability or legal responsibility.

<u>EIGHTH DEFENSE</u>

GARBER avers application of the Oregon Rule.

<u>NINTH DEFENSE</u>

GARBER avers application of the Louisiana Rule.

<u>TENTH DEFENSE</u>

GARBER avers application of the Pennsylvania Rule.

## **<u>CLAIM IN LIMITATION OF GARBER</u>**

NOW INTO COURT, through undersigned counsel, come claimant-in-limitation Garber Bros. LLC ("GARBER"), who, in accordance with the provisions of Supplemental Rule F(5) of the Federal Rules of Civil Procedure, bring this Claim in the limitation action by Crosby Tugs, LLC ("Crosby"), averring upon information and belief as follows:

1.

Jurisdiction over this claim-in-limitation exists under the Court's general maritime jurisdiction 28 U.S.C. § 1333. Further, this is a case of admiralty and maritime jurisdiction with the purview of 46 U.S.C. §30501 *et seq.*, Rule 9(h) of the Federal Rules of Civil Procedure and Rule F(9) of the Supplemental Rules of Certain Admiralty and Maritime Claims.

2.

Made defendant in this Claim is Crosby Tugs, LLC, a limited liability company organized and existing pursuant to the laws of the State of Louisiana and in this judicial district.

3.

Garber Bros., LLC is the owner and operator of the M/V "SEA CYPRESS", an offshore towing vessel bearing U.S. Coast Guard Official number 1251555.

4.

On October 28, 2020, the M/V "SEA CYPRESS" was standing by with the dredge "E.W. Ellefsen". The SEA CYPRESS was moored starboard side to the dredge.

5.

The SEA CYPRESS was properly moored in all respects was not in any way obstructing the navigable channel nor impeding the navigation of any vessel.

6.

At approximately, 4:20 p.m. on October 28, 2020, the SEA CYPRESS was struck by the drifting D/B THOR, owned and operated by Modern American Railroad Services and Shore Offshore Services, LLC.

7.

Prior to the breakaway of the THOR and subsequent allision with the SEA CYPRESS, the THOR had been under the care, custody, and control of the CROSBY ENDEAVOR, owned and operated by Petitioner Crosby Tugs.

8.

The allision by the THOR with the SEA CYPRESS was caused by the negligence or other legal fault of Crosby Tugs in failing to properly moor, secure, and control the THOR prior to the breakaway and/ or failure to hold, retrieve, or otherwise prevent the THOR from alliding with the SEA CYPRESS.

9.

In addition, or in the alternative, Crosby Tugs is liable under the doctrine of *res ipsa loquitur*.

10.

In addition, or in the alternative, Crosby Tugs is presumed at fault under the Louisiana rule. The Louisiana, 70 U.S. 164 (1865).

11.

As a consequence of the allision, the SEA CYPRESS sustained serious physical damage including, but not limited to, damage to her port upper side shell in way of a fuel tank and other parts and appurtenances.

12.

Because of the physical damages caused by the allision, the SEA CYPRESS proceeded to Weeks Marine on November 2, 2020 for damage control. The SEA CYPRESS then proceed to Coral Marine in Amelia, Louisiana for fuel removal and "gas freeing". The SEA CYPRESS was then hauled out to Electra Shipyard Services for surveying, bidding, and repairs. All of this resulted in GARBER incurring damages for the repair of the SEA CYPRESS.

13.

Because of the physical damage caused by the allision and subsequent need for repairs, GARBER lost the use of the SEA CYPRESS during the time the vessel was out of service which resulted in GARBER incurring monetary damages for loss of use.

WHEREFORE, premises considered, claimant-in-limitation, GARBER BROS., LLC, prays that Crosby Tugs, LLC as the owner and operator of the M/V Crosby Endeavor appear and answer this Claim in Limitation and after all legal delays and due proceedings had there be judgment in favor of GARBER BROS., LLC for total and complete contribution, indemnification, and reimbursement for any and all damages incurred by GARBER BROS., LLC together with prejudgment and post-judgment interest, costs of court and attorney's fees for defending the claims of Crosby Tugs, LLC and for any such orders and further relief as justice and equity require.

Respectfully submitted,

_/s/ John H. Hughes_____

JOHN H. HUGHES (#14519)
JohnHughes@AllenGooch.com
2000 Kaliste Saloom Road, Suite 400
Lafayette, LA  70508
P.O. Box 81129
Lafayette, LA  70598-1129
Direct Dial 337-291-1290
Direct Fax 337-291-1295
*Attorney for Garber Bros., LLC.*

23

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and forgoing pleading was served on counsel of record by electronic means including the CM/ ECF system this 17th day of September 2021.

_____ */s/ John H. Hughes* ____
John H. Hughes