UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ALL COAST, LLC** | \* | **CIVIL ACTION NO. 21-258 (LEAD),** c/w 21-337, 21-464 & 21-822 |
| **VERSUS** | \* | |
| | | **SECTION A(4)** |
| **SHORE OFFSHORE SERVICES, LLC; MODERN AMERICAN RAILROAD SERVICES, LLC; and** | \* | **JUDGE JAY C. ZAINEY** |
| **MARTIN ENERGY SERVICES, LLC** | \* | **MAG. JUDGE ROBY** |
| \*  \*  \*  \*  \*  \*  \*  \* | \* | **APPLIES TO CIV. A. 21-822 ONLY** |

### WEEKS MARINE, INC.'S AFFIRMATIVE DEFENSES, ANSWER, THIRD-PARTY DEMAND AND CLAIM IN RESPONSE TO COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Weeks Marine, Inc. provides its affirmative defenses, answer, claim, and third-party demand in response to the complaint for exoneration from and/or limitation of liability (the "Complaint") (Rec. Doc. 1 in Civ. A. No. 21-822), filed by Crosby Tugs, LLC ("Crosby").

**AFFIRMATIVE DEFENSES AND ANSWER TO THE COMPLAINT**

A.  **Affirmative Defenses**

1.

The Complaint fails to state a claim upon which relief can be granted.

2.

The limitation fund is neither sufficient nor in compliance with applicable law. Accordingly, the Complaint should be dismissed. In the alternative, the limitation fund should be increased because it does not properly account for the value of the engines, apparel, appurtenances, attachments, pending freight, and/or cargo aboard the M/V CROSBY ENDEAVOR, and/or the value of any judgment, award, and/or settlement that may be or may have been received by Crosby

from any third party in recompense of any losses or damages sustained to the CROSBY ENDEAVOR.

3.

Weeks Marine reserves the right to contest the appraised value of the CROSBY ENDEAVOR, her engines, apparel, appurtenances, attachments, pending freight, cargo, and/or value recovered, and the adequacy of the security.

4.

To the extent the insurers or employees of Crosby or the CROSBY ENDEAVOR attempt to avail themselves of the limitation and/or exoneration defense, the protections of the Limitation of Liability Act are unavailable to them under the circumstances.

5.

The casualty and damages relating to the allision were caused in whole or in part by the unseaworthiness of the CROSBY ENDEAVOR or other vessels owned and/or operated by Crosby, or were due to the negligence, breach of duty of care, or other fault on the part of Crosby and its agents and employees, all of which was within the privity or knowledge of Crosby. Consequently, Crosby is not entitled to limitation of liability under 46 U.S.C. § 30501, *et seq.* and/or Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

6.

Under the rule of *The Oregon* and/or *The Louisiana*, the striking of a stationary object creates a presumption that the allision was the result of Crosby's (and its agents' and/or employees') negligence.

**7.**

Under the rule of *The Pennsylvania*, the violation of applicable federal safety or operating laws and regulations creates a presumption that Crosby (and its agents and/or employees) caused the allision.

**8.**

The casualty and damages relating to the allision were not the result of any negligence, fault, or want of due care on the part of Weeks Marine or those for whom Weeks Marine may be responsible.

**9.**

The proceeds of any judgment, settlement, or award received by Crosby in connection with this litigation should be included in the Limitation Proceeding, to the extent this Court determines that the Complaint is supported by the facts and applicable law.

**10.**

Weeks Marine asserts any and all affirmative defenses averred by other claimants in this limitation action and incorporates all such affirmative defenses by reference as if asserted in full herein.

**B.     Answer to the Complaint**

AND NOW, for answer to the specific allegations of the Complaint, Weeks Marine responds as follows:

**11.**

Paragraph 1 of the Complaint contains statements of law and jurisdiction which do not require a response; however, to the extent a response may be required, Weeks Marine admits the

allegations in Paragraph 1 and acknowledges this Court's jurisdiction.

**12.**

Weeks Marine denies the allegations of paragraph 2 of the Complaint for lack of information sufficient to justify a belief therein.

**13.**

Weeks Marine generally admits on information and belief the allegations of paragraph 3 of the Complaint.

**14.**

Weeks Marine denies the allegations of paragraphs 4-5 of the Complaint for lack of information sufficient to justify a belief therein.

**15.**

Weeks Marine denies the allegations in paragraph 6 of the Complaint.

**16.**

Weeks Marine denies the allegations of paragraphs 7-14 of the Complaint for lack of information sufficient to justify a belief therein.

**17.**

Responding to paragraph 15 of the complaint, Weeks Marine admits that on October 28, 2020, Hurricane Zeta made landfall and moved through Bayou Lafourche, Louisiana, and that the D/B THOR broke away from its moorings. Weeks Marine denies the remaining allegations of paragraph 15 of the Complaint for lack of information sufficient to justify a belief therein.

**18.**

Weeks Marine denies the allegations in paragraph 16 of the Complaint for lack of

information sufficient to justify a belief therein.

**19.**

The allegations of paragraphs 17(1)-(2) are admitted. Weeks Marine denies the allegations in paragraph 17(3)-(7) of the Complaint for lack of information sufficient to justify a belief therein.

**20.**

Weeks Marine admits the allegations of paragraph 18 of the Complaint.

**21.**

Weeks Marine denies the allegations of paragraph 19 of the Complaint.

**22.**

Weeks Marine denies the allegations of paragraph 20 of the Complaint for lack of information sufficient to justify a belief therein.

**23.**

Weeks Marine denies the allegations of paragraph 21 of the Complaint.

**24.**

Weeks Marine denies the allegations of paragraph 22 of the Complaint for lack of information sufficient to justify a belief therein.

**25.**

Weeks Marine denies the allegations of paragraphs 23-30 of the Complaint.

**26.**

Paragraphs 31-32 of the Complaint are reservations of rights and legal conclusions to which no answer is required. To the extent an answer is required, the allegations are denied.

**27.**

Weeks Marine denies the allegations of paragraph 33 of the Complaint.

**28.**

To the extent not specifically addressed herein, Weeks Marine denies all allegations, unnumbered paragraphs, and prayers for relief contained in Crosby's complaint to the extent they are inconsistent with Weeks Marine's allegations contained in the following paragraphs.

**WEEKS MARINE'S CLAIM IN LIMITATION**

AND NOW, pursuant to Rule F of the Supplemental Rules for Admiralty or Maritime Claims, Weeks Marine hereby makes a claim against Crosby, and as grounds therefor represents the following:

**A.    Parties**

**29.**

Claimant, Weeks Marine, Inc., is a New Jersey corporation, licensed and doing business in the State of Louisiana. At the time of the incident, Weeks Marine had several vessels in and around Port Fourchon, Louisiana to conduct dredging operations pursuant to a contract with the State of Louisiana.

**30.**

Defendant and Petitioner-in-Limitation Crosby is a Louisiana limited liability company, licensed and doing business in the State of Louisiana.

**B.    Jurisdiction and Venue**

**31.**

This is an admiralty and maritime claim under Rule 9(h) of the Federal Rules of Civil

Procedure. The Court has jurisdiction over this claim under 28 U.S.C. § 1333.

32.

Venue is proper under Rule F of the Supplemental Rules for Admiralty and Maritime Claims.

**C.     Facts**

33.

On October 28, 2020, the D/B E.W. ELLEFSEN, in anticipation of the arrival of Hurricane Zeta, was secured in Bayou Lafourche, Lousisiana, deploying three (3) 17,000 lbs. anchors and three tugs—the M/V SEA CYPRESS, the M/V TRENT JOSEPH, and the M/V CANDACE. The ELLEFSEN's cutter was down.

34.

Additionally, the crew boat M/V JOSEPH ANN was on the ELLEFSEN's starboard bow and outboard of the vessel towards the east bank of Bayou Lafourche were several support vessels including barges WEEKS 591, WEEKS 594, WEEKS 595, WEEKS 182, BT-148, and the PEPPY, a barge chartered from a third party and which served to support pipelines. Two 720-foot-long steel pipelines on pontoons and several lengths of other pipelines were afloat towards the east bank.

35.

Meanwhile, downstream, the THOR was moored on her starboard side at the Martin Energy Services Dock #16, facing up-stream. On information and belief, one or more vessels, including the CROSBY ENDEAVOR and an unknown tug owned by Dawn Services, LLC but allegedly chartered to Crosby Tugs, LLC, were tied to the THOR to help secure the THOR in place.

**36.**

The THOR was moored to nine bollards on the Martin Energy dock. One or more of the THOR's mooring lines were later found to be in poor condition and rusted to the core.

**37.**

At some point during Hurricane Zeta's passage on October 28, 2020, the THOR broke free from her moorings. On information and belief, the mooring lines that secured the THOR to the bollards at the Martin Energy dock snapped and/or the bollards to which the mooring lines were secured failed and/or the assist tugs tied to the THOR failed to keep the THOR in place.

**38.**

The THOR then traveled upstream and struck the moored and stationary ELLEFSEN and other vessels at approximately 4:00 p.m. on October 28, 2020, causing substantial damage to the ELLEFSEN, her equipment, her support vessels, and other equipment on site for the dredging operation Weeks Marine had been engaged for.

D.   **First Cause of Action for Negligence and Statutory Violations**

**39.**

The negligence of Crosby, as well as its employees, officers, agents, and/or servants for whom it is responsible, caused the breakaway of the THOR and subsequent damages to Weeks Marine's vessels and equipment, in whole or in part, in the following non-exclusive respects:

(a)   Failing to ensure that vessels tied to the THOR kept the THOR in place during Hurricane Zeta, which was the purpose for which those vessels were present;

(b)   Failing to secure the THOR properly and/or to ensure that the THOR was securely moored at the Martin Energy dock before the approach of Hurricane Zeta;

(c)   Failing to use adequate lines;

(d)   Failing to use lines of adequate strength;

(e)   Failing to provide sufficiently powerful assist tugs;

(f)   Failing to have a hurricane plan in place and/or implement any such plan properly;

(g)   Failing to properly make its vessels fast to the THOR;

(h)   Failing to train and/or supervise the crew of its vessels;

(i)   Failing to institute proper emergency procedures;

(j)   Failing to heed emergency warnings;

(k)   Failing to maintain its vessels;

(l)   Violating applicable maritime safety statutes and/or rules; and

(m)   Other acts of negligence that are identified in discovery and proven at trial.

Weeks Marine reserves the right to amend this paragraph as discovery proceeds.

**E.   Second Cause of Action for Unseaworthiness**

**40.**

The THOR's breakaway, allision and/or collision, and all damages sustained by the ELLEFSEN and Weeks Marine, were proximately caused by the unseaworthy conditions of the CROSBY ENDEAVOR and/or other vessels owned and/or operated by Crosby, and the breach of warranty of seaworthiness of Crosby Tugs, in the following non-exclusive respects:

(a)   The CROSBY ENDEAVOR and/or other vessels owned and/or operated by Crosby were unfit for the purpose for which they were intended;

(b)   Failing to man the vessel(s) with a competent and properly trained master and crew;

(c)   Failing to equip the vessel(s) with adequate navigational equipment, communications equipment, and lines to maintain the position of the THOR under the anticipated and prevailing severe weather conditions; and

(d)   All other unseaworthy conditions of the foregoing vessels and breaches of the warranty of seaworthiness by their owner(s) and operator(s) that will proven at the trial of this matter.

Weeks Marine reserves the right to amend this paragraph as discovery proceeds.

F.   **Causation and Damages**

41.

The foregoing acts of negligence or other fault of Crosby, statutory and regulatory violations, and the unseaworthy conditions of the CROSBY ENDEAVOR and/or other vessels owned and/or operated by Crosby were the legal and proximate causes of the THOR's breakaway, allisions and collisions, and Crosby is liable for Weeks Marine's resulting damages.

42.

As a result of the allision, Weeks Marine has incurred costs to repair the ELLEFSEN and some of her support vessels including the CANDACE, WEEKS 594, WEEKS 595, BT-841, WEEKS 182, and PEPPY. Weeks Marine has incurred additional costs to repair or replace the vessels' equipment and other equipment, including pipelines, used in the dredging operation.

43.

Weeks Marine has also incurred loss of use damages and loss of profits while its vessels were under repair for physical damages due to the THOR's allision with the ELLEFSEN. Additional damages include surveyor and claim-preparation expenses.

44.

In the aftermath of the incident, Weeks Marine was required to use its own vessels, crews, and equipment to mitigate damages caused by the THOR's allision with the ELLEFSEN. The mitigation was necessary to prevent Weeks Marine from incurring even greater damages and prevented Weeks Marine from using its vessels for other, profitable work. Office personnel were also required to participate in managing and directing the mitigation efforts. All of the above caused Weeks Marine to suffer additional losses.

**45.**

The damages resulting from the allision were not the result of any negligence, fault, or want of due care on the part of Weeks Marine or those for whom Weeks Marine may be responsible.

**46.**

Weeks Marine's damages were caused in whole or in part by the fault of Crosby and its agents or employees, by the violation of applicable federal safety or operating laws and regulations Crosby and its agents or employees, by the unseaworthiness of the M/V CROSBY ENDEAVOR and/or other vessels owned and/or operated by Crosby, and/or by other acts or omissions to be proven at trial.

**47.**

Crosby knew or should have known of the defects and/or unseaworthiness of the M/V CROSBY ENDEAVOR and/or other vessels owned and/or operated by Crosby and are therefore liable for the damage caused.

**48.**

Crosby had privity or knowledge of one or more of the acts of negligence or other fault of Crosby's employees, officers, and crew, and/or the unseaworthiness of the M/V CROSBY ENDEAVOR and/or other vessels owned and/or operated by Crosby that caused or contributed to the D/B THOR's breakaway, allision and/or collision, and therefore, Crosby not entitled to limitation of liability.

**49.**

Under the rule of *The Oregon* and/or *The Louisiana*, the striking of a stationary object creates a presumption that the allision was the result of Crosby's (and their agents' and/or

employees') negligence.

50.

Under the rule of *The Pennsylvania*, the violation of applicable federal safety or operating laws and regulations creates a presumption that Crosby's (and their agents and/or employees) caused the allision.

51.

For the reasons set forth above, Crosby is liable to Weeks Marine for the damages they suffered as a result of the allision, including, but not limited to, vessel damages, loss of use, loss of profits, mitigation, overhead, and all other expenses, in amounts that will be established at trial.

52.

Weeks Marine reserves the right to raise additional allegations once discovery is conducted. Weeks Marine also reserves the right to amend its claim after further information has developed.

### THIRD-PARTY DEMAND

53.

And now, Weeks Marine asserts its third-party demand as follows:

A.   **Parties**

54.

Third-party plaintiff Weeks Marine, Inc. is a New Jersey corporation, licensed and doing business in the State of Louisiana. At the time of the incident, Weeks Marine had several vessels in and around Port Fourchon, Louisiana to conduct dredging operations pursuant to a contact with the State of Louisiana.

55.

Third-party defendant Martin Energy Services, LLC ("Martin Energy") is an Alabama limited liability company, licensed and doing business in the State of Louisiana. Martin Energy is subject to this Court's personal jurisdiction under the Louisiana Long-Arm Statute.

56.

Third-party defendant Dawn Services, LLC ("Dawn Services") is a Louisiana limited liability company, licensed and doing business in the State of Louisiana.

B.     **Jurisdiction and Venue**

57.

This demand arises out of a maritime allision. The Court has jurisdiction over this third-party demand under 28 U.S.C. § 1333 and Fed. R. Civ. P. 14(c). The claims in this demand are admiralty or maritime in nature under Rule 9(h).

58.

Venue is proper for this third-party demand because the Court has personal jurisdiction over the third-party defendants. *In re McDonnell-Douglas Corp.*, 647 F.2d 515, 516 (5th Cir. 1981).

C.     **Facts**

59.

Weeks Marine incorporates by reference the allegations in Paragraphs 33 through 38 as if copied herein in their entirety, pursuant to Fed. R. Civ. P. 10(c).

**D. First Cause of Action Against Martin Energy and Dawn Services for Negligence**

**60.**

The negligence of Martin Energy and its employees, officers, agents, and/or servants for whom they are responsible caused the breakaway of the THOR and subsequent damages to the E.W. ELLEFSEN and Weeks Marine, in the following non-exclusive respects:

(a) Failing to properly maintain its dock and/or bollards in such a way that they would not fail;

(b) Failing to secure the THOR properly and/or to ensure that the THOR was securely moored at its dock before the approach of Hurricane Zeta;

(c) Failing to use enough mooring lines;

(d) Failing to use mooring lines of adequate strength;

(e) Failing to have a hurricane plan in place and/or implement any such plan properly;

(f) Failing to institute proper emergency procedures;

(g) Failing to heed emergency warnings;

(h) Failing to keep a proper watch;

(i) Failing to properly man its dock with qualified personnel;

(j) Violating applicable maritime safety statutes and/or rules;

(k) Failing to adequately and properly communicate with other vessels in the vicinity before, during, and after the THOR's breakaway;

(l) Other acts of negligence as may be identified in discovery.

Weeks Marine reserves the right to amend this paragraph as discovery proceeds.

**61.**

The negligence of Dawn Services, as well as their employees, officers, agents, and/or servants for whom they are responsible, caused the breakaway of the THOR and subsequent damages to the ELLEFSEN and Weeks Marine, in the following non-exclusive respects:

(a) Failing to ensure that the assist tug tied to the THOR kept the THOR in place during Hurricane Zeta, which was the purpose for which that vessel was present;

(b)  Failing to secure the THOR properly and/or to ensure that the THOR was securely moored at the Martin Energy dock before the approach of Hurricane Zeta;

(c)  Failing to keep a proper watch;

(d)  Failing to have a hurricane plan in place and/or implement any such plan properly;

(e)  Failure to train and/or supervise the crew of their vessel;

(f)  Failing to institute proper emergency procedures;

(g)  Failing to heed emergency warnings;

(h)  Failing to maintain its vessel;

(i)  Violating applicable maritime safety statutes and/or rules; and

(j)  Other acts of negligence that are identified in discovery and proven at trial.

Weeks Marine reserves the right to amend this paragraph as discovery proceeds.

**E.  Causation and Damages**

62.

The foregoing acts of negligence or other fault by Martin Energy and Dawn Services, statutory and regulatory violations were legal and proximate causes of the THOR's breakaway, allisions and collisions, and Martin Energy and Dawn Services are jointly and severally liable for Weeks Marine's resulting damages.

63.

As a result of the allision, Weeks Marine has incurred costs to repair the ELLEFSEN and some of her support vessels including the CANDACE, WEEKS 594, WEEKS 595, BT-841, WEEKS 182, and PEPPY. Weeks Marine has incurred additional costs to repair or replace the vessels' equipment and other equipment, including pipelines, used in the dredging operation.

64.

Weeks Marine has also incurred loss of use damages and loss of profits while the vessels were under repair for physical damages due to the allision with the THOR. Additional damages

include surveyor and claim-preparation expenses.

**65.**

In the aftermath of the incident, Weeks Marine was required to use its own vessels, crews, and equipment to mitigate damages caused by the THOR's allision with the ELLEFSEN. The mitigation was necessary to prevent Weeks Marine from incurring even greater damages and prevented Weeks Marine from using its vessels for other, profitable work. Office personnel were also required to participate in managing and directing the mitigation efforts. All of these caused Weeks Marine to suffer additional losses.

**66.**

The damages resulting from the allision were not the result of any negligence, fault, or want of due care on the part of Weeks Marine or those for whom Weeks Marine may be responsible.

**67.**

Weeks Marine's damages were caused in whole or in part by the negligence or fault of Martin Energy and Dawn Services and their agents or employees, by the violation of applicable federal safety or operating laws and regulations by Martin Energy and Dawn Services and their agents or employees and/or by other acts or omissions to be proven at trial.

**68.**

For the reasons set forth above, Martin Energy and Dawn Services are liable to Weeks Marine for the damages suffered as a result of the allision, including, but not limited to, vessel damages, lost profits, and other expenses, in amounts that will be established at trial.

**69.**

Weeks Marine reserves the right to raise additional allegations once discovery is conducted.

Weeks Marine also reserves the right to amend its claim after further information has developed.

**PRAYER FOR RELIEF**

**70.**

WHEREFORE, Weeks Marine prays for the following relief:

1. That Crosby's request for exoneration from or limitation of liability be denied and that judgment be entered in Weeks Marine's favor against Crosby on all issues.

2. For a judgment that Crosby is liable to Weeks Marine, and that Weeks Marine be awarded sufficient compensation for its damages, together with pre- and post-judgment interest, court costs, attorneys fees, and all other general, special, and equitable relief the Court deems just and proper.

3. For a judgment that third-party defendants Martin Energy and Dawn Services are liable to Weeks Marine, and that Weeks Marine be awarded sufficient compensation for its damages, together with pre- and post-judgment interest, court costs, attorneys' fees, and all other general, special, and equitable relief the Court deems just and proper.

Respectfully submitted,

s/ Harold J. Flanagan
Harold J. Flanagan, T.A. (#24091)
Sean P. Brady (#30410)
Anders F. Holmgren (#34597)
Dennis O. Durocher, Jr. (#36441)
Laurent J. Demosthenidy (#30473)
FLANAGAN PARTNERS LLP
201 St. Charles Ave., Suite 3300
New Orleans, LA 70170
Telephone: (504) 569-0235
Facsimile: (504) 592-0251

*Attorneys for Weeks Marine, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record this 1st day of October, 2021, by e-filing it into the CM/ECF system, which will automatically deliver a copy to all counsel.

                                                  s/     Harold J. Flanagan