UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALL COAST, LLC | * | CIVIL ACTION NO. 21-258 |
| | * | c/w 21-337, 21-464, 21-822 |
| VERSUS | * | |
| | * | JUDGE ZAINEY |
| SHORE OFFSHORE SERVICES, LLC | * | |
| | * | MAGISTRATE ROBY |
| | * | |
| _____/ | | Applies to 21-822 |

**ANSWER AND CLAIM OF
RAF, INC., GLOBAL TOWING SERVICES, LLC,
AND OFFSHORE TOWING, INC.**

COME NOW, by and through undersigned counsel, RAF, Inc., Global Towing Services, LLC, and Offshore Towing, Inc. ("Owners/ Operators") who Answer the Complaint for Exoneration or Limitation of Liability filed by Crosby Tugs, LLC and further file this Claim as follows:

**Answer**

1.

The Complaint for Exoneration From or Limitation of Liability ("the Complaint") fails to state a claim for which relief may be granted.

2.

The allegations of paragraph 1 of the Complaint do not require a response from Owners/ Operators. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

1

3.

The allegations of paragraph 2 of the Complaint do not require a response from Owners/ Operators. To the extent that a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

4.

The allegations of paragraph 3 of the Complaint do not require a response from Owners/ Operators. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

5.

The allegations of paragraph 4 of the Complaint do not require a response from Owners/ Operators. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

6.

The allegations of paragraph 5 of the Complaint do not require a response from Owners/ Operators. To the extent that a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

7.

The allegations of paragraph 6 of the Complaint are denied.

8.

The allegations of paragraph 7 of the Complaint do not require a response from

Owners/ Operators. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

9.

The allegations of paragraph 8 of the Complaint do not require a response from Owners/ Operators. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

10.

The allegations of paragraph 9 of the Complaint do not require a response from Owners/ Operators. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

11.

The allegations of paragraph 10 of the Complaint do not require a response from Owners/ Operators. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

12.

The allegations of paragraph 11 of the Complaint do not require a response from Owners/ Operators. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

13.

The allegations of paragraph 12 of the Complaint do not require a response from

Owners/ Operators. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

14.

The allegations of paragraph 13 of the Complaint do not require a response from Owners/ Operators. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

15.

The allegations of paragraph 14 of the Complaint do not require a response from Owners/ Operators. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

16.

The allegations of paragraph 15 of the Complaint do not require a response from Owners/ Operators. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

17.

The allegations of paragraph 16 of the Complaint are admitted to the extent that the D/B THOR allided with the M/V ROLAND A. FALGOUT owned and operated by Owners/ Operators. The allegations concerning vessels or property owned by other entities do not require a response from Owners/ Operators. To the extent a response is required to those allegations, they are denied for lack of information sufficient to justify a

belief therein.

18.

The allegations of paragraph 17 of the Complaint do not require a response from Owners/ Operators. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

19.

The allegations of paragraph 18 of the Complaint are admitted.

20.

The allegations of paragraph 19 are admitted only to the extent that Crosby has filed a Complaint for Exoneration from or Limitation of Liability. However, it is denied that Crosby is entitled to the relief sought in that Complaint.

21.

The allegations of paragraph 20 of the Complaint do not require a response from Owners/ Operators. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

22.

The allegations of paragraph 21 of the Complaint are denied.

23.

The allegations of paragraph 22 of the Complaint do not require a response from Owners/ Operators. To the extent a response is required, the allegations are denied for

lack of information sufficient to justify a belief therein.

24.

The allegations of paragraph 23 of the Complaint are denied. It is specifically denied that Crosby is entitled to the relief requested.

25.

The allegations of paragraph 24 of the Complaint are denied.

26.

The allegations of paragraph 25 of the Complaint do not require a response from Owners/ Operators. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

27.

The allegations of paragraph 26 of the Complaint do not require a response from Owners/ Operators. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein  However, Owners/ Operators reserves the right to challenge or demand proof of the Value of the vessel and/ or the Petitioner's interest therein.

28.

The allegations of paragraph 27 of the Complaint are denied. It is specifically denied that Crosby was free from fault or that it is entitled to the relief requested.

29.

The allegations of paragraph 28 of the Complaint do not require a response from Owners/ Operators. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

30.

The allegations of paragraph 29 of the Complaint are denied. It is specifically denied that Crosby is entitled to the relief requested.

31.

The allegations of paragraph 30 of the Complaint are denied.

32.

The allegations of paragraph 31 of the Complaint do not require a response from Owners/ Operators. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

33.

The allegations of paragraph 32 of the Complaint do not require a response from Owners/ Operators. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

34.

The allegations of paragraph 33, and all its subparts, of the Complaint are denied. It is specifically denied that Crosby is entitled to the relief requested.

**Claim**

35.

RAF, Inc. is the owner of the M/V ROLAND A. FALGOUT, an offshore towing vessel bearing U.S. Coast Guard Official number 581858.

36.

Global Towing Services, LLC is the operator/ managing agent of the ROLAND A. FALGOUT.

37.

Offshore Towing, Inc. is the operator/ broker of the ROLAND A. FALGOUT.

38.

On October 28, 2020, the ROLAND A. FALGOUT was moored at the C-Port Mooring Dolphins 1 and 2 in Bayou Lafourche, Louisiana.

39.

The ROLAND A. FALGOUT was properly moored in all respects was not in any way obstructing the navigable channel nor impeding the navigation of any vessel.

40.

At approximately, 4:15 p.m. on October 28, 2020, the ROLAND A. FALGOUT was struck by the drifting D/B THOR, owned and operated by Modern American Railroad Services and Shore Offshore Services, LLC.

41.

Prior to the breakaway of the THOR and subsequent allision with the ROLAND A. FALGOUT, the THOR had been under the care, custody, and control of the CROSBY ENDEAVOR, owned and operated by Petitioner Crosby Tugs.

42.

The allision by the THOR with the ROLAND A. FALGOUT was caused by the negligence or other legal fault of Crosby Tugs in failing to properly moor, secure, and control the THOR prior to the breakaway and/ or failure to hold, retrieve, or otherwise prevent the THOR from alliding with the ROLAND A. FALGOUT.

43.

In addition, or in the alternative, Crosby Tugs is liable under the doctrine of *res ipsa loquitur*.

44.

In addition, or in the alternative, Crosby Tugs is presumed at fault under the Louisiana rule. The Louisiana, 70 U.S. 164 (1865).

45.

As a consequence of the allision, the ROLAND A. FALGOUT sustained serious physical damage including, but not limited to, damage to her stern bulwarks, aft horn, main deck superstructure, port kort nozzle, propellers, rudders, propulsion engines, reduction gears, and other parts and appurtenances.

46.

Because of the physical damages caused by the allision, the ROLAND A. FALGOUT could not navigate under its own power and had to be towed from its mooring at C-Port Mooring Dolphins to Conrad Industries Deepwater facility in Amelia, Louisiana for repair.  Additional tug services were required during the repair process.

47.

Because of the physical damage caused by the allision and subsequent need for repairs, Owners/ Operators lost the use of the ROLAND A. FALGOUT during the time the vessel was out of service.

48.

WHEREFORE, after due proceedings had, RAF, Inc., Global Towing Services, LLC, and Offshore Towing, Inc. pray that this Answer and Claim be deemed good and sufficient; that the Complaint from Exoneration or Limitation of Liability be denied; that Judgment be had in favor of RAF, Inc., Global Towing Serivces, LLC, and Offshore Towing, Inc. and against Crosby Tugs, LLC; that Crosby Tugs, LLC be held liable for all damages sustained or incurred by RAF, Inc., Global Towing Services, LLC, and Offshore Towing, Inc. caused, in whole, or in part, by the allision with the THOR; for prejudgment and post judgment interest; for attorney fees and costs in defending this action; and for all other general and equitable relief to which RAF, Inc., Global Towing Services, LLC, and Offshore Towing, Inc. may be entitled.

Respectfully submitted,

/s/ Cindy Galpin Martin

_____
RUFUS C. HARRIS, III (#6638)
ALFRED J. RUFTY, III (#19990)
CINDY GALPIN MARTIN (#25159)
HARRIS & RUFTY, L.L.C.
650 Poydras Street, Suite 2710
New Orleans, Louisiana 70130
Telephone: (504) 525-7500
Facsimile: (504) 525-7222
Attorneys for RAF, Inc., Global Towing Services, LLC, and Offshore Towing, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and forgoing pleading was served on counsel of record by electronic means including the CM/ ECF system this 4th day of October, 2021.

/s/ Cindy G. Martin

_____