UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT LOUISIANA

| | | |
|---|---|---|
| ALL COAST, LLC | § | CIVIL ACTION NO. 21-258 |
| | § | c/w 21-337, 21-464, 21-822 |
| v. | § | |
| | § | JUDGE ZAINEY |
| SHORE OFFSHORE SERVICES, LLC | § | |
| | § | MAGISTRATE ROBY |
| | § | |
| | § | Applies to 21-822 |

## ANSWER AND CLAIM OF OCEANEERING INTERNATIONAL, INC. TO M/V CROSBY ENDEAVOR LIMITATION PROCEEDINGS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW INTO COURT, by and through undersigned counsel, Oceaneering International, Inc. files this Answer to the Complaint for Exoneration from and/or Limitation of Liability of Crosby Tugs, LLC ('Crosby"), as owner/operator of the M/V CROSBY ENDEAVOR, and asserts a Claim as follows:

### First Defense

1.      The Verified complaint of Crosby fails to state a claim for which relief may be granted.

### Second Defense

2.      In answering the allegations of the Complaint of Crosby, Oceaneering avers as follows.

### Answer to Complaint

3.      Oceaneering admits the allegations in paragraph 1 of the complaint concerning governing rules and jurisdiction. Otherwise, Oceaneering lacks sufficient knowledge or information to form a belief as to the truth of the other allegations contained

in paragraph 1 of the complaint, and therefore denies the allegations that are not expressly admitted.

4.      Oceaneering lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint, and therefore denies the allegations.

5.      Oceaneering lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint, and therefore denies the allegations.

6.      Oceaneering lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint, and therefore denies the allegations.

7.      Oceaneering lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint, and therefore denies the allegations.

8.      Oceaneering denies the allegations made in paragraph 6 of the complaint.

9.      Oceaneering lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint, and therefore denies the allegations.

10.      Oceaneering lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint, and therefore denies the allegations.

259905107v.1

11.     Oceaneering lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint, and therefore denies the allegations.

12.     Oceaneering lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint, and therefore denies the allegations.

13.     Oceaneering lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint, and therefore denies the allegations.

14.     Oceaneering lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint, and therefore denies the allegations.

15.     Oceaneering lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint, and therefore denies the allegations.

16.     Oceaneering lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint, and therefore denies the allegations.

17.     Oceaneering lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the complaint, and therefore denies the allegations.

259905107v.1

18.    Oceaneering lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint, and therefore denies the allegations.

19.    Oceaneering admits that Brian Cloyd brought suit against Shore as a result of the alleged breakaway and that this suit currently resides in the United States District Court for the Southern District of Texas at Civil Action No. 4:20-cv-04032. Oceaneering lacks sufficient knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 17 of the complaint, and therefore denies the allegations that are not specifically admitted.

20.    Oceaneering admits the allegations in paragraph 18 of the complaint.

21.    Oceaneering only admits that Crosby has filed a Complaint for Exoneration from or Limitation of Liability, all other allegations in paragraph 19 are denied.

22.    Oceaneering lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of the complaint, and therefore denies the allegations.

23.    Oceaneering denies the allegations in paragraph 21 of the complaint.

24.    Oceaneering lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22 of the complaint, and therefore denies the allegations.

25.    Oceaneering denies the allegations in paragraph 23 of the complaint.

26.    Oceaneering denies the allegations in paragraph 24 of the complaint.

259905107v.1

27.     Oceaneering lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 of the complaint, and therefore denies the allegations.

28.     Oceaneering lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26 of the complaint, and therefore denies the allegations. However, Oceaneering reserves the right to challenge or demand proof of the value of the vessel, the value of pending freight, and/or Petitioner's interest therein.

29.     Oceaneering denies the allegations in paragraph 27 of the complaint.

30.     Oceaneering lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 28 of the complaint, and therefore denies the allegations.

31.     Oceaneering denies the allegations in paragraph 29 of the complaint.

32.     Oceaneering denies the allegations in paragraph 30 of the complaint.

33.     Oceaneering lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 31 of the complaint, and therefore denies the allegations.

34.     Oceaneering lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 32 of the complaint, and therefore denies the allegations.

35.     Oceaneering admits that this Court has jurisdiction over Crosby's complaint. Oceaneering denies all other allegations in paragraph 33 and its subparts.

259905107v.1

## Third Defense

36.      Any potential damages alleged to be attributable to Oceaneering as a result of the subject Incident were a result of the negligence, fault, or want of due care on the part of Brian Cloyd and/or Petitioner and/or those for whom Petitioner is responsible and/or the unseaworthiness of the M/V CROSBY ENDEAVOR, and/or other persons, entities or parties for whom Oceaneering is not responsible, all of which was within the privity and knowledge of Petitioner.

## Fourth Defense

37.      Any potential damages alleged to be attributable to Oceaneering as a result of the subject Incident were not the result of any negligence, fault, or want of due care of Oceaneering or those for whom it may be responsible.

## Fifth Defense

38.      To the extent that facts demonstrate it, Crosby is not entitled to the relief it seeds because the alleged unseaworthiness of the vessel M/V CROSBY ENDEAVOR, and the alleged negligent conduct of her owner and/or operators by and through her master, crew and/or shoreside personnel all occurred with the privity and knowledge of limitation Petitioner Crosby.

WHEREFORE, Oceaneering International, Inc. prays that it have judgment against Petitioner Crosby Tugs, LLC, and for such other and further relief to which it may be justly entitled.

259905107v.1

## CLAIM ON BEHALF OF OCEANEERING INTERNATIONAL, INC.

Oceaneering International, Inc. files the following Claim, and states:

1.     Oceaneering re-urges each and every defense and objection set forth above as if the same were stated verbatim herein.

2.     Brian Cloyd filed suit in the 11th Harris County Judicial District Court on November 17, 2020 against Oceaneering, Shore Offshore Services, LLC, and various Fieldwood Energy entities in the matter, *Brian Cloyd v. Fieldwood Energy Offshore Inc., et al.*, No. 2020-74133.[1] Cloyd's petition alleges, in part, that:

> 10.     This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about October 28, 2020. On or about that date, Plaintiff worked as a crew member aboard the D/B THOR, a vessel owned, operated and/or maintained by Defendants. While the vessel was deployed on navigable waters, and while Plaintiff, as a member of its crew, was contributing to and aiding such vessel to accomplish its mission, Plaintiff sustained serious injuries to his head, neck back, and other parts of his body.

> 11.     At all material times, the D/B THOR was deployed in navigable waters, working in the Gulf of Mexico for the benefit, and the direction of Defendants. In the days leading up to the incident, Hurricane Zeta entered the Gulf of Mexico taking aim at the Louisiana shore. Defendants ordered and required the D/B THOR be moored in an unsafe area to wait out the hurricane.

> 12.     During the dangerous storm the D/B THOR became unmoored. The vessel was tossed and turned by the aggressive seas and the vessel was thrown into different objects. As a result, Plaintiff suffered serious physical, mental and emotional injuries as he was thrown around inside the vessel by the uncontrolled boat in violent seas.

3.     Cloyd claimed that his alleged injuries were caused by various acts of negligence, negligence per se, and gross negligence by all of the defendants including: failure to supervise their crew; failure to properly train their employees; failure to provide adequate safety equipment; failure to provide Plaintiffs a safe working environment; failure to provide

---

[1] A copy of Cloyd's petition is attached as Exhibit 1.

Plaintiffs adequate safety from Hurricane Zeta; failure to timely and effective [sic] evacuate the vessel; failure to provide adequate medical treatment; failure to properly moor the D/B THOR and its equipment; failure to properly secure the D/B THOR and its equipment; operating the vessel with an inadequate crew; failure to have the vessel moored in a safe area; failing to maintain safe mechanisms for work on the vessel; failure to maintain, inspect, and/or repair the vessel's equipment; operating the vessel in an unsafe and improper manner; vicarious liability for their employees' and agents' negligence; violating applicable Coast Guard, OSHA, BSEE rules and/or other applicable regulations; and, other acts deemed negligent and grossly negligent.[2] Cloyd also alleged that all defendants were strictly liable for violations of Coast Guard regulations and that the subject vessel was unseaworthy.[3]

4.    Cloyd is claiming damages for past and future medical damages, past and future loss of earning capacity, past and future pain and suffering and mental anguish, past and future impairment, past and future disfigurement, exemplary damages, loss of household services, past and future loss of consortium, past and future maintenance and cure obligations, pre and post judgment interest, and attorneys' fees and costs.[4] Cloyd is seeking monetary relief in excess of $1,000,000.[5]

5.    Cloyd's lawsuit has since been removed to the United States District Court for the Southern District of Texas, Houston Division, at Civil Action No. 4:20-cv-04032.

6.    All of the above-mentioned acts occurred within the privity and knowledge of the Petitioner.

---

[2] Exhibit 1 at ¶¶ 13-14.
[3] *Id.* at ¶¶ 15, 16.
[4] *Id.* at Prayer.
[5] *Id.*

7.      Cloyd is claiming that Oceaneering is liable for the above alleged injuries and alleged damages under the Jones Act, unseaworthiness, and maintenance and cure.

8.      The damages, if any, sustained by Brian Cloyd, resulted from the negligence or other legal fault of Cloyd and Petitioner. Petitioner failed to properly moor, secure, and control the M/V CROSBY ENDEAVOR and/or the D/B THOR prior to the subject breakaway and such failure caused the damages allegedly suffered by Brian Cloyd.

9.      If there is any liability on the part of Oceaneering in the above-described lawsuit, which is denied, Oceaneering is due tort indemnity and recovery against Petitioner for any damages Cloyd may be able to recover. Alternatively, Oceaneering seeks contribution from Cloyd and Petitioner to the extent they caused or contributed to Cloyd's alleged injuries or damages.

10.     Oceaneering seeks contribution and indemnity from Cloyd and Petitioner for any damages for which Oceaneering may be found liable under the Jones Act and/or maintenance and cure.

11.     Oceaneering seeks a declaration from this Honorable Court that Cloyd is not a "seaman" as that term is understood and applied under the Jones Act. There is a present case and controversy concerning Cloyd's seaman status as he has made claims against Oceaneering under the Jones Act.

12.     Oceaneering seeks a declaration from this Honorable Court that Cloyd is not owed maintenance and cure. There is a present case and controversy concerning whether Cloyd is owed maintenance and cure from Oceaneering and/or Petitioner.

13.     Oceaneering sustained or may sustain in the future quantifiable damages in excess of the minimum jurisdictional limits of this Honorable Court.

WHEREFORE, Oceaneering International, Inc. prays that after due proceedings are had, there be a judgment rendered in its favor and against Brian Cloyd and Petitioner Crosby Tugs, LLC, that it be awarded attorneys' fees, pre and post judgment interest, and all costs of this proceeding, and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Michael Harowski*
Michael Harowski – Local Counsel
La. Bar No. 30543
michael.harowski@wilsonelser.com
Wilson Elser Moskowitz Edelman &
Dicker, LLP
650 Poydras Street, Suite 2200
New Orleans, LA 70130
Telephone: (504) 702-1714
Facsimile: (504) 702-1715

And

Michael A. Orlando – Lead Counsel
**(Pro Hac Vice Motion Forthcoming)**
Texas Bar No. 15302700
Federal ID No. 1814
morlando@meyerorlando.com
R. Sean Brennan, Jr.
**(Pro Hac Vice Motion Forthcoming)**
Texas Bar No. 24069414
Federal ID no. 1101539
sbrennan@meyerorlando.com
Meyer Orlando LLC
13201 Northwest Fwy, Suite 119
Houston, Texas 77040
Telephone: (713) 460-9800
Facsimile: (713) 460-9801
**ATTORNEYS FOR OCEANEERING
INTERNATIONAL, INC.**

259905107v.1