UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ALL COAST, LLC** | * | **CIVIL ACTION NO. 21-258,**<br>**REF: 21-822** |
| **VERSUS** | * | |
| | | **SECTION A(4)** |
| **SHORE OFFSHORE SERVICES,**<br>**LLC; MODERN AMERICAN**<br>**RAILROAD SERVICES, LLC; and** | * | **JUDGE JAY C. ZAINEY** |
| **MARTIN ENERGY SERVICES, LLC** | * | **MAG. JUDGE ROBY** |

\* \* \* \* \* \* \* \* \*

**AFFIRMATIVE DEFENSES, ANSWER, CLAIM, AND**
**THIRD-PARTY DEMAND IN RESPONSE TO COMPLAINT**
**FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

GOL, LLC; REC Boats, LLC; and REC Marine Logistics, LLC (collectively, the "DOMINIC S Interests") provide their affirmative defenses, answer, claim, and third-party demand in response to the complaint for exoneration from and/or limitation of liability (the "Complaint") (Rec. Doc. 1 in Civ. A. No. 21-822), filed by Crosby Tugs, LLC ("Crosby").

**AFFIRMATIVE DEFENSES AND ANSWER TO THE COMPLAINT**

**A.     Affirmative Defenses**

**1.**

The Complaint fails to state a claim upon which relief can be granted.

**2.**

The limitation fund is neither sufficient nor in compliance with applicable law. Accordingly, the Complaint should be dismissed. In the alternative, the limitation fund should be increased because it does not properly account for the value of the engines, apparel, appurtenances, attachments, pending freight, and/or cargo aboard the D/B CROSBY ENDEAVOR, and/or the

value of any judgment, award, and/or settlement that may be or may have been received by Crosby from any third party in recompense of any losses or damages sustained to the CROSBY ENDEAVOR.

**3.**

The DOMINIC S Interests reserve the right to contest the appraised value of the CROSBY ENDEAVOR, her engines, apparel, appurtenances, attachments, pending freight, cargo, and/or value recovered, and the adequacy of the security.

**4.**

To the extent the insurers or employees of Crosby or the CROSBY ENDEAVOR attempt to avail themselves of the limitation and/or exoneration defense, the protections of the Limitation of Liability Act are unavailable to them under the circumstances.

**5.**

The casualty and damages relating to the allision were caused in whole or in part by the unseaworthiness of the CROSBY ENDEAVOR or other vessels owned and/or operated by Crosby, and/or were due to the negligence, breach of duty of care, or other fault, on the part of Crosby and its agents and employees, all of which was within the privity or knowledge of Crosby. Consequently, Crosby is not entitled to limitation of liability under 46 U.S.C. § 30501, *et seq.* and/or Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

**6.**

Under the rule of *The Oregon* and/or *The Louisiana*, the striking of a stationary object creates a presumption that the allision was the result of Crosby's (and its agents' and/or employees') negligence.

**7.**

Under the rule of *The Pennsylvania*, the violation of applicable federal safety or operating laws and regulations creates a presumption that Crosby (and its agents and/or employees) caused the allision.

**8.**

The casualty and damages relating to the allision were not the result of any negligence, fault, or want of due care on the part of the DOMINIC S Interests or those for whom the DOMINIC S Interests may be responsible.

**9.**

The proceeds of any judgment, settlement, or award received by Crosby in connection with this litigation should be included in the Limitation Proceeding, to the extent this Court determines that the Complaint is supported by the facts and applicable law.

**10.**

The DOMINIC S Interests assert any and all affirmative defenses averred by other claimants in this limitation action and incorporate all such affirmative defenses by reference as if asserted in full herein. The DOMINIC S Interests reserve their right to assert additional defenses as discovery progresses.

### B. Answer to the Complaint

AND NOW, for answer to the specific allegations of the complaint, the DOMINIC S Interests respond as follows:

**11.**

Paragraph 1 of the Complaint contains statements of law and jurisdiction which do not require a response; however, to the extent a response may be required, the DOMINIC S Interests admit the allegations of Paragraph 1 and acknowledge this Court's jurisdiction.

**12.**

The DOMINIC S Interests deny the allegations of paragraph 2 of the Complaint for lack of information sufficient to justify a belief therein.

**13.**

The DOMINIC S Interests admit on information and belief the allegations of paragraph 3 of the Complaint.

**14.**

The DOMINIC S Interests deny the allegations of paragraphs 4-5 of the Complaint for lack of information sufficient to justify a belief therein.

**15.**

The DOMINIC S Interests deny the allegations of paragraph 6 of the Complaint.

**16.**

The DOMINIC S Interests deny the allegations of paragraphs 7-14 of the Complaint for lack of information sufficient to justify a belief therein.

**17.**

Responding to paragraph 15 of the Complaint, The DOMINIC S Interests admit that on October 28, 2020, Hurricane Zeta made landfall and moved through Bayou Lafourche, Louisiana, and that the D/B THOR broke away from its moorings. The DOMINIC S Interests deny the remaining allegations of paragraph 15 of the Complaint for lack of information sufficient to justify a belief therein.

**18.**

The DOMINIC S Interests deny the allegations in paragraph 16 of the Complaint for lack of information sufficient to justify a belief therein.

**19.**

The allegations of paragraphs 17(1)-(2) are admitted. The DOMINIC S Interests deny the allegations in paragraph 17(3)-(7) of the Complaint for lack of information sufficient to justify a belief therein.

**20.**

The DOMINIC S Interests admit the allegations of paragraph 18 of the Complaint.

**21.**

The DOMINIC S Interests deny the allegations of paragraph 19 of the Complaint.

**22.**

The DOMINIC S Interests deny the allegations of paragraph 20 of the Complaint for lack of information sufficient to justify a belief therein.

**23.**

The DOMINIC S Interests deny the allegations of paragraph 21 of the Complaint.

**24.**

The DOMINIC S Interests deny the allegations of paragraphs 22 of the Complaint for lack of information sufficient to justify a belief therein.

**25.**

The DOMINIC S Interests deny the allegations of paragraph 23-30 of the Complaint.

**26.**

Paragraphs 31-32 of the Complaint are reservations of rights and legal conclusions to which no answer is required. To the extent an answer is required, the allegations are denied.

**27.**

The DOMINIC S Interests deny the allegations of paragraph 33 of the Complaint.

**28.**

To the extent not specifically addressed herein, the DOMINIC S Interests deny all allegations, unnumbered paragraphs, and prayers for relief contained in Crosby's Complaint to the extent they are inconsistent with the DOMINIC S Interests' allegations in the following paragraphs.

**CLAIM FOR DAMAGES**

AND NOW, pursuant to Rule F of the Supplemental Rules for Admiralty or Maritime Claims, the DOMINIC S Interests hereby make a claim against Crosby, and as grounds therefor represent the following:

A.  **Parties**

**29.**

Claimant GOL, LLC is a Louisiana limited liability company, licensed and doing business in the State of Louisiana. GOL charters the M/V DOMINIC S—a welded steel, 125-foot, twin-screw offshore supply vessel—to third parties on behalf of certain REC entities.

**30.**

Claimant REC Boats, LLC is a Louisiana limited liability company, licensed and doing business in the State of Louisiana. REC Boats owns the DOMINIC S.

**31.**

Claimant REC Marine Logistics, LLC is a Louisiana limited liability company, licensed and doing business in the State of Louisiana. REC Marine Logistics operates the DOMINIC S.

**32.**

Defendant and Petitioner-in-Limitation Crosby is a Louisiana limited liability company, licensed and doing business in the State of Louisiana.

B.  **Jurisdiction and Venue**

**33.**

This is an admiralty and maritime claim under Rule 9(h) of the Federal Rules of Civil Procedure. The Court has jurisdiction over this claim under 28 U.S.C. § 1333.

**34.**

Venue is proper under Rule F of the Supplemental Rules for Admiralty and Maritime Claims.

C.   Facts

**35.**

On October 28, 2020, the DOMINIC S was tied up alongside steel mooring dolphins in Bayou Lafourche in advance of Hurricane Zeta.

**36.**

Meanwhile, downstream, the THOR was moored on its starboard side at the Martin Energy Services Dock #16, facing up-stream. On information and belief, one or more vessels, including the M/V CROSBY ENDEAVOR and an unknown tug owned by Dawn Services, LLC, but allegedly chartered to Crosby Tugs, LLC were tied to the THOR to help secure the THOR in place.

**37.**

The THOR was moored to nine bollards on the Martin Energy dock. One or more of the THOR's mooring lines were later found to be in poor condition and rusted to the core.

**38.**

At some point during Hurricane Zeta's passage on October 28, 2020, the THOR broke free from its mooring. On information and belief, the mooring lines that secured the THOR to the bollards at the Martin Energy dock snapped and/or the bollards to which the mooring lines were secured failed and/or the vessels tied to the THOR failed to keep the THOR in place.

**39.**

The THOR then traveled upstream and struck (among other things) the moored and stationary DOMINIC S at approximately 4:00 p.m., causing substantial damage to the DOMINIC S and its equipment.

D. **First Cause of Action for Negligence and Statutory Violations**

**40.**

The negligence of Crosby, and its employees, crewmembers, officers, agents, and/or servants for whom it is responsible caused the breakaway of the THOR and subsequent damages to the DOMINIC S, in whole or in part, in the following non-exclusive respects:

(a) Failing to ensure that vessels tied to the THOR kept the THOR in place during Hurricane Zeta, which was the purpose for which those vessels were present;

(b) Failing to secure the THOR properly and/or ensure that the THOR was securely moored at Martin Energy dock before the approach of Hurricane Zeta;

(c) Failing to use enough mooring lines;

(d) Failing to use mooring lines of adequate strength;

(e) Failing to provide sufficiently powerful assist tugs;

(f) Failing to have a hurricane plan in place and/or implement any such plan properly;

(g) Failing to make its vessels fast to the THOR;

(h) Failure to train and/or supervise the crew of its vessels;

(i) Failing to institute proper emergency procedures;

(j) Failing to heed emergency warnings;

(k) Failing to maintain its vessels;

(l) Violating applicable maritime safety statutes and/or rules; and

(m) Other acts of negligence as may be identified in discovery.

The DOMINIC S Interests reserve the right to amend this paragraph as discovery proceeds.

E.  **Second Cause of Action for Unseaworthiness**

41.

The THOR's breakaway, allision, and/or collision, and all damages sustained by the DOMINIC S, were proximately caused by the unseaworthy conditions of the CROSBY ENDEAVOR and/or vessels owned and/or operated by Crosby, and the breach of warranty of seaworthiness of Crosby Tugs, in the following non-exclusive respects:

(a) Failing to provide a competent and properly trained master and crew;

(b) Failing to equip the vessel with adequate anchors, anchor lines/chains, and mooring lines to maintain position under the anticipated and prevailing severe weather conditions; and

(c) All other unseaworthy conditions of the foregoing vessel and breaches of the warranty of seaworthiness by its owner(s) and operator(s) that are identified in discovery and proven at trial.

The DOMINIC S Interests reserve the right to amend this paragraph as discovery proceeds.

F.  **Causation and Damages**

42.

The foregoing acts of negligence or other fault of Crosby, statutory and regulatory violations, and the unseaworthy conditions of the CROSBY ENDEAVOR and/or other vessels owned and/or operated by Crosby were the legal and proximate causes of the THOR's breakaway, allisions and collisions, and Crosby is liable for the DOMINIC S Interests' resulting damages.

**43.**

As a result of the allision, the DOMINIC S Interests have incurred costs to repair the DOMINIC S. The DOMINIC S Interests have incurred additional costs to repair or replace the vessels' equipment.

**44.**

The DOMINIC S Interests have also incurred loss of use damages and loss of profits while its vessel was under repair for physical damages due to the THOR's allision with the DOMINIC S. Additional damages include surveyor and claim-preparation expenses.

**45.**

The damages resulting from the allision were not the result of any negligence, fault, or want of due care on the part of the DOMINIC S Interests or those for whom the DOMINIC S Interests may be responsible.

**46.**

The DOMINIC S Interests' damages were caused in whole or in part by the fault of Crosby and its agents or employees, by the violation of applicable federal safety or operating laws and regulations by Crosby and its agents or employees, by the unseaworthiness of the M/V CROSBY ENDEAVOR, and/or other vessels owned and/or operated by Crosby, and/or by other acts or omissions to be proven at trial.

**47.**

Crosby knew or should have known of the defects and/or unseaworthiness of the M/V CROSBY ENDEAVOR and/or other vessels owned and/or operated by Crosby and are therefore liable for the damage caused.

**48.**

Crosby had privity or knowledge of one or more of the acts of negligence or other fault of Crosby's employees, officers, and crew, and/or the unseaworthiness of the M/V CROSBY ENDEAVOR and/or other vessels owned and/or operated by Crosby that caused or contributed to the D/B THOR's breakaway, allision and/or collision, and therefore, Crosby is not entitled to limitation of liability.

**49.**

Under the rule of *The Oregon* and/or *The Louisiana*, the striking of a stationary object creates a presumption that the allision was the result of Crosby's (and its agents' and/or employees') negligence.

**50.**

Under the rule of *The Pennsylvania*, the violation of applicable federal safety or operating laws and regulations creates a presumption that the Crosby (and its agents and/or employees) caused the allision.

**51.**

For the reasons set forth above, Crosby is liable to the DOMINIC S Interests for the damages they suffered as a result of the allision, including, but not limited to, vessel damages, lost profits, and all other expenses, in amounts that will be established at trial.

**52.**

The DOMINIC S Interests reserve the right to raise additional allegations once discovery is conducted. The DOMINIC S Interests also reserve the right to amend their claim after further information has developed.

## THIRD-PARTY DEMAND

**53.**

And now, the DOMINIC S Interests assert their third-party demand as follows:

**A.   Parties**

**54.**

Third-party plaintiff GOL, LLC is a Louisiana limited liability company, licensed and doing business in the State of Louisiana. GOL charters the DOMINIC S to third parties on behalf of certain REC entities.

**55.**

Third-party plaintiff REC Boats, LLC is a Louisiana limited liability company, licensed and doing business in the State of Louisiana. REC Boats owns the DOMINIC S.

**56.**

Third-party plaintiff REC Marine Logistics, LLC is a Louisiana limited liability company, licensed and doing business in the State of Louisiana. REC Marine Logistics operates the DOMINIC S.

**57.**

Third-party defendant Martin Energy Services, LLC is an Alabama limited liability company, licensed and doing business in the State of Louisiana. Martin Energy is subject to this Court's personal jurisdiction under the Louisiana Long-Arm Statute.

**58.**

Third-party defendant Dawn Services, LLC is a Louisiana limited liability company, licensed and doing business in the State of Louisiana.

B.   **Jurisdiction and Venue**

**59.**

This demand arises out of a maritime allision. The Court has jurisdiction over this third-party demand under 28 U.S.C. § 1333 and Fed. R. Civ. P. 14(c). The claims in this demand are admiralty or maritime in nature under Rule 9(h).

**60.**

Venue is proper for this third-party demand because the Court has personal jurisdiction over the third-party defendants. *In re McDonnell-Douglas Corp.*, 647 F.2d 515, 516 (5th Cir. 1981).

C.   **Facts**

**61.**

The DOMINIC S Interests incorporate by reference the allegations in Paragraphs 35 through 39 as if copied herein in their entirely, pursuant to Fed. R. Civ. P. 10(c).

D.   **First Cause of Action Against Martin Energy and Dawn Services for Negligence**

**62.**

The negligence of Martin Energy and its employees, officers, agents, and/or servants for whom they are responsible caused the breakaway of the THOR and subsequent damages to the DOMINIC S and the DOMINIC S Interests, in the following non-exclusive respects:

(a)   Failing to properly maintain its dock and/or bollards in such a way that they would not fail;

(b)   Failing to secure the THOR properly and/or to ensure that the THOR was securely moored at its dock before the approach of Hurricane Zeta;

(c)   Failing to use enough mooring lines;

(d)   Failing to use mooring lines of adequate strength;

  (e)  Failing to have a hurricane plan in place and/or implement any such plan properly;

  (f)  Failing to institute proper emergency procedures;

  (g)  Failing to heed emergency warnings;

  (h)  Failing to keep a proper watch;

  (i)  Failing to properly man its dock with qualified personnel;

  (j)  Violating applicable maritime safety statutes and/or rules;

  (k)  Failing to adequately and properly communicate with other vessels in the vicinity before, during, and after the THOR's breakaway;

  (l)  Other acts of negligence as may be identified in discovery.

The DOMINIC S Interests reserve the right to amend this paragraph as discovery proceeds.

**63.**

The negligence of Dawn Services, as well as their employees, officers, agents, and/or servants for whom they are responsible, caused the breakaway of the THOR and subsequent damages to the DOMINIC S and the DOMINIC S Interests, in the following non-exclusive respects:

  (a)  Failing to ensure that the assist tug tied to the THOR kept the THOR in place during Hurricane Zeta, which was the purpose for which that vessel was present;

  (b)  Failing to secure the THOR properly and/or to ensure that the THOR was securely moored at the Martin Energy dock before the approach of Hurricane Zeta;

  (c)  Failing to keep a proper watch;

  (d)  Failing to have a hurricane plan in place and/or implement any such plan properly;

  (e)  Failure to train and/or supervise the crew of their vessel;

  (f)  Failing to institute proper emergency procedures;

  (g)  Failing to heed emergency warnings;

  (h)  Failing to maintain its vessel;

  (i)  Violating applicable maritime safety statutes and/or rules; and

  (j)  Other acts of negligence that are identified in discovery and proven at trial.

The DOMINIC S Interests reserve the right to amend this paragraph as discovery proceeds.

  **E.**  **Causation and Damages**

### 64.

The foregoing acts of negligence of Martin Energy and Dawn Services, statutory and regulatory violations were legal and proximate causes of the THOR's breakaway, allisions and collisions, and Martin Energy and Dawn Services are jointly and severally liable for the DOMINIC S Interests' resulting damages.

### 65.

As a result of the allision, the DOMINIC S Interests have incurred costs to repair the DOMINIC S and repair or replace its equipment.

### 66.

The DOMINIC S Interests have also incurred loss of use damages and loss of profits while the vessel was under repair for physical damages due to the allision with the THOR. Additional damages include surveyor and claim-preparation expenses.

### 67.

The damages resulting from the allision were not the result of any negligence, fault, or want of due care on the part of the DOMINIC S Interests or those for whom the DOMINIC S Interests may be responsible.

### 68.

The DOMINIC S Interests' damages were caused in whole or in part by the negligence or other fault of Martin Energy and Dawn Services and their agents or employees, by the violation

of applicable federal safety or operating laws and regulations by Martin Energy and Dawn Services and their agents or employees and/or by other acts or omissions to be proven at trial.

**69.**

For the reasons set forth above, Martin Energy and Dawn Services are liable to the DOMINIC S Interests for the damages suffered as a result of the allision, including, but not limited to, vessel damages, lost profits, and other expenses, in amounts that will be established at trial.

**70.**

The DOMINIC S Interests reserve the right to raise additional allegations once discovery is conducted. The DOMINC S Interests also reserve the right to amend their claim after further information is developed.

### PRAYER FOR RELIEF

**71.**

WHEREFORE, the DOMINIC S Interests pray for the following relief:

1. That Crosby's request for exoneration from or limitation of liability be denied, and that judgment be entered in the DOMINIC S Interests' favor against Crosby on all issues.

2. For a judgment that Crosby is liable to the DOMINIC S Interests, and that the DOMINIC S Interests be awarded sufficient compensation for their damages, together with pre- and post- judgment interest, court costs, attorneys' fees, and all other general, special, and equitable relief the Court deems just and proper.

3. For a judgment that third party defendants Martin Energy and Dawn Services are liable to the DOMINIC S Interests, and that the DOMINIC S Interests be awarded

sufficient compensation for their damages, together with pre- and post-judgement, court costs, attorneys' fees, and all other general, special, and equitable relief the Court deems just and proper.

    Respectfully submitted,

    s/    Harold J. Flanagan
    Harold J. Flanagan (#24091)
    Sean P. Brady (#30410)
    Anders F. Holmgren (#34597)
    Dennis O. Durocher, Jr. (#36441)
    Laurent J. Demosthenidy (#30473)
    FLANAGAN PARTNERS LLP
    201 St. Charles Ave., Suite 3300
    New Orleans, LA 70170
    Telephone: (504) 569-0235
    Facsimile: (504) 592-0251

    *Attorneys for GOL, LLC; REC Boats, LLC; and REC Marine Logistics, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record this 6th day of October 2021, by e-filing it into the CM/ECF system, which will automatically deliver a copy to all counsel.

    s/    Harold J. Flanagan