UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN THE MATTER OF MODERN AMERICAN RAILROAD SERVICES, LLC, as Owner, and SHORE OFFSHORE SERVICES, LLC, as Bareboat Charterer and Owner** *Pro Hac Vice* **of D/B THOR PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY** | CIVIL ACTION No. 21-0258 AND CONSOLIDATED CASES<br><br>Pleading applies to No. 21-0464<br><br>JUDGE: JAY C. ZAINEY<br><br>MAGISTRATE: KAREN WELLS ROBY<br><br>SECTION: A(4) |

### ANSWER AND CLAIM OF C-PORT, LLC

NOW INTO COURT, through undersigned counsel, comes C-Port, LLC ("C-Port"), and according to Rule F(5) of the Supplemental Rules of Certain Admiralty and Maritime Claims, files its Answer and Claim to the Complaint for Exoneration From or Limitation of Liability filed on behalf of Modern American Railroad Services, LLC ("MARS") and Shore Offshore Services, LLC ("Shore"), under Civil Action No. 21-0464 (the "Complaint").

### ANSWER AND DEFENSES

### FIRST DEFENSE

The allegations of the Complaint in Limitation fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Limitation of Liability Act is not applicable to the instant case because at all times material hereto, the D/B THOR was moored and/or operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which led to the allision took place with the privity and knowledge of her owners, managing owners, owners *pro hac vice*, agents, employees, representatives and/or operators.

1

**THIRD DEFENSE**

The Limitation of Liability Act is not applicable in the instant case because the D/B THOR was known by her owner and/or owner pro hac vice to be unseaworthy for, among other things, failing to properly train the crew, failing to follow safe work and operational procedures, failing to properly maintain the vessel and its appurtenances, failing to conduct adequate inspection of the vessel and its appurtenances, failing to properly supervise the work with competent employees, failing to provide a competent crew and safe equipment, improper management of the D/B THOR and/or her crew, and/or other failures, acts or omissions of MARS and Shore and of D/B THOR which may be shown at trial.

**FOURTH DEFENSE**

The Limitation of Liability Act is not applicable in the instant case because the owner and/or owner pro hac vice of the D/B THOR did not use due diligence to ensure the D/B THOR was properly secured prior to the allision made the subject of this lawsuit.

**FIFTH DEFENSE**

The security posted by MARS and Shore is improper, inadequate, and legally insufficient security for this proceeding and thus, the Complaint in Limitation should be dismissed.

**SIXTH DEFENSE**

To the extent the insurers or employees of MARS and Shore attempt to avail themselves of the limitation and/or exoneration defense, the protection of the Limitation of Liability Act are unavailable to them under the circumstances.

**SEVENTH DEFENSE**

1.

The allegations contained in Paragraph 1 of the Complaint are denied for lack of sufficient knowledge or information sufficient to justify a belief thereof.

2.

The allegations contained in Paragraph 2 of the Complaint are denied for lack of sufficient knowledge or information sufficient to justify a belief thereof.

3.

The allegations contained in Paragraph 3 of the Complaint are denied for lack of sufficient knowledge or information sufficient to justify a belief thereof.

4.

The allegations contained in Paragraph 4 of the Complaint state conclusions of law and require no response from C-Port. However, should this Honorable Court deem an answer is necessary, C-Port admits that venue is proper.

5.

The allegations contained in Paragraph 5 of the Complaint state conclusions of law and require no response. However, should this Honorable Court deem an answer necessary, C-Port admits to the jurisdiction of this Honorable Court.

6.

The allegations contained in Paragraph 6 of the Complaint are denied.

7.

The allegations contained in Paragraph 7 of the Complaint are denied for a lack of knowledge or information sufficient to justify a belief in the truth thereof.

8.

Except to admit that the D/B THOR came into contact with certain vessels and other property in and along Bayou Lafourche channel, the allegations contained in Paragraph 8 of the Complaint are denied for a lack of knowledge or information sufficient to justify a belief in the truth thereof.

9.

The allegations contained in Paragraph 9 of the Complaint are admitted.

10.

The allegations contained in Paragraph 10 of the Complaint are denied.

11.

The allegations contained in Paragraph 11 of the Complaint are denied.

12.

The allegations contained in Paragraph 12 of the Complaint are denied.

13.

The allegations contained in Paragraph 13 of the Complaint are admitted.

14.

The allegations contained in Paragraph 14 of the Complaint are admitted.

15.

The allegations contained in Paragraph 15 of the Complaint are admitted.

16.

The allegations contained in Paragraph 16 of the Complaint are admitted.

17.

The allegations contained in Paragraph 17 of the Complaint are admitted.

18.

The allegations contained in Paragraph 18 of the Complaint are admitted.

19.

The allegations contained in Paragraph 19 of the Complaint are admitted.

20.

The allegations contained in Paragraph 20 of the Complaint are admitted.

PD.31489190.1

21.

The allegations contained in Paragraph 21 of the Complaint are admitted.

22.

Except to admit that C-Port has a claim, the allegations contained in Paragraph 22 of the Complaint are denied for a lack of knowledge or information sufficient to justify a belief in the truth thereof.

23.

The allegations contained in Paragraph 23 of the Complaint do not require a response.

24.

The allegations contained in Paragraph 24 of the Complaint are denied for a lack of knowledge or information sufficient to justify a belief in the truth thereof.

25.

The allegations contained in Paragraph 25 of the Complaint are denied for a lack of knowledge or information sufficient to justify a belief in the truth thereof.

26.

The allegations contained in Paragraph 26 of the Complaint are denied for a lack of knowledge or information sufficient to justify a belief in the truth thereof.

27.

The allegations contained in Paragraph 27 of the Complaint require no response. To the extent that this Honorable Court deems that an answer is necessary, C-Port denies that the Letter of Undertaking referenced in Paragraph 27 of the Complaint is sufficient security.

28.

The allegations contained in Paragraph 28 of the Complaint require no response. However, should this Honorable Court deem an answer necessary, C-Port denies that MARS and Shore are entitled to relief under the Limitation of Liability Act.

29.

The allegations contained in Paragraph 29 of the Complaint are denied.

30.

The allegations contained in Paragraph 30 of the Complaint are denied.

31.

The allegations contained in Paragraph 31 of the Complaint state conclusions of law and require no response. However, should this Honorable Court deem an answer necessary, C-Port admits the admiralty and maritime jurisdictions of this Honorable Court.

## PRAYER

C-Port further denies that MARS and Shore are entitled to the relief sought in its prayer for relief.

## EIGHTH DEFENSE

AND NOW FURTHER answering, C-Port reserves the right to contest the appraised value of the D/B THOR, her engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security posted.

## NINTH DEFENSE

AND NOW FURTHER answering, C-Port reserves the right to supplement this answer with additional affirmative defenses and other defenses as they are revealed through discovery.

## TENTH DEFENSE

C-Port avers application of the *Oregon* Rule.

## ELEVENTH DEFENSE

C-Port avers application of the *Louisiana* Rule.

## TENTH DEFENSE

C-Port avers application of the *Pennsylvania* Rule.

## CLAIM

1.

This is a cause of admiralty and maritime jurisdiction, as hereinafter more fully appears, brought under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty & Maritime Claims.

2.

At all material times, C-Port, was a limited liability company organized and existing under and by virtue of the laws of the State of Louisiana, and was at all times hereinafter mentioned, the owner of multiple berths, mooring bollards, mooring dolphins, and other related property and facilities in Port Fourchon, Louisiana, in and along Bayou Lafourche channel ("C-Port Facility").

3.

Upon information and belief, at all material times, Modern American Railroad Services, LLC ("MARS"), was a Louisiana limited liability company doing business in Louisiana with its principal place of business in Gibson, Louisiana.

4.

Upon information and belief, at all material times, Shore Offshore Services, LLC, ("Shore") was a Louisiana limited liability company doing business in Louisiana with its principal place of business in Gibson, Louisiana.

5.

Upon information and belief, at all material times, MARS was the owner of the D/B THOR and Shore was the bareboat charterer/owner *pro hac vice* of the D/B THOR.

6.

On October 28, 2020, Hurricane Zeta made landfall in South Louisiana, approximately thirty miles west of Port Fourchon.

7.

While Hurricane Zeta approached Port Fourchon, D/B THOR was moored to bollards at Dock 16 in Port Fourchon (hereinafter the "Martin Energy Dock") with crew on board.

8.

Upon information and belief, the D/B THOR had an assist tug with her, the CROSBY ENDEAVOR owned by Crosby Tugs, LLC.

9.

At some point during Hurricane Zeta, the mooring lines that secured the D/B THOR to the bollards at the Martin Energy Dock snapped and/or the bollards to which the mooring lines were secured failed and/or the assist tugs failed to keep her in place. Thereafter, the D/B THOR was set adrift and the crew was unable to control the vessel.

10.

The M/V HARVEY SEAS was secured to mooring dolphins owned by C-Port at or near the C-Port Facility.

11.

At no point prior to the incident did C-Port's mooring dolphins, or the lines securing the M/V HARVEY SEAS to C-Port's mooring dolphins, fail.

12.

The D/B THOR subsequently allided with the side of the M/V HARVEY SEAS, causing damage to the vessel.

13.

As a result of being hit by the D/B THOR, the M/V HARVEY SEAS broke free from the dolphin to which it was moored and drifted down Bayou Lafourche, causing significant damage to at least a dozen C-Port mooring dolphins.

14.

As a result of the aforesaid allisions, C-Port has suffered and will suffer extensive physical damages to the mooring dolphins owned by C-Port and/or the C-Port Facility, business interruption and other damages to be proven at trial, including repair costs, survey expenses, contractor expenses, and employee expenses.

15.

MARS and Shore, *in personam*, and the D/B THOR, and M/V ENDEAVOR, *in rem*, are indebted to C-Port for all such damages, including, but not limited to, the physical damage to and/or loss of the dolphins, the loss of use of those dolphins, as well as other damages to be proven at trial, plus pre- and post-judgment interest, attorney's fees, and costs.

16.

The incident and damages at issue in the Complaint were not caused and/or contributed to by any fault or neglect on the part of C-Port, nor on the part of or fault or neglect of the C-Port Facility, but were caused solely by the fault, neglect, and/or statutory or regulatory violations of MARS, Shore, the D/B THOR, M/V ENDEAVOR, Crosby, and/or other persons or vessels for whom C-Port is not responsible, the particulars of which will be more fully shown at the trial of this matter.

## **PRAYER**

**WHEREFORE**, C-Port prays that its answer be deemed good and sufficient, and after due proceedings are had, that the Complaint for Exoneration from and/or Limitation of Liability of MARS and Shore be denied; that C-Port's claims against MARS, Shore, the D/B THOR, M/V ENDEAVOR, and Crosby be sustained; and that C-Port recover damages from MARS, Shore, the D/B THOR, M/V ENDEAVOR, and Crosby, along with any additional relief to which C-Port may be entitled, including attorneys' fees and costs.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/ Taylor M. Bologna*
Thomas Kent Morrison (Bar #25802)
Colin B. Cambre (Bar #31083)
Taylor M. Bologna (Bar #37594)
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
E-mail: morrisok@phelps.com
cambrec@phelps.com
taylor.bologna@phelps.com

**ATTORNEYS FOR C-PORT, LLC**

PD.31489190.1