UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF MODERN AMERICAN RAILROAD SERVICES, LLC, as Owner, and SHORE OFFSHORE SERVICES, LLC, as Bareboat Charterer and Owner *Pro Hac Vice* of D/B THOR PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION No. 21-0258 AND CONSOLIDATED CASES<br><br>Pleading applies to No. 21-0822<br><br>JUDGE: JAY C. ZAINEY<br><br>MAGISTRATE: KAREN WELLS ROBY<br><br>SECTION: A(4) |

## ANSWER AND CLAIM OF C-PORT, LLC

NOW INTO COURT, through undersigned counsel, comes C-Port, LLC ("C-Port"), and according to Rule F(5) of the Supplemental Rules of Certain Admiralty and Maritime Claims, files its Answer and Claim to the Complaint for Exoneration From or Limitation of Liability filed on behalf of Crosby Tugs, LLC ("Crosby") as the owner and operator of the M/V CROSBY ENDEAVOR, under Civil Action No. 21-0822 (the "Complaint").

### ANSWER AND DEFENSES

### FIRST DEFENSE

The allegations of the Complaint in Limitation fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Limitation of Liability Act is not applicable in these proceedings because the alleged unseaworthiness of the vessel M/V CROSBY ENDEAVOR and the alleged negligent conduct of her owner and/or operators by and through her master, crew and/or shoreside personnel all occurred with the privity and knowledge of limitation Petitioner, Crosby.

1

**THIRD DEFENSE**

The Limitation of Liability Act is not applicable in the instant case because the owner and/or owner pro hac vice of the M/V CROSBY ENDEAVOR did not use due diligence to ensure the D/B THOR was properly secured prior to the allision made the subject of this lawsuit.

**FOURTH DEFENSE**

To the extent the facts demonstrate, the security posted by Crosby is legally insufficient due to its failure to properly compute the fair market value of the vessel, M/V Crosby Endeavor, and her pending freight as of October 28, 2020. In that event, the limitation fund is invalid or inadequate.

**FIFTH DEFENSE**

To the extent the insurers or employees of Crosby attempt to avail themselves of the limitation and/or exoneration defense, the protection of the Limitation of Liability Act are unavailable to them under the circumstances.

**SIXTH DEFENSE**

JUSRISDICTION AND VENUE

1.

The allegations of paragraph 1 of the Complaint contain conclusions of law, and require no response on the part of C-Port; however, to the extent the Court requires an answer, the allegations contained in paragraph 1 of the Complaint are admitted insofar as C-Port does not contest that the jurisdiction is proper in this Court.

2.

The allegations of paragraph 2 of the Complaint contain conclusions of law, and require no response on the part of C-Port; however, to the extent the Court requires an answer, the

allegations contained in paragraph 2 of the Complaint are admitted insofar as C-Port does not contest that the venue is proper in this Court.

## LIMITATION PETITIONER

3.

The allegations contained in Paragraph 3 of the Complaint are admitted.

4.

The allegations contained in Paragraph 4 of the Complaint are denied for lack of sufficient knowledge or information sufficient to justify a belief thereof.

## THE VESSEL

5.

The allegations contained in Paragraph 5 of the Complaint are admitted.

6.

The allegations contained in Paragraph 6 of the Complaint are denied.

## FACTUAL BACKGROUND

7.

The allegations contained in Paragraph 7 of the Complaint are admitted.

8.

The allegations contained in Paragraph 8 of the Complaint are denied for lack of sufficient knowledge or information sufficient to justify a belief thereof.

9.

The allegations contained in Paragraph 9 of the Complaint are denied for lack of sufficient knowledge or information sufficient to justify a belief thereof.

10.

The allegations contained in Paragraph 10 of the Complaint are denied for lack of sufficient knowledge or information sufficient to justify a belief thereof.

11.

The allegations contained in Paragraph 11 of the Complaint are denied for lack of sufficient knowledge or information sufficient to justify a belief thereof.

12.

The allegations contained in Paragraph 12 of the Complaint are denied for lack of sufficient knowledge or information sufficient to justify a belief thereof.

13.

The allegations contained in Paragraph 13 of the Complaint are denied for lack of sufficient knowledge or information sufficient to justify a belief thereof.

14.

The allegations contained in Paragraph 14 of the Complaint are denied for lack of sufficient knowledge or information sufficient to justify a belief thereof.

15.

The allegations contained in Paragraph 15 of the Complaint are denied for lack of sufficient knowledge or information sufficient to justify a belief thereof.

16.

The allegations contained in Paragraph 16 of the Complaint are admitted.

17.

The allegations contained in Paragraph 17 (1-7) of the Complaint are admitted.

18.

The allegations contained in Paragraph 18 of the Complaint are admitted.

19.

The allegations contained in Paragraph 19 of the Complaint require no response from C-Port. However, should the Court determine that a response is necessary, C-Port denies that Crosby is entitled to the relief sought in Paragraph 19 of its Complaint.

## EXONERATION AND/OR LIMITATION OF LIABILITY

20.

The allegations contained in Paragraph 20 of the Complaint are denied for lack of sufficient knowledge or information sufficient to justify a belief thereof.

21.

The allegations contained in Paragraph 21 of the Complaint are denied.

22.

The allegations contained in Paragraph 22 of the Complaint are denied for a lack of knowledge or information sufficient to justify a belief in the truth thereof.

23.

The allegations contained in Paragraph 23 of the Complaint are denied.

24.

The allegations contained in Paragraph 24 of the Complaint are denied.

25.

The allegations contained in Paragraph 25 of the Complaint are denied for a lack of knowledge or information sufficient to justify a belief in the truth thereof.

26.

The allegations contained in Paragraph 26 of the Complaint are denied for a lack of knowledge or information sufficient to justify a belief in the truth thereof.

27.

The allegations contained in Paragraph 27 of the Complaint are denied.

28.

The allegations contained in Paragraph 28 of the Complaint require no response.

29.

The allegations contained in Paragraph 29 of the Complaint are denied.

30.

The allegations contained in Paragraph 30 of the Complaint are denied.

31.

The allegations contained in Paragraph 31 of the Complaint require no response. To the extent a response is required, C-Port denies that Crosby is entitled to the relief requested.

32.

The allegations contained in Paragraph 32 of the Complaint require no response.

33.

The allegations contained in Paragraph 33 of the Complaint require no response. To the extent that this Honorable Court deems that an answer is necessary, C-Port admits to the jurisdiction of this Honorable Court.

## PRAYER

The remaining Paragraphs 1 through 7 of Crosby's Complaint constitute a prayer for relief to which no response is required. However, to the extent the Court requires an response, C-Port denies Crosby is entitled to the relief requested.

**SEVENTH DEFENSE**

AND NOW FURTHER answering, C-Port reserves the right to contest the appraised value of the M/V CROSBY ENDEAVOR, her engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security posted.

**EIGHTH DEFENSE**

AND NOW FURTHER answering, C-Port reserves the right to supplement this answer with additional affirmative defenses and other defenses as they are revealed through discovery.

**TENTH DEFENSE**

C-Port avers application of the *Oregon* Rule.

**ELEVENTH DEFENSE**

C-Port avers application of the *Louisiana* Rule.

**TENTH DEFENSE**

C-Port avers application of the *Pennsylvania* Rule.

**CLAIM**

1.

This is a cause of admiralty and maritime jurisdiction, as hereinafter more fully appears, brought under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty & Maritime Claims.

2.

At all material times, C-Port, was a limited liability company organized and existing under and by virtue of the laws of the State of Louisiana, and was at all times hereinafter mentioned, the owner of multiple berths, mooring bollards, mooring dolphins, and other related property and facilities in Port Fourchon, Louisiana, in and along Bayou Lafourche channel ("C-Port Facility").

3.

Upon information and belief, at all material times, Modern American Railroad Services, LLC ("MARS"), was a Louisiana limited liability company doing business in Louisiana with its principal place of business in Gibson, Louisiana.

4.

Upon information and belief, at all material times, Shore Offshore Services, LLC, ("Shore") was a Louisiana limited liability company doing business in Louisiana with its principal place of business in Gibson, Louisiana.

5.

Upon information and belief, Crosby Tugs, LLC ("Crosby") was a Louisiana limited liability company licensed to and doing business in Louisiana.

6.

Upon information and belief, at all material times, MARS was the owner of the D/B THOR and Shore was the bareboat charterer/owner *pro hac vice* of the D/B THOR.

7.

Upon information and belief, at all material times, Crosby was the owner and operator of the M/V CROSBY ENDEAVOR.

8.

On October 28, 2020, Hurricane Zeta made landfall in South Louisiana, approximately thirty miles west of Port Fourchon.

9.

While Hurricane Zeta approached Port Fourchon, D/B THOR was moored to bollards at Dock 16 in Port Fourchon (hereinafter the "Martin Energy Dock") with crew on board.

10.

Upon information and belief, the D/B THOR had an assist tug with her, the CROSBY ENDEAVOR owned by Crosby.

11.

At some point during Hurricane Zeta, the mooring lines that secured the D/B THOR to the bollards at the Martin Energy Dock snapped and/or the bollards to which the mooring lines were secured failed and/or the assist tugs failed to keep her in place. Thereafter, the D/B THOR was set adrift and the crew was unable to control the vessel.

12.

The M/V HARVEY SEAS was secured to mooring dolphins owned by C-Port at or near the C-Port Facility.

13.

The D/B THOR allided with the side of the M/V HARVEY SEAS, causing damage to the vessel.

14.

As a result of being hit by the D/B THOR, the M/V HARVEY SEAS broke free from the dolphin to which it was moored and drifted down Bayou Lafourche, causing significant damage to at least a dozen mooring dolphins at or near the C-Port Facility.

15.

As a result of the aforesaid allisions, C-Port has suffered and will suffer extensive physical damages to the mooring dolphins owned by C-Port and/or the C-Port Facility, business interruption and other damages to be proven at trial, including repair costs, survey expenses, contractor expenses, and employee expenses.

16.

MARS, Shore, and Crosby *in personam*, and the D/B THOR and M/V ENDEAVOR, *in rem*, are indebted to C-Port for the physical damage to and/or loss of the dolphins, the loss of use of those dolphins, as well as other damages to be proven at trial, plus pre- and post-judgment interest, attorney's fees, and costs.

17.

The incident and damages at issue in the Complaint were not caused and/or contributed to by any fault or neglect on the part of C-Port, nor on the part of or fault or neglect of the C-Port Facility, but were caused solely by the fault, neglect, and/or statutory or regulatory violations of MARS, Shore, the D/B THOR, M/V ENDEAVOR, Crosby, and/or other persons or vessels for whom C-Port is not responsible, the particulars of which will be more fully shown at the trial of this matter.

**PRAYER**

**WHEREFORE**, C-Port prays that its answer be deemed good and sufficient, and after due proceedings are had, that the Complaint for Exoneration from and/or Limitation of Liability of Crosby be denied; that C-Port's claims against MARS, Shore, the D/B THOR, M/V ENDEAVOR, and Crosby be sustained; and that C-Port recover damages from MARS, Shore, the D/B THOR, M/V ENDEAVOR, and Crosby, along with any additional relief to which C-Port may be entitled, including attorneys' fees and costs.

[SIGNATURES ON NEXT PAGE]

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/ Taylor M. Bologna*
Thomas Kent Morrison (Bar #25802)
Colin B. Cambre (Bar #31083)
Taylor M. Bologna (Bar #37594)
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
E-mail: morrisok@phelps.com
cambrec@phelps.com
taylor.bologna@phelps.com

**ATTORNEYS FOR C-PORT, LLC**

11

PD.35580978.1