UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT LOUISIANA

| | | |
|---|---|---|
| ALL COAST, LLC | § § § § § § § § | CIVIL ACTION NO. 21-258 c/w 21-337, 21-464, 21-822 |
| v. | | JUDGE ZAINEY |
| SHORE OFFSHORE SERVICES, LLC | | MAGISTRATE ROBY |
| | | Applies to 21-822 |

### ANSWER AND CLAIM OF PREMIER OFFSHORE CATERING, INC. TO CROSBY TUGS, LLC'S LIMITATION PROCEEDING

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW INTO COURT, by and through undersigned counsel, Premier Offshore Catering, Inc. ("Premier") files this Answer to the Complaint for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. Sec. 30511 of Crosby Tugs, LLC ("Crosby" or "Petitioner"), as owner/operator of the M/V CROSBY ENDEAVOR, and asserts a Claim as follows:

**First Defense**

1. The Complaint fails to state a claim for which relief may be granted.

**Second Defense**

2. In answering the allegations of Petitioner's Complaint, Premier avers as follows:

### ANSWER TO COMPLAINT

3. Premier admits the allegations in paragraph 1 of the Complaint.

4. Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore denies the allegations.

5. Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and therefore denies the allegations.

4334658-1

6. Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore denies the allegations.

7. Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and therefore denies the allegations.

8. Premier denies the allegations contained in paragraph 6 of the Complaint.

9. Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and therefore denies the allegations.

10. Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and therefore denies the allegations.

11. Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore denies the allegations.

12. Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and therefore denies the allegations.

13. Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and therefore denies the allegations.

14. Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore denies the allegations.

15. Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore denies the allegations.

16. Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and therefore denies the allegations.

17. Premier admits that Hurricane Zeta made landfall on October 28, 2020 and that the D/B Thor broke away from its moorings at the Martin Energy Dock. Premier lacks sufficient

knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 15 of the Complaint and therefore denies the allegations that are not expressly admitted.

18. Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and therefore denies the allegations.

19. Premier admits that Lewis Andrews and Patrick Burnett filed suit in the 164th Harris County Judicial District Court on November 16, 2020 against Premier, Shore Offshore Services, LLC, and various Fieldwood Energy entities in the matter styled *Lewis Andrews and Patrick Burnett v. Fieldwood Energy Offshore Inc., et al.*, No. 2020-73683, and that this matter was removed to the Southern District of Texas and bears Civil Action No. 4:20-cv-04009. Premier lacks sufficient knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 17 of the Complaint and therefore denies the allegations that are not expressly admitted.

20. Premier admits the allegations contained in paragraph 18 of the Complaint.

21. Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and therefore denies the allegations.

22. Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and therefore denies the allegations.

23. Premier denies the allegations contained in paragraph 21 of the Complaint.

24. Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and therefore denies the allegations.

25. Premier denies the allegations contained in paragraph 23 of the Complaint.

26. Premier denies the allegations contained in paragraph 24 of the Complaint.

4334658-14839-7164-6972, v. 1

27. Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and therefore denies the allegations.

28. Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and therefore denies the allegations. However, Premier reserves the right to challenge or demand proof of the value of the vessel and/or the value of the pending freight.

29. Premier denies the allegations contained in paragraph 27 of the Complaint.

30. Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and therefore denies the allegations.

31. Premier denies the allegations in paragraph 29 of the Complaint.

32. Premier denies the allegations in paragraph 30 of the Complaint.

33. Premier denies the allegations in paragraph 31 of the Complaint.

34. Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and therefore denies the allegations.

35. Premier denies the allegations in paragraph 33 of the Complaint.

36. Premier denies the allegations in the numbered paragraphs containing the Prayer for Relief.

### Third Defense

37. Any potential damages alleged to be attributable to Premier as a result of the subject Incident were a result of the negligence, fault, or want of due care on the part of Lewis Andrews, Patrick Burnett and/or Petitioner and/or those for whom Petitioner is responsible and/or the unseaworthiness of the M/V CROSBY ENDEAVOR, and/or other persons, third parties, entities

or parties for whom Premier is not responsible, all of which was within the privity and knowledge of Petitioner.

### Fourth Defense

38. Any potential damages alleged to be attributable to Premier as a result of the subject Incident were not the result of any negligence, fault, or want of due care of Premier or those for whom it may be responsible.

### Fifth Defense

39. To the extent the facts demonstrate it, Petitoner is not entitled to the relief it seeks because the alleged unseaworthiness of the vessel M/V CROSBY ENDEAVOR and the alleged negligent conduct of her owner and/or operators by and through her master, crew and/or shoreside personnel all occurred with the privity and knowledge of Petitioner.

WHEREFORE, Premier Offshore Catering, Inc. prays that it have judgment against Petitioner Crosby Tugs, LLC, and for such other and further relief to which it may be justly entitled.

### CLAIM ON BEHALF OF PREMIER OFFHSORE CATERING, INC.

Premier Offshore Catering, Inc. files the following Claim and states:

1. Premier re-urges each and every defense and objection set forth above as if the same were stated verbatim herein.

2. Lewis Andrews and Patrick Burnett filed suit in the 164th Harris County Judicial District Court on November 16, 2020 against Premier, Petitioner Shore Offshore Services, LLC, and various Fieldwood Energy entities in the matter styled *Lewis Andrews and Patrick Burnett v. Fieldwood Energy Offshore Inc., et al.*, No. 2020-73683. Lewis and Burnett filed a First Amended

Petition on November 18, 2020.[1] Their petition alleges that they are Jones Act seamen[2] and further alleges, in part, that:

> 10.   This lawsuit is necessary as a result of personal injuries that Plaintiff [sic] received on or about October 28, 2020. On or about that date, Plaintiffs were galley crew members working aboard the D/B THOR, a vessel owned, operated and/or maintained by Defendants. At all material times, the D/B THOR was working in the Gulf of Mexico for the benefit, and at the direction of Defendants. In the days leading up to the incident, Hurricane Zeta entered the Gulf of Mexico taking aim at the Louisiana shore. Defendants ordered and required the D/B THOR be tied off in an unsafe area to wait out the hurricane. Plaintiffs were required to remain on board.
>
> 11.   During the dangerous storm the D/B THOR became unmoored. The vessel was tossed and turned by the aggressive seas and the vessel was thrown into different objects. As a result, Plaintiffs suffered serious injuries.[3]

3.   Andrews and Burnett claimed that their alleged injuries were caused by various acts of negligence, negligence per se, and gross negligence by all of the defendants including: failure to supervise their crew; failure to properly train their employees; failure to provide adequate safety equipment; failure to provide Plaintiffs a safe working environment; failure to provide Plaintiffs adequate safety from Hurricane Zeta; failure to timely and effective [sic] evacuate the vessel; failure to provide adequate medical treatment; operating the vessel with an inadequate crew; failure to have the vessel moored in a safe area; vicarious liability for their employees' and agents' negligence; violating applicable Coast Guard, OSHA, BSEE rules and/or other applicable regulations; and, other acts deemed negligent and grossly negligent. Andrews and Burnett also alleged that the subject vessel was unseaworthy.[4]

4.   Andrews and Burnett are claiming damages for past and future medical damages, past and future loss of earning capacity, past and future pain and suffering and mental anguish,

---

[1] A copy of the petition is attached as Exhibit 1.
[2] *Id.* at ¶ 1.
[3] *Id.* at ¶¶ 10-11.
[4] *Id.* at ¶¶ 12-13.

6

past and future impairment, past and future disfigurement, exemplary damages, loss of household services, past and future loss of consortium, past and future maintenance and cure obligations, pre and post judgment interest, and attorneys' fees and costs.[5] Andrews and Burnett are seeking monetary relief in excess of $1,000,000.[6]

5. The lawsuit has since been removed to the United States District Court for the Southern District of Texas, Houston Division, at Civil Action No. 4:20-cv-04009.

6. All of the above-mentioned acts occurred within the privity and knowledge of the Petitioner.

7. Andrews and Burnett are claiming that Premier is liable for the above alleged injuries and alleged damages under the Jones Act, general maritime law, and maintenance and cure.

8. The damages, if any, sustained by Andrews and Burnett, resulted from the negligence or other legal fault of Andrews, Burnett and/or Petitioner. Petitioner failed to properly moor, secure, and control the D/B THOR prior to the subject breakaway, and such failure caused the damages allegedly suffered by Andrews and Burnett.

9. If there is any liability on the part of Premier in the above-described lawsuit, which is denied, Premier is due tort indemnity and recovery against Petitioner for any damages Andrews and Burnett may be able to recover. Alternatively, Premier seeks contribution from Andrews and Burnett and Petitioner to the extent they caused or contributed to Andrews's and Burnett's alleged injuries or damages.

---

[5] *Id.* at ¶ 14 and Prayer.
[6] *Id.*

10. Premier seeks contribution and indemnity from Andrews, Burnett and Petitioner for any damages for which Premier may be found liable under the Jones Act, general maritime law, and/or maintenance and cure.

11. Premier seeks a declaration from this Honorable Court that Burnett is not a "seaman" as that term is understood and applied under the Jones Act. There is a present case and controversy concerning Burnett's seaman status as he has made claims against Premier and Petitioners under the Jones Act.

12. Premier seeks a declaration from this Honorable Court that Burnett is not owed maintenance and cure. There is a present case and controversy concerning whether Burnett is owed maintenance and cure from Premier and/or Petitioners.

13. Premier sustained or may sustain in the future quantifiable damages in excess of the minimum jurisdictional limits of this Honorable Court.

WHEREFORE, Premier Offshore Catering, Inc. prays that after due proceedings are had, there be a judgment rendered in its favor and against Lewis Andrews, Patrick Burnett and Petitioner Crosby Tugs, LLC, that it be awarded attorneys' fees, pre and post judgment interest, and all costs of this proceeding, and for such other and further relief to which it may be justly entitled.

**[Remainder of page intentionally left blank]**

4334658-14839-7164-6972, v. 1

          Respectfully submitted,

          **CHAFFE McCALL, L.L.P.**

          */s/ John M. Ribarits*
          John M. Ribarits (17114)
          Attorney-in-charge
          801 Travis St., Ste. 1910
          Houston, Texas 77002
          Telephone: 713-546-9800
          Facsimile: 713-546-9806
          Email: john.ribarits@chaffe.com

          Alexander J. DeGiulio (38184)
          2300 Energy Centre
          1100 Poydras Street
          New Orleans, Louisiana 70163
          Telephone: 504-585-7000
          Email: alex.degiulio@chaffe.com

          **ATTORNEYS FOR PREMIER OFFSHORE CATERING, INC.**

OF COUNSEL:

**CHAFFE McCALL, L.L.P.**

## CERTIFICATE OF SERVICE

    I hereby certify that on this 18th day of October, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF.

          */s/ John M. Ribarits*
          John M. Ribarits

4334658-14839-7164-6972, v. 1

# Exhibit 1

11/18/2020 6:54 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48232550
By: SIMONE MILLS
Filed: 11/18/2020 6:54 PM

CAUSE NO. 2020-73683

| | | |
|---|---|---|
| Lewis Andrews and Patrick Burnett, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| | § | |
| Fieldwood Energy Offshore, Inc. d/b/a | § | |
| Fieldwood Energy (Texas), Inc. | § | |
| Fieldwood Energy, LLC, Fieldwood Energy | § | |
| Offshore, LLC, Shore Offshore Services, LLC | § | |
| and Premier Offshore Catering, Inc., | § | |
| | § | |
| Defendants. | § | 164th JUDICIAL DISTRICT |

## Plaintiffs' First Amended Petition

Plaintiffs Lewis Andrews and Patrick Burnett (hereinafter jointly referred to as "Plaintiffs") file this First Amended Petition complaining of Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., Fieldwood Energy, LLC and Fieldwood Energy Offshore, LLC, Shore Offshore Services, LLC and Premier Offshore Catering, Inc. (collectively referred to as "Defendants") and will respectfully show the Court that:

### I.

### Jurisdiction

1. This claim is maintained under the Jones Act (46 U.S.C. § 30104) and the general maritime law of the United States. The Court has exclusive jurisdiction pursuant to the Saving to Suitors clause. Further, Plaintiffs have been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which Plaintiffs now sue.

### II.

### Venue

1

2. Venue is proper pursuant to Texas Civil Practice and Remedies Code, Section 15.002.

### III.

### Discovery Level

3. Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

### IV.

### Parties

4. Plaintiffs are Mississippi residents.

5. Defendant Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc. is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas. This Defendant may be served with process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

6. Defendant Fieldwood Energy, LLC is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas. This Defendant may be served with process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

7. Defendant Fieldwood Energy Offshore, LLC is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas. This Defendant may be served with

process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

8. Defendant Shore Offshore Services, LLC ("Shore") is a foreign corporation which conducts a substantial amount of business in Texas. This Defendant may be served with process through its registered agent Patrick Gros at 651 River Highlands Blvd, Covington, LA 760433, or wherever he may be found.

9. Defendant Premier Offshore Catering, Inc. ("Premier") is a foreign corporation which conducts a substantial amount of business in Texas. This Defendant may be served with process through its registered agent Carroll Angelle, 375 Technology Lane, Gray, LA 70359, or wherever she may be found.

V.

Facts

10. This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about October 28, 2020. On or about that date, Plaintiffs were galley crew members working aboard the *D/B THOR*, a vessel owned, operated and/or maintained by Defendants. At all material times, the *D/B THOR* was working in the Gulf of Mexico for the benefit, and at the direction of Defendants. In the days leading up to the incident, Hurricane Zeta entered the Gulf of Mexico taking aim at the Louisiana shore. Defendants ordered and required the *D/B THOR* be tied off in an unsafe area to wait out the hurricane. Plaintiffs were required to remain on board.

3

11. During the dangerous storm the *D/B THOR* became unmoored. The vessel was tossed and turned by the aggressive seas and the vessel was thrown into different objects. As a result, Plaintiffs suffered serious injuries.

12. Defendants are negligent and negligent per se for the following reasons:

   a. Failure to properly supervise their crew;

   b. Failure to properly train their employees;

   c. Failure to provide adequate safety equipment;

   d. Failure to provide Plaintiffs a safe working environment;

   e. Failure to provide Plaintiffs adequate safety from Hurricane Zeta;

   f. Failure to timely and effectively evacuate the vessel;

   g. Failure to provide adequate medical treatment;

   h. Operating the vessel with an inadequate crew;

   i. Failing to maintain safe mechanisms for work on the vessel;

   j. Failure to maintain, inspect, and/or repair the vessel's equipment;

   k. Operating the vessel in an unsafe and improper manner;

   l. Failure to have the vessel moored in a safe area;

   m. Vicariously liable for their employees' and agents' negligence;

   n. Violating applicable Coast Guard, OSHA, BSEE rules and/or other applicable regulations; and

   o. Other acts deemed negligent.

13. At all relevant times, the *D/B THOR* was unseaworthy.

14. As a result of said occurrences, Plaintiffs sustained severe injuries to their bodies, which resulted in physical pain, mental anguish, and other medical problems. Plaintiffs

have sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiffs' physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiffs have also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiffs have incurred and will incur pharmaceutical and medical expenses in connection with their injuries. Plaintiffs seek punitive damages against Defendants for arbitrarily and improperly denying maintenance and cure. Plaintiffs have been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which they now sue.

15. Plaintiffs are also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiffs health and safety. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiffs injury but did nothing to rectify them. Instead, Defendants had Plaintiffs and other crew members continue working despite the dangerous conditions that were posed to them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiffs. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiffs to work under such dangerous conditions.

## VI.

### Jury Demand

16. Plaintiffs demand a trial by jury.

## VII.

5

## Prayer

Pursuant to Rule 47, Plaintiffs seek monetary relief over $1,000,000. Additionally, Plaintiffs pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which Plaintiffs show themselves justly entitled including but not limited to:

- Past and future medical damages;
- Past and future loss of earning capacity;
- Past and future pain and suffering and mental anguish;
- Past and future impairment;
- Past and future disfigurement;
- Exemplary damages;
- Loss of household services;
- Past and future loss of consortium;
- Past and future maintenance and cure obligations;
- Pre-judgment interest;
- Post-judgment interest;
- Costs of Court;
- Attorney fees;
- All other relief to which Plaintiffs are justly entitled, either at law or in

6

equity.

Respectfully Submitted,

ARNOLD & ITKIN LLP

/s/ Kurt B. Arnold
_____
Kurt B. Arnold
SBN: 24036150
karnold@arnolditkin.com
J. Kyle Findley
SBN: 24076382
kfindley@arnolditkin.com
Adam D. Lewis
SBN: 24094099
alewis@arnolditkin.com
6009 Memorial Drive
Houston, TX 77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**