## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT LOUISIANA

| | | |
|---|---|---|
| **ALL COAST, LLC** | § | **CIVIL ACTION NO. 21-258** |
| | § | **c/w 21-337, 21-464, 21-822** |
| **v.** | § | |
| | § | **JUDGE ZAINEY** |
| **SHORE OFFSHORE SERVICES, LLC** | § | |
| | § | **MAGISTRATE ROBY** |
| | § | |
| | § | **Applies to 21-822** |

### ANSWER AND CLAIM OF PREMIER OFFSHORE CATERING, INC.
### TO CROSBY TUGS, LLC'S LIMITATION PROCEEDING

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW INTO COURT, by and through undersigned counsel, Premier Offshore Catering, Inc. ("Premier") files this Answer to the Complaint for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. Sec. 30511 of Crosby Tugs, LLC ("Crosby" or "Petitioner"), as owner/operator of the M/V CROSBY ENDEAVOR, and asserts a Claim as follows:

### First Defense

1.      The Complaint fails to state a claim for which relief may be granted.

### Second Defense

2.      In answering the allegations of Petitioner's Complaint, Premier avers as follows:

### ANSWER TO COMPLAINT

3.      Premier admits the allegations in paragraph 1 of the Complaint.

4.      Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore denies the allegations.

5.      Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and therefore denies the allegations.

4334658-1

6.      Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore denies the allegations.

7.      Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and therefore denies the allegations.

8.      Premier denies the allegations contained in paragraph 6 of the Complaint.

9.      Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and therefore denies the allegations.

10.     Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and therefore denies the allegations.

11.     Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore denies the allegations.

12.     Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and therefore denies the allegations.

13.     Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and therefore denies the allegations.

14.     Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore denies the allegations.

15.     Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore denies the allegations.

16.     Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and therefore denies the allegations.

17.     Premier admits that Hurricane Zeta made landfall on October 28, 2020 and that the D/B Thor broke away from its moorings at the Martin Energy Dock. Premier lacks sufficient

4839-7164-6972, v. 1
4334658-1

knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 15 of the Complaint and therefore denies the allegations that are not expressly admitted.

18.     Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and therefore denies the allegations.

19.     Premier admits that Lewis Andrews and Patrick Burnett filed suit in the 164th Harris County Judicial District Court on November 16, 2020 against Premier, Shore Offshore Services, LLC, and various Fieldwood Energy entities in the matter styled *Lewis Andrews and Patrick Burnett v. Fieldwood Energy Offshore Inc., et al*., No. 2020-73683, and that this matter was removed to the Southern District of Texas and bears Civil Action No. 4:20-cv-04009. Premier lacks sufficient knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 17 of the Complaint and therefore denies the allegations that are not expressly admitted.

20.     Premier admits the allegations contained in paragraph 18 of the Complaint.

21.     Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and therefore denies the allegations.

22.     Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and therefore denies the allegations.

23.     Premier denies the allegations contained in paragraph 21 of the Complaint.

24.     Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and therefore denies the allegations.

25.     Premier denies the allegations contained in paragraph 23 of the Complaint.

26.     Premier denies the allegations contained in paragraph 24 of the Complaint.

4839-7164-6972, v. 1
4334658-1

27.     Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and therefore denies the allegations.

28.     Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and therefore denies the allegations. However, Premier reserves the right to challenge or demand proof of the value of the vessel and/or the value of the pending freight.

29.     Premier denies the allegations contained in paragraph 27 of the Complaint.

30.     Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and therefore denies the allegations.

31.     Premier denies the allegations in paragraph 29 of the Complaint.

32.     Premier denies the allegations in paragraph 30 of the Complaint.

33.     Premier denies the allegations in paragraph 31 of the Complaint.

34.     Premier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and therefore denies the allegations.

35.     Premier denies the allegations in paragraph 33 of the Complaint.

36.     Premier denies the allegations in the numbered paragraphs containing the Prayer for Relief.

**Third Defense**

37.     Any potential damages alleged to be attributable to Premier as a result of the subject Incident were a result of the negligence, fault, or want of due care on the part of Lewis Andrews, Patrick Burnett and/or Petitioner and/or those for whom Petitioner is responsible and/or the unseaworthiness of the M/V CROSBY ENDEAVOR, and/or other persons, third parties, entities

4

or parties for whom Premier is not responsible, all of which was within the privity and knowledge of Petitioner.

### Fourth Defense

38.   Any potential damages alleged to be attributable to Premier as a result of the subject Incident were not the result of any negligence, fault, or want of due care of Premier or those for whom it may be responsible.

### Fifth Defense

39.   To the extent the facts demonstrate it, Petitoner is not entitled to the relief it seeks because the alleged unseaworthiness of the vessel M/V CROSBY ENDEAVOR and the alleged negligent conduct of her owner and/or operators by and through her master, crew and/or shoreside personnel all occurred with the privity and knowledge of Petitioner.

WHEREFORE, Premier Offshore Catering, Inc. prays that it have judgment against Petitioner Crosby Tugs, LLC, and for such other and further relief to which it may be justly entitled.

### CLAIM ON BEHALF OF PREMIER OFFHSORE CATERING, INC.

Premier Offshore Catering, Inc. files the following Claim and states:

1.   Premier re-urges each and every defense and objection set forth above as if the same were stated verbatim herein.

2.   Lewis Andrews and Patrick Burnett filed suit in the 164th Harris County Judicial District Court on November 16, 2020 against Premier, Petitioner Shore Offshore Services, LLC, and various Fieldwood Energy entities in the matter styled *Lewis Andrews and Patrick Burnett v. Fieldwood Energy Offshore Inc., et al.*, No. 2020-73683. Lewis and Burnett filed a First Amended

4839-7164-6972, v. 1
4334658-1

Petition on November 18, 2020.[1] Their petition alleges that they are Jones Act seamen[2] and further alleges, in part, that:

> 10.    This lawsuit is necessary as a result of personal injuries that Plaintiff [sic] received on or about October 28, 2020. On or about that date, Plaintiffs were galley crew members working aboard the D/B THOR, a vessel owned, operated and/or maintained by Defendants. At all material times, the D/B THOR was working in the Gulf of Mexico for the benefit, and at the direction of Defendants. In the days leading up to the incident, Hurricane Zeta entered the Gulf of Mexico taking aim at the Louisiana shore. Defendants ordered and required the D/B THOR be tied off in an unsafe area to wait out the hurricane. Plaintiffs were required to remain on board.
>
> 11.    During the dangerous storm the D/B THOR became unmoored. The vessel was tossed and turned by the aggressive seas and the vessel was thrown into different objects. As a result, Plaintiffs suffered serious injuries.[3]

3.    Andrews and Burnett claimed that their alleged injuries were caused by various acts of negligence, negligence per se, and gross negligence by all of the defendants including: failure to supervise their crew; failure to properly train their employees; failure to provide adequate safety equipment; failure to provide Plaintiffs a safe working environment; failure to provide Plaintiffs adequate safety from Hurricane Zeta; failure to timely and effective [sic] evacuate the vessel; failure to provide adequate medical treatment; operating the vessel with an inadequate crew; failure to have the vessel moored in a safe area; vicarious liability for their employees' and agents' negligence; violating applicable Coast Guard, OSHA, BSEE rules and/or other applicable regulations; and, other acts deemed negligent and grossly negligent. Andrews and Burnett also alleged that the subject vessel was unseaworthy.[4]

4.    Andrews and Burnett are claiming damages for past and future medical damages, past and future loss of earning capacity, past and future pain and suffering and mental anguish,

---

[1] A copy of the petition is attached as Exhibit 1.
[2] *Id.* at ¶ 1.
[3] *Id.* at ¶¶ 10-11.
[4] *Id.* at ¶¶ 12-13.

past and future impairment, past and future disfigurement, exemplary damages, loss of household services, past and future loss of consortium, past and future maintenance and cure obligations, pre and post judgment interest, and attorneys' fees and costs.[5] Andrews and Burnett are seeking monetary relief in excess of $1,000,000.[6]

5.     The lawsuit has since been removed to the United States District Court for the Southern District of Texas, Houston Division, at Civil Action No. 4:20-cv-04009.

6.     All of the above-mentioned acts occurred within the privity and knowledge of the Petitioner.

7.     Andrews and Burnett are claiming that Premier is liable for the above alleged injuries and alleged damages under the Jones Act, general maritime law, and maintenance and cure.

8.     The damages, if any, sustained by Andrews and Burnett, resulted from the negligence or other legal fault of Andrews, Burnett and/or Petitioner. Petitioner failed to properly moor, secure, and control the D/B THOR prior to the subject breakaway, and such failure caused the damages allegedly suffered by Andrews and Burnett.

9.     If there is any liability on the part of Premier in the above-described lawsuit, which is denied, Premier is due tort indemnity and recovery against Petitioner for any damages Andrews and Burnett may be able to recover. Alternatively, Premier seeks contribution from Andrews and Burnett and Petitioner to the extent they caused or contributed to Andrews's and Burnett's alleged injuries or damages.

---

[5] *Id.* at ¶ 14 and Prayer.
[6] *Id.*

4839-7164-6972, v. 1
4334658-1

10. Premier seeks contribution and indemnity from Andrews, Burnett and Petitioner for any damages for which Premier may be found liable under the Jones Act, general maritime law, and/or maintenance and cure.

11. Premier seeks a declaration from this Honorable Court that Burnett is not a "seaman" as that term is understood and applied under the Jones Act. There is a present case and controversy concerning Burnett's seaman status as he has made claims against Premier and Petitioners under the Jones Act.

12. Premier seeks a declaration from this Honorable Court that Burnett is not owed maintenance and cure. There is a present case and controversy concerning whether Burnett is owed maintenance and cure from Premier and/or Petitioners.

13. Premier sustained or may sustain in the future quantifiable damages in excess of the minimum jurisdictional limits of this Honorable Court.

WHEREFORE, Premier Offshore Catering, Inc. prays that after due proceedings are had, there be a judgment rendered in its favor and against Lewis Andrews, Patrick Burnett and Petitioner Crosby Tugs, LLC, that it be awarded attorneys' fees, pre and post judgment interest, and all costs of this proceeding, and for such other and further relief to which it may be justly entitled.

**[Remainder of page intentionally left blank]**

Respectfully submitted,

**CHAFFE McCALL, L.L.P.**

_/s/ John M. Ribarits_

John M. Ribarits (17114)
Attorney-in-charge
801 Travis St., Ste. 1910
Houston, Texas 77002
Telephone: 713-546-9800
Facsimile: 713-546-9806
Email: john.ribarits@chaffe.com

Alexander J. DeGiulio (38184)
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504-585-7000
Email: alex.degiulio@chaffe.com

**ATTORNEYS FOR PREMIER
OFFSHORE CATERING, INC.**

OF COUNSEL:

**CHAFFE McCALL, L.L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF.

_/s/ John M. Ribarits_

John M. Ribarits

9

Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: THE MATTER OF CROSBY TUGS, LLC, AS OWNER AND OPERATOR OF THE M/V CROSBY ENDEAVOR, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.: 2:21-cv-00822<br><br>SECTION:<br><br>JUDGE:<br><br>MAGISTRATE JUDGE:<br><br>ADMIRALTY - Rule 9(h) |

## COMPLAINT FOR EXONERATION FROM
## OR LIMITATION OF LIABILITY

**NOW INTO COURT**, through undersigned counsel, comes Crosby Tugs, LLC (hereinafter "Crosby" or "Limitation Petitioner"), as owner and operator of the M/V CROSBY ENDEAVOR, her engines, tackle, gear, furniture, appurtenances, etc. (hereinafter "the Vessel"), who files this Complaint for Exoneration From or Limitation of Liability pursuant to 46 U.S.C. § 30511, and respectfully avers upon information and belief as follows:

## JURISDICTION AND VENUE

1.

This is an action for exoneration from or limitation of liability, civil and maritime, under the purview of 46 U.S.C. §§ 30501, *et seq.* (the "Limitation Act"), and an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This action is governed by Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure. This Honorable Court has jurisdiction over this action by virtue of the Limitation Act and by virtue of 28 U.S.C. § 1333.

2.

The Vessel has not been attached or arrested to answer for any claim with respect to which Limitation Petitioner seeks exoneration from or limitation of liability through these proceedings. As of the date of this filing, Limitation Petitioner has been sued by Harvey Seas, LLC and Harvey Gulf International Marine, LLC (collectively "Harvey") for property damages in the U.S. District Court for the Eastern District of Louisiana, bearing Civil Action No. 2:21-cv-00337. Accordingly, Venue is therefore proper in the United States District Court for the Eastern District of Louisiana, pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

## LIMITATION PETITIONER

3.

At all times pertinent hereto, Limitation Petitioner, Crosby Tugs, LLC, (hereinafter "Crosby" or "Limitation Petitioner") was and is a limited liability company organized and existing pursuant to the laws of the State of Louisiana. Limitation Petitioner is authorized to do and doing business within the jurisdiction of this Honorable Court and the state of Louisiana.

4.

At all material times, Crosby was and still is the sole record owner of the Vessel.

## THE VESSEL

5.

The M/V CROSBY ENDEAVOR (hereinafter sometimes "ENDEAVOR"), Official No. 571494, is a U.S.-flagged towing vessel measuring one hundred and forty-nine (149) total feet in length, forty (40) feet in width, and twenty-two (22) feet in depth. The Vessel was built in 1976. The Vessel primarily operates as an anchor handling tug.

6.

At all times during and prior to the voyage hereinafter described, Crosby exercised due diligence to make the Vessel seaworthy in all respects. At all times hereinafter described, the Vessel was, in fact, tight, staunch, strong, fully and properly equipped and manned, well and sufficiently fitted with suitable machinery, gear, tackle, apparel, and appliances, and in all respects seaworthy and fit and proper for the service in which the Vessel was engaged.

## FACTUAL BACKGROUND

7.

At all material times, Crosby was and is a towing company offering services for ship docking, and inland and offshore towing.

8.

On or around October 19, 2020, Dawn Services, LLC contacted Crosby to assist with towing a derrick barge, the D/B THOR, between fields in the Gulf of Mexico. The D/B THOR, Official No. 2815608408, is a heavy lift construction vessel measuring approximately three hundred and seventy (370) feet in length and one hundred and thirty-seven (137) feet in breadth. The THOR is equipped with a derrick crane, deck crane, and utility crane. It also has eight mooring winches and eight sixteen thousand (16,000) pound anchors. The THOR is manned with a crew and equipped with communication and navigation systems. Upon information and belief, Modern American Railroad Services, LLC ("MARS") owns the THOR and Shore Offshore Services, LLC ("Shore") bareboat charters the THOR.

9.

In response to Dawn's request, Crosby dispatched the ENDEAVOR.

10.

The ENDEAVOR was first directed to tow the THOR from the High Island Block 116 field in the Gulf of Mexico to the South Pelto Block 21 field. Nonetheless, the THOR and its crew changed its destination several times and eventually directed the ENDEAVOR to tow the THOR to the Ship Shoal Block 151 field. Once on location in Ship Shoal, the ENDEAVOR stood by waiting on weather and further direction.

11.

On October 23, 2020, at the direction of the THOR and its crew, the ENDEAVOR towed the THOR to Ship Shoal Block 259 and it anchored down. On the night of October 23, 2020, work stopped due to impending weather, specifically Hurricane Zeta developing in the Gulf of Mexico. Between October 23, 2020 and October 26, 2020, the THOR and its crew (or its owners/operators) debated where the THOR would seek shelter from the developing hurricane.

12.

On the morning of October 26, 2020, the THOR and its crew directed the ENDEAVOR to tow the vessel to Port Fourchon, Louisiana. By 10:00 p.m. on the night of October 26, 2020, the ENDEAVOR towed the THOR to the Martin Energy Services, LLC ("Martin Energy") Dock No. 16 on Bayou Lafourche near Port Fourchon with the assistance of the M/V LA MADONNA and the M/V LA ELITE, towing vessels owned by Louisiana International Marine.

13.

Between October 26 and October 28, the THOR remained moored at the Martin Energy Dock No. 16 in anticipation of Hurricane Zeta. No Crosby personnel were involved in or assisted in the mooring of the THOR.

14.

On the morning of October 28, 2020, in anticipation of Hurricane Zeta, the ENDEAVOR secured itself alongside the THOR seeking safe harbor. The ENDEAVOR and its crew were not directed to hold or otherwise secure the THOR in place during the hurricane.

15.

On the afternoon of October 28, 2020, Hurricane Zeta made landfall and moved through Bayou Lafourche with sustained winds of one hundred and twenty (120) miles per hour. At approximately 4:00 p.m., the THOR broke away from the Martin Energy Dock No. 16. The ENDEAVOR was alongside the THOR when it broke free from its moorings and the ENDEAVOR attempted to hold the THOR, but could not due to the strength of the storm coupled with the size of the THOR.

16.

Upon information and belief, following the breakaway, the THOR allied with several vessels and other property along the Bayou Lafourche channel upstream from the Martin Energy Dock No. 16.

17.

Since the October 28, 2020 breakaway, several persons and entities have filed suit against the THOR, MARS, and Shore. These parties are the known potential claimants at this time:

1. On February 17, 2021, Harvey Seas, LLC and Harvey Gulf International Marine, LLC filed suit naming Shore, MARS, Martine Energy, Crosby, and Dawn. This suit is currently pending in the U.S. District Court for the Eastern District of Louisiana before the Honorable Judge Jay C. Zainey, bearing Civil Action No. 2:21-cv-00337 (hereinafter "the Harvey Action").

2. On February 8, 2021, All Coast, LLC filed suit naming Shore, MARS, and Martin Energy. This suit is currently pending in the U.S. District Court for the Eastern District of Louisiana before the Honorable Judge Jay C. Zainey, bearing Civil Action No. 2:21-cv-00258 (hereinafter "the All Coast Action").

3.      On November 16, 2020, Lewis Andrews and Patrick Burnett, crewmembers of the THOR, filed suit against, *inter alia*, Shore. This suit was originally filed in state court in Harris County, Texas, but was subsequently removed to the U.S. District Court for the Southern District of Texas and bears Civil Action No. 4:20-cv-04009.

4.      On November 17, 2020, Brian Cloyd, a crewmember of the THOR, brought suit against, *inter alia*, Shore. This suit was originally filed in state court in Harris County, Texas, but was subsequently removed to the U.S. District Court for the Southern District of Texas and bears Civil Action No. 4:20-cv-04032.

5.      On December 8, 2020, Lesle Williams, a crewmember of the THOR, brought suit against, *inter alia*, Shore. This suit was originally filed in state court in Harris County, Texas, but was subsequently removed to the U.S. District Court for the Southern District of Texas and bears Civil Action No. 4:20-cv-04371.

6.      On December 31, 2020, Wallace McCray, a mechanic aboard the THOR and employed by Complete Logistical Services, LLC, brought suit against, *inter alia*, Shore. This suit was originally filed in state court in Harris County, Texas, but was subsequently removed to the U.S. District Court for the Southern District of Texas and bears Civil Action No. 4:21-cv-00267.

7.      On February 11, 2021, Randy Rials and Montrell Smith, crewmembers of the THOR, brought suit against, *inter alia*, Shore. This suit was originally filed in state court in Harris County, Texas, but was subsequently removed to the U.S. District Court for the Southern District of Texas and bears Civil Action No. 4:21-cv-000709.

18.

On March 4, 2021, MARS as owner of the THOR and Shore as bareboat charterer and/or owner *pro hac vice* filed a complaint for exoneration from and/or limitation of liability in accordance with the Limitation Act in the U.S. District Court for the Eastern District of Louisiana, bearing Civil Action No. 2:21-cv-00464 (hereinafter "The Shore Limitation Action"). The Shore Limitation Action has been consolidated with the aforementioned Harvey Action and the All Coast Action and all three are currently pending before the Honorable Judge Jay C. Zainey.

19.

Crosby hereby seeks exoneration from and/or limitation of liability for the breakaway incident described herein occurring on October 28, 2020 (hereinafter "the Incident").

## EXONERATION AND/OR LIMITATION OF LIABILITY

### 20.

This Complaint is filed timely under Admiralty Rule F(1), because it was filed within six months from the date Crosby received written notice of a claim on October 29, 2020, namely when Harvey sent a letter to Crosby informing it of damages sustained by Harvey's vessels and allegedly caused by the CROSBY ENDEAVOR.

### 21.

The aforementioned Incident, and any losses, and/or damages allegedly resulting therefrom, were not caused or contributed to by any fault, neglect, negligence, or lack of due care on the part of Crosby, its agents, servants, employees, or any other persons for whom Crosby might be responsible, or by any unseaworthiness of the Vessel.

### 22.

Besides the Harvey Action, Crosby is, as of this date, unaware of any other demands, suits, petitions, unsatisfied claims of liens, or liens filed against Crosby or the Vessel in connection with the Incident made the subject of this Complaint.

### 23.

Crosby is entitled to exoneration and/or limitation under the circumstances.

### 24.

The Incident, any physical damage, injuries, contingent losses as well as all other losses, damages, expenses, and costs resulting therefrom were caused and occurred without the privity or knowledge of Crosby.

### 25.

Crosby has a reasonable basis upon which to believe it is possible that claims have been and/or will be asserted and prosecuted against it in amounts exceeding the value of the Vessel and

their pending freight. Specifically, as noted above, several lawsuits have been filed in connection with the Incident and the owner of the THOR has sought exoneration from and/or limitation of liability in this Court. Crosby reasonably anticipates being named as a defendant in the aforementioned suits.

26.

The fair market value of the Limitation Petitioner's interest in the CROSBY ENDEAVOR at the time of the incident was THREE MILLION SEVEN HUNDRED AND FIFTY THOUSAND DOLLARS AND NO/100 ($3,750,000.00) total, and she had no pending freight. Accordingly, the total value of Limitation Petitioner's interest in the CROSBY ENDEAVOR, and her pending freight is $3,750,000.00.  (*See* Declaration of Value attached hereto as **Exhibit 1**).

27.

Crosby avers that because the aforementioned Incident and the alleged losses, damages and/or injuries allegedly related thereto were not caused or contributed to by any fault, neglect, negligence or lack of due care on the part of Crosby or its agents, servants, employees, or any other persons for whom Crosby might be responsible, or by any unseaworthiness of the Vessel, Crosby is entitled to and hereby claims exoneration from liability for any and all alleged injuries, losses or damages allegedly occurring as a result of the aforesaid Incident, as well as any and all claims related to the Incident that have yet to be asserted.  Crosby avers that it has valid and complete defenses on the facts and on the law.

28.

Although Crosby denies any liability to any party, and although Crosby does not know the extent, nature or total amount of all claims which may be made for loss or damage arising out of the Incident described above. Crosby anticipates and believes that suits and claims will be asserted

and prosecuted against Crosby in amounts exceeding the value of the Vessel at the conclusion of the voyage during which the aforementioned Incident took place.

29.

As such, without admitting but affirmatively denying all liability, and strictly in the alternative to its claim for exoneration from all liability, losses, damages and/or injuries allegedly occasioned by or resulting from the aforesaid Incident, or allegedly done, occasioned, or incurred on the subject voyage, Crosby alleges and avers that if Crosby should be held responsible to any person, entity or other party by reason of any fault attributed to Crosby, its agents, servants, employees, or others for whom Crosby could be held responsible, or to the Vessel, in connection with the above-described Incident, then Crosby is entitled to and claims the benefit of limitation of liability as provided in the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq*., and all laws supplementary thereto and amendatory thereof, and all other applicable law and jurisprudence, to limit its liability to THREE MILLION SEVEN HUNDRED AND FIFTY THOUSAND DOLLARS AND NO/100 ($3,750,000.00) U.S. DOLLARS, the value of Crosby's interest in the Vessel immediately before and after the Incident.

30.

Should it later appear that Limitation Petitioner is or may be liable and that the amount or value of its interest in the Vessel and her pending freight, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, the General Maritime Law, and by the rules and practices of this Honorable Court.

31.

Crosby reserves the right to plead all applicable affirmative defenses, claims, cross-claims and counterclaims against any claimant, including but not limited to the right to plead set off, the right to plead comparative fault, the right to plead compromise and settlement, the right to plead that the incident was unavoidable by Crosby, the right to plead the Act of God defense, the right to plead that the Incident resulted from violations of law or permits by other parties or particular claimants, the right to plead that the particular claimants have no right to pursue claims for the alleged unseaworthiness of the Vessel, and the right to file cross-claims and/or third-party actions for damages or for indemnity or contribution against all persons and entities that may be legally responsible for the Incident described herein.

32.

With this Complaint, Limitation Petitioner seeks to preserve its right to limit its liability within the six month deadline from written notice as required by Supplemental Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Limitation Petitioner is currently in the process of obtaining security and/or a bond and will deposit the proper security with the Court within thirty (30) days of the filing of this Complaint. It is not a jurisdictional prerequisite to claim the benefits of the Limitation Act that security be posted simultaneously with the complaint or within six months of notice of a claim. *Guey v. Gulf Insurance Co.*, 46 F.3d 478, 481 (5th Cir. 1995). Pursuant to Supplemental Rule F(1), it is within the full discretion of the district court to direct Limitation Petitioner when to post security and the amount required. *Id*. This Complaint is being filed due to the requirement that such actions be filed within six months of notice of a claim subject to limitation. Once the security is posted, the limitation action may move forward in typical fashion with the issuance of an injunction and concursus of claims and notice

to claimants with the deadline in which claimants may file against Limitation Petitioner. Judges within the Eastern District of Louisiana have allowed limitation petitioners to do just this. (*See* Order, Cause No. 16-16992 (Barbier, J.), attached hereto as **Exhibit 2**; *See* Order, Cause No. 18-2138 (Barbier, J.), attached hereto as **Exhibit 3**).

33.

All and singular, the premises are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED**, Limitation Petitioner, Crosby Tugs, LLC respectfully requests and prays:

1.      That this Honorable Court enter an order approving a temporary dispensation from security. That Limitation Petitioner shall post the security required by 46 U.S.C. § 30511(b) and Supplemental Admiralty Rule F(1) within thirty (30) days from filing this action;

2.      That once the Limitation Petitioner posts security, this Honorable Court issue a monition and notice to all persons, firms, corporations or other entities asserting any claims for any and all alleged losses, damages or injuries with respect to which Crosby Tugs, LLC seeks exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of Court and to serve on the attorneys for Crosby Tugs, LLC a copy thereof on or before the date specified in the notice, or be forever barred and permanently enjoined from making and filing any claims with respect to the Incidents described more fully herein;

3.      That once the Limitation Petitioner posts security, this Honorable Court issue an injunction restraining the commencement or prosecution of any action or proceeding of any kind against Crosby Tugs, LLC its affiliates, their employees, its or their insurers, sureties, or

underwriters, or any of its property, including but not limited to the M/V CROSBY ENDEAVOR, whether *in personam*, by attachment, or *in rem*, for any losses, damages, and/or injuries allegedly arising out of the Incident described in this Complaint, or allegedly occurring during the subject voyage described in this Complaint;

4.     That if any claimant who shall have filed a claim shall also file an exception bringing forward evidence to controvert the value of the Vessel, as alleged herein, this Court shall cause due appraisement to be had of the value of the Vessel following the Incident and of the value of Crosby Tugs, LLC's interest therein, following which event this Court shall, if necessary, enter an Order for filing of an amended Letter of Undertaking or other appropriate security for the aggregate value, as so determined, of Crosby Tugs, LLC's interest in said Vessel;

5.     That this Honorable Court adjudge that Crosby Tugs, LLC, its affiliated companies, employees, its or their insurers, sureties, and underwriters, the M/V CROSBY ENDEAVOR, are not liable to any extent whatsoever for any losses, damages and/or injuries or for any claims therefor, in any way arising from or in consequence of the subject voyage, or in consequence of otherwise connected with the matters and happenings referred to in this Complaint;

6.     Or, strictly in the alternative, if this Court should adjudge that Crosby Tugs, LLC, its affiliates, employees, or its or their insures or underwriters, and/or the M/V CROSBY ENDEAVOR are liable in any amounts whatsoever, that the Court should then adjudge that said liability shall be limited to THREE MILLION SEVEN HUNDRED AND FIFTY THOUSAND DOLLARS AND NO/100 ($3,750,000.00) U.S. DOLLARS, the value of Crosby Tugs, LLC's interest in the Vessel immediately after the Incident, said amount to be divided *pro rata* among all claimants; and that a judgment be entered discharging Crosby Tugs, LLC, its affiliates, employees and its and their insurers and underwriters, and the M/V CROSBY ENDEAVOR of and from any

and all further liability and forever enjoining and prohibiting the filing and prosecution of any claims against Crosby Tugs, LLC, its affiliates, employees, its or their insurers, sureties, or underwriters, or any of their property, in any way arising from or in consequence of the subject Incident or Voyage, or in consequence of or in connection with the matters and happenings referred to in this Complaint; and

      7.     That Crosby Tugs, LLC have such other and further relief as in law and justice it may be entitled to receive.

Respectfully submitted,

*/s/ Jefferson R. Tillery*

JEFFERSON R. TILLERY (La. Bar No. 17831)
C. BARRETT RICE (La. Bar No. 30034)
SARA B. KUEBEL (La. Bar No. 38305)
JONES WALKER, LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:    (504) 582-8238
Facsimile:    (504) 589-8238
E-Mail:      jtillery@joneswalker.com
           brice@joneswalker.com
           skuebel@joneswalker.com

***Attorneys for Limitation Petitioner, Crosby Tugs, LLC***

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: THE MATTER OF CROSBY TUGS, LLC, AS OWNER OF THE M/V CROSBY ENDEAVOR, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.:<br><br>SECTION:<br><br>JUDGE:<br><br>MAGISTRATE JUDGE:<br><br>ADMIRALTY - Rule 9(h) |

### DECLARATION OF VALUE PURSUANT TO 28 U.S.C. § 1746

1.  My name is James P. Quackenbos, Jr. I am over the age of 21, and I am competent and capable of making this Declaration. I have personal knowledge of the facts and statements contained herein, and each of them is true and correct to the best of my knowledge, information and belief.

2.  I am a marine surveyor employed by Qubed Limited, L.C. a firm engaged in the survey and appraisal of vessels. I am a Certified Marine Surveyor ("CMS") and a member of the Association of Certified Marine Surveyors.

3.  I appraised the M/V CROSBY ENDEAVOR, an offshore anchor handling towing vessel, using an integrated machinery valuation and market demand approach and by performing a desktop valuation. Attached hereto as **Exhibit A** is a true and correct copy of my desktop valuation report.

4.  Based on the reported condition of the M/V CROSBY ENDEAVOR, and other market and cost data, it is my professional opinion that the fair market value of the CROSBY ENDEAVOR as of October 28, 2020, did not exceed THREE MILLION SEVEN HUNDRED AND FIFTY THOUSAND AND NO/100 ($3,750,000.00) U.S. DOLLARS,

**EXHIBIT 1**

assuming there have been no material changes or modifications to the vessel, which would affect the stated value or intended service.

5.   The above valuations are based on my own personal knowledge, experience, background and professional opinion as a marine surveyor. It is issued without prejudice to any party and is subject to revision if further information discloses a need therefore.

6.   Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED IN _Abbeville_, Louisiana, this _21st_ day of April 2021.

_____
James P. Quackenbos, Jr.
Qubed Limited, L.C.



April 21, 2021

Jones Walker LLP
201 St. Charles Ave
New Orleans, LA 70170
Attn: Mr. Jefferson R. Tillery, Esq.

RE:     Desktop Survey
        M/V "CROSBY ENDEAVOR"
        Our File No. 21-0406-CTI-02

Dear Mr. Tillery:

Per your request, please find my desktop valuation of M/V "CROSBY ENDEAVOR", operated by Crosby Tugs, LLC of Golden Meadow, Louisiana, herein.

<u>VESSEL PARTICULARS</u>

| | |
|---|---|
| Type of Vessel: | Offshore Anchor Handling Towing Vessel |
| Year Built: | Delivered March 1, 1976, Halter Marine (Builder) |
| Gross/Net Tons: | ITC – 809/242, National – 191/132 |
| Official No.: | 571494 |
| Class No.: | 7604029 |
| IMO No.: | 7501118 |
| Call Sign: | WDD44456 |
| Flag: | USA |
| Hull Dimensions: | Length:     42.7208 M<br>Breadth:  12.192 M<br>Depth:     6.7818 M |
| Main Propulsion: | Two (2) EMD 20-645E7<br>Reintjes WAV 4800 Gears<br>Fitted with Kort Nozzles |

EXHIBIT
A

| | |
|---|---|
| Generator Power: | Two (2) GM 8V-71-Driven 150KW |
| Bow Thruster: | One (1) Bird Johnson |
| Anchor Handling Provisions: | INTERCON Winch |
| Electronics: | Fully Fitted For Intended Service |
| Bollard Pull: | 102 st |
| U.S.C.G. Inspections.: | Certificate of Inspection, Date Issued: May 27, 2020, Expires: May 27, 2025. |
| Certification: | ISM |
| Classification: | American Bureau of Shipping, +A1 (Maltese Cross), +AMS |

This desktop valuation is based upon both assumed vessel condition, as the vessel has not been boarded by the undersigned for survey, and the undersigned's appreciation of current market demand on October 28, 2020.

It is my opinion that, in the event the vessel owner undertook to seek private treaty sale of the vessel, given that market demand normally drives buyer interest, it is more probable than not that the vessel owner could expect to gain a maximum gross sale value of **$3,750,000.00 USD**.

Accordingly, I opine that the *Fair Market Value* of M/V "CROSBY ENDEAVOR" on October 28, 2020 was **$3,750,000.00 USD**.

Should additional information become available, same may alter the opinions contained herein. Therefore, the opined *Fair Market Value* is offered without prejudice.

With Kindest Regards.

J.P. Quackenbos, Jr. – ACMS-Worldwide – CMS No. 0386
Managing Member, Qubed Limited L.C.



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE           CIVIL ACTION
COMPLAINT OF MARQUETTE
TRANSPORTATION COMPANY, LLC,

AS OWNER AND OPERATOR OF ABC        NO: 16-16992
VESSEL, FOR EXONERATION FROM

OR LIMITATION OF LIABILITY        SECTION: "J"(3)

## ORDER

Before the Court is Marquette Transportation Company, LLC's ("Marquette") Motion for Reconsideration **(Rec. Doc. 6)** and Motion to Expedite same **(Rec. Doc. 7).**

As to the latter motion,

**IT IS ORDERED** that the Motion to Expedite **(Rec. Doc. 7)** is **GRANTED.**

As to the former motion, Marquette requests that the Court reconsider its Order of December 16, 2016 (Rec. Doc. 5), which held that Marquette's limitation complaint was deficient for failing to post security. The Order required Marquette to amend its complaint, post security, and otherwise satisfy the Limitation Act's and Rule F's requirements within 30 days or its complaint would be dismissed without prejudice. Furthermore, the Order stated that the Court would not enjoin any claims against Marquette until Marquette complied with the Limitation Act and Rule F.

When it issued the December 16th Order, the Court had interpreted Marquette's complaint as requesting an immediate injunction and concursus of claims, as typically occurs in

1

EXHIBIT
2

limitation proceedings, even though Marquette had not posted
security. (*See* Complaint ¶¶ 18(2)-(3), Rec. Doc. 1; Proposed Order
¶ 5) However, Marquette explains in its Motion for Reconsideration
that its complaint was merely intended to preserve its right to
invoke the benefits of the Limitation Act before the Act's 6-month
time period expires. (Rec. Doc. 6-1 at 2, 3) Marquette makes clear
that it "does not request that the Court enter an order enjoining
claims arising out of this matter before Marquette posts security."
(*Id.* at 1) Marquette proposes instead that the Court alter its
Order such that Marquette is not required to post security until
Raymond Boudreaux (the plaintiff suing Marquette in state court)
identifies which of Marquette's vessels are at issue. Marquette
cites to *Guey v. Gulf Insurance Company*, 46 F.3d 478 (5th Cir.
1995) for support.

Because Marquette does not seek to enjoin any claims outside
the Limitation Action at this time and presumably will not do so
until it has complied with 46 U.S.C. § 30511(b) and Supplemental
Admiralty Rule F(1), and because Marquette represents that it "was
simply preserving its right to file a Limitation Complaint within
6 months after written receipt of a claim" (Rec. Doc. 6-1 at 2),
and in view of *Guey*,[1] the Court will reconsider its prior Order.

---

[1] *Guey*'s holding is narrow. It stands for the proposition that the Limitation
Act and Rule F do not mandate that security be posted simultaneously with the
complaint. *See* 46 F.3d at 481. However, *Guey* also noted that:

Accordingly,

**IT IS ORDERED** that Marquette's Motion for Reconsideration (Rec. Doc. 6) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Court's Order of December 16, 2016 (Rec. Doc. 5) is **VACATED.**

**IT IS FURTHER ORDERED** that Marquette shall post the security required by 46 U.S.C. § 30511(b) and Supplemental Admiralty Rule F(1) <u>within 15 days</u> of the time Raymond Boudreaux identifies the Marquette vessel(s) involved in his claim.

**IT IS FURTHER ORDERED** that, if Marquette has not posted security within 120 days of this Order, Marquette shall report to the Court on the status of Raymond Boudreaux's claims.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mark this matter closed for statistical purposes until further instructed by the Court.

New Orleans, Louisiana, this 9th day of January, 2017.

United States District Judge

---

[A]lthough Rule F and section 185 impose no mandatory time limitations on the posting of a bond, clearly the better practice is to require timely posting of a bond, so that the litigation may be expediently resolved. The district court is free, and, indeed, is encouraged to exercise its discretion and require prompt filing of the bond once the complaint is filed. The district court surely may enforce such orders with the proper sanctions, including dismissal of the limitations proceedings in the appropriate case.

*Id.* (emphasis omitted).

3

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF CREOLE CHIEF, INC., AS OWNER AND OPERATOR OF THE M/V DOROTHY ANN, ITS ENGINES, TACKLE, APPURTENANCES, FURNITURE, ETC. PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 18-2138<br><br>SECTION: J"4" |

## ORDER DIRECTING POSTING OF SECURITY AND NOTICE TO THE COURT

A Complaint having been filed herein by Creole Chief Inc. as owner and operator of M/V

DOROTHY ANN, its engines, tackle, furniture, appurtenances, etc. for exoneration from or

limitation of liability, pursuant to 46 U.S.C. §§30501, *et seq*. and Rule F of the Supplemental Rules

for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, for any and all loss of

life, injury, loss of property, destruction, or damage, arising out of voyage of M/V DOROTHY

ANN, its engines, tackle, furniture, appurtenances, etc., which allegedly occurred in Grand Bayou

in Plaquemines Parish, as is more fully described in Plaintiff's Complaint For Exoneration From

or Limitation of Liability ("Complaint") filed herein;

**NOW, THEREFORE,** on the motion of counsel for Limitation Plaintiff,

**IT IS ORDERED** as follows:

1)      That Limitation Plaintiff shall post the security required by 46 U.S. C. § 30511(b) and Supplemental Admiralty Rule F(1) upon Order from the Court;

2)      If Limitation Plaintiff has not resolved this matter within 120 days of this Order, Limitation Plaintiff will deposit proper security, representing the total value of the M/V DOROTHY ANN;

**EXHIBIT**

**3**

3)      Once Limitation Plaintiff has posted security, Limitation Plaintiff shall file an *Ex Parte* Motion for Approval of Ad Interim Stipulation, Restraining Order, Dissolution of Warrants for Arrest, Notice to Claimants and Other Relief, along with accompanying proposed order(s) and notice(s).

4)      Service of this Order may be made through the United States Post Office by mailing a conformed copy thereof to potential claimants or to their respective attorneys, or alternatively, delivered by hand.

New Orleans, Louisiana, this 1st day of March, 2018.

_____
UNITED STATES DISTRICT JUDGE

Case 2:Case-2022258-JC00B322JDoccDownateridt 49FileFt04e2607218/1PageeRage233 of 34

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

In Re: The Matter of Crosby Tugs, LLC as Owner of the M/V CROSBY ENDEAVOR, Petitioning for Exoneration

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff

*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Jefferson R. Tillery, C. Barrett Rice, Sara B. Kuebel
Jones Walker, LLP, 201 St. Charles Ave., 47th Floor
New Orleans. LA

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [x] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
46 USC 30501, et seq and 28 USC 1333

Brief description of cause:
limitation of liability action for vessel allision incident

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE Jay C. Zainey

DOCKET NUMBER 2:21-464, 2:21-258, 2:21-337

DATE
04/26/2021

SIGNATURE OF ATTORNEY OF RECORD
*/s/ Jefferson R. Tillery*

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.