**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN THE MATTER OF MODERN** | * | **CIVIL ACTION NO. 2:21-CV-00258-** |
| **AMERICAN RAILROAD** | * | **JCZ-KWR (lead case) c/w 2:21-CV-00337-** |
| **SERVICES, LLC, as Owner, and** | * | **JCZ-KWR c/w 2:21-CV-00464-JCZ-KWR** |
| **SHORE OFFSHORE SERVICES,** | * | **c/w 2:21-CV-00822- JCZ-KWR** |
| **LLC, as Bareboat Charterer and** | * | |
| **Owner** *Pro Hac Vice* **of D/B THOR** | * | |
| **PETITIONING FOR** | * | **JUDGE JAY C. ZANEY** |
| **EXONERATION FROM AND/OR** | * | |
| **LIMITATION OF LIABILITY** | * | **MAGISTRATE JUDGE KAREN WELLS** |
| | * | **ROBY** |

**AFFIRMATIVE DEFENSES, ANSWER, AND CLAIMS OF LESSLE WILLIAMS**

Claimant, Lessle Williams (hereinafter, "Claimant"), respectfully submits the following

Affirmative Defenses, Answer, and Claims in response to the *Verified Complaint for Exoneration*

*from and/or Limitation of Liability* filed by Modern American Railroad Services, L.L.C. and Shore

Offshore Services, LLC (hereinafter collectively referred to as "Complainants"),[1] and upon

information and belief states as follows:

**AFFIRMATIVE DEFENSES**

Claimant respectfully submits the following affirmative defenses, which if inconsistent or

later deemed inapplicable, are pled in the alternative.

**FIRST DEFENSE**

The allegations of the Complaint fail to state a claim upon which relief may be granted.

Fed. R. Civ. P. 12(b)(6).

**SECOND DEFENSE**

The Limitation of Liability Act, 46 U.S.C. § 30501, *et seq*., is unconstitutional in that it

deprives Claimant of property rights without due process of law in violation of the Fifth and

---

[1]     Rec. Doc. 1, verified complaint, in member case no. 2:21-CV-00464-JCZ-KWR.

Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

### THIRD DEFENSE

Claimant asserts the flotilla doctrine. The limitation fund is inadequate and the Complaint should be dismissed because the Complainants have failed to deposit adequate security for the D/B THOR, Official Vessel No. 2815608408 and for the additional vessels within the flotilla, which were under common operational control, supervision, and enterprise.

### FOURTH DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because the Complainants have failed to deposit adequate security for the D/B THOR and for the additional vessels within the flotilla, which were under common operational control, supervision, and enterprise. Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing. The Complainants' deposit, at the time of filing, did not meet federal standards. As such, this limitation action must be dismissed.

### FIFTH DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because the Complainants have failed to accurately identify all of the vessels in the flotilla that should be included in the limitation fund.

### SIXTH DEFENSE

The Limitation of Liability Act is not applicable to the instant case because the conduct and actions which led to Claimant's injuries were willful, wanton, and/or reckless, and/or took

place within the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessel(s) involved.

## SEVENTH DEFENSE

The Limitation of Liability Act is not applicable in the instant case because at all relevant times, the D/B THOR and/or the other vessels contained within the flotilla were known by the owner and/or owner *pro hac vice* to be unseaworthy.

## EIGHTH DEFENSE

To the extent the Complainants' insurers attempt to avail themselves of the limitation/exoneration defense, Claimant asserts that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no *prima facie* case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

## NINTH DEFENSE

The Complaint contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimant seeks more definitive statements of the allegations, regardless of the nature, manner, and extent of his Answer and Claim herein.

## TENTH DEFENSE

The events culminating in the Claimant's injuries were the result (in whole or in part) of the negligence, fault, or want of due care on the part of the Complainants and/or those for whom the Complainants are responsible, and/or the unseaworthiness of the D/B THOR and/or other vessels within the flotilla under common operational control, supervision, and enterprise, all of which was within the privity and knowledge of the Complainants, for which the Complaint should be denied.

## ELEVENTH DEFENSE

The events culminating in Claimant's injuries were not the result of any negligence, fault, or want of due care on his part individually.

## TWELFTH DEFENSE

Claimant further alleges that there was insurance coverage on the D/B THOR insuring the Complainants in the event of an occurrence such as that which is the subject of Claimant's claims, and the proceeds of said insurance policy should be included in this limitation proceeding (solely in the event the Court determines this limitation proceeding is appropriate).

## THIRTEENTH DEFENSE

Claimant states that the proceeds of any judgment, award, or settlement that may be received by the Complainants from any third party in recompense of any losses or damages sustained herein to the property or interests of the Complainants, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

## FOURTEENTH DEFENSE

In filing this Answer and Claim, Claimant specifically reserves all rights to pursue all available claims in the forum of his choice (including in state court) for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, the Jones Act, the general maritime law, and all other remedies (including state law remedies). The filing of this Claim and Answer is in no way a waiver of these rights and defenses, and Claimant is not agreeing to join all issues in this proceeding by filing this Claim and Answer.

## FIFTEENTH DEFENSE

Claimant reserves the right to move the Court to lift the injunction and stay of proceedings in other forums. *See In re Tetra Applied Tech., L.P.*, 362 F.3d 388 (5th Cir. 2004). Further, pursuant to the holdings in *In re Liverpool, etc. Nav. Co. (Vestris)*, 57 F.2d 176, 179 (2d Cir. 1932), and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937), upon the Complainants' failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Claimant reserves and hereby asserts his right to have his claims and damages tried to a jury in the court of his choosing.

## SIXTEENTH DEFENSE

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to Claimant. *See* 46 U.S.C. § 30501, *et seq.*; *see also* THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 2d ed. § 13-5 (1994). Because of the nature and circumstances of this action, a limitation proceeding is inappropriate and unjustified.

## SEVENTEENTH DEFENSE

Claimant reserves the right to contest the appraisal value of the D/B THOR and/or for any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

## EIGHTEENTH DEFENSE

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and

5

other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of

the vessel, and/or owned by the Complainants.

## NINETEENTH DEFENSE

The Complainants are not a "vessel owner" entitled to seek exoneration from or limitation

of liability under 46 U.S.C. § 30501, *et seq*.

## TWENTIETH DEFENSE

Claimant reserves the right to move for bifurcation of this action so the only issues of fact

decided by this Court are whether the Complainants were negligent, whether the vessel was

unseaworthy, and whether such negligence/unseaworthiness were within the privity and/or

knowledge of the Complainants. All other fact issues shall be decided in a court and/or forum of

Claimant's choosing as is the Claimant's rights under the Saving to Suitors clause and the Jones

Act.

**AND NOW,** specifically reserving all defenses asserted herein, including, without

limitation, Claimant's right to pursue his claims in state court pursuant to the Savings to Suitors

clause, 28 U.S.C. §1333, and all state law remedies, Claimant files his Answer in this proceeding,

and states that:

## ANSWER OF LESSLE WILLIAMS

1.      The allegations contained in Paragraph 1 of the Complaint are denied for lack of

information sufficient to justify a belief therein.

2.      The allegations contained in Paragraph 2 of the Complaint are denied for lack of

information sufficient to justify a belief therein.

3.      The allegations contained in Paragraph 3 of the Complaint are denied for lack of

information sufficient to justify a belief therein.

4.      The allegations contained in Paragraph 4 of the Complaint are not statements of fact, but conclusions of law, as to which no response is necessary from Claimant. If a response is deemed necessary, however, Claimant objects to venue in this Court.

5.      The allegations contained in Paragraph 5 of the Complaint are not statements of fact, but conclusions of law, as to which no response is necessary from Claimant. If a response is deemed necessary, however, those allegations are admitted insofar as Claimant does not contest that the Court has jurisdiction to adjudicate a limitation of liability complaint.

6.      The allegations contained in Paragraph 6 of the Complaint are denied for lack of sufficient information to justify a belief therein.

7.      The allegations contained in Paragraph 7 of the Complaint are denied for lack of sufficient information to justify a belief therein, except that the incident occurred on October 28, 2020.

8.      The allegations contained in Paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief therein, except that on October 28, 2020—during Hurricane Zeta—the D/B THOR became unmoored.

9.      The allegations contained in Paragraph 9 of the Complaint are admitted insofar as the Complaint was filed within six months of the underlying incident, which occurred on or about October 28, 2020. The balance of Paragraph 9 is denied.

10.     The allegations contained in Paragraph 10 of the Complaint are denied.

11.     The allegations contained in Paragraph 11 of the Complaint are denied.

12.     The allegations contained in Paragraph 12 of the Complaint are denied.

13.     The allegations contained in Paragraph 13 of the Complaint are admitted.

14.    The allegations contained in Paragraph 14 of the Complaint do not require a response from Claimant. To the extent a response is required, however, those allegations are admitted.

15.    The allegations contained in Paragraph 15 of the Complaint do not require a response from Claimant. To the extent a response is required, however, those allegations are admitted.

16.    The allegations contained in Paragraph 16 of the Complaint do not require a response from Claimant. To the extent a response is required, however, those allegations are admitted.

17.    The allegations contained in Paragraph 17 of the Complaint are admitted.

18.    The allegations contained in Paragraph 18 of the Complaint do not require a response from Claimant. To the extent a response is required, however, those allegations are admitted.

19.    The allegations contained in Paragraph 19 of the Complaint do not require a response from Claimant. To the extent a response is required, however, those allegations are admitted.

20.    The allegations contained in Paragraph 20 of the Complaint do not require a response from Claimant. To the extent a response is required, however, those allegations are admitted.

21.    The allegations contained in Paragraph 21 of the Complaint do not require a response from Claimant. To the extent a response is required, however, those allegations are admitted.

22.     The allegations contained in Paragraph 22(4) of the Complaint referring to Claimant are admitted. The balance of Paragraph 22 does not require a response from Claimant. To the extent a response is required, however, those allegations are denied for lack of sufficient information to justify a belief therein.

23.     The allegations contained in Paragraph 23 of the Complaint are denied for lack of sufficient information to justify a belief therein.

24.     The allegations contained in Paragraph 24 of the Complaint are denied for lack of sufficient information to justify a belief therein. In addition, Claimant reserves his right to contest and demand proof of the value of the D/B THOR and the Complainants' interest in the vessel.

25.     The allegations contained in Paragraph 25 of the Complaint are denied for lack of sufficient information to justify a belief therein. In addition, Claimant reserves his right to contest and demand proof of the value of the D/B THOR's pending freight for the subject voyage.

26.     The allegations contained in Paragraph 26 of the Complaint are denied for lack of sufficient information to justify a belief therein. In addition, Claimant reserves his right to contest and demand proof of the value of the D/B THOR, the Complainants' interest in the vessel, and the D/B THOR's pending freight for the subject voyage.

27.     The allegations contained in Paragraph 27 of the Complaint are denied for lack of sufficient information to justify a belief therein. The sufficiency and/or adequacy of the Complainants' security is specifically denied.

28.     The allegations contained in Paragraph 28 of the Complaint are not statements of fact, but conclusions of law, as to which no response is necessary from Claimant. If a response is deemed necessary, however, those allegations are denied.

29.     The allegations contained in Paragraph 29 of the Complaint are denied and any suggestion that the Complainants are entitled to any relief whatsoever, including limitation of liability, is denied.

30.     The allegations contained in Paragraph 30 of the Complaint are denied and any suggestion that the Complainants are entitled to any relief whatsoever, including pro rata sharing of recoverable damages, is denied.

31.     The allegations contained in Paragraph 31 of the Complaint are not statements of fact, but conclusions of law, as to which no response is necessary from Claimant. If a response is deemed necessary, however, those allegations are admitted insofar as Claimant does not contest that jurisdiction is proper in this Court. The balance of Paragraph 31 suggesting that the Complainants are entitled to any relief whatsoever is denied.

32.     The prayer for relief on pages 14 through 16 of the Complaint is denied. And the Claimant denies that the Complainants are entitled to any relief whatsoever.

33.     Any allegation not expressly admitted herein is denied.

## CLAIMS OF LESSLE WILLIAMS[2]

**AND NOW**, specifically reserving all defenses asserted herein, including without limitation, the validity of the limitation proceeding and the adequacy of the limitation fund, Lessle Williams (hereinafter, "Claimant") files his Claims in connection with the Complaint and states as follows:

---

[2]     Claimant has previously filed a lawsuit in the 11th JDC for the County of Harris, Texas against the owners and operators of the D/B THOR. Claimant reserves all claims, allegations, and rights against Complainants, as well as all third parties, and the filing of this claim is in no way a waiver of such claims, allegations, and/or rights. Claimant additionally reserves his right to proceed concurrently against parties other than the Complainants.

A.    BACKGROUND FACTS

1.    Claimant is a Jones Act seaman and brings these claims in his own right.

2.    This lawsuit is necessary due to personal injuries inflicted upon Claimant. The injuries occurred as a result of an October 28, 2020 incident in navigable waters at the Louisiana shore in the Gulf of Mexico. Claimant was a member of the vessel's crew and was contributing to and aiding the vessel to accomplish its mission.

3.    At all relevant times, the vessel D/B THOR was deployed on navigable waters, working in the Gulf of Mexico for the benefit, and at the direction of, Modern American Railroad Services, L.L.C. and Shore Offshore Services, LLC (collectively, "the Complainants"). Upon information and belief, the D/B THOR is owned, operated, managed, crewed by, and was at relevant times under the care, custody, and control of the Complainants.

4.    At all relevant times, the D/B THOR was located in the State of Louisiana and was performing business in the State of Louisiana.

5.    In the days leading up to the incident, Hurricane Zeta entered the Gulf of Mexico, taking am at the Louisiana shore. The Complainants ordered and required the D/B THOR to be moored in an unsafe area to wait out the hurricane.

6.    During the dangerous storm, the D/B THOR became unmoored. The vessel was being tossed and turned by the violent seas and thrown into different objects, including other vessels.

7.    On the date of the incident, Claimant was working aboard the D/B THOR to perform the required operations. The incident happened during his performance of these operations, causing him to sustain serious injuries to his head, neck, back, and other parts of his body.

**B.      NEGLIGENCE OF THE COMPLAINANTS**

8.      Claimant repeats, re-alleges, and readopts all paragraphs above, as if stated verbatim herein, and further allege:

9.      The Complainants owed a duty to act reasonably in the operation and maintenance of the D/B THOR.  The Complainants breached their duties and were negligent, negligent per se, and grossly negligent for the following non-exclusive reasons:

   a.  Failure to properly maintain, inspect, and/or repair the vessel's and/or their equipment;

   b.  Failure to adequately man the vessel;

   c.  Operating the vessel with an inadequate crew;

   d.  Failure to keep a proper lookout;

   e.  Failure to provide Claimant with adequate safety from Hurricane Zeta;

   f.  Failure to have the vessel moored in a safe area;

   g.  Failure to timely and effectively evacuate the vessel;

   h.  Failure to provide adequate medical treatment;

   i.  Failure to properly moor the D/B THOR and its equipment;

   j.  Failure to properly secure the D/B THOR and its equipment;

   k.  Failure to warn Claimant of hidden dangers;

   l.  Failure to maintain safe mechanisms for work on the vessel;

   m. Failure to provide adequate training to their employees, agents and/or contractors;

   n.  Operating the vessel in an unsafe and improper manner;

   o.  Unsafe and/or lack of safe policies, procedures, and training;

   p.  Failure to supervise their employees, agents and/or contractors;

q. Failure to provide adequate safety equipment;

r. Failure to provide a safe work environment under the Jones Act;

s. Failure to provide adequate warning;

t. Failure to exercise due care and caution;

u. Failure to avoid this incident;

v. Vicariously liable for their employees' and/or agents' acts and/or omissions;

w. Violating their own safety rules, policies, and regulations;

x. Violating applicable Coast Guard regulations, OSHA, BSEE rules, and/or other applicable rules and regulations; and

y. Committing other acts deemed negligent and grossly negligent.

10. At all relevant times, the D/B THOR was unseaworthy.

11. In addition, the Complainants are strictly liable for violations of Coast Guard regulations.

12. These injury-causing actions occurred within the Complainants' privity and knowledge.

13. As a direct and proximate result of the Complainants' actions and breaches, Claimant suffered severe and permanent injuries. The Complainants are liable to Claimant for the following damages:

a. Compensatory damages;

b. Actual damages;

c. Consequential damages;

d. Exemplary damages;

e. Past and future medical damages;

f.  Past and future loss of earning capacity;

g.  Past and future physical pain and suffering;

h.  Past and future mental pain, suffering, and anguish;

i.  Past and future impairment;

j.  Past and future disfigurement;

k.  Past and future economic loss;

l.  Loss of household services;

m.  Past and future loss of consortium;

n.  Past and future maintenance and cure obligations;

o.  Interest on damages (pre- and post-judgment) in accordance with the law;

p.  Recoverable court costs;

q.  Attorney fees; and

r.  Such other and further relief as the Court may deem just and proper.

14.    Claimant prays that after due proceedings are had:

a.  The Complaint be dismissed and the injunction or restraining order granted in this matter be dissolved;

b.  Alternatively, the Complainants be required to deposit additional security in the minimum amount required by law for the full value of all vessels in the flotilla that were under the common operational control and supervision and engaged in a common enterprise, and that said security be, by way of cash, deposited into the registry of the Court or a bond issued by a surety approved by the Court and be based upon an appraisal issued by a commissioner appointed by the Court; in default of which the Complaint be dismissed; and pending such deposit, any injunction and/or restraining order be dissolved;

c. Subject to and without waiver of the Claimant's right to seek and invoke all available claims and remedies in the forum of their choice, there be judgment rendered herein in favor of Claimant and against the Complainants, both jointly and severally, for all damages as are reasonable in the premises, together with the maximum legal interest thereon from the date of the accident until paid and for all costs of this proceeding;

d. Claimant be allowed to proceed and prosecute his claims without pre-payment of costs; and

e. The Court award all such other and future relief to which Claimant may be entitled until law and in equity.

15. Claimant demands a trial by jury to the full extent permitted by law, while still reserving his rights to have his claims against non-Complainant parties decided by a jury, including damages and non-limitation issues separately, as they relate to the Complainants.

Respectfully submitted,

**ARNOLD & ITKIN, LLP**

/s/ *J. Kyle Findley*

J. Kyle Findley (#34922)
kfindley@arnolditkin.com
Adam Lewis (#37492)
alewis@arnolditkin.com
**ARNOLD & ITKIN LLP**
6009 Memorial Drive
Houston, TX 77007
Tel: 713.222.3800
Fax: 713.222.3850

**ATTORNEYS FOR CLAIMANT**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading was served on counsel of

record by electronic means, including the CM/ECF system, this 25th day of October, 2021.


/s/      *J. Kyle Findley* (#34922)
Kyle Findley