UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALL COAST, LLC | * | CIVIL ACTION NO. 21-258 Lead Case, |
| | * | c/w 21-337, 21-464, 21-822, 21-1968, |
| | * | 21-1969, 21-1981, 21-1982 and 21-2075 |
| | * | |
| VERSUS | * | JUDGE JAY C. ZAINEY |
| | * | |
| SHORE OFFSHORE SERVICES, LLC; | * | MAGISTRATE JUDGE KAREN |
| MODERN AMERICAN RAILROAD | * | WELLS ROBY |
| SERVICES, L.L.C.; and MARTIN | * | |
| ENERGY SERVICES, LLC | * | Applies to: ALL CASES |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JOINT/CONSENT PROTECTIVE ORDER

**IT IS HEREBY STIPULATED** by and between all parties in these consolidated cases as follows:

**WHEREAS**, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, documents and information produced or exhibited by and among the parties to this action relating to trade secrets or other confidential research, development, proprietary or commercial information are deemed confidential.

**THEREFORE**, an Order protecting such confidential information shall be and is hereby made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony and/or information produced or given in this action that are designated to be subject to this Order.

1

2. Any party (collectively, "person" or "persons") producing or filing documents in this action that have been deemed confidential for the reasons set forth in the preamble may designate such documents and the information contained therein as subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential." If the document or information is not in paper form, the producing person shall use other such reasonable means as necessary to clearly identify the documents or information as "Confidential."

    a. If any party objects to the designation of a document as "Confidential," they shall in good faith confer or attempt to confer with the designating person in an effort to resolve the dispute without court action. If the parties are not able to resolve the dispute, the objecting party may challenge the objection of confidentiality by motion, which must be filed within sixty (60) days. If no motion is filed within sixty (60) days, the challenge to the objection of confidentiality is waived.

    b. During the time that documents designated as "Confidential" are disclosed in a **deposition**, any party shall have the right to exclude, from only the portion of the deposition or hearing during which the "Confidential" information or document is discussed, any person who has not or will not expressly agree to be bound by this Protective Order. Appropriate sections of depositions or hearing transcripts may be designated "Confidential" by any party objecting on the record and stating their intention to so designate the section of the deposition or transcript at the time of the deposition. If no objection is made on the record, the objection of confidentiality is waived. A party may challenge the objection of confidentiality

by motion, which must be filed within thirty (30) days. If no motion is filed within thirty (30) days, the challenge to the objection of confidentiality is waived. All persons shall treat as "Confidential" the portion of the transcript containing an objection of confidentiality unless and until the Court has overruled the objection by the above-described motion procedure.

c. The **inadvertent disclosure** of a document that could properly be designated as "Confidential" shall be without prejudice to the producing person. The producing party shall have a thirty (30) day period from the date of production to designate such documents and information as "Confidential."

d. The parties have agreed that **inadvertent disclosure** subject to the attorney-client privilege or work product doctrine (despite the parties' reasonable efforts to prescreen such documents and information prior to production) does not waive the attorney-client privilege or work product doctrine if a request for return of such documents or information is made within ten (10) business days after the producing person learns of its inadvertent production. The receiving person shall return such documents or information subject to protection under the attorney-client privilege or work product doctrine within ten (10) business days of the written notice from the producing person.

3. Any documents, discovery responses, testimony, materials or information designated or marked "Confidential" may be disclosed by the receiving party only to the following persons; receiving parties are hereby enjoined from disclosing and/or disseminating same to any other person except as provided herein:

a. The **attorneys of record** for the receiving party and others employed by or associated with them to whom the attorneys of record reasonably believe it necessary to show the documents for purposes of this litigation, including without limitation, outside attorneys assisting in the prosecution or defense of this action, employees of the attorneys of record or assisting outside attorneys, legal support service personnel and their employees;

b. **Independent experts and consultants** and their employees. No documents or information designated as "Confidential" shall be provided to any expert or consultants or the employees of either until the expert, consultant or employee has read this Order and has agreed to abide by its terms by signing a copy of the attached "Certification;"

c. **The Court, Court personnel and Court reporters**;

d. The **parties**, including their officers, directors, attorneys and employees to whom it is necessary that the documents be shown for purposes of this litigation;

e. **Witnesses or potential witnesses** in this action, to the extent that such disclosure is directly relevant to the testimony of the witness. No documents or information designated as "Confidential" shall be provided to any witness or potential witness until the witness or potential witness has read this Order and has agreed to abide by its terms by signing a copy of the attached "Certification;" and

f. Such other persons as are designated by the producing party and agreed to by all other parties in writing or by Court order. No documents or information designated as "Confidential" shall be provided to any such persons (excluding subpart (c)) until they have read this Order and have agreed to abide by its terms by signing a copy of the attached "Certification."

4. The parties shall refer to the procedure set forth in this Court's standing Order referred to as Procedure for Filing Documents Under Seal in Civil cases, which is located on the Court's website.

5. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes, other than solely for the purpose of this litigation and in preparation for trial in accordance with the provisions of this Order.

6. Nothing in this Order shall prevent a party from using at trial, at deposition or any hearing, any information or materials designated "Confidential."

7. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry or this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

8. Within sixty (60) days of the conclusion of this action and following a written request by the designating person, all documents, transcripts, or other material (including copies) afforded "Confidential" treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, shall be returned to the person who produced or furnished them. This Paragraph will not prevent the party returning the "Confidential" materials from redacting information on copies of the "Confidential" materials which in the good faith judgment of counsel constitutes work product.

9. If at any time any party having possession, custody, or control of "Confidential" materials is served with a subpoena or other process by any court, administrative agency,

legislative body, or other legal authority purporting to have authority to compel the production of such information, the person to whom the subpoena or other process is directed shall provide written notice to the counsel for the party that had designated the materials as "Confidential" within ten (10) business days of receiving the subpoena or not less than five (5) business days prior to producing the "Confidential" material, whichever is earlier.

10. Except pursuant to prior order of the Court after a request for the release of "Confidential" documents under this Order, "Confidential" documents may not be disclosed.

11. The fact that information or documents have been designated "Confidential" shall in no way prejudice the right of any party to contest the confidential nature of any documents or information, at the time of trial or otherwise.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE
3/4/22

## ATTACHMENT A

## CERTIFICATION AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledge and approve the Consent Protective Order attached hereto, understand the terms thereof, and agree to be bound by those terms.

ADAMS & REESE, LLP

*/s/ Johnny L. Domiano, Jr.*
Edwin Christian Laizer
Johnny L. Domiano, Jr.
Matthew C. Guy
Charles A. Cerise, Jr.
Catherine Neal Creed
701 Poydras St., Suite 4500
New Orleans, LA 70139
504-581-3234
edwin.laizer@arlaw.com
johnny.domiano@arlaw.com
matthew.guy@arlaw.com
ceriseca@arlaw.com
cate.creed@arlaw.com
COUNSEL FOR HARVEY GULF
INTERNATIONAL MARINE, LLC
AND HARVEY SEAS, LLC

-and-

ALLEN & GOOCH

*/s/ Alan J. Meche*
Alan J. Meche
2000 Kaliste Saloom Rd., Suite 400
Lafayette, LA 70508
337-291-1000
alanmeche@allengooch.com
COUNSEL FOR C&G BOATS INC.
AND GULF LOGISTICS, L.L.C.

-and-

ALLEN & GOOCH

*/s/ John H. Hughes*
John H. Hughes
2000 Kaliste Saloom Rd.
Suite 400
Lafayette, LA 70508
337-291-1000
johnhughes@allengooch.com
COUNSEL FOR GARBER BROS., LLC

-and-

ARNOLD & ITKIN, LLP

*/s/ John G Grinnan*
J. Kyle Findley
Adam D. Lewis
John G Grinnan
Arnold & Itkin, LLP
6009 Memorial Drive
Houston, TX 77007
713-222-3800
kfindley@arnolditkin.com
alewis@arnolditkin.com
jgrinnan@arnolditkin.com
COUNSEL FOR BRIAN CLOYD, LESSLE WILLIAMS, LEWIS ANDREWS, PATRICK BURNETT, WALLACE McCRAY

-and-

CHAFFE McCALL LLP

*/s/ John Martin Ribarits*
John Martin Ribarits
Heather Scilley von Sternberg
Alexander James DeGiulio
Jesse Gerard Frank
801 Travis Street
Suite 1910
Houston, TX 77002
713-343-2951
john.ribarits@chaffe.com
heather.vonsternberg@chaffe.com
alex.degiulio@chaffe.com
jesse.frank@chaffe.com
COUNSEL FOR PREMIER OFFSHORE CATERING, INC.

-and-

CHAFFE McCALL LLP

*/s/ Jon Wesley Wise*
Leah Nunn Engelhardt
Jon Wesley Wise
Energy Centre
1100 Poydras St., Suite 2300
New Orleans, LA 70163-2300
504-585-7081
engelhardt@chaffe.com
wise@chaffe.com
ATTORNEYS FOR CHUBB UNDERWRITING AGENCIES LTD.

-and-

DAIGLE FISSE & KESSENICH

*/s/ Michael William McMahon*
Michael William McMahon
Kirk Norris Aurandt
Ryan M. Bourgeois
227 Highway 21
Madisonville, LA 70447
985-871-0800
mmcmahon@daiglefisse.com
kaurandt@daiglefisse.com
rbourgeois@daiglefisse.com
COUNSEL FOR MARTIN ENERGY SERVICES, LLC AND MARTIN OPERATING PARTNERSHIP, L.P.

-and-

DEGAN, BLANCHARD & NASH

*/s/ Philip C. Brickman*
Sidney W. Degan, III
Philip C. Brickman
Texaco Center
400 Poydras Street, Suite 2600
New Orleans, LA 70130
504-529-3333
sdegan@degan.com
pbrickman@degan.com
COUNSEL FOR U.S. SPECIALITY INSURANCE COMPANY

-and-

DEGRAVELLES, PALMINTIER, HOLTHAUS & FRUGE', LLP

*/s/ Michael C. Palmintier*
Michael C. Palmintier
Joshua Michael Palmintier
618 Main Street
Baton Rouge, LA 70801-1910
225-344-3735
mcp@dplawla.com
jpalmintier@dplawla.com
COUNSEL FOR TERRYNN TYRELL LYONS

-and-

FLANAGAN PARTNERS LLP

*/s/ Laurent J. Demosthenidy*
Harold J. Flanagan
Sean Patrick Brady
Laurent J. Demosthenidy
Dennis O. Durocher, Jr.
Anders F. Holmgren
201 St. Charles Avenue, Suite 3300
New Orleans, LA 70170
504-569-0235
hflanagan@flanaganpartners.com
sbrady@flanaganpartners.com
ljd@flanaganpartners.com
ddurocher@flanaganpartners.com
aholmgren@flanaganpartners.com
COUNSEL FOR GOL, L.L.C., REC BOATS, LLC, REC MARINE LOGISTICS, LLC, WEEKS MARINE, INC.

-and-

FRILOT L.L.C.

*/s/ Kathleen Pontier Rice*
Patrick J. McShane
Danica Benbow Denny
Kathleen Pontier Rice
Colton V. Acosta
Phoebe Alyse Hathorn
Energy Centre
1100 Poydras St., Suite 3700
New Orleans, LA 70163-3700
(504) 599-8000
pmcshane@frilot.com
cacosta@frilot.com
ddenny@frilot.com
phathorn@frilot.com
krice@frilot.com
COUNSEL FOR GREATER
LAFOURCHE PORT COMMISSION

-and-

GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH

*/s/ Patrick Joseph Schepens*
Timothy William Hassinger
Margaret N. Davis
Patrick Joseph Schepens
#3 Sanctuary Blvd., Suite 301
Mandeville, LA 70471
985-674-6680
thassinger@gjtbs.com
mdavis@gallowaylawfirm.com
pschepens@gallowaylawfirm.com
COUNSEL FOR COASTAL TOWING
LLC AND TALISMAN CASUALTY
INSURANCE COMPANY, LLC

-and-

JONES WALKER

*/s/ Sara Barry Kuebel*
Jefferson Randolph Tillery
Sara Barry Kuebel
201 St. Charles Ave., Suite 5100
New Orleans, LA 70170
504-582-8000
jtillery@joneswalker.com
skuebel@joneswalker.com
COUNSEL FOR CROSBY TUGS LLC

-and-

KING, KREBS & JURGENS, PLLC

*/s/ James Denman Bercaw*
James Denman Bercaw
Place St. Charles
201 St. Charles Ave., 45th Floor
New Orleans, LA 70170
504-582-3800
jbercaw@kingjurgens.com
COUNSEL FOR FIELDWOOD LLC AND FIELDWOOD ENERGY OFFSHORE LLC

-and-

LISKOW & LEWIS

*/s/ David Latham Reisman*
David Latham Reisman
Raymond T. Waid
Lance Christian Bullock
701 Poydras Street, Suite 5000
New Orleans, LA 70139
504-556-4016
dreisman@liskow.com
lbullock@liskow.com
rwaid@liskow.com
COUNSEL FOR DAWN SERVICES, LLC
-and-

MOELLER FIRM, LLC

*/s/ Matthew Armin Moeller*
Matthew Armin Moeller
David Khoury Smith
650 Poydras Street, Suite 1207
New Orleans, LA 70130
504-702-6794
matthew@moellerfirm.com
david@moellerfirm.com
COUNSEL FOR ALL COAST, LLC
AND GULF COAST MARINE, LLC

-and-

PHELPS DUNBAR, LLP

*/s/ Arthur Raymond Kraatz*
Ivan Mauricio Rodriguez
Arthur Raymond Kraatz
910 Louisiana Street, Suite 4300
Houston, TX 77002
713-225-7251
ivan.rodriguez@phelps.com
arthur.kraatz@phelps.com
COUNSEL FOR COMPLETE
LOGISTICAL SERVICES, LLC

-and-

PHELPS DUNBAR, LLP

*/s/ Taylor Michael Bologna*
Thomas Kent Ledyard Morrison
Colin B. Cambre
Taylor Michael Bologna
365 Canal St., Suite 2000
New Orleans, LA 70130-6534
(504) 566-1311
Kent.Morrison@phelps.com
Taylor.Bologna@phelps.com
Colin.Cambre@phelps.com
COUNSEL FOR C-PORT, LLC
-and-


PUSATERI, JOHNSTON, GUILLOT &
GREENBAUM, LLC

*/s/ Meredith W. Blanque*
Gavin H. Guillot
Salvador Joseph Pusateri
Aaron Benjamin Greenbaum
Meredith W. Blanque
Jacob A. Altmyer
Taylor Mark Bacques
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
504-620-2500
gavin.guillot@pjgglaw.com
jacob.altmyer@pjgglaw.com
taylor.bacques@pjgglaw.com
aaron.greenbaum@pjgglaw.com
salvador.pusateri@pjgglaw.com
meredith.blanque@pjgglaw.com
COUNSEL FOR MODERN
AMERICAN RAILROAD SERVICES,
LLC AND SHORE OFFSHORE
SERVICES, LLC

-and-

STAINES, EPPLING AND KENNEY

*/s/ Rufus C. Harris, III*
Rufus C. Harris, III
James A. Crouch, Jr
Corey Patrick Parenton
3500 N. Causeway Blvd., Suite 820
Metairie, LA 70002
504-884-0623
rufus@seklaw.com
james@seklaw.com
corey@seklaw.com
COUNSEL FOR GLOBAL TOWING
SERVICES, L.L.C., OFFSHORE
TOWING INC., AND RAF, INC.

-and-

*/s/ Marc Evan Kutner*
UNGAR LAW FIRM
Randy Jay Ungar
3220 N. Arnoult Street #110
Metairie, LA 70002
(504) 450-3389
randy@ungarlaw.net

-and-

SPAGNOLETTI LAW FIRM
Marc Evan Kutner
401 Louisiana Street, 8th Floor
Houston, TX 77002
713-653-5600
Email: mkutner@spaglaw.com
COUNSEL FOR MONTRELL SMITH
AND RANDY RIALS

-and-

*/s/ Michael A. Orlando*
WILSON ELSER MOSKOWITZ
EDELMAN AND DICKER, LLP
Michael A Harowski
650 Poydras Street, Suite 2200
New Orleans, LA 70130
504-702-1710
michael.harowski@wilsonelser.com

-and-

MEYER ORLANDO, LLP
Michael A. Orlando
Robert Sean Brennan, Jr.
13201 Northwest Freeway, Suite 119
Houston, TX 77040
713-460-9800
morlando@meyerorlando.com
sbrennan@meyerorlando.com
COUNSEL FOR OCEANEERING
INTERNATIONAL, INC.

## ATTACHMENT B

## CERTIFICATION AND AGREEMENT TO BE BOUND

I, _____ declare as follow:

1. I have read the Joint/Consent Protective Order issued in this proceeding and agree to be bound by its terms

2. I understand that unauthorized disclosure or use of documents and information designated as "Confidential" will violate the Order and may subject me to sanctions, among other things.

3. I submit to the jurisdiction of the United States District Court, Eastern District of Louisiana, for resolution of any and all disputes regarding the Joint/Consent Protective Order, including its interpretation, meaning and construction; disputes regarding or arising from documents and information provided pursuant to or subject to the Joint/Consent Protective Order; and, allegations of breach or noncompliance with the Joint/Consent Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____
Declarant

_____
Street Address (no post office box)

_____
City, State, Zip