## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALL COAST, LLC | CIVIL ACTION |
| VERSUS | NO.  21-258 c/w 21-337, 21-464, 21-822, 21-1968, 21-1969, 21-1981, 21-1982, 21-2075 & 21-2227 |
| SHORE OFFSHORE SERVICES, LLC; MODERN AMERICAN RAILROAD SERVICES, L.L.C.; and MARTIN ENERGY SERVICES, LLC | SECTION "A" MAG. DIV. (4) |
| | JUDGE: JAY C. ZAINEY |
| | CHIEF MAGISTRATE JUDGE: KAREN WELLS ROBY |
| ***Pertains to 21-464*** | |

## ANSWER TO RULE 14(c) TENDERS OF THE CLAIM OF LESSLE WILLIAMS AND THIRD-PARTY DEMANDS, ANSWER TO CLAIM, AND CROSS-CLAIM

**NOW COMES** defendants, Martin Operating Partnership, L.P. (individually "MOP") and Martin Energy Services, L.L.C. (individually "MES") (collectively "Martin"), through undersigned counsel, who, for Answer to the Rule 14(c) Tenders of the Claim of Lessle Williams and Third-Party Demands (hereinafter the "Third-Party Complaint") (Doc. 174) filed by Modern American Railroad Services, L.L.C. ("MARS") and Shore Offshore Services, LLC ("Shore") (collectively "Third-Party Plaintiffs"), respectfully aver as follows:

## FIRST DEFENSE

The Third-Party Complaint fails to state a claim against Martin upon which relief can be granted.

## SECOND DEFENSE

**AND NOW,** answering each of the allegations of the Third-Party Complaint, Martin avers as follows:

1.

The truth of the allegations of fact contained in Paragraph 1 of the Third-Party Complaint is denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

2.

The truth of the allegations of fact contained in Paragraph 2 of the Third-Party Complaint is admitted.

3.

The truth of the allegations of fact contained in Paragraph 3 of the Third-Party Complaint is admitted.

4.

The truth of the allegations of fact contained in Paragraph 4 of the Third-Party Complaint is denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

5.

The allegations contained in Paragraph 5 of the Third-Party Complaint state legal conclusions not requiring a response from Martin.  To the extent a response is deemed required, the allegations are denied.

6.

In response to the allegations contained in Paragraph 6 of the Third-Party Complaint, Martin hereby incorporates by reference all of the allegations and defenses set forth in Martin's Answer and Claim filed in this matter (Doc. 58) as if set forth and copied herein in extenso.

7.

The truth of the allegations of fact contained in Paragraph 7 of the Third-Party Complaint is denied.

8.

The truth of the allegations of fact contained in Paragraph 8 of the Third-Party Complaint is denied.

9.

The truth of the allegations of fact contained in Paragraph 9 of the Third-Party Complaint is denied.

10.

The truth of the allegations of fact contained in Paragraph 10 of the Third-Party Complaint is denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

11.

In response to Paragraph 11 of the Third-Party Complaint which incorporates by reference Paragraphs 1-10 of the Third-Party Complaint, Martin hereby incorporates by reference its responses to Paragraphs 1-10 of the Third-Party Complaint as if set forth and copied herein in extenso.

12.

The truth of the allegations of fact contained in Paragraph 12 of the Third-Party Complaint is denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

13.

The truth of the allegations of fact contained in Paragraph 13 of the Third-Party Complaint is denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

14.

The truth of the allegations of fact contained in Paragraph 14 of the Third-Party Complaint is denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

15.

The allegations contained in Paragraph 15 of the Third-Party Complaint do not pertain to Martin.  To the extent a response is deemed required, the truth of the allegations of fact contained in Paragraph 15 of the Third-Party Complaint is denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

16.

The truth of the allegations of fact contained in Paragraph 16 of the Third-Party Complaint is denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

17.

The allegations contained in Paragraph 17 of the Third-Party Complaint do not pertain to Martin.  To the extent a response is deemed required, the truth of the allegations of fact contained in Paragraph 17 of the Third-Party Complaint is denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

18.

The allegations contained in Paragraph 18 of the Third-Party Complaint do not pertain to Martin. To the extent a response is deemed required, the truth of the allegations of fact contained in Paragraph 18 of the Third-Party Complaint is denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

19.

In response to Paragraph 19 of the Third-Party Complaint which incorporates by reference Paragraphs 1-10 of the Third-Party Complaint, Martin hereby incorporates by reference its responses to Paragraphs 1-10 of the Third-Party Complaint as if set forth and copied herein in extenso.

20.

Except to admit that MOP was the lessee of certain property including Dock No. 16 in Port Fourchin, Lafourche Parish, Louisiana, the truth of the allegations of fact contained in Paragraph 20 of the Third-Party Complaint is denied.

21.

Except to admit that MES was the operator of certain property including Dock No. 16 in Port Fourchin, Lafourche Parish, Louisiana, the truth of the allegations of fact contained in Paragraph 21 of the Third-Party Complaint is denied.

22.

The truth of the allegations of fact contained in Paragraph 22 of the Third-Party Complaint is denied.

23.

The truth of the allegations of fact contained in Paragraph 23 of the Third-Party Complaint is denied.

24.

The truth of the allegations of fact contained in Paragraph 24 of the Third-Party Complaint is denied.

25.

The truth of the allegations of fact contained in Paragraph 25 of the Third-Party Complaint is denied.

26.

The truth of the allegations of fact contained in Paragraph 26 of the Third-Party Complaint is denied.

27.

The truth of the allegations of fact contained in Paragraph 27 of the Third-Party Complaint is denied.

28.

In response to Paragraph 28 of the Third-Party Complaint which incorporates by reference Paragraphs 1-10 of the Third-Party Complaint, Martin hereby incorporates by reference its responses to Paragraphs 1-10 of the Third-Party Complaint as if set forth and copied herein in extenso.

29.

The truth of the allegations of fact contained in Paragraph 29 of the Third-Party Complaint is denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

30.

The truth of the allegations of fact contained in Paragraph 30 of the Third-Party Complaint is denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

31.

The truth of the allegations of fact contained in Paragraph 31 of the Third-Party Complaint is denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

32.

The truth of the allegations of fact contained in Paragraph 32 of the Third-Party Complaint is denied.

33.

The truth of the allegations of fact contained in Paragraph 33 of the Third-Party Complaint is denied.

## **THIRD DEFENSE**

**FURTHER ANSWERING** the Third-Party Complaint, at all material times herein, Martin undertook the precautions required by a reasonably prudent wharfinger under the prevailing circumstances and conditions, and that Martin was in full compliance with all applicable laws, regulations, and standards.

## FOURTH DEFENSE

**FURTHER ANSWERING** the Third-Party Complaint, at all material times herein, Martin's Dock and all mooring structures and components located thereon were strong, staunch, tight, maintained, and in all respects seaworthy and fit for the services for which they were engaged.

## FIFTH DEFENSE

**FURTHER ANSWERING** the Third-Party Complaint, Martin denies that the alleged accident was caused by any negligence, fault, act, or omission on the part of Martin or on the part of any persons, party, vessel, or entities for whom Martin is legally responsible. To the contrary, the alleged accident and Third-Party Plaintiffs' alleged damages, if any, were caused solely and completely by the negligence, fault, acts or omissions of other persons, parties, vessels, or entities for whom Martin is not legally responsible.

## SIXTH DEFENSE

**FURTHER ANSWERING** the Third-Party Complaint, the alleged accident at issue was caused by superseding and/or intervening acts, events or circumstances as those terms are known and understood at law and for which Martin cannot be held liable.

## SEVENTH DEFENSE

**FURTHER ANSWERING** the Third-Party Complaint, in the alternative, the alleged accident at issue was caused by an Act of God or force majeure, specifically winds and seas of unusual and extraordinary strength and violence, and/or inevitable accident as those terms are known and understood at law, and Martin specifically pleads that it undertook all reasonable precautions under the circumstances known or reasonably to be anticipated.

## **EIGHTH DEFENSE**

**FURTHER ANSWERING** the Third-Party Complaint, the D/B THOR became adrift due to, among other things, the negligence, fault, and/or want of due care on the part of the Third-Party Plaintiffs and/or those for whom Third-Party Plaintiffs are responsible including, but not limited to, their negligence in the management and operation of the D/B THOR and in the training and supervision of her crew, and the crew's failure to take proper and correct action required by the ordinary practice of seamen to maintain control of the D/B THOR and to prevent the D/B THOR from alliding with and damaging Martin's Dock, from becoming adrift, and ultimately alliding with other moored vessels, including, but not limited to, the failure of personnel aboard the D/B/ THOR to properly monitor and adjust the mooring lines and wires as necessary to prevent the lines and wires from parting, the failure of personnel aboard the D/B THOR to let go her anchors, and the failure of those aboard the D/B THOR to take such other precautions required by the ordinary practice of seamen or by the special circumstances of the case to prevent the D/B THOR from alliding with Martin's Dock and other vessels and becoming adrift; and/or due to the unseaworthiness of the D/B THOR and her appurtenances and equipment, including her mooring lines and wires, all of which were within the privity and knowledge of Third-Party Plaintiffs.

## **NINTH DEFENSE**

**FURTHER ANSWERING** the Third-Party Complaint, in the alternative, the actions of Martin complained of herein were under circumstances through which the legal doctrines of sudden emergency and/or actions in extremis may apply.

## TENTH DEFENSE

**FURTHER ANSWERING** the Third-Party Complaint, Martin hereby incorporates all affirmative defenses allowed pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure as if set forth and copied herein in extenso.

## ELEVENTH DEFENSE

**FURTHER ANSWERING** the Third-Party Complaint, Martin hereby incorporates by reference as if set forth and copied herein in extenso, its Answer and Claim (Doc. 58 in No. 258) to the Limitation Action filed by Shore and MARS.

**WHEREFORE,** Martin prays that its Answer to the Third-Party Complaint be deemed good and sufficient and that after due proceedings are had there be judgment herein in favor of Martin and against Third-Party Plaintiffs, dismissing the claims of Third-Party Plaintiffs, with prejudice, at Third-Party Plaintiffs' sole cost.

## ANSWER TO CLAIM OF LESSLE WILLIAMS (Doc. 40 in No. 21-258)

**AND NOW,** further assuming the position of third-party defendant, and in accordance with Fed. R. Civ. P. 14(c)(2), Martin hereby answers the Claim filed by Lessle Williams (the "Claim") (Doc. 40 in No. 21-258) ("Claimant") as follows:

## TWELFTH DEFENSE

The Claim fails to state a claim against Martin upon which relief can be granted.

## THIRTEENTH DEFENSE

**AND NOW,** answering each of the allegations of the Claim, Martin avers as follows:

34.

The truth of the allegations of fact contained in Paragraph 1 of the Claim is denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

35.

The truth of the allegations of fact contained in Paragraph 2 of the Claim is denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

36.

The truth of the allegations of fact contained in Paragraph 3 of the Claim is denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

37.

The truth of the allegations of fact contained in Paragraph 4 of the Claim is denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

38.

The truth of the allegations of fact contained in Paragraph 5 of the Claim is denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

39.

The truth of the allegations of fact contained in Paragraph 6 of the Claim is denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

40.

The truth of the allegations of fact contained in Paragraph 7 of the Claim is denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

41.

In response to Paragraph 8 of the Claim which incorporates by reference Paragraphs 1-7 of the Claim, Martin hereby incorporates by reference its responses to Paragraphs 1-7 of the Claim as if set forth and copied herein in extenso.

42.

The allegations contained in Paragraph 9 of the Claim do not pertain to Martin.  To the extent a response is deemed required, the truth of the allegations of fact contained in Paragraph 9 of the Claim is denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

43.

The allegations contained in Paragraph 10 of the Claim do not pertain to Martin. To the extent a response is deemed required, the truth of the allegations of fact contained in Paragraph 10 of the Claim is denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

44.

The allegations contained in Paragraph 11 of the Claim do not pertain to Martin. To the extent a response is deemed required, the truth of the allegations of fact contained in Paragraph 11 of the Claim is denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

45.

The allegations contained in Paragraph 12 of the Claim do not pertain to Martin. To the extent a response is deemed required, the truth of the allegations of fact contained in Paragraph 12 of the Claim is denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

46.

The allegations contained in Paragraph 13 of the Claim do not pertain to Martin. To the extent a response is deemed required, the truth of the allegations of fact contained in Paragraph 13 of the Claim is denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

47.

The allegations contained in Paragraph 14 of the Claim do not pertain to Martin. To the extent a response is deemed required, the truth of the allegations of fact contained in Paragraph 14 of the Claim is denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

48.

The truth of the allegations of fact contained in Paragraph 15 of the Claim is denied.

## FOURTEENTH DEFENSE

**FURTHER ANSWERING** the Claim, Martin hereby incorporates by reference as if set forth and copied herein in extenso and makes applicable to the Claim, its **THIRD DEFENSE** through its **ELEVENTH DEFENSE** stated above herein in defense of the Claim.

## FIFTEENTH DEFENSE

**FURTHER ANSWERING** the Claim, Claimant has failed to mitigate his alleged damages.

## SIXTEENTH DEFENSE

**FURTHER ANSWERING** the Claim, Martin denies that Claimant sustained any damages as alleged in the Claim; however, should it be found that Claimant was damaged under the circumstances outlined in the Claim, which is denied, Martin shows that such damage or damages were caused or contributed to by Claimant's sole fault and/or negligence and/or inattention and/or omissions, including but not limited to Claimant's failure to take all reasonable precautions under the circumstances known or reasonably to be anticipated and failure to look after his own safety, which contributory or comparative negligence and comparative or contributory fault of Claimant is specifically pled as a complete and total bar to, or in diminution of, any recovery by Claimant in this action.  It is specifically denied that Martin was negligent in any way, or in any way caused or contributed to any damages allegedly sustained by Claimant or any other party to this action.

## SEVENTEENTH DEFENSE

**FURTHER ANSWERING** the Claim, Claimant is foreclosed by applicable law from recovering exemplary and other non-pecuniary damages from Martin.

## EIGHTEENTH DEFENSE

**FURTHER ANSWERING** the Claim, Martin excepts to the Claim on the basis that the Claim against Martin is barred by the applicable statute of limitation, prescription and/or laches.

**WHEREFORE,** Martin prays that its Answer to the Claim be deemed good and sufficient and that after due proceedings are had there be judgment herein in favor of Martin and against Claimant, dismissing the claims of Claimant, with prejudice, at Claimant's sole cost.

## CROSS-CLAIM

**AND NOW** assuming the position of Cross-Claimant, Martin respectfully avers as follows:

49.

This is a case of admiralty or maritime jurisdiction as hereinafter more fully appears.  This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

50.

At all material times herein, MOP was the lessee, and MES was the operator, of certain property including Dock No. 16 in Port Fourchon, Lafourche Parish, Louisiana.

51.

Made Defendant-in-Cross-Claim is third-party defendant, Dawn Services, LLC ("Dawn Services"), who, at all material times herein was a Louisiana limited liability company with its principal place of business in Louisiana.

52.

In the Third-Party Complaint (Doc. 174 in No. 21-258 at ¶¶ 13–15), Third-Party Plaintiffs tendered Dawn Services directly to Claimant under Rule 14(c) and allege as follows:

"13.

Upon information and belief, in the days leading up to the Incident, Crosby chartered the M/V CROSBY ENDEAVOR to Dawn, who in turn arranged to have the M/V CROSBY ENDEAVOR assist the D/B THOR pursuant to a Master Vessel Time Charter (hereafter the "Charter") entered into by and between Dawn and Shore on June 9, 2017.

14.

Claimant has alleged that "Crosby Tugs, LLC … owned and operated the M/V CROSBY ENDEAVOR—the assist tug assigned to and aiding the D/B THOR on the date of the underlying incident." (Rec. Doc. 44, ¶ 4, Civil Action No. 2:21-cv-00258).

15.

Dawn is negligent and/or at fault as a result of the unseaworthiness of the M/V CROSBY ENDEAVOR, the negligence of the crew of the M/V CROSBY ENDEAVOR, and the negligence of Crosby, which is established by, but not limited to, the following: the failure of the M/V CROSBY ENDEAVOR to adequately push the D/B THOR against the dock so as to relieve the tension and strain on the D/B THOR's mooring lines, or otherwise assist the D/B THOR to prevent the breakaway; the failure of the M/V CROSBY ENDEAVOR to properly assist the D/B THOR prior to and during the Incident; the failure of the M/V CROSBY ENDEAVOR to exercise due diligence and maintain the vessel and crew in a seaworthy condition; the failure to equip the M/V CROSBY ENDEAVOR with competent and an adequately trained crew; the failure of the M/V CROSBY ENDEAVOR to take all reasonable efforts to maintain, assist, and save the D/B THOR; the

failure of the M/V CROSBY ENDEAVOR to maintain care, custody, and control of the D/B THOR prior to and following the breakaway to prevent the D/B THOR from colliding/alliding with any other objects and/or prevent alleged personal injuries; and the negligence of one or more persons for whom Dawn is responsible."

53.

In the Third-Party Complaint, Third-Party Plaintiffs also allege that if Third-Party Plaintiffs are found to be liable in whole or in part to Claimant then Dawn Services and Martin are liable in whole or in part to Third-Party Plaintiffs for tort contribution and indemnity.

54.

Martin hereby incorporates by reference its defenses asserted above in its Answer to the Third-Party Complaint (Doc. 174) and in its Answer to the Claim (Doc. 40), denies that Third-Party Plaintiffs and/or Claimant suffered damages as alleged in the Third-Party Complaint and Claim, and Martin further denies that it can be held liable or responsible for Third-Party Plaintiffs' and/or Claimant's alleged damages. In the alternative, Martin would show that the said accident and Third-Party Plaintiffs' and/or Claimant's alleged damages, if any, were caused by the primary, active, and direct fault, negligence, breach of express and implied warranties of workmanlike service, unseaworthiness, and want of due care on the part of Dawn Services as described in the Third-Party Complaint (Doc. 174) and set forth herein, without the fault of Martin.

55.

If Third-Party Plaintiffs and/or Claimant are entitled to recover against Martin by reason of the matters and things alleged in the Third-Party Complaint (Doc. 174) and Claim (Doc. 40) (which Martin denies), and if Martin is somehow found to be vicariously

- 17 -

liable for the actions of Dawn Services (which Martin also specifically denies), then Martin is entitled to indemnity in full, in contract or at law, including reasonable attorney's fees, costs, and disbursements in this action from Dawn Services.

56.

If Third-Party Plaintiffs and/or Claimant are entitled to recover against Martin by reason of the matters and things alleged in the Third-Party Complaint (Doc. 174) and Claim (Doc. 40) (which Martin denies), and if Martin is somehow found concurrently liable with Dawn Services (which Martin also denies), then Martin is entitled to contribution from Dawn Services for any and all amounts Martin ultimately pays to Third-Party Plaintiffs and/or Claimant in excess of its proportionate share of fault.

57.

All and singular the premises are true and within the admiralty or maritime jurisdiction of this Honorable Court.

**WHEREFORE,** Martin respectfully prays:

A.    That if Martin is ultimately found to be vicariously liable to Third-Party Plaintiffs and/or Claimant for the actions of Dawn Services, which is denied, then Judgment be entered against Dawn Services and in favor of Martin for any and all amounts that Martin may ultimately pay to Third-Party Plaintiffs and/or Claimant, with pre-judgment interest, costs, disbursements, and reasonable attorney's fees;

B.    That if Martin is ultimately found to be concurrently liable to Third-Party Plaintiffs and/or Claimant with Dawn Services, which is denied, then Judgment be entered against Dawn Services and in favor of Martin for any and all amounts that Martin may

ultimately pay to Third-Party Plaintiffs and/or Claimant in excess of Martin's proportionate share of fault, with pre-judgment interest and costs; and

       C.     That Martin may have such other and further relief as this Court and justice may deem just and reasonable in the premises.

               Respectfully submitted:

               **DAIGLE FISSE & KESSENICH, PLC**

               */s/ Michael W. McMahon*
               MICHAEL W. MCMAHON (#23987)
               KIRK N. AURANDT (#25336)
               RYAN M. BOURGEOIS (#29098)
               P. O. Box 5350
               Covington, Louisiana 70434-5350
               Telephone: (985) 871-0800
               Facsimile:  (985) 871-0899
               Email: mmcmahon@daiglefisse.com
                     kaurandt@daiglefisse.com
                     rbourgeois@daiglefisse.com
               ***Attorneys for Martin Energy Services, L.L.C.***
               ***and Martin Operating Partnership, L.P.***