UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| All COAST, LLC, ET AL. | CIVIL ACTION |
| VERSUS | NO. 21-258 and consolidated cases |
| SHORE OFFSHORE SERVICES, LLC, ET AL. | SECTION A(4) |

### ORDER AND REASONS
### [Ref: 21-822 & 21-464]

The following motion is before the Court: **Motion for Summary Judgment (Rec. Doc. 343)** filed by Premier Offshore Catering, Inc. Claimant Patrick Burnett opposes the motion. The motion, noticed for submission on August 17, 2022, is before the Court on the briefs without oral argument.

The numerous consolidated cases in this matter pertain to an incident that occurred in October 2020 as Hurricane Zeta hit Louisiana. In anticipation of the storm, the D/B THOR had been moved from offshore and to a dock located in Port Fourchon, Louisiana. During the storm the vessel broke free from its moorings and allegedly caused significant damages to other vessels and structures. Patrick Burnett, who was working for Premier at the time of the incident, remained onboard the THOR during the storm and he claims injuries as a result.

The issue presented by Premier's motion for summary judgment is whether Burnett qualifies as a seaman. If he does not, then Burnett has no claim against Premier for Jones Act negligence, unseaworthiness, or maintenance and cure, with a related claim for

1

punitive damages as to the latter claim, all of these claims being premised on seaman status.

Regarding the claim for unseaworthiness, Burnett concedes that Premier did not own or operate the D/B THOR at the time of the incident, and therefore had no duty to maintain the vessel in a seaworthy condition. (Rec. Doc. 360, Opposition at 2). Burnett is not pursuing an unseaworthiness or gross negligence claim against Premier. (*Id.*). The motion for summary judgment is therefore granted as to the unseaworthiness claim.

Regarding the claim for maintenance and cure with a related claim for punitive damages, although Burnett stated emphatically in his opposition that "it is undisputed that Premier has, to date, refused to pay Mr. Burnett any maintenance and cure benefits," that assertion is not correct. Premier included evidence with its reply that indicates that Burnett has been paid maintenance and cure since the incident, a fact that the claimant was not aware of.[1] (Rec. Doc. 368-1, Surreply at 2). The motion for summary judgment is therefore granted as to the claim for punitive damages based on the failure to pay maintenance and cure.[2]

Finally, the Court denies Premier's motion for summary judgment as to the Jones Act claim because the Court is persuaded that the question of seaman status is premature in light of the status of discovery, as argued by Burnett in his opposition.

---

[1] The claimant surely was aware that he had received maintenance payments from Premier. The Court assumes that the fact of these payments was not clearly communicated by Burnett to his counsel, who having now learned of the payments, asserts that they constitute evidence of seaman status.

[2] Even though it appears that Premier has been paying maintenance and cure all along, the Court will not dismiss the maintenance and cure claim at this time. If the Court ultimately determines the seaman status question adverse to Burnett, then naturally the maintenance and cure claim will be dismissed.

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 343)** filed by Premier Offshore Catering, Inc. is **GRANTED IN PART AND DENIED IN PART** as explained above.

**IT IS FURTHER ORDERED** that the **Motion to File a Surreply (Rec. Doc. 368)** filed by claimant Patrick Burnett is **DENIED**.[3]

August 31, 2022

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[3] For the edification of the parties, the Court points out that the proposed surreply is simply too lengthy given the issues presented.