UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN THE MATTER OF MODERN** | * | **CIVIL ACTION NO. 2:21-CV-00258-** |
| **AMERICAN RAILROAD** | * | **JCZ-KWR (lead case) c/w 21-337, 21-464,** |
| **SERVICES, LLC, as Owner, and** | * | **21-822, 21-1968, 21-1969, 21-1981, 21-** |
| **SHORE OFFSHORE SERVICES,** | * | **1982, 21-2075, 21-2227** |
| **LLC, as Bareboat Charterer and** | * | **Pleading applies to all cases.** |
| **Owner** *Pro Hac Vice* **of D/B THOR** | * | |
| **PETITIONING FOR** | * | **JUDGE JAY C. ZAINEY** |
| **EXONERATION FROM AND/OR** | * | |
| **LIMITATION OF LIABILITY** | * | **MAGISTRATE JUDGE KAREN WELLS** |
| | * | **ROBY** |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF
RETAINED EXPERT DR. DAVID G. VANDERWEIDE**

Limitation claimant Patrick Burnett files this memorandum in support of his motion to compel the deposition of retained defense expert Dr. David G. Vanderweide.

**I.**

In this limitation case, Mr. Burnett is a personal-injury claimant. He underwent surgical procedures on his back for his injuries. The limitation petitioners have contended that Mr. Burnett's surgeries constitute the spoliation of evidence and have filed a motion seeking sanctions.[1] They contend that their defense expert, orthopedic surgeon Dr. David G. Vanderweide, should have been permitted to perform an IME on Mr. Burnett before these surgeries to preserve evidence of his pre-surgical condition.

However, a significant factor in whether a sanction is warranted at all (or the severity of one) is *prejudice*. As briefed by Mr. Burnett in his opposition to the limitation petitioners' sanctions motion,[2] these parties must show that they were prejudiced by the inability of Dr.

---

[1] *See generally*, Rec. Doc. 405, Premier Offshore Catering, Inc. Modern American Railroad Services, LLC, and Shore Offshore Services, LLC's motion for sanctions.

[2] *See generally*, Rec. Doc. 409, Mr. Burnett's opposition to the defendant's motion for sanctions.

Vanderweide to perform a pre-surgery IME. This means that, in spite of the host of pre-surgical medical records and medical imaging that exist, they must show that a pre-surgical IME would somehow still have been meaningfully important to Dr. Vanderweide in forming his opinions. Indeed, Mr. Burnett's counsel is aware that Dr. Vanderweide ordinarily does *not* need a pre-surgical IME to render his opinions, and testimony from other cases on this very point was attached to Mr. Burnett's opposition to the sanctions motion.[3]

## II.

The Court held an initial hearing on the limitation petitioners' motion. At the hearing, the Court recognized that Dr. Vanderweide's opinions on the prejudice component were important. To that end, the Court ordered that Dr. Vanderweide submit an affidavit on the issue outlining "what, if any, evidence was spoliated" as contended by the limitation petitioners.[4] The Court set January 27, 2023 as the date for all parties to submit supplemental briefing.

## III.

Since the Court's order, however, the limitation petitioners have played coy on the issue. They have *refused* to produce an affidavit from Dr. Vanderweide on the spoliation issue until the last day (January 27, 2023). And, despite numerous requests by undersigned counsel, they have *refused* to put Dr. Vanderweide up for a deposition. In other words, they intend to litigate the issue through trial by ambush and make Dr. Vanderweide essentially un-crossable on an essential subject in this case.

But there is no legal basis whatsoever for this recalcitrance. To be clear, this case is in the discovery phase under the scheduling order,[5] and depositions of fact witnesses have been fair

---

[3]  *See generally, id.* at pp. 9-10, at n. 32.
[4]  Rec. Doc. 418, court order.
[5]  Rec. Doc. 355, scheduling order.

game since November 18, 2022.[6] And Dr. Vanderweide's testimony is clearly relevant on a key matter in dispute between the parties. There is no basis to deny Mr. Burnett this deposition, and given the stakes at issue, there is especially no basis to deny Mr. Burnett the ability to depose Dr. Vanderweide on the issue of supposed prejudice.

## IV.

The Court should grant this motion expeditiously so that Dr. Vanderweide's opinions are tested and fully fleshed out on this significant matter before the Court adjudicates the pending sanctions motion.

Respectfully submitted,

/s/      Kyle Findley

J. Kyle Findley (#34922)
kfindley@arnolditkin.com
Adam Lewis (#37492)
alewis@arnolditkin.com
John G. Grinnan (*pro hac vice*)
jgrinnan@arnolditkin.com
**ARNOLD & ITKIN LLP**
6009 Memorial Drive
Houston, TX 77007
Tel: 713.222.3800
Fax: 713.222.3850

**ATTORNEYS FOR CLAIMANT PATRICK BURNETT**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading was served on counsel of record by electronic means, including the CM/ECF system, this 17th day of January, 2023.

/s/      J. Kyle Findley (#34922)

---

[6] *Id*. at p. 1 at no. 9.

3