# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALL COAST, LLC** | **CIVIL ACTION NO: 21-258** |
| | **c/w 21-337, 21-464, 21-822, 21-1968, 21-** |
| **VERSUS** | **1969, 21-1982, 21-1981, 21-2075, 21-2227** |
| | |
| **SHORE OFFSHORE SERVICES, LLC** | **SECTION "A"** |
| | **HON. JAY C. ZAINEY** |
| | |
| | **MAGISTRATE: (4)** |
| | **HON. KAREN WELLS ROBY** |
| | |
| | **APPLIES TO ALL CASES** |

### JOINT MEMORANDUM IN OPPOSITION
### TO CLAIMANT PATRICK BURNETT'S MOTION TO COMPEL
### DEPOSITION OF DR. DAVID VANDERWEIDE (REC. DOC. 449)[1]

The limitation claimant Patrick Burnett has moved the Court to compel the premature deposition of defense expert Dr. David G. Vanderweide and to have Dr. Vanderweide's Court-ordered affidavit produced before such deposition. The motion is meritless and should be denied for several reasons. First, this Court's Order[2] was specific on what limited discovery shall be conducted prior to and relevant to the January 27, 2023, deadline for supplemental briefing on Opposing Parties' Motion for Sanctions.[3] While there is a specific instruction to submit an affidavit from Dr. Vanderweide on a discrete issue, there is no mention of his deposition on that subject matter, or on all subject matters as Burnett seeks to obtain. Second, any such deposition of a retained testifying expert is premature, for multiple reasons that will be discussed below. Third, Burnett is incorrect in his statement that Opposing Parties "must show that they were prejudiced

---

[1] This Joint Memorandum in Opposition is filed on behalf of Limitation-Petitioners Modern American Railroad Services, L.L.C. and Shore Offshore Services, LLC (collectively "THOR Interests") and Premier Offshore Catering, Inc. ("Premier") (with THOR Interests and Premier referred to as "Opposing Parties").

[2] Rec. Doc. 418.

[3] Rec. Doc. 405.

by the inability of Dr. Vanderweide to perform a pre-surgery IME."[4] Prejudice is not a dispositive

issue, and Burnett cannot use such an argument to support his demand for a premature deposition.

## I.      Burnett's Motion Exceeds the Scope of the Court's Order.

This Court's Order was very specific and requires the Opposing Parties to submit an

affidavit from Dr. Vanderweide that speaks to "what, if any, evidence was spoliated" as contended

by Opposing Parties.[5] It says nothing about giving "Mr. Burnett the ability to depose Dr.

Vanderweide on the issue of supposed prejudice."[6] In fact, there is no mention of prejudice in the

Order. This is because the Court understands, where Burnett and his counsel clearly do not, that

prejudice is not required to be proven by Opposing Parties, nor is it a dispositive element in the

Court's analysis of whether or not to mete out sanctions.[7] The Court requested a description of the

evidence lost in the form of an affidavit following Burnett's failure to submit to a Court-ordered

IME after numerous written requests were made to his counsel for that IME, yet ignored.

Moreover, the position taken by Burnett – that Dr. Vanderweide should be deposed and on

issues outside the scope of the Order – is hypocritical. In addition to the affidavit, this Court

ordered that the parties secure the limited deposition of Burnett on his surgical recommendations

and if/when he communicated such information to his counsel. Burnett's counsel read the Order

into the record and used it to shut down, in counsel's view, any questions outside the specific

wording of the Court's Order. At the deposition Burnett's counsel opened the deposition as

follows: "we are here today pursuant to the Court's December 7th [sic], 2022, order for the limited

purpose about – 'about when he received surgical recommendations, and if/when he

---

[4] Rec. Doc. 449-1, pp. 1-2.
[5] *Infra*, n. 2.
[6] *Infra* n. 4, at p. 3.
[7] Opposing Parties address the prejudice issue further in Section III, below.

communicated this information to his counsel."[8] Counsel for Burnett objected to questions based upon the scope of the Order 13 separate times.[9]

Even when Opposing Parties queried Burnett's understanding of his legal "counsel" to lay a foundation regarding what communications he had with his counsel, objections were made. Three different law firms represent Burnett and are enrolled as counsel of record on his behalf.[10] When asked what knowledge he had of any other counsel representing him other than Arnold & Itkin, he testified: "There is not no (sic) other firms representing me."[11] Burnett's counsel objected to these questions as being outside the scope of this Court's Order, but it was explained that these questions were foundationally necessary as follows: "The reason I'm asking it, so we can make a record here, is when he communicated this information to his counsel. So we'd like to identify who is counsel are."[12] As the Court may find instructive when ruling on Burnett's instant motion, as well as the spoliation matter that will be briefed in detail in the forthcoming supplemental briefing, Burnett remarkably testified that he never once told his lawyers about his surgery recommendations.[13]

But to the issue before the Court, as Burnett and his counsel were adamant (at least in their interpretation) in adhering to the strict letter of this Court's Order – an approach with which Opposing Parties fully agree – their complaint that Opposing Parties have been recalcitrant and "have *refused* to produce an affidavit from Dr. Vanderweide on the spoliation issue until the last day (January 27, 2023)"[14] or otherwise refused to produce Dr. Vanderweide for a deposition

---

[8] *See* Deposition Transcript dated January 16, 2023, attached hereto as Exhibit A, at 5:8-22.
[9] *Id.*, at 13:24-14:10; 37:1-8; 49:16-19; 52:9-10; 59:8-11; 61:7-8; 62:20-21; 63:3-5; 73:25-74:1; 75:4-8; 77:9; 79:11-12; 83:6-18
[10] *See* Rec. Docs. 400 and 416, which are Orders granting motions to enroll additional firms to represent Burnett.
[11] *See* Exhibit A, at 13:18-19.
[12] *Id.* at 14:11-14.
[13] *Id.* at 34:6-36:7; 54:23-56:18.
[14] *Infra* n. 4, at p. 2.

demonstrates the hypocrisy of Burnett's Motion. Opposing Parties are under no obligation to obtain and produce the affidavit until the briefing deadline, according to the Court's Order, and are under no obligation to prematurely produce Dr. Vanderweide for a deposition.

At the January 16, 2023, Rule 37 conference preceding Burnett's instant Motion to Compel, Burnett's counsel read from the transcript of the December 7, 2022 hearing on Opposing Parties' Motion for Sanctions. The Court initially stated during the sanctions hearing, in response to Burnett's counsel argument that Opposing Parties must show prejudice, that Dr. Vanderweide should be deposed "limited to my issue and then you can have a deposition on the other stuff later."[15] The undersigned counsel pointed out that requiring Opposing Parties to submit evidence on prejudice in a situation such as this, where Burnett has clearly violated a Court order, would impermissibly place the burden of proof on Opposing Parties. The Court then stated: "Don't do the affidavit until I revisit that issue because I do think that this is different than the other cases that I've read from the context of how do you prove prejudice."[16] The Court subsequently issued the Order requiring the limited deposition of Burnett and only a limited affidavit from Dr. Vanderweide. Any argument by Burnett that the Court allowed or ordered the deposition of Dr. Vanderweide during the hearing is nothing but obfuscation.

It is disingenuous for Burnett to press for the deposition of Dr. Vanderweide in connection with the pending spoliation motion, which was not ordered by the Court, and the Motion to Compel should be denied for this reason.

## II.    Any Deposition of Dr. Vanderweide at this Juncture is Premature.

Second, Burnett's counsel's arguments in support of their demand for Dr. Vanderweide's deposition have been: (1) "We are entitled to take his deposition because the discovery period is

---

[15] *See* December 7, 2022 Hearing Transcript, attached hereto as Exhibit B, at p. 35.
[16] *Id.* at pp. 36-37.

open";[17] and (2) "The request stems from the fact he is a fact witness and we are in discovery period and I want his deposition."[18]

Further, during the Rule 37 conference concerning this Motion to Compel with Burnett's counsel immediately following Burnett's deposition on January 16, 2023, counsel confirmed their intention to take Dr. Vanderweide's deposition without limitation, including all issues related to the doctor's examinations of both Patrick Burnett and another claimant, Lewis Andrews. Not only would such cross-examination be premature until after this Court rules on the sanctions motion, but it is premature according to the agreed-upon consent scheduling order as amended, which sets January 19, **2024**, as the deadline for Opposing Parties to designate rebuttal experts.[19]

Moreover, all counsel – including Burnett's counsel – participated in a December 14, 2022, conference call to hold dates for depositions beginning in February 2023 and extending into November 2023. This was explained in Opposing Parties' Memorandum in Opposition to Burnett's Motion to Expedite Consideration of this issue.[20] All parties participated in an email exchange memorializing the parties' agreement to hold dates, including dates that were intended to be set aside for expert witnesses that follow the expert report disclosure deadline, with those dates intended for experts beginning in September 2023.[21] As noted in the Opposition, Burnett's counsel agreed to this scheduling per the December 14, 2022, email exchange, which occurred **after** this Court's Order of December 8, 2022, concerning Dr. Vanderweide's affidavit. Not once during this conference call did Burnett's counsel express any intention to depose Dr. Vanderweide – or any witness – on any dates not reserved or on an earlier schedule. As stated earlier, no mention

---

[17] *See* E-Mail from Kyle Findley dated January 11, 2023, attached hereto as Exhibit C.
[18] *See* E-Mail from Kyle Findley dated January 13, 2023, attached hereto as Exhibit D.
[19] Rec. Doc. 456.
[20] Rec. Doc. 452.
[21] Rec. Doc. 452-2.

was made during this call of any effort to depose him before the deadline for production of defense expert reports or to depose any witness on a date earlier than the dates that were expressly reserved, including dates that had previously been identified as intended for expert witnesses. Thus, any argument to depose Dr. Vanderweide before the January 27, 2023, briefing deadline (or any another premature time) is contrary to the prior agreement among counsel and meritless.

To be clear, Dr. Vanderweide is not a fact witness, and any attempt to characterize him as such lacks credibility. Opposing Parties agreed to produce Dr. Vanderweide within the constraints of the Consent Scheduling Order if Dr. Vanderweide is ultimately designated as their testifying expert. Until that time, Opposing Parties are under no obligation to present Dr. Vanderweide for a deposition, and Burnett's attempt to use the Court-ordered affidavit of Dr. Vanderweide to demand the unfettered cross-examination of Dr. Vanderweide almost a full year before such is conceivably required by the Consent Scheduling Order should not be indulged by the Court. The Motion to Compel must be denied for this reason.

## III. Burnett, Again, Mischaracterizes the Law on Spoliation, as Opposing Parties are not Required to Show Prejudice.

Burnett continues to adhere to the incorrect notion that Opposing Parties "must show that they were prejudiced by the inability of Dr. Vanderweide to perform a pre-surgery IME."[22] Burnett claims "a significant factor in whether a sanction is warranted at all (or the severity of one) is prejudice."[23] He further claims Opposing Parties "must show that a pre-surgical IME would somehow still have been meaningfully important to Dr. Vanderweide in forming his opinions."[24] But this is not what the Court ordered, nor is it what the law requires.

---

[22] *Infra* n. 4.
[23] *Id.*, p. 1.
[24] *Id.*, p. 2.

As previously briefed by Opposing Parties,[25] the U.S. Fifth Circuit requires three necessary elements to be met before a court can sanction a spoliating party: "(1) the spoliating party must have controlled the evidence and been under an obligation to preserve it at the time of destruction; (2) the evidence must have been intentionally destroyed; and (3) the moving party must show that the spoliating party acted in bad faith."[26] Once each of these are met, the severity of the sanction for spoliation is determined by assessing three non-dispositive factors, one of which is the degree of prejudice suffered by the opposing party.[27]

To reiterate the briefing already in the record of the limited role of prejudice in an analysis for spoliation sanctions, *Young v. Canadian National/Illinois Central Railroad Company*[28] demonstrates that prejudice is the least important of these factors when issuing spoliation sanctions. There, the court focused on the spoliating plaintiff's conduct in undergoing surgery prior to a previously requested pre-surgery IME. In doing so the court noted that it was not clear how much, if any, the defendants suffered (*i.e.*, were prejudiced) as a result of the plaintiff's destruction of evidence by undergoing the surgery due to conflicting testimony but nonetheless granted an adverse inference spoliation sanction. Likewise, other district courts in the Fifth Circuit have granted spoliation sanctions without any specific discussion of prejudice. [29] Such discussion, or absence thereof, makes clear the minor role prejudice plays in determining spoliation sanctions.

---

[25] Rec. Doc. 421, pp. 9-14.

[26] *Coastal Bridge Company, L.L.C. v. Heatec*, 833 Fed.Appx. 565, 574 (5th Cir. 2020); *see also Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015); *Herster v. Bd. of Supervisors of Louisiana State Univ.*, 887 F.3d 177, 190 (5th Cir. 2018).

[27] Rec. Doc. 405-1, pp. 16-17; *see also* Rec. Doc. 421, pp. 9-14.

[28] C. A. No. 04-cv-88, 2005 WL 8155474 (M.D. La. Sep. 23, 2005) (Brady, J.)

[29] *Allen v. Resto*, C. A. No. 12-2242, 2013 WL 2152177, at *1 (E.D. La. May 16, 2013) (Berrigan, J.); *see also Jackson v. Family Dollar Stores of Louisiana, Inc.*, C. A. No. 3:19-cv-00388, 2020 WL 6092343, at *5 (W.D. La. Oct. 15, 2020) (Doughty, J.)

Accordingly, the non-dispositive issue of "prejudice" provides an insufficient basis for this Court to order the premature deposition of Dr. Vanderweide.

## IV.    Conclusion

For these reasons, Burnett's Motion to Compel Deposition of Dr. David Vanderweide (Rec. Doc. 449) should be denied.

Respectfully submitted,

**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**

*/s/ Gavin H. Guillot*
Gavin H. Guillot, T.A. (#31760)
Salvador J. Pusateri (#21036)
Aaron B. Greenbaum (#31752)
Meredith W. Blanque (#32346)
Jacob A. Altmyer (#36352)
Jonathan D. Parker (#35275)
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Gavin.Guillot@pjgglaw.com
Salvador.Pusateri@pjgglaw.com
Aaron.Greenbaum@pjgglaw.com
Meredith.Blanque@pjgglaw.com
Jacob.Altmyer@pjgglaw.com
Jonathan.Parker@pjgglaw.com

**ATTORNEYS FOR MODERN AMERICAN RAILROAD SERVICES, L.L.C., AND SHORE OFFSHORE SERVICES, LLC**

and

**CHAFFE McCALL, L.L.P.**

*/s/ John M. Ribarits*
John M. Ribarits, T.A. (#17114)
801 Travis St., Ste. 1910
Houston, Texas 77002
Telephone: 713-546-9800

Facsimile: 713-546-9806
Email: john.ribarits@chaffe.com

**ATTORNEYS FOR PREMIER OFFSHORE
CATERING, INC.**


OF COUNSEL:

**CHAFFE McCALL, L.L.P.**
Heather S. von Sternberg
Admitted pro hac vice
801 Travis Street, Suite 1910
Houston, Texas 77002
Telephone: 713-546-9800
Facsimile: 713-546-9806
Email: heather.vonsternberg@chaffe.com

and

Jesse G. Frank (#38220)
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504-585-7000
Email: jesse.frank@chaffe.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY and affirm that on the 24th day of January, 2023, I electronically filed the foregoing instrument with the Clerk of the United States District Court using CM/ECF system which would then electronically notify the CM/ECF participants in this case.


 /s/John M. Ribarits
JOHN M. RIBARITS