UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF MODERN AMERICAN RAILROAD SERVICES, LLC, as Owner, and SHORE OFFSHORE SERVICES, LLC, as Bareboat Charterer and Owner *Pro Hac Vice* of D/B THOR PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | * * * * * * * * * | CIVIL ACTION NO. 2:21-CV-00258-JCZ-KWR (lead case) c/w 21-337, 21-464, 21-822, 21-1968, 21-1969, 21-1981, 21-1982, 21-2075 **Pleading applies to all cases.** JUDGE JAY C. ZAINEY MAGISTRATE JUDGE KAREN WELLS ROBY |

## CLAIMANT'S SUR-REPLY MEMORANDUM IN RESPONSE TO MOTION TO COMPEL

**NOW INTO COURT**, through undersigned counsel, comes limitation claimant Brian Cloyd ("Claimant"), who respectfully asks this Court to deny the motion to compel filed by Modern American Railroad Services, L.L.C., Shore Offshore Services, LLC, and Oceaneering International, Inc. (collectively, "Limitation Petitioners") at Rec. Doc 489. Claimant believed Limitation Petitioners' concerns were addressed after he agreed to an additional 1.5-hour deposition despite his participation in an 8.5-hour deposition. Given the Court's prior order stating that Claimant's criminal history is "not relevant under Rule 26," Claimant did not anticipate that Limitation Petitioners would proceed on their motion to compel on this ground alone. *See* Rec. Doc. 404. Given the Court's order and the relevant law on this issue, Claimant respectfully requests that the Court deny Defendant's narrowed motion to compel Claimant's deposition testimony regarding expunged criminal records.

Rule 609 of the Federal Rules of Evidence provides, in relevant part, that evidence of a criminal conviction is **not** admissible if:

    (1)    the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding that the

> person has been rehabilitated, and the person has not been convicted of a later crime punishable by death or by imprisonment for more than one year; or
>
> (2) the conviction has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence.

Fed. R. Evid. 609(c).

The trial court is also granted broad discretion in limiting the scope of the cross-examination of a witness. Fed. R. Evid. 611(b). "This discretion includes determining whether under Fed. R. Evid. 609(c) there is sufficient evidence to expunge prior convictions." *United States v. Ferguson*, 776 F.2d 217, 222 (8th Cir. 1985). This determination relies in part on the protections provided by state statutes. *See id.* at 222 n. 5 (Explaining that a state statute allowed a witness to say that he had not been convicted of an offense if expunged).; *Mills v. Estelle, 552 F.2d 119, 121, 123 (5th Cir. 1977)*; *see also Whitlow v. Martin*, No. 04-3211, 2010 WL 11553288, at *2 (C.D. Ill. Oct. 8, 2010).

Under Article 973 of the Louisiana Code of Criminal Procedure, "An expunged record of arrest or conviction shall be confidential and no longer considered to be a public record," and "no person whose record of arrest or conviction has been expunged shall be required to disclose to any person that he was arrested or convicted of the subject offense, or that the record of the arrest or conviction has been expunged."[1] La. Code Crim. Proc. art. 973(A), (C) (emphasis added). The legislative findings explain, "It is the intention of the legislature that this Title will provide opportunities to break the cycle of criminal recidivism, increase public safety, and assist the growing population of criminal offenders reentering the community to establish a self-sustaining life through opportunities in employment." La. Code Crim. Proc. art. 971.

---

[1] The statute provides certain disclosure exceptions, none of which apply here. *See* La. Code Crim. Proc. art. 973(A)(1)–(4).

Limitation Petitioners argue that Claimant's "refusal to testify regarding only 'non-expunged convictions' at his second deposition **is contrary to law**." Rec. Doc 943-2 at 3 (emphasis added). However, Limited Petitioners' argument is conspicuously lacking in contrary legal authority. As shown above, Louisiana has legitimate concern for individuals with expunged criminal records and protects them from publicly disclosing related confidential details. Acknowledging these interests, the Court already performed an *in camera* review of Claimant's response to Omnibus Interrogatory No. 26. *See* Rec. Doc. 404. The Court was not persuaded that Claimant's criminal history was relevant or could be used for impeachment purposes. *Id.* at 3 ("However, upon the Court's review of the supplemental responses to Interrogatory No. 26 from Claimants Andrews, Burnett, **Cloyd**, and McCray, **the Court has determined that they are not relevant under Rule 26**") (emphasis added).

In purported support of their argument that expunged criminal records are relevant and discoverable, Limitation Petitioners cite *Baer v. Midland Enterprises d/b/a Orsouth Transp. Co.*, No. CIV.A. 03-1331, 2004 WL 1238004, at *4 (E.D. La. June 3, 2004). While the Court in *Baer* rejected the plaintiff's motion in limine that an expunged record was inadmissible under Rule 410, "the Court "fail[ed] to see the relevancy of such evidence," and held that "Rule 401 bars its introduction into evidence." *Id.* The Court's decision in *Baer* weighs against Limitation Petitioners' position and is consistent with this Court's prior order. *See* Rec. Doc. 404. Limitation Petitioner's only remaining authority is distinguishable as it interprets a Mississippi statute under Rule 609(c). *See United States v. Conrod*, No. CRIM.A. 4:05CR128PB, 2006 WL 2038627, at *1 (N.D. Miss. July 19, 2006) (noting that the statute does not contemplate rehabilitation). Finally, Limitation Petitioners do not provide any authority for their position that prior convictions become relevant when an individual "has placed his psychiatric condition at issue." *See* Rec. Doc. 2. In

3

sum, Limitation Petitioners' argument that it is entitled to depose Claimant about expunged criminal records is without merit and contrary to law.

WHEREFORE, Claimant prays that this Honorable Court deny the limitation petitioners' motion to compel Claimant to answer questions regarding expunged criminal records.

Respectfully submitted,

_/s/ Tony Clayton_

A.M. "Tony" Clayton
LA Bar No. 21191
**CLAYTON, FRUGÉ & WARD**
3741 LA Hwy 1 South
Port Allen, LA 70767
225-344-7000

**ATTORNEYS FOR CLAIMANT BRIAN CLOYD**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading was served on counsel of record by electronic means, including the CM/ECF system, this 24th day of July, 2023.

_/s/ Tony Clayton_