UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| All COAST, LLC, ET AL. | CIVIL ACTION |
| VERSUS | NO. 21-258 and consolidated cases |
| SHORE OFFSHORE SERVICES, LLC, ET AL. | SECTION A(4) |

**ORDER**

The following motions are before the Court: **Motion for Sanctions to Exclude Evidence for Patrick Burnett's Spoliation of Evidence and Disregard of the Court's Order (377) (Rec. Doc. 405)** filed by the THOR Interests and Premier Offshore Catering, Inc. ("Premier"); **Objections to the Magistrate Judge's Report and Recommendation (Rec. Doc. 539)** filed by claimant Patrick Burnett; **Objections to the Magistrate Judge's Report and Recommendation (Rec. Doc. 537)** filed by attorney J. Kyle Findley.

On July 11, 2023, the Magistrate Judge issued a comprehensive Report and Recommendation (Rec. Doc. 491) as to the spoliation/sanctions motion filed by the THOR Interests and Premier. The Magistrate Judge concluded not only that her discovery order compelling an IME had been violated, but also that Mr. Burnett and Mr. Findley, Burnett's attorney, had acted in bad faith when doing so. The magistrate judge therefore recommended that the spoliation/sanctions motion be granted, and that both Burnett and Findley should be sanctioned for their conduct. The magistrate judge recommended that Burnett be precluded from recovering $837,286.87 in incurred

medical expenses, and that an additional $142,828.00 incurred for obesity surgery should be subject to an adverse inference. The magistrate judge also recommended that the movants be awarded attorney's fees for the filing of the spoliation/sanctions motion. The briefing deadline for the attorney fee award triggers upon entry of this Order. (Rec .Doc. 491, Report and Recommendation at 28).

The Court has carefully considered on a de novo basis the underlying motion and the Report and Recommendation, as well as the transcript of the hearing held before the magistrate judge (Rec. Doc. 537-2, Exhibit A),[1] and the Court is persuaded that Magistrate Judge Roby's factual conclusions are well-founded and supported by the record, including the finding as to bad faith for both the client and the attorney. The sanctions recommended are reasonable and appropriate under the circumstances.[2]

Burnett advises in his Objection (#539) that he has settled his claims with the parties who filed the spoliation/sanctions motion thereby rendering the sanctions motion moot. Burnett explains that the movant-parties have agreed to release and waive any claims that Burnett or Findley committed any sanctionable conduct.

Findley likewise contends in his Objection (#537) that the settlement and release render the entire matter moot and that the Court should simply deny the spoliation/sanctions motion and vacate the Report and Recommendation.

Neither the THOR Interests nor Premier has responded to the objections.

---

[1] Findley's contention that the sanction against him would be unfair absent a hearing is rendered baseless by the transcript of the hearing before Magistrate Judge Roby. Mr. Findley had ample opportunity to be heard before the judge concluded that he had acted in bad faith when violating her discovery order.

[2] In fact, the Court commends Magistrate Judge Roby for the restraint that she has shown when handling this matter.

The settlement did moot the issue of whether recovery for certain elements of damages should be excluded as a sanction for spoliation. But the sanctions in this case arose from the bad faith violation and flouting of an order issued by a United States Magistrate Judge. While the Court is certainly pleased that Burnett has managed to settle his claims against the THOR Interests and Premier, that settlement does nothing to ameliorate the offense committed against the Court. The Court remains persuaded that the bad faith conduct committed by Burnett and Findley—conduct that demonstrates an utter disrespect for the rule of law—merits sanctions that are not mooted simply because of the private settlement reached in this case.[3]

The requests for oral argument are noted and denied.

Accordingly;

**IT IS ORDERED** that the **Motion for Sanctions to Exclude Evidence for Patrick Burnett's Spoliation of Evidence and Disregard of the Court's Order (377) (Rec. Doc. 405)** filed by the THOR Interests and Premier is **GRANTED** pursuant to the Report and Recommendation issued by Magistrate Judge Roby, which the Court **ADOPTS** as its opinion.

**IT IS FURTHER ORDERED** that the **Objections to the Magistrate Judge's Report and Recommendation (Rec. Doc. 539)** filed by claimant Patrick Burnett are **DENIED**.

**IT IS FURTHER ORDERED** that the **Objections to the Magistrate Judge's Report and Recommendation (Rec. Doc. 537)** filed by J. Kyle Findley are **DENIED**.

---

[3] The magistrate judge is certainly free to craft another form of sanction if she concludes that the settlement, which purports to include a release as to Findley too, would preclude the THOR Interests and Premier from seeking attorney's fees.

October 24, 2023

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE