UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALL COAST, LLC | * | CIVIL ACTION NO. 21-258 Lead Case, |
| | * | c/w 21-337, 21-464, 21-822, 21-1968, |
| | * | 21-1969, 21-1981, 21-1982, 21-2075 and |
| | * | 21-2227 |
| VERSUS | * | |
| | * | JUDGE JAY C. ZAINEY |
| | * | |
| SHORE OFFSHORE SERVICES, LLC; | * | MAGISTRATE JUDGE KAREN |
| MODERN AMERICAN RAILROAD | * | WELLS ROBY |
| SERVICES, L.L.C.; and MARTIN | * | |
| ENERGY SERVICES, LLC | * | Applies to: All Cases |
| | * | |

**************************************

### REVISED JOINT AND UNOPPOSED CONSENT MOTION TO AMEND CONSENT SCHEDULING ORDER

NOW INTO COURT, through undersigned counsel, come Harvey Gulf International Marine, LLC, Harvey Seas, LLC, Modern American Railroad Services, L.L.C., and Shore Offshore Services, LLC (collectively the "Movants"), and upon respectfully suggesting that the parties' time and resources and those of the Court would be best served by a continuance of certain deadlines, and in accordance with the Order (Rec. Doc. 545) issued on October 24, 2023, move this Honorable Court to amend or replace the Consent Scheduling Order (Rec. Doc. 184) and amendments thereto (Rec. Docs. 342, 355, 456 and 501).

The deadlines to file initial disclosures (Rec. Doc. 184, ¶ 1), file amendments to pleadings, third-party actions, cross claims, and counterclaims (Rec. Doc. 184, ¶ 2), serve omnibus discovery (Rec. Doc. 184, ¶ 3, 4, 5 and 6), provide initial responses to omnibus discovery (Rec. Doc. 184, ¶ 7), commence supplemental discovery (Rec. Doc. 184, ¶ 8; commence fact depositions (Rec. Doc. 184, ¶ 9), and commence evidence inspections (Rec. Doc. 184, ¶ 11) have expired and the Movants

are not requesting that those deadlines be extended or amended herein. Movants also are not requesting any change to ¶ 10 of Rec. Doc. 184.

Initial disclosures have been exchanged. Omnibus discovery was served and responded to, and direct discovery has begun to be served and responded to as well, with thousands of documents being exchanged over the past months. In addition, the taking of depositions has commenced. Numerous depositions have been taken and dates have been reserved for the taking of depositions through November 2023 and the parties intend to meet to reserve more dates thereafter. Given that the current Scheduling Order (Rec. Doc. 501) calls for the first exchange of expert reports to begin presently, Movants respectfully submit that good cause exists for the proposed extensions to allow for the depositions of additional pertinent witnesses before any expert reports are required to be exchanged. The requested extension will not otherwise affect the forward momentum of these consolidated cases. In addition to the parties joining this motion, all counsel have been notified about the filing of this motion and none have expressed any objection.

WHEREFORE, for the reasons set forth above, Movants submit that good cause exists for the continuances requested, and respectfully request that the Consent Scheduling Order (Rec. Doc. 184) and amendments thereto (Rec. Docs. 342, 355, 456 and 501) be amended and reset as set forth below:

1. Written reports of experts, as defined in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, who may be witnesses for any Claimant or Limitation Petitioner alleging physical damage to property, salvage, and/or loss of use, for purposes of quantifying and calculating monetary damages associated with or arising from alleged physical damage to or salvage of property, including but not limited to loss of use or hire, temporary and/or permanent repairs, and/or any other item of damage claimed or right alleged to be subrogated, shall

be obtained and delivered to all interested parties as soon as possible, but in no event later than **27 December 2023** (was 24 October 2023).

2. Written reports of experts, as defined in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, who may be witnesses for any Claimant claiming personal injury for purposes of quantifying and calculating any and all expenses, losses and items of damages associated with or arising from any alleged personal injury, shall be obtained and delivered to all interested parties as soon as possible, but in no event later than **27 December 2023** (was 24 October 2023).

3. Written reports of experts, as defined in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, who may be witnesses (for purposes other than quantifying and calculating damages) for any party with the burden of proof on issues of negligence and unseaworthiness shall be obtained and delivered to all interested parties as soon as possible, but in no event later than **19 February 2024** (was 18 December 2023).

4. Written reports of experts, as defined in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, who may be witnesses for Limitation Petitioners, THOR Interests and CROSBY ENDEAVOR Interests, in their capacity as such and for purposes other than those reports that may be produced in accordance with Paragraphs 12 and 14, shall be obtained and delivered to all interested parties as soon as possible, but in no event later than **22 April 2024** (was 20 February 2024).

5. Written reports of experts, as defined in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, who may be witnesses for Defendants and Third-Party Defendants shall be obtained and delivered to all interested parties as soon as possible, but in no event later than **22 April 2024** (was 20 February 2024).

6. The parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial, and a list of all exhibits that may or will be used, not later than **30 April 2024** (was 28 February 2024).

7. Written rebuttal reports of experts, as defined and permitted by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, shall be obtained and delivered to all interested parties as soon as possible, but in no event later than **24 June 2024** (was 19 April 2024).

8. Depositions for trial use shall be taken and all discovery shall be completed not later than **9 August 2024** (was 4 June 2024).

9. All pre-trial motions, including dispositive motions and motions in limine regarding the admissibility of expert testimony, shall be filed and served no later than **27 August 2024** (was 18 June 2024) and then a briefing schedule will be set by the Court. All other motions in limine shall be filed no later than **17 September 2024** (was 11 July 2024) and responses thereto shall be filed no later than twenty-eight (28) days from the date of filing of the motion.

10. Motion filing deadlines may be extended by the Court only upon timely application and upon a showing of good cause. Other deadlines may be extended by mutual agreement of the affected parties so long as such extension does not prejudice the Court's motion filing deadlines.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Respectfully submitted,

**ADAMS AND REESE LLP**

/s/ *Catherine N. Creed*
Edwin C. Laizer (#17014)
Johnny L. Domiano (#24383)
Matthew C. Guy (#31182)
Charles A. Cerise, Jr. (#1755)
Cate Creed (#39851)
ADAMS AND REESE LLP
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: 504-581-3234
Facsimile:   504-553-9776
ed.laizer@arlaw.com
johnny.domiano@arlaw.com
matthew.guy@arlaw.com
charles.cerise@arlaw.com
cate.creed@arlaw.com
**ATTORNEYS FOR HARVEY SEAS, LLC AND HARVEY GULF INTERNATIONAL MARINE LLC**

-and-

6

        */s/ Meredith W. Blanque*
Salvador J. Pusateri (#21036)
Aaron B. Greenbaum (#31752)
Meredith W. Blanque (#32346)
Jacob A. Altmyer (#36352)
Jonathan D. Parker (#35275)
PUSATERI, JOHNSTON, GUILLOT &
GREENBAUM, LLC
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Gavin.Guillot@pjgglaw.com
Salvador.Pusateri@pjgglaw.com
Aaron.Greenbaum@pjgglaw.com
Meredith.Blanque@pjgglaw.com
Jacob.Altmyer@pjgglaw.com
Jonathan.Parker@pjgglaw.com
**ATTORNEYS FOR MODERN AMERICAN RAILROAD SERVICES, L.L.C., AND SHORE OFFSHORE SERVICES, LLC**