UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALL COAST, LLC | * | CIVIL ACTION NO. 21-258 Lead Case, |
| | * | c/w 21-337, 21-464, 21-822, 21-1968, |
| | * | 21-1969, 21-1981, 21-1982, 21-2075 and |
| | * | 21-2227 |
| VERSUS | * | |
| | * | JUDGE JAY C. ZAINEY |
| | * | |
| SHORE OFFSHORE SERVICES, LLC; | * | MAGISTRATE JUDGE KAREN |
| MODERN AMERICAN RAILROAD | * | WELLS ROBY |
| SERVICES, L.L.C.; and MARTIN | * | |
| ENERGY SERVICES, LLC | * | Applies to: All Cases |
| | * | |
| ************************************ | | |

**JOINT AND UNOPPOSED CONSENT
MOTION TO AMEND CONSENT SCHEDULING ORDER**

NOW INTO COURT, through undersigned counsel, come Harvey Gulf International Marine, LLC, Harvey Seas, LLC, Modern American Railroad Services, L.L.C., Shore Offshore Services, LLC, and Weeks Marine, Inc. (collectively the "Movants"), and upon respectfully suggesting that the parties' time and resources and those of the Court would be best served by a continuance of certain deadlines, move this Honorable Court to amend the Consent Scheduling Order (Rec. Doc. 184) and amendments thereto (Rec. Docs. 342, 355, 456, 501, and 547).

The deadlines to file initial disclosures (Rec. Doc. 184, ¶ 1), file amendments to pleadings, third-party actions, cross claims, and counterclaims (Rec. Doc. 184, ¶ 2), serve omnibus discovery (Rec. Doc. 184, ¶ 3, 4, 5 and 6), provide initial responses to omnibus discovery (Rec. Doc. 184, ¶ 7), commence supplemental discovery (Rec. Doc. 184, ¶ 8; commence fact depositions (Rec. Doc. 184, ¶ 9), commence evidence inspections (Rec. Doc. 184, ¶ 11), and exchange written reports for purpose of quantifying monetary damages arising from alleged physical injuries and property damage (Rec. Doc. 184, ¶ 12 and 13)  have expired and the Movants are not requesting that those

1

deadlines be extended or amended herein. Movants also are not requesting any change to ¶ 10 of Rec. Doc. 184.[1]

Initial disclosures have been exchanged. Omnibus discovery was served and responded to, and direct discovery has begun to be served and responded to as well, with thousands of documents being exchanged over the past months. In addition, the taking of depositions is well underway. Numerous depositions have been taken and dates have been reserved for the taking of depositions through April 2024. Given that the current Scheduling Order (Rec. Doc. 547) calls for the exchange of expert reports from any party with the burden of proof on issues of negligence and unseaworthiness to begin next month (19 February 2024), Movants respectfully submit that good cause exists for the proposed extensions to allow for the depositions of additional pertinent witnesses before these reports are required to be exchanged. The requested extension will not otherwise affect the forward momentum of these consolidated cases. In addition to the parties joining this motion, all counsel have been notified about the filing of this motion and none have expressed any objection.

WHEREFORE, for the reasons set forth above, Movants submit that good cause exists for the continuances requested, and respectfully request that the Consent Scheduling Order (Rec. Doc. 184) and amendments thereto (Rec. Docs. 342, 355, 456, 501, and 547) be amended and reset as set forth below:

1. Written reports of experts, as defined in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, who may be witnesses (for purposes other than quantifying and calculating damages) for any party with the burden of proof on issues of negligence

---

[1] Paragraph 10 of Rec. Doc. 184 provided, "The parties shall not be constrained in the number of depositions that may be taken in the above captioned and consolidated matter, but the parties may file for protective orders as allowed by the Federal Rules of Civil Procedures, the Federal Rules of Evidence, and the local rules of this Court."

and unseaworthiness shall be obtained and delivered to all interested parties as soon as possible, but in no event later than 19 April 2024 (was 19 February 2024).

2. Written reports of experts, as defined in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, who may be witnesses for Limitation Petitioners, THOR Interests and CROSBY ENDEAVOR Interests, in their capacity as such and for purposes other than those reports that may be produced in accordance with Paragraphs 12 and 14, shall be obtained and delivered to all interested parties as soon as possible, but in no event later than 21 June 2024 (was 22 April 2024).

3. Written reports of experts, as defined in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, who may be witnesses for Defendants and Third-Party Defendants shall be obtained and delivered to all interested parties as soon as possible, but in no event later than 21 June 2024 (was 22 April 2024).

4. The parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial, and a list of all exhibits that may or will be used, not later than 28 June 2024 (was 30 April 2024).

5. Written rebuttal reports of experts, as defined and permitted by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, shall be obtained and delivered to all interested parties as soon as possible, but in no event later than 23 August 2024 (was 24 June 2024).

6. Depositions for trial use shall be taken and all discovery shall be completed not later than 8 October 2024 (was 9 August 2024).

7. All pre-trial motions, including dispositive motions and motions in limine regarding the admissibility of expert testimony, shall be filed and served no later than 25

October 2024 (was 27 August 2024) and then a briefing schedule will be set by the Court. All other motions in limine shall be filed no later than 19 November 2024 (was 17 September 2024) and responses thereto shall be filed no later than twenty-eight (28) days from the date of filing of the motion.

Respectfully submitted,

**ADAMS AND REESE LLP**

/s/ *Catherine N. Creed*
Edwin C. Laizer (#17014)
Johnny L. Domiano (#24383)
Matthew C. Guy (#31182)
Charles A. Cerise, Jr. (#1755)
Cate Creed (#39851)
ADAMS AND REESE LLP
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: 504-581-3234
Facsimile:   504-553-9776
ed.laizer@arlaw.com
johnny.domiano@arlaw.com
matthew.guy@arlaw.com
charles.cerise@arlaw.com
cate.creed@arlaw.com

**ATTORNEYS FOR HARVEY SEAS, LLC AND HARVEY GULF INTERNATIONAL MARINE LLC**

-and-

*/s/ Meredith W. Blanque*
Salvador J. Pusateri (#21036)
Aaron B. Greenbaum (#31752)
Meredith W. Blanque (#32346)
Jacob A. Altmyer (#36352)
Jonathan D. Parker (#35275)
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Gavin.Guillot@pjgglaw.com
Salvador.Pusateri@pjgglaw.com
Aaron.Greenbaum@pjgglaw.com
Meredith.Blanque@pjgglaw.com
Jacob.Altmyer@pjgglaw.com
Jonathan.Parker@pjgglaw.com

**ATTORNEYS FOR MODERN AMERICAN RAILROAD SERVICES, L.L.C., AND SHORE OFFSHORE SERVICES, LLC**

-and-

*/s/ Laurent J. Demosthenidy*
Harold J. Flanagan (#24091)
Laurent J. Demosthenidy (#30473)
Anders F. Holmgren (#34597)
Dennis O. Durocher, Jr. (#36441)
FLANAGAN PARTNERS LLP
201 St. Charles Ave., Suite 3300
New Orleans, LA 70170
Telephone: (504) 569-0235
Facsimile: (504) 592-0251

**ATTORNEYS FOR WEEKS MARINE, INC.**