UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALL COAST, LLC<br><br>VERSUS<br><br>SHORE OFFSHORE SERVICES, LLC | CIVIL ACTION NO: 21-258<br>c/w 21-337, 21-464, 21-822, 21-1968, 21-1969, 21-1982, 21-1981, 21-2075, 21-2227<br><br>SECTION "A"<br>HON. JAY C. ZAINEY<br><br>MAGISTRATE: (4)<br>HON. KAREN WELLS ROBY<br><br>APPLIES TO ALL CASES |

### MEMORANDUM IN SUPPORT OF CROSBY TUGS, LLC'S MOTION TO COMPEL CLAIMANTS' SUPPLEMENTAL RESPONSES REGARDING UPDATED MEDICAL RECORDS

**MAY IT PLEASE THE COURT:**

Limitation-Petitioners, Crosby Tugs, LLC ("Crosby"), submits this memorandum in support of its Motion to Compel Claimants' Supplemental Responses regarding Updated Medical Records. For the reasons set forth herein, the Court should compel Lewis Andrews, Patrick Burnett, Brian Cloyd, Wallace McCray, and Lessle Williams ("Claimants") to provide supplemental responses to written discovery requests regarding medical records and full and complete medical records for each Claimant and further order Plaintiffs to pay the fees and costs incurred by Crosby Interests for the filing of this Motion.

As set forth in further detail throughout this memorandum, Claimants previously produced medical records regarding this matter. However, the records have not been updated since 2022 or 2023 depending on the individual Claimant. Despite having requested these updated medical records multiple times and Claimants promising to provide these records, Claimants have yet to produce any such updated medical records in the past two to three years. Crosby sought to resolve this issue with Claimants without court action but, to date, Claimants have failed to provide

1

supplemental responses regarding updated medical records or the records themselves. For these reasons, Crosby files the instant motion.

## BACKGROUND

### A. Factual and Procedural History

The consolidated cases involve the breakaway of the Derrick Barge THOR from its mooring in Port Fourchon, Louisiana, during Hurricane Zeta on October 28, 2020. Dozens of parties have appeared in this case, including Claimants, to assert claims against Crosby. As some relevant background, within weeks of the incident, on December 8, 2020, Claimants filed a lawsuit against Shore Offshore Services, LLC, Complete Logistical Services, LLC ("CLS"), and numerous Fieldwood named entities (hereinafter collectively referred to as "Fieldwood Interests") alleging personal injury as the result of the October 28, 2020 incident. At the time of the incident, the D/B THOR was moored to a dock leased and operated by Martin Interests. Within six months of the Incident, Crosby filed a Verified Complaint for Exoneration from and/or Limitation of Liability in this Court.[1] In addition, Crosby, whose vessel, the M/V CROSBY ENDEAVOR, was tied alongside the D/B THOR at the time the D/B THOR broke away from the dock, likewise filed a Complaint for Exoneration from or Limitation of Liability on April 26, 2021.[2] An Order consolidating these actions was entered by this Court on April 28, 2021.[3] Claimants subsequently filed an Affirmative Defense, Answer, and Claim to Crosby' Complaint[4] on October 25, 2021 and to Crosby's

---

[1] See Rec. Doc. 1 - Civ. No. 21-0464.

[2] See Rec. Doc. 1 – Civ. No. 21-0822.

[3] See Rec. Doc. 8 – Civ. No. 21-0258.

[4] See Rec. Doc. 40 – Civ. No. 21-0258.

Complaint[5] on October 26, 2021 alleging personal injury and damages as a result of the Incident. More particularly, Claimants allege they have sustained serious injuries to their body including head, neck, back, and other parts of his body, depending on the individual Claimant.

Three months later, on January 26, 2022, this Court entered a Consent Scheduling Order for all consolidated cases arising from the Incident.[6] Pursuant to this Court's Consent Scheduling Order, Crosby, Crosby, and Martin Interests propounded Omnibus discovery requests upon Claimants on April 4, 2022. The original deadline to respond to the Omnibus discovery requests was continued to July 11, 2022, at which time Claimants served their Omnibus discovery responses. The responses were deemed incomplete by the THOR Interests and Crosby. As a result, previous Motions to Compel were filed by certain defendants, including Crosby, regarding Claimant's deficient responses. (R. Docs. 363, 365, 366, 374, and 375). Several requests in those Motions to Compel related to medical information and documentation. These motions were heard on oral argument on September 14, 2022, and the Court granted several of the requests. (R. Doc. 398).

Since the granting of the Motions to Compel, Claimants provided medical records in 2022 and some limited records in 2023 for certain Claimants. No additional medical records have been received by Crosby. The updated records relate to additional surgeries, medical treatment, and mental health treatment received since the initial medical record production as testified to by Claimants in their 2023 depositions.

Accordingly, Claimants' deficient responses limit Crosby and Crosby from being able to fully litigate Claimants' claims.

---

[5] See Rec. Doc. 44 – Civ. No. 21-0258.

[6] See Rec. Doc. 184 – Civ. No. 21-0258.

B. **Supplemental Medical Records at Issue**

Crosby seeks information and documents relevant to Claimants' claims and Crosby's defenses to Claimants' claims. Claimants have refused to provide supplemental responses including updated medical records regarding their medical treatment for the injuries they allege are a result of this incident. As outlined below, Crosby seeks supplemental responses concerning:

- Claimants' updated medical records and any updated medical providers [Interrogatory No. 27; Request for Production Nos. 3-5]

- Documents relevant, relied upon, or to be used as exhibits by Claimants in these proceedings [Request for Production Nos. 27-30, and 37].

To the extent Claimants intend to introduce at trial any medical records that have yet to be produced to Crosby, those records are discoverable, and Claimants should be required to produce those or forego their use at trial. The supplemental responses regarding Claimants' subsequent medical treatment since their initial production are relevant to the issues, and discoverable documents related to the issues, for Claimants' personal injury claims for damages against the interested parties as a result of their alleged negligence and/or the alleged unseaworthiness of their vessels.

C. **Crosby's Good Faith Effort to Confer with Claimants**

On January 7, 2025, counsel for Crosby set a Rule 37 discovery conference for January 10, 2025 at 1:30 a.m. to address Claimants' failure to provide medical authorizations and updated medical records to Crosby.[7] Counsel for Claimants responded later that day advising that January 10th was not a good date and inquired about prior medical authorization forms signed by Claimants. Undersigned counsel advised that the authorizations referred to by Claimants' counsel were in the name of another firm and not Jones Walker. She also requested another date and time to conduct

---

[7] See Exhibit 1; E-mail correspondence from Valerie Fontenot to Kyle Findley, dated January 7, 2025.

4

the Rule 37 conference.[8] When no response was provided, undersigned counsel again followed up and asked to set a Rule 37 conference on January 10, 2025. A response was finally received with the updated medical authorizations and a notification that another attorney in Claimants' counsel's office would be available at 1:30p.m. Undersigned counsel agreed to the conference and sent an email confirming.[9] Another email was received on January 10, 2025 from Ms. Erickson regarding whether a Rule 37 conference was still needed in light of the produced authorizations. Crosby advised that supplemental and updated records were also needed for the Claimants, and Claimants promised to provide the records early the next week.[10]

After not receiving the records, Crosby followed up with Claimants on January 15, 2025. Another Rule 37 conference was set for January 31, 2025, at 10:00 a.m. Counsel for Crosby specifically advised that if Claimants' counsel was unavailable, she would be willing to reschedule.[11] No response was received. Then, on January 31, 2025, counsel for Crosby called counsel for Claimants at the scheduled time for the Rule 37 conference but had to leave a voicemail, which requested Claimants' counsel to please call her back. After receiving no response to the voicemail, a follow-up email was sent to Claimants' counsel on April 30, 2025, advising that

---

[8] See Exhibit 2, E-mail correspondence from Valerie Fontenot to Kyle Findlay, dated January 8, 2025.

[9] See Exhibit 3, E-mail correspondence from Crystal deLeon to Valerie Fontenot, dated January 8, 2025.

[10] See Exhibit 4, E-mail correspondence from Jill Erickson to Valerie Fontenot, dated January 10, 2025.

[11] See Exhibit 5, E-mail correspondence from Valerie Fontenot to Kyle Findlay, dated January 29, 2025.

if the updated medical records were not received, a motion to compel would be filed.[12]

To date, no response has been received from Claimants. No medical records have been provided, and no request for an extension has been made. In light of Claimants' failure to provide adequate discovery responses following a Rule 37 conference that was originally set months ago, Crosby were constrained to file the instant Motion.

## LAW AND ANALYSIS

### A.    Legal Standard

"Generally, the scope of discovery is broad and permits the discovery of any nonprivileged matter that is relevant to any party's claim or defense." *Crosby v. Louisiana Health Service and Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011), citing Fed. R. Civ. P. 26(b)(1) (internal quotations and additional citation omitted). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Accordingly, "[r]elevance should be construed broadly to encompass any matter that bears on, or that reasonably could lead to, other matters that could bear on any party's claim or defense." *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (Morgan, J.) (citation omitted). "Courts in the Fifth Circuit hold that a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party." *Id.* (internal quotations and citation omitted).

"A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or

---

[12] See Exhibit 6, E-mail correspondence from Valerie Fontenot to Kyle Findlay, dated April 30, 2025.

6

document request is not objectionable and the subject of the answer or response, and explain whether any responsive information or documents have been withheld." *Lou v. Lopinto*, No. 21-80, 2022 WL 1447554, at *3 (E.D. La. March 24, 2022) (Currault, M.J.) (citation omitted). An evasive or incomplete disclosure, answer, or response is treated as a failure to disclose, answer or respond. Fed. R. Civ. P. 37(a)(4). Further, failure to timely state an objection to an interrogatory on a particular ground result in waiver of the particular objection. Fed. R. Civ. P. 33(b)(4). Similarly, a party must respond fully and state any objection with specificity when responding to a request for production. *Lee v. Aramark Facility Servs.*, No. 20-2049, 2021 WL 6070448, at *3 (E.D. La. July 15, 2021) (Currault, M.J.), citing Fed. R. Civ. P. 34(b)(2)(B). Consequently, discovery necessitates candor from the responding party and "[t]he candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information." *Lee*, 2021 WL 6070448, at *2.

To address another party's failure to respond to interrogatories or document requests, a party seeking such discovery is permitted to file a motion to compel. Fed. R. Civ. P. 37(a)(3)(b)(iii) and (iv). Prior to filing a motion to compel, the party seeking discovery must confer, or attempt to confer, with the non-responsive party in an effort to obtain the discovery without court action. Fed. R. Civ. P. 37(a)(1). If the motion to compel is granted, or if the disclosure or requested discovery is provided after the motion was filed, the moving party is entitled to its reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5).

Here, as set forth throughout this memorandum, requests regarding Claimants' updated medical records are relevant to Claimants' claims and damages assertions and Crosby's defenses to those claims. Claimants have failed to respond despite agreeing to produce the requested information. Crosby sought to confer with counsel for Claimants to resolve issues regarding these

7

deficient responses which, to date, remain unresolved necessitating the instant Motion.

      **B.**      **Discovery in Limitation of Liability Proceedings**

This Court and others have held that discovery in a limitation proceeding is not restricted to limitation. *Midland v. M/T American Liberty*, Civ. No. 19-10525, 2020 WL 12583838, *1-2 (E.D. La. Dec. 2, 2020) (Vance, J.) (The Court rejected claimants' argument that being compelled to comply with discovery related to damages conflicted with the Court's prior bifurcation order that held the Court would not try the issue of damages in its limitation proceeding. In doing so, the court reasoned it would not serve the interest of judicial efficiency, and there could be spoliation issues, if damages related discovery were not allowed to proceed.); *In re Complaint of Clearsky Shipping Corp.*, No. Civ. A. 96-4099, 1997 WL 83137, at *2 (E.D. La. Feb. 25, 1997) (Sear, J.); *British Transport Commission v. U.S.*, 354 U.S. 129, 137 (1957); *Petition of Trinidad Corp.*, 238 F.Supp. 928, 934 (E.D. Va. 1965). **Issues of liability, the right to limit, and damages are relevant in a limitation of liability proceeding.** *In re Complaint Clearsky Shipping Corp.*, 1997 WL 83137, at *2 (Claimants in a limitation proceeding sought to prevent discovery relating to damages on grounds, *inter alia*, that medical records were not relevant in a limitation of liability proceeding "because there are individuals who might elect not to assert claims in the proceeding but to wait and pursue their claims in state court once the issue of limitation is decided and the stay is lifted." The Court found the claimants' position untenable). As such, claimants cannot be prejudiced through the medium of discovery as to damages and to limit discovery at this stage to matters of liability would, in effect, prolong the litigation and preclude any discussion of settlement. *Petition of Trinidad Corp.*, 238 F.Supp. 928, 934 (E.D. Va. 1965).

Moreover, ***Claimants consented to damages being a relevant issue*** in these limitation of liability proceedings. After the filing period had closed in each limitation proceeding the initial

Consent Scheduling Order (Rec. Doc. 184) was issued by the Honorable Judge Jay Zainey with the input of all parties. Significantly, no party objected. Further, this Consent Scheduling Order was the first to call upon the issues to be directly discovered in this proceeding and directly contemplates damages for claimants claiming personal injury as a discoverable issue:

> 13. Written reports of experts, as defined in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, who may be witnesses for any Claimant claiming personal injury **for purposes of quantifying and calculating any and all expenses, losses and items of damages associated with or arising from any alleged personal injury**, shall be obtained and delivered to all interested parties as soon as possible, but in no event later than 1 February 2023.[13]

Considering the above, this Court should enter an order compelling Claimants to provide supplemental documentation regarding their updated medical records for any treatment obtained by Claimants and costs for same as requested by Crosby and previously promised by Claimants within five (5) days of the order being issued.[14] In the alternative, Crosby requests that Claimants be prevented from providing any updated medical information at the trial of this matter beyond the records that have already been produced.

### E. Claimants Should be Compelled to Fully and Completely Respond regarding their Updated Medical Records.

Claimants previously produced medical records in 2022 and 2023. However, since that time, Claimants have failed to produce any further medical records despite requests to do so by Crosby. Importantly, Claimants were all deposed in 2023 and testified to ongoing treatment and some even had additional surgeries. Thus, Claimants are required to supplement their responses regarding:

---

[13] See Rec. Doc. 184 – Civ. No. 21-0258 (emphasis added).

[14] *Supra*, Footnote 4.

- **Interrogatory No. 27, Request for Production Nos. 3-5, 27-30, and 37:** These requests seek tailored and/or time-limited information pertaining to Claimants' medical history and any medical records Claimants intend to use at trial. These requests also seek production of statements, documents, and/or exhibits, identified by bates number, pertaining to tangible or physical evidence, exhibits that may or will be introduced at trial, documents relied upon to establish causation between the Incident and Claimants' alleged injuries, and documents referred to or utilized in responding to discovery in these proceedings. These documents are relevant as they directly relate to the claims, and the basis of the claims, made by Claimants related to damages, liability, and the right to limit which for reasons previously discussed are relevant to this proceeding.

This information is relevant because it pertains to Claimants' claims for past and future pecuniary and non-pecuniary damages which are relevant in a limitation action. Additionally, by consenting to the prior original Consent Scheduling Order that directly contemplates certain damages of claimants claiming personal injury being produced in these proceedings, Claimants have consented to damages being relevant to these proceedings. Further, it is well settled that when a claimant/claimant makes a claim for damages their medical history, employment history, and post-injury financial status are relevant.[15] Finally, production of documents or exhibits that a party may or will offer are required to be disclosed. Fed. R. Civ. P. 26(a)(3)(A)(iii). Claimants' prior responses to these requests list post-Incident medical expenses associated with alleged Incident-related treatment, explain claims for future damages will be supplemented in accordance with Consent Scheduling Order's deadline for expert reports, and confirm Claimants will seek non-

---

[15] *Stewart v. American Family Ins. Group*, 2008 WL 728944, at *1 (E.D. La. March 17, 2008) (Vance, J.) (listing relevant factors to claims for loss of future wages and earning capacity); *Associated Terminals of St. Bernard, LLC v. Potential Shipping HK Co. Ltd.*, 324 F.Supp.3d 808, at 823-824 (E.D. La. March 28, 2018) (Africk, J.) (articulating relevant issues to calculating past lost wages including pre-injury and post-injury physical condition); *Singleton v. Cannizzaro,* Civ. No. 17-10721, 2020 WL 375600, at *3 (E.D. La. Jan. 23, 2020) (van Meerveld, J.); *Thai v. Miller Truck Lines, Inc.*, No. 05-1958, 2006 WL 2349605, at *1 (W.D. La. Aug. 2006) Stating that when a claimant's allegations in a lawsuit are regarding the extent of his injuries and damages, including his past, present, and future damages (such as physical and mental pain and suffering, medical expenses, and wages) it squarely puts the claimant's past medical and employment history at issue in the lawsuit.

pecuniary damages. As such, Claimants' responses to each of these relevant requests are clearly incomplete, if not also evasive.

Crosby asks that this court issue an order compelling Claimants to provide substantive and complete responses to the above listed interrogatories and requests for production addressing their updated medical providers, records, and status within five (5) days of the order being issued. Doing so will allow Crosby to obtain the relevant and discoverable information to which they are entitled in order to defend against these claims, will serve the interest of judicial efficiency, and may promote potential settlement.

## **CONCLUSION**

Claimants previously provided medical records in 2022 and records for limited Claimaints in 2023. After being advised of this and upon request of Crosby, Claimants agreed to provide all supplemental medical records within their possession. Despite their agreement to produce same, Claimants still have not produced any supplemental records, despite those some of those records containing information about additional surgeries. All this information is within Claimants' possession, and Claimants will likely seek to introduce these records at trial, but, nonetheless, he has failed to provide any supplemental response. This can only be seen as a complete and total disregard of this Court's Consent Scheduling Order and the Federal Rules of Civil Procedure.

For the reasons stated above, Crosby respectfully requests an order from the Court compelling Claimants to provide complete and substantive responses within five (5) days of the order being issued. Additionally, Crosby seek reimbursement of its costs and attorneys' fees incurred in bringing the instant Motion.

Respectfully submitted,

*/s/ Valerie E. Fontenot*
JEFFERSON R. TILLERY (#17831)
ALFRED J. RUFTY, III (#19990)
SARA B. KUEBEL (#38305)
VALERIE E. FONTENOT (#35129)
JONES WALKER LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Tel: (504) 582-8238; Fax: (504) 589-8238
E-Mail:   jtillery@joneswalker.com
          arufty@joneswalker.com
          skuebel@joneswalker.com
          vfontenot@joneswalker.com

***Attorneys for Limitation Petitioner and Claimant, Crosby Tugs, LLC***

### CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June, 2025, a copy of the foregoing has been forwarded to all counsel of record by CM-ECF and electronic mail.

*/s/ Valerie E. Fontenot*

12