**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ALL COAST, LLC** | * | **CIVIL ACTION NO. 21-258 Lead Case, c/w 21-337, 21-464, 21-822, 21-1968, 21-1969, 21-1981, 21-1982, 21-2075 and 21-2227** |
| | * | |
| **VERSUS** | * | **JUDGE JAY C. ZAINEY** |
| | * | |
| **SHORE OFFSHORE SERVICES, LLC; MODERN AMERICAN RAILROAD SERVICES, L.L.C.; and MARTIN ENERGY SERVICES, LLC** | * | **MAGISTRATE JUDGE EVA J. DOSSIER** |
| | * | **Applies to: ALL CASES** |

***************************************************************************************

**HARVEY SEAS INTERESTS' MEMORANDUM IN OPPOSITION TO MOTION TO AMEND SCHEDULING ORDER**

**MAY IT PLEASE THE COURT:**

Claimants/Plaintiffs Harvey Gulf International Marine, LLC and Harvey Seas, LLC, (collectively "Harvey Gulf") and Intervenor Certain Underwriters subscribed to Hull & Machinery Policy # GCP 19537 ("Underwriters"), respectfully submit this memorandum in opposition to the *Motion to Amend Scheduling Order* (R. Doc. 724, "Motion to Amend") filed by defendant Crosby Tugs, LLC, on its own behalf and on behalf of Martin Operating Partnership, L.P., Martin Energy Services, L.L.C., and Dawn Services, L.L.C. (collectively the "Moving Defendants"). Harvey Gulf and Underwriters are collectively referred to as the "Harvey Seas Interests."

**BACKGROUND**

This case has been pending since February 8, 2021 and arises from an incident that occurred during Hurricane Zeta on October 28, 2020. The parties have had four and a half years to conduct discovery. The original scheduling order (Rec. Doc. 184) has been amended multiple times (*see* Rec. Docs. 342, 355, 456, 501, 547, 572, 618, 637, and 640). The original discovery deadline was September 12, 2023, and was moved each time the scheduling order was amended. The most recent scheduling order (R. Doc. 640), filed on October 1, 2024, ordered that depositions for trial use and all discovery shall be completed not later than June 2, 2025, giving the parties eight additional months for discovery.

The parties went to a status conference on August 27, 2024, where Crosby Tugs, LLC ("Crosby") pressed for a trial date. Shortly thereafter, the Court set a settlement conference specifically for the claims of the Harvey Seas Interests. That conference was held on September 13, 2024 but as respects the Moving Defendants, it failed. (See R. Doc. 635).[1] Nevertheless, at no point since then has any party requested any discovery from any of the Harvey Seas Interests.

As per the deadlines set out in the October 1, 2024 amended scheduling order (R. Doc. 640), the THOR Interests and the Moving Defendants produced their liability expert

[1] Crosby and Dawn Services attended the settlement conference while Martin could not. The THOR Interests also attended the settlement conference and subsequently, an agreement was reached to settle the claims of the Harvey Seas Interests against the THOR Interests, pursuant to which the Harvey Seas Interests reserved rights against the Moving Defendants. A notice of settlement was filed by the Harvey Seas Interests on February 4, 2025, the day before the conference at which the trial date was set (R. Doc. 674).

reports on January 17, 2025.[2] All parties filed their witness and exhibit lists on January 24, 2025. There were no surprises, as all parties have long known about the key witnesses and exhibits. But even if there had been, at that time there were still over four months left to conduct discovery.

The next status conference was held on February 5, 2025. During that conference, no party asked to move any deadlines. Rather, attention was on setting a trial date. Based on the scheduling order in place, and as Crosby had requested, a trial date was selected for January 20, 2026, with the pre-trial conference set for December 18, 2025. The trial and pre-trial dates dovetail perfectly with the dates set in R. Doc. 640 for filing of dispositive motions and *Daubert* motions (July 28, 2025) and other motions in limine (August 25, 2025). A briefing schedule is to be set for each dispositive motion and *Daubert* motion filed, and opposing briefs to other motions in limine filed at the August 25, 2025 deadline will be due September 22, 2025. All this was designed to allow for an orderly process providing adequate time for the Court to consider and decide dispositive motions, *Daubert* motions, and motions in limine, so that the rulings are known in advance of the preparation of the pre-trial order and as the parties make final preparations for the pre-trial conference and the trial. At the time when the trial and pre-

[2] Several parties also produced rebuttal expert reports on the March 28, 2025 deadline set forth in R. Doc. 640. Crosby also produced untimely supplemental liability expert reports on that date.

trial conference dates were picked, no one raised any concerns, and all parties fully knew all the deadlines that were set out in the scheduling order.

An additional status conference was scheduled for April 15, 2025. In the days leading up to that conference, the Court canvassed the parties, and the result was that the status conference was cancelled because "all counsel were in agreement that the status conference was not necessary." Rec. Doc. 688. Obviously, no one raised any concern about the discovery deadline, which was then about six weeks away.

Since the failed settlement conference on September 13, 2024, a period of well over eight months, no one had asked any of the Harvey Seas Interests for any discovery. Suddenly, on May 30, 2025, the Friday before the Monday, June 2, 2025, discovery deadline, Crosby began asking for consent to move the discovery deadline by almost four months. Crosby then filed a deficient motion to amend the scheduling order on the June 2, 2025 discovery deadline (R. Doc. 726).[3]

The Moving Defendants have had ample time to prepare their case, and this Court has been patient in allowing them to do so. The proposal by the Moving Defendants to move the deadline for witness and exhibit lists makes no sense as all parties have already met those deadlines. The dates the Moving Defendants propose for dispositive motions, *Daubert* motions, and motions in limine in this multi-party, multi-faceted case would

[3] Crosby corrected the deficient filing on June 5, 2025 (R. Doc. 727). The exhibit attached to Crosby's motion seeks to move not only the discovery deadline, but also the already expired deadline for filing witness and exhibit list, and the deadlines for pre-trial motions.

require significant briefing and work by this Court and the parties during the holidays, thereby creating the very time crunch over the holidays that the Court and the parties sought to avoid. And the Harvey Seas Interests should not be subjected to the cost and inconvenience of late discovery when no one requested anything from any of them in the well more than eight months since the failed settlement conference. For these reasons, the Harvey Seas Interests object to the Motion to Amend and particularly to any further discovery being pursued against any of the Harvey Seas Interests by any party.[4]

## LAW AND ARGUMENT

The Harvey Seas Interests respectfully request that this Court deny the Moving Defendant's Motion to Amend. Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." *Green v. Archer Daniels Midland*, CV 10-4481, 2012 WL 85409, at *2 (E.D. La. Jan. 11, 2012). "The good cause standard requires a showing by the movant that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 602 (5th Cir. 2021). The Moving Defendants have failed to show good cause for the Motion to Amend as they made no effort to meet the discovery deadline in the eight months since the latest amended scheduling order was entered, and

[4] Specifically, the Harvey Seas Interests object to any further discovery aimed at any of the Harvey Seas Interests, and the Harvey Seas Interests object to the Moving Defendants' request to move the date for filing witness and exhibit lists (which have already been filed) and the motion deadlines. If the personal injury claimants or other property damage claimants wish to voluntarily allow Moving Defendants to conduct additional discovery on their claims after the discovery deadline, so be it, as long as it does not impact the Harvey Seas Interests.

then waited until the discovery deadline to file the instant motion. Furthermore, they have had four and half years to conduct discovery. The Harvey Seas Interests should not be subjected to additional, last-minute discovery and additional expense in a case where Harvey Gulf has already endured a tremendous amount of lengthy and expensive discovery and when no discovery has been sought from any of the Harvey Seas Interests in the past eight months.

Moreover, Federal Rule of Civil Procedure 16(b) authorizes district courts to control and expedite the discovery process through a scheduling order. *See* Fed. R. Civ. P. 16(b). "Consistent with this authority, the Court has 'broad discretion' to enforce its scheduling order." *Consol. Envtl. Mgmt., Inc.--Nucor Steel Louisiana v. Zen-Noh Grain Corp.*, 981 F.Supp.2d 523, 535 (E.D. La. 2013); *see Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) ("[O]ur court gives the trial court 'broad discretion to preserve the integrity and purpose of the pretrial order.'") (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979)). This Court has the power to control its schedule and should not be inconvenienced by the Moving Defendants' failure to timely conduct discovery in accordance with the Court's order. At best, the Moving Defendants' motion would inconvenience the Court and all parties. At worst, it could imperil the trial date that Crosby was so adamant needed to be scheduled to force the parties to move the case to resolution. As we approach the fifth anniversary of the event, the Harvey Seas Interests

submit that there should be no further delays, that the schedule agreed by all parties should hold, and that case should proceed to trial on January 20, 2026.

## CONCLUSION

Based on the foregoing, the Court should deny the Moving Defendants' Motion to Amend. Four and half years for discovery is more than sufficient, and the Moving Defendants have not shown good cause for amending the Court's order. Neither this Court, nor the other parties to this litigation should be inconvenienced by the Moving Defendants' delay in conducting discovery.

Respectfully submitted,

**ADAMS AND REESE LLP**

*/s/ Catherine N. Creed*
Edwin C. Laizer (#17014)
Johnny L. Domiano (#24383)
Matthew C. Guy (#31182)
Charles A. Cerise, Jr. (#1755)
Catherine N. Creed (#39851)
ADAMS AND REESE LLP
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: 504-581-3234
Facsimile: 504-553-9776
ed.laizer@arlaw.com
johnny.domiano@arlaw.com
matthew.guy@arlaw.com
charles.cerise@arlaw.com
cate.creed@arlaw.com
**ATTORNEYS FOR HARVEY SEAS, LLC AND HARVEY GULF INTERNATIONAL MARINE LLC**

*And*

**STAINES, EPPLING & KENNEY, LLC**

/s/ *Jason R. Kenney*
Jason R. Kenney (#29933)
Corey P. Parenton (#32918)
3500 North Causeway Blvd, Suite 820
Metairie, Louisiana 70002
Telephone: (504) 838-0019
Facsimile: (504) 838-0043
Email: jason@seklaw.com
corey@seklaw.com
*Counsel for Certain Underwriters subscribing to Hull & Machinery Policy # GCP 19537*