## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALL COAST, LLC** | **CIVIL ACTION NO: 21-258**<br>**c/w 21-337, 21-464, 21-822, 21-1968, 21-1969,**<br>**21-1982, 21-1981, 21-2075, 21-2227** |
| **VERSUS** | |
| **SHORE OFFSHORE SERVICES, LLC** | **SECTION "A"**<br>**HON. JAY C. ZAINEY** |
| | **MAGISTRATE: (4)**<br>**HON. KAREN WELLS ROBY** |
| | **APPLIES TO ALL CASES** |

**EXHIBIT**

**5**

### OMNIBUS DISCOVERY REQUESTS TO
### GLOBAL TOWING SERVICES, L.L.C., OFFSHORE TOWING INC., AND RAF, INC.

NOW INTO COURT, through undersigned counsel, come defendants, RAF, Inc., Global Towing Services, LLC, and Offshore Towing, Inc., (hereinafter "Global Towing"), who Answers THOR's Omnibus Discovery Requests with respect avers:

### INTERROGATORIES

**INTERROGATORY NO. 1:**

Please itemize and describe any and all physical damages you claim were suffered by ROLAND A. FALGOUT, including identification of any survey, inspection, report, or invoice describing, identifying, quantifying and/or cataloging any such alleged physical damage.

**ANSWER NUMBER 2:**

See Report of Tim Anselmi dated September 29, 2021 with attachments previously produced in Initial Disclosures.

1

**INTERROGATORY NO. 2:**

Please describe any claim you are making for consequential damages, including an itemization of the damages, the reason for the alleged loss, and its alleged relationship to the Incident.

ANSWER NUMBER 2:

See attached report of Aldon Wahl.

**INTERROGATORY NO. 3:**

Please describe the efforts that you took to mitigate your damages associated with your loss of use claim.

ANSWER NUMBER 3:

Repairs were made to the ROLAND after impact. See Anselmi report for repair efforts.

**INTERROGATORY NO. 4:**

Please describe your methodology for calculating that loss of use claim.

ANSWER NUMBER 4:

See attached report of Aldon Wahl.

**INTERROGATORY NO. 5:**

Please identify the person(s) most knowledgeable about the pre-Incident condition, maintenance and dry dock schedule of ROLAND A. FALGOUT.

ANSWER NUMBER 5:

Henry Bailey or Curtis Bailey.

**INTERROGATORY NO. 6:**

Please identify the person(s) most knowledgeable about all of owner's work, repairs, maintenance and/or overhauls performed aboard ROLAND A. FALGOUT during the post-Incident repairs process.

ANSWER NUMBER 6:

Tim Anselmi, Henry Bailey and Curtis Bailey.

**INTERROGATORY NO. 7:**

Please identify by name any logs, records and/or reports regarding the operation, maintenance, and/or repair needs of ROLAND A. FALGOUT.

ANSWER NUMBER 7:

See Tim Anselmi's reports with attachments previously produced with Initial Disclosures.

**INTERROGATORY NO. 8:**

Please identify the person(s) most knowledgeable about the scheduling of each of your owned, operated or chartered vessels in 2019, 2020 and 2021, including but not limited to, ROLAND A. FALGOUT and any and all vessels which might have been substituted for ROLAND A. FALGOUT during the post-Incident repairs process.

ANSWER NUMBER 8:

Henry Bailey or Curtis Bailey.

**INTERROGATORY NO. 9:**

Please provide detailed information concerning the location, usage, and availability of all your vessels in your fleet, during the period of time you are claiming loss of use.

ANSWER NUMBER 9:

| a. | Finn Falgout | Port Canaveral, FL |
|----|--------------|---------------------|
| b. | Zion Falgout | Mayor Point Terminal, GA |
| c. | Roland Falgout | secured to pilings in Fourchon |
| d. | Lady Ora | Conrad, Amelia |
| e. | Wilkin Falgout | Brownsville, TX |
| f. | Mr Jonah | Brownsville, TX |

**INTERROGATORY NO. 10:**

Please identify the person(s) most knowledgeable about your crew training program.

ANSWER NUMBER 10:

Henry Bailey or Curtis Bailey.

**INTERROGATORY NO. 11:**

Please identify the person(s) most knowledgeable about your policies and procedures regarding storm response and preparedness, including but not limited to any provisions pertaining to mooring to dolphins during a hurricane.

ANSWER NUMBER 11:

Henry Bailey or Curtis Bailey.

**INTERROGATORY NO. 12:**

Please identify and describe any corrective or remedial actions or changes in your policies and procedures that were taken by you regarding storm response and preparedness after the Incident, including but not limited to any provisions pertaining to mooring to dolphins during a hurricane.

ANSWER NUMBER 12:

    None.

**INTERROGATORY NO. 13:**

    Please identify and describe any personnel reprimands or disciplinary actions that were taken by you as a result of this Incident.

ANSWER NUMBER 13:

    None.

**INTERROGATORY NO. 14:**

    Please identify by name, title/position, address, and telephone number each and every person involved in the positioning of and/or mooring of ROLAND A. FALGOUT in Bayou Lafourche in preparation for and during Hurricane Zeta and/or the decision to moor to dolphins in Bayou Lafourche in advance of and during Hurricane Zeta.

ANSWER NUMBER 14:

    Offshore Towing leases the pilings in Bayou Lafourche.

    Crew moored the ROLAND FALGOUT under the direction of Henry Bailey of Offshore Towing and the captain of the ROLAND FALGOUT, Ronald Plaissance, who can be reached through undersigned counsel.

**INTERROGATORY NO. 15:**

    Please describe any surveys, inspections or analyses performed by you or on your behalf or which were obtained by you or provided to you or considered by you in determining the suitability of the mooring dolphins you moored ROLAND A. FALGOUT to in preparation for and during Hurricane Zeta.

ANSWER NUMBER 15:

None in addition to the response to Answer Number 14.

**INTERROGATORY NO. 16:**

Please identify by name, title/position, address, and telephone number each and every person aboard ROLAND A. FALGOUT at the time of the Incident, and for each state:

a. Their location on the vessel at the time of the Incident;

b. How long before the Incident each had held their position on board ROLAND A. FALGOUT;

c. The number of hurricanes each had spent on board ROLAND A. FALGOUT or a comparable vessel before the Incident; and

d. The number of hurricanes each had spent on board ROLAND A. FALGOUT or a comparable vessel while moored to dolphins in Bayou Lafourche before the Incident.

ANSWER NUMBER 16:

See attached incident date boat log.

a.      Moored to the dolphins at Port Founchon.  See Coast Guard report attached.

b.      Objection – relevancy.

c.      None.

d.      None.

**INTERROGATORY NO. 17:**

Please state when and how ROLAND A. FALGOUT first became aware that THOR had broken away from Martin Energy Services Dock No. 16 in the Port of Fourchon, Louisiana.

ANSWER NUMBER 17:

The ROLAND FALGOUT was not notified.  The captain of the ROLAND FALGOUT suddenly saw the THOR upon the vessel.

**INTERROGATORY NO. 18:**

Please state whether ROLAND A. FALGOUT's engines were powered on when the vessel learned that THOR had broken away from Martin Energy Services Dock No. 16 in the Port of Fourchon, Louisiana, and if so, describe in detail what heading, rudder and/or engine commands she was maintaining at that time.

ANSWER NUMBER 18:

The engines were on at the time of the incident but were idle.  When the captain saw the THOR nearing the ROLAND FALGOUT, he put the engines in gear and tried to break the lines tied to the pilings to get out of the way.

**INTERROGATORY NO. 19:**

Please describe in detail the manner in which ROLAND A. FALGOUT was moored to the dolphins in Bayou Lafourche at the time of the Incident, including the position and/or placement of any and all mooring lines.

ANSWER NUMBER 19:

The lines of the ROLAND FALGOUT were tied at bow, quarter forward bit, quarter stern and the stern bit.

**INTERROGATORY NO. 20:**

Please identify by name and address the owner of the mooring dolphins to which you claim ROLAND A. FALGOUT was moored at the time of the Incident.

ANSWER NUMBER 20:

Port Founchon Harbor Port Authorities located at 108 A O Rapplelet Road, Golden Meadow, LA 70357. Offshore Towing leases the mooring dolphins.

**INTERROGATORY NO. 21:**

Please describe in detail any and all navigational maneuvers and/or evasive actions taken by ROLAND A. FALGOUT when the vessel learned that THOR had broken away from Martin Energy Services Dock No. 16 and to otherwise to avoid contact with THOR or any other structure(s) or vessel(s) during the Incident.

ANSWER NUMBER 21:

The ROLAND FALGOUT was not informed the THOR had broke free from her mooring location.. Suddenly, the ROLAND'S crew saw the THOR upon them, while the ROLAND FALGOUT was sitting idle with engines running. The captain of the ROLAND FALGOUT put the engines in gear to try and break the lines to get out of the way but was rear-ended by the THOR.

**INTERROGATORY NO. 22:**

Please state whether ROLAND A. FALGOUT's engines were powered when you allege contact was made between ROLAND A. FALGOUT and THOR, and if so, describe in detail what heading, rudder and/or engine commands she was maintaining at that time.

ANSWER NUMBER 22:

The engines were running and were on idle/standby. The rudder was midship/straight ahead.

**INTERROGATORY NO. 23:**

Please identify by name, title/position, address, and telephone number each and every person who investigated the Incident on your behalf.

ANSWER NUMBER 23:

Under the direction of Rufus Harris, Tim Anselmi of Marine Surveying and Consulting, 5575 Hwy 1, P.O. Box 217, Lockport, LA 70374 investigated the incident in question.  Mr. Anselmi can be contacted through undersigned counsel.

**INTERROGATORY NO. 24:**

Please identify by name, date, and author all incident, accident, investigative, and root cause analysis reports completed by you or on your behalf in relation to the Incident, including but not limited to any reports submitted to the U.S. Coast Guard or other government agency.

ANSWER NUMBER 24:

See attached Report of Marine Casualty, Commercial Diving, or OCS- Related Casualty dated October 28, 2020

**INTERROGATORY NO. 25:**

Please provide detailed information concerning all repairs, refits, modifications, alterations, changes, and/or work performed on ROLAND A. FALGOUT since it was originally delivered to you, including the date, location, and reason for such service.

ANSWER NUMBER 25:

See previously produced reports of Tim Anselmi.

**INTERROGATORY NO. 26:**

If you have taken any statements in relation to the Incident, please identify the name, title/position, address, and telephone number of any person who provided a statement, the date of

the statement, and the name, title/position, address, and telephone number of the person who took the statement.

ANSWER NUMBER 26:

    None.

**INTERROGATORY NO. 27:**

    Please describe any pre-existing damage left unrepaired or modification, maintenance, replacement, renewal, renovation, or improvement work that you had planned for ROLAND A. FALGOUT or were planning (but had not yet completed) at the time of the Incident.

ANSWER NUMBER 27:

    None.

**INTERROGATORY NO. 28:**

    Please describe any way in which your normal operations, procedures, or practices have changed as a result of the Incident.

ANSWER NUMBER 28:

    No changes.

**INTERROGATORY NO. 29:**

    Please describe any complaints (formal or informal) that were made to you following the Incident regarding ROLAND A. FALGOUT's performance before, during or after the Incident.

ANSWER NUMBER 28:

    None.

**INTERROGATORY NO. 30:**

Please state all facts upon which you base your contention that the THOR Interests were negligent or breached any duty to you.

ANSWER NUMBER 30:

Please see Global Towing's Answer filed in the captioned matter. More specifically, the THOR'S moorings and hurricane preparedness/policy were deficient.

**INTERROGATORY NO. 31:**

Please state all facts upon which you base your contention that the CROSBY ENDEAVOR Interests were negligent or breached any duty to you.

ANSWER NUMBER 31:

Failure to prevent the THOR'S breakaway.

**INTERROGATORY NO. 32:**

Please state all facts upon which you base your contention that the Martin Interests were negligent or breached any duty to you.

ANSWER NUMBER 32:

Insufficient dock mooring apparatus.


**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Please produce and identify by bates number your personnel file for each crew member on board ROLAND A. FALGOUT at the time of the Incident, including but not limited to licenses, certifications and training records for each.

RESPONSE TO REQUEST NUMBER 1:

Objection – irrelevant and unlikely to lead to discoverable information.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce and identify by bates number any and all ROLAND A. FALGOUT safety meeting/training records, including memoranda, bulletins and/or alerts, regarding storm response and preparedness for January 2020 through December 2021.

RESPONSETO REQUEST NUMBER 2:

Objection; overbroad and over burdensome. But see attached Weekly Safety Meeting Report dated 10/26/20, along with the SMS Manual section dealing with hurricane preparedness (Section 8.0 H) and Hurricane Preparedness Procedure.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce and identify by bates number copies of your policies, procedures and/or training materials regarding storm response and preparedness in place at the time of the Incident, including but not limited to any provisions pertaining to mooring to another vessel during a hurricane.

RESPONSE TO REQUEST NUMBER 3:

See attached SMS Manual.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce and identify by bates number any documents evidencing ROLAND A. FALGOUT s specifications, including but not limited to, vessel particulars, general arrangements, hull diagrams, and/or maneuvering characteristics.

RESPONSE TO REQUEST NUMBER 4:

See attached Certificate of Documentation dated 6/2/17.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce the voyage plan and/or standing orders as they existed on board ROLAND

A. FALGOUT on 28 October 2020.

RESPONSE TO REQUEST NUMBER 5:

None.  However, see attached hurricane preparedness safety meeting dated 10/26/20.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce and identify by bates number a copy of the chart in use onboard ROLAND

A. FALGOUT on 28 October 2020.

RESPONSE TO REQUEST NUMBER 6:

Objection, relevance.  However, the chart has been requested from the client and will be

forwarded upon receipt.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce and identify by bates number ROLAND A. FALGOUT's crew list for 28

October 2020.

RESPONSE TO REQUEST NUMBER 7:

See master log dated 10/28/20.  Crew aboard the ROLAND FALGOUT at the time of the

incident was Roland Plaisance, Brian Brown, Franklin Nerren and Jose Fernandez.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce and identify by bates number a copy of all logs, records, reports and/or

documents regularly drafted, completed or recorded on board ROLAND A. FALGOUT, including

but not limited to engine logs, engine order logs, bell books, rudder command logs, deck logs,

captain's logs, maintenance and repair logs, alarm logs, position reports, and/or any other similarly described dispatching or fleet logs and documents from 25 October 2020 through 31 October 2020.

RESPONSE TO REQUEST NUMBER 8:

Objection – irrelevant and unlikely to lead to discoverable information.  Observing the objection and to the extent a response is required, see previously produced logs with Initial Disclosures from October 25, 2020 – October 31, 2020.  See attached maintenance and repair logs, and position reports dated October 25, 2020 through October 31, 2020.

Alarm logs have been requested from the client and, if any, will be forwarded upon receipt.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce and identify by bates number copies of records, reports and/or certificates from any and all surveys and/or inspections conducted of ROLAND A. FALGOUT from January 1, 2011 to present, including but not limited to audits, class surveys, condition surveys, valuations, and/or inspections by any third party or government agency.

RESPONSE TO REQUEST NUMBER 9:

Objection - overbroad, irrelevant and unlikely to lead to discoverable information. Observing the objection and to the extent a response is required, see attached Certificate of Inspection dated 1/8/19; along with ABS Annual Survey Subchapter M dated 6/30/20, 7/23/21, and 2/17/22.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce and identify by bates number documentation of any and all internal communications concerning the Incident, including but not limited to communications between your offices and ROLAND A. FALGOUT concerning Hurricane Zeta, ROLAND A. FALGOUT's

storm preparations, the decision to moor ROLAND A. FALGOUT to dolphins in Bayou Lafourche in advance of and during Hurricane Zeta, and/or your claimed damages.

RESPONSE TO REQUEST NUMBER 10:

See attached hurricane preparedness safety meeting, hurricane preparedness section of the attached SMS Manual and hurricane preparedness procedure.

## **REQUEST FOR PRODUCTION NO. 11:**

Please produce and identify by bates number documentation of any and all communications between you and the owner of the dolphins to which ROLAND A. FALGOUT was moored at the time of the Incident concerning the Incident, including but not limited to Hurricane Zeta, ROLAND A. FALGOUT's storm preparations, and/or the decision to moor ROLAND A. FALGOUT to dolphins in Bayou Lafourche in advance of and during Hurricane Zeta, and your claimed damages.

RESPONSE TO REQUEST NUMBER 11:

None. The ROLAND FALGOUT has a lease to use the dolphins at Bayou Lafourche. The decision to moor there was made under the direction of Henry Bailey of Offshore Towing and the captain of eth ROLAND FALGOUT, Ronald Plaissance.

## **REQUEST FOR PRODUCTION NO. 12:**

Please produce and identify by bates number any surveys, inspections or analyses performed by you or on your behalf or which were obtained by you or provided to you or considered by you in determining the suitability of the mooring dolphins you moored ROLAND A. FALGOUT to in preparation for and during Hurricane Zeta.

RESPONSE TO REQUEST NUMBER 12:

Offshore Towing follows the direction of the Fouchon Harbor Master for where to safely moor the vessels.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce a copy of any and all drug and alcohol testing results for the persons on board ROLAND A. FALGOUT on 28 October 2020.

RESPONSE TO REQUEST NUMBER 13:

See attached drug test.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce and identify by bates number all documentation of any and all communications between you and any government agency, including but not limited to the U.S. Coast Guard, the Greater Lafourche Port Commission, the National Transportation Safety Board, and/or the Army Corps of Engineers, concerning the Incident, including but not limited to Hurricane Zeta, ROLAND A. FALGOUT's storm preparations, and/or the decision to moor ROLAND A. FALGOUT to dolphins in Bayou Lafourche in advance of and during Hurricane Zeta, and your claimed damages.

RESPONSE TO REQUEST NUMBER 14:

See attached Coast Guard report.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce and identify by bates number an itemized claim statement describing each category and element of damages claimed.

RESPONSE TO REQUEST NUMBER 15:

See previously produced surveys of Tim Anselmi.  Any claim statement for the hull damages will come from underwriters.  The loss of use claim is addressed in the report of Aldon Wahl.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce and identify by bates number supporting documents for your physical damage claim, including, but not limited to, surveyor reports, bid requests, bids, proposals, costs analyses, contracts, work orders, works logs, time sheets, receipts, invoices, and/or proofs of payment.

RESPONSE TO REQUEST NUMBER 16:

See previously produced surveys of Tim Anselmi, along with invoices and photographs. More specifics will come from hull underwriters for the vessel owner.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce and identify by bates number supporting documents for this claim and proofs of payment detailing surveyor's expenses which you attribute to the subject Incident.

RESPONSE TO REQUEST NUMBER 17:

See previously produced surveys of Tim Anselmi, along with his invoices.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce and identify by bates number supporting documents for this claim and any other consequential damages claimed by you and not quantified in response to the foregoing requests.

RESPONSES TO REQUEST NUMBER 18:

See above.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce and identify by bates number all documentation evidencing your efforts to mitigate your damages arising from this Incident.

RESPONSE TO REQUEST NUMBER 19:

Repairs were initiated soon after the casualty.

**REQUEST FOR PRODUCTION NO. 20:**

Please produce and identify by bates number all documents, records and spreadsheets, electronic or otherwise showing the scheduling and status of each of your owned, operated or chartered vessels in 2019, 2020 and 2021, including, but not limited to, vessels which might have substituted for ROLAND A. FALGOUT after the Incident.

RESPONSE TO REQUEST NUMBER 20:

Objection – irrelevant, overbroad and unlikely to lead to discoverable information. Observing the objection and to the extent a response is required, the ZION was substituted for the ROLAND FALGOUT when she was damaged.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce and identify by bates number ROLAND A. FALGOUT's voyage data recorder ("VDR") concerning the subject Incident.

RESPONSE TO REQUEST NUMBER 21:

None.

**REQUEST FOR PRODUCTION NO. 22:**

Please produce and identify by bates number ROLAND A. FALGOUT's electronic chart display ("ECDIS") and/or Rose Point, or other electronic charting and navigation software recordings, concerning the subject Incident.

RESPONSE NUMBER 22:

None.

## REQUEST FOR PRODUCTION NO. 23:

Please produce and identify by bates number copies of any and all navigation data recorded by navigation electronic equipment in your office(s) or aboard ROLAND A. FALGOUT, including, but not limited to, data from her course recorder, radar, Automatic Identification System ("*AIS*"), and/or GPS, concerning the subject Incident.

RESPONSES NUMBER 23:

None, navigation was not saved.

## REQUEST FOR PRODUCTION NO. 24:

Please produce and identify by bates number any and all radio logs, radio recordings, voice recordings and/or transcriptions of recordings concerning the subject Incident.

RESPONSE NUMBER 24:

Information has been requested from the client and if any will be forwarded upon receipt.

## REQUEST FOR PRODUCTION NO. 25:

Please produce and identify by bates number any photographs and/or video recordings of the Incident or any aspect thereof, including, but not limited to, recordings made by phone, tablet, camera, camcorder, video camera, smart device and/or CCTV from any of your vessels or by any of your employees or agents.

RESPONSE NUMBER 25:

See attached video of the incident.

**REQUEST FOR PRODUCTION NO. 26:**

Please produce and identify by bates number any and all weather forecasts, data, circulars, and/or alerts received, obtained, recorded, and/or issued by you in October 2020.

RESPONSE NUMBER 26:

None.

**REQUEST FOR PRODUCTION NO. 27:**

Please produce and identify by bates number copies of all incident, accident, investigative, and root cause analysis reports completed and/or produced by you or on your behalf in relation to the Incident in question, including but not limited to any reports submitted to the U.S. Coast Guard or other government agency.

RESPONSE TO REQUEST NUMBER 27:

See attached ROLAND FALGOUT's Report of Marine Casualty dated 10/28/20.

**REQUEST FOR PRODUCTION NO. 28:**

Please produce and identify by bates number all e-mails, reports, specifications, requests for bid, planned maintenance schedules, invoices and other records concerning owner's work, repairs, maintenance, and overhaul carried out aboard ROLAND A. FALGOUT for the years 2016 through 2021.

RESPONSE TO REQUEST NUMBER 28:

Objection – irrelevant, overbroad and unlikely to lead to discoverable information. Observing the objection and to the extent a response is required, see previously produced surveys and invoices from Tim Anselmi concerning damages from the incident in question.

**REQUEST FOR PRODUCTION NO. 29:**

Please produce and identify by bates number any and all insurance policies or certificates of entry for ROLAND A. FALGOUT that were in effect on 28 October 2020.

RESPONSE TO REQUEST NUMBER 29:

See attached hull policy.

**REQUEST FOR PRODUCTION NO. 30:**

Please produce and identify by bates number any and all documentation evidencing any payments received by you from any other insurers as a result of this Incident.

RESPONSE TO REQUEST NUMBER 30:

None.

**REQUEST FOR PRODUCTION NO. 31:**

Please produce and identify by bates number any and all contracts and/or agreements in place between you and the owner or operator of the mooring dolphins to which ROLAND A. FALGOUT was moored on the date of the Incident.

RESPONSE NUMBER 31:

See attached Mooring Dolphin Lease dated July 15, 2015.

**REQUEST FOR PRODUCTION NO. 32:**

Please produce and identify by bates number any and all charter parties, contracts, master service agreements and/or work orders in place regarding the operation and/or use of ROLAND A. FALGOUT on the date of the Incident and/or upon which you rely to document ROLAND A. FALGOUT's loss of use claim.

RESPONSE TO REQUEST NUMBER 32:

See previously produced Blanket Boat time Charter between Murphy Exploration and Offshore Towing produced with Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 33:**

Please produce and identify by bates number all notices of protest, notices of cancellation, notices of liability and/or off-hire notices tendered to or by you as a result of the Incident.

RESPONSE TO REQUEST NUMBER 33:

None, after about 3 weeks, the ZION subbed for the ROLAND FALGOUT until her repairs were complete.

**REQUEST FOR PRODUCTION NO. 34:**

Please produce and identify by bates number all deck logs, port logs, off-hire statements, and other documentation showing ROLAND A. FALGOUT's time off-hire as result of the subject Incident and/or Incident related repairs.

RESPONSE TO REQUEST NUMBER 34:

The ROLAND was undergoing repairs for 271.75 days.  Thus, her charter loss was $1,492,161.

See previously produced logs for the ROLAND from 10/1/20 – 7/30/21.

**REQUEST FOR PRODUCTION NO. 35:**

Please produce and identify by bates number the engine log books, off-hire statements, and other documentation showing the cost of fuel and oil consumed by ROLAND A. FALGOUT while off-hire which you attribute to the subject Incident.

RESPONSE TO REQUEST NUMBER 35:

N/A.

**REQUEST FOR PRODUCTION NO. 36:**

Please produce and identify by bates number all statements (written or recorded) taken by you or on your behalf from any witnesses concerning the Incident and/or your alleged damages.

RESPONSE TO REQUEST NUMBER 36:

None.

**REQUEST FOR PRODUCTION NO. 37:**

Please produce all documents identified in, referenced, or relied upon in preparation of your Answers to the foregoing Interrogatories.

RESPONSE TO REQUEST NUMBER 37:

They are attached or previously produced with Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 38:**

Please produce all documents identified in, referenced, or relied upon in preparation of but not produced with your Initial Disclosures.

RESPONSE TO REQUEST NUMBER 38:

They are attached.

**REQUEST FOR PRODUCTION NO. 39:**

Please produce and identify by bates number all exhibits or tangible things you may or will introduce at the trial of this matter.

RESPONSE TO REQUEST NUMBER 39:

Exhibits have not yet been determined but will be produced in accordance with the court's Scheduling Order.

**REQUEST FOR PRODUCTION  NO. 40:**

Please produce and identify by bates number the Certificate(s) of Documentation for the ROLAND A. FALGOUT from the period of 2015 through present.

RESPONSE TO REQUEST NUMBER 40:

Objection – irrelevant, overburdensome.  Observing the objection and to the extent a response is required Certificate of Documentation for the incident date is no longer in our client's possession.  Procedure is to only keep the current Certificate.

**REQUEST FOR PRODUCTION NO. 41:**

Please produce and identify by bates number the Certificate(s) of Inspection for the ROLAND A. FALGOUT from the period of 2015 through present.

RESPONSE TO REQUEST NUMBER 41:

See response to request number 9.

**REQUEST FOR PRODUCTION NO. 42:**

Please produce and identify by bates number all Documents and Communications sent or received by You to or from your insurer or any/other insurer or their representative/correspondent relating to the Incident and/or the value, condition, maintenance, or seaworthiness of the ROLAND A. FALGOUT, including any surveys or inspections performed.

RESPONSE TO REQUEST NUMBER 42:

Objection; irrelevant.  But see surveys of Tim Anselmi produced with Initial disclosures.

**REQUEST FOR PRODUCTION NO. 43:**

Please produce and identify by bates number all Documents and Communications related to any other accidents or incidents that the ROLAND A. FALGOUT was involved in from January 1, 2011 through present.

RESPONSE TO REQUEST NUMBER 43:

None.

**REQUEST FOR PRODUCTION NO. 44:**

Please produce any and all charts, maps, indexes, plans, plots and/or surveys in your possession at the time of the Incident that depict the location of any and all underwater and/or buried piping, wiring, and/or cabling in Bayou Lafourche, including but not limited to the vicinity where ROLAND A. FALGOUT was moored at the time of the Incident.

RESPONSE TO REQUEST NUMBER 44:

None.

**REQUEST FOR PRODUCTION NO. 45:**

Please produce any and all charts, maps, indexes, plans, plots and/or surveys that you acquired following the Incident that depict the location of any and all underwater and/or buried piping, wiring, and/or cabling in Bayou Lafourche, including but not limited to the vicinity where ROLAND A. FALGOUT was moored at the time of the Incident.

RESPONSE TO REQUEST NUMBER 45:

None.

Respectfully submitted,

/S/ RUFUS C. HARRIS, III

_____

RUFUS C. HARRIS, III, T.A. (#6638)
JASON KENNEY (#29933)
COREY PARENTON (#32918)
JAMES CROUCH, JR. (#35729)
Staines, Eppling & Kenney, LLC
3500 North Causeway Blvd., Suite 820
Metairie, Louisiana 70002
Telephone: (504) 838-0019
Email: rufus@seklaw.com
Attorneys RAF, Inc., Global Towing Services, LLC, and
Offshore Towing, Inc.,


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above pleading has been served upon all counsel of record, either by hand delivery, facsimile transmission, electronic transmission (e-mail), or by placing same in the United States mail, properly addressed and postage prepaid, on this 6th day of July, 2022.

/S/ RUFUS C. HARRIS, III

_____

RUFUS. C. HARRIS, III