UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALL COAST, LLC<br><br>VERSUS<br><br>SHORE OFFSHORE SERVICES, LLC | CIVIL ACTION NO: 21-258<br>c/w 21-337, 21-464, 21-822, 21-1968, 21-1969, 21-1982, 21-1981, 21-2075, 21-2227, 23-3220<br><br>SECTION "A"<br>HON. JAY C. ZAINEY<br><br>MAGISTRATE: (3)<br>HON. EVA J. DOSSIER<br><br>APPLIES TO ALL CASES |

**MOTION FOR PARTIAL SUMMARY JUDGMENT
AS TO C-PORT, LLC'S RECOVERABLE DAMAGES**

**NOW INTO COURT**, through undersigned counsel, come Limitation-Petitioners, Modern American Railroad Services, L.L.C., and Shore Offshore Services, LLC (collectively "THOR Interests"), who file this Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 to move this Honorable Court to enter judgment as a matter of law in favor of the THOR Interests as to the measure of recoverable damages claimed by C-Port, LLC ("C-Port"). As detailed in the accompanying Memorandum, there is no genuine issue of material fact that the 12 mooring dolphins C-Port claims to have owned, were damaged as a result of and removed following a maritime casualty involving the derrick barge THOR, owned and operated by the THOR Interests, and were a total loss. Consequently, C-Port is not entitled to recover loss of use or other consequential damages. Additionally, there is no genuine issue of fact that these 12 mooring dolphins were installed in 1997 and should be subject to, at most, a 40-year depreciation schedule.

Accordingly, for these reasons and as explained in the attached Memorandum, under the general maritime law (1) C-Port's claims for loss of use and consequential damages are precluded,

and (2) C-Port's recoverable damages must be limited to the cost to replace the 12 mooring dolphins, less required depreciation, and the costs C-Port incurred to remove the 12 mooring dolphins.

**WHEREFORE**, the premises considered, Limitation-Petitioners, Modern American Railroad Services, L.L.C., and Shore Offshore Services, LLC, respectfully prays that this Honorable Court grant the instant Motion by

(1) Finding the 12 mooring dolphins owned by C-Port, LLC and claimed to be damaged during the subject maritime casualty were a total loss;

(2) Dismissing, with prejudice, C-Port, LLC's claims for loss of use and other consequential damages; and

(3) Limiting C-Port, LLC's recoverable damages to the cost to replace the 12 mooring dolphins, less required depreciation, and the costs C-Port, LLC incurred to remove the 12 mooring dolphins following the subject maritime casualty.[1]

**[SIGNATURE ON FOLLOWING PAGE]**

---

[1] For reasons set forth in the attached Memorandum, C-Port's recoverable damages must be limited to, at most, 17/40 of the cost to replace the 12 mooring dolphins, as determined at trial, and expenses associated with the removal of the dolphins.

Respectfully Submitted:

*/s/ Gavin H. Guillot*
Gavin H. Guillot, T.A. (#31760)
Salvador J. Pusateri (#21036)
Aaron B. Greenbaum (#31752)
Meredith W. Blanque (#32346)
Jacob A. Altmyer (#36352)
Jonathan D. Parker (#35275)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Gavin.Guillot@pjgglaw.com
Salvador.Pusateri@pjgglaw.com
Aaron.Greenbaum@pjgglaw.com
Meredith.Blanque@pjgglaw.com
Jacob.Altmyer@pjgglaw.com
Jonathan.Parker@pjgglaw.com
**ATTORNEYS FOR MODERN AMERICAN RAILROAD SERVICES, L.L.C., AND SHORE OFFSHORE SERVICES, LLC**