UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALL COAST, LLC<br><br>VERSUS<br><br>SHORE OFFSHORE SERVICES, LLC | CIVIL ACTION NO.: 21-258 c/w 21-337, 21-464, 21-822, 21-1968, 21-1969, 21-1982, 21-1981, 21-2075<br><br>SECTION: A (3)<br><br>JUDGE JAY C. ZAINEY<br><br>MAG. JUDGE DOSSIER<br><br>ADMIRALTY - Rule 9(h)<br>Applies to: All Cases |

**MOTION FOR PARTIAL SUMMARY JUDGMENT
ON CERTAIN NON-PECUNIARY DAMAGES AND PUNITIVE DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes Limitation Petitioner, Crosby Tugs, LLC ("Crosby"), who, pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves this Honorable Court for partial summary judgment dismissing certain claims for non-pecuniary damages and punitive, or exemplary, damages asserted by Claimants, Lewis Andrews, Patrick Burnett, Brian Cloyd, Wallace McCray, Lessle Williams, and Terryn Lyons ("Personal Injury Claimants"), because such damages are not available as a matter of law to Jones Act seamen.

The Personal Injury Claimants, alleged Jones Act seamen,[1] have asserted that they are entitled to recover damages for, including but not limited to, "mental pain, suffering, and anguish," "past and future impairments and/or disfigurements," "loss of household services", "past and future loss of consortium", and "other special and all general damages contemplated under law."[2] Nevertheless, it is well-established under the Jones Act and General Maritime Law that certain

---

[1] R. Doc. 42, at p. 11, ¶ 1, R. Doc. 46, at p. 11, ¶ 1 (Burnett), R. Doc. 41, at p. 11, ¶ 1 (Cloyd), R. Doc. 43, at p. 11, ¶ 1 (McCray), R. Doc. 44, at p. 11, ¶ 1 (Williams), R. Doc. 63, at p. 8, ¶ 40 (Lyons), and R. Doc. 64, at p. 7 ¶ 35 (Lyons).
[2] R. Doc. 1, at p. 5, ¶ XIV.

#110100251v1    Page **1** of **3**

non-pecuniary damages, such as mental anguish or loss of enjoyment of life, cannot be recovered by a Jones Act seaman against either his Jones Act employer **or** against any third-party non-employer. *Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990) (finding that the Jones Act limits recovery to pecuniary losses only); *Scarborough v. Clemco Industries, Inc.*, 391 F.3d 660, 665-66 (5th Cir. 2004) (holding that neither a Jones Act seaman nor his survivors could recover non-pecuniary damages against either his employer or third-party non-employer); *Wade v. Clemco Indus. Corp.*, No. 16-502, 2017 U.S. Dist. LEXIS 13580, 2017 AMC 1104 (E.D. La. 2017) (Fallon, J.) ("[T]he Fifth Circuit has now made it clear that under both the Jones Act and general maritime law, a seaman's damages against both employers and non-employers are limited to pecuniary losses."). As such, Crosby is entitled to summary judgment on this discrete issue and the Personal Injury Claimants' claims for certain categories of non-pecuniary damages should be dismissed with prejudice. *In re Adriatic Marine, LLC*, 2022 A.M.C. 158, 2022 U.S. Dist. LEXIS 76283, at *5-7 (E.D. La. Apr. 27, 2022) (Barbier, J.); *Wilson v. Marquette Transp. Co., LLC*, No. 22-3765, 2024 U.S. Dist. LEXIS 113244, at *3 (E.D. La. June 27, 2024) (Ashe, J.); *Sanders v. Weeks Marine, Inc.*, No. 23-7317, 2024 U.S. Dist. LEXIS 176748,, at *7 (E.D. La. Sep. 27, 2024) (Ashe, J.).[3]

**WHEREFORE**, for the reasons noted herein and more fully in the accompanying Memorandum in Support, Crosby Tugs, LLC is entitled to summary judgment as a matter of law, and Plaintiffs' claim for certain non-pecuniary damages and punitive damages should be dismissed with prejudice.

---

[3] To be clear, Crosby does not dispute that seamen can recover damages for their own pain and suffering in connection with a personal injury under the Jones Act and the General Maritime Law. *See In re Denet Towing Serv., Inc.*, No. 98-1523, 1999 U.S. Dist. LEXIS 8058, at *4 (E.D. La. May 21, 1999); *Bell v. Foster Wheeler Energy Corp.*, No. 15-6394, 2017 U.S. Dist. LEXIS 31119 (E.D. La. Mar. 6, 2017). Rather, Crosby only seeks dismissal of those categories of non-pecuniary damages that are unrecoverable as a matter of law, including punitive damages; mental anguish; emotional distress; scarring/disfigurement; impairment; loss of enjoyment of life; loss of household services; and all general damages contemplated under the law.

Respectfully submitted,

/s/ Jefferson R. Tillery
JEFFERSON R. TILLERY (La. Bar No. 17831)
ALFRED J. RUFTY, III (La. Bar No. 19990)
VALERIE E. FONTENOT (La. Bar. No. 35129)
SARA B. KUEBEL (La. Bar No. 38305)
JONES WALKER, LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8616
Facsimile: (504) 589-8616
E-Mail: jtillery@joneswalker.com
arufty@joneswalker.com
vfontenot@joneswalker.com
skuebel@joneswalker.com

**Attorneys for Limitation Petitioner, Crosby Tugs, LLC**