UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALL COAST, LLC<br><br>VERSUS<br><br>SHORE OFFSHORE SERVICES, LLC | CIVIL ACTION NO.: 21-258 c/w 21-337, 21-464, 21-822, 21-1968, 21-1969, 21-1982, 21-1981, 21-2075<br><br>SECTION: A (3)<br><br>JUDGE JAY C. ZAINEY<br><br>MAG. JUDGE DOSSIER<br><br>ADMIRALTY - Rule 9(h)<br>Applies to: All Cases |

**MEMORANDUM IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT ON
CERTAIN NON-PECUNIARY DAMAGES AND PUNITIVE DAMAGES**

**MAY IT PLEASE THE COURT:**

Limitation Petitioner, Crosby Tugs, LLC ("Crosby"), moves this Honorable Court for partial summary judgment dismissing certain claims for non-pecuniary damages asserted by Claimants, because such damages are not available as a matter of law to Jones Act seamen.

**FACTUAL AND PROCEDURAL BACKGROUND[1]**

This case involves the breakaway of the D/B THOR in Port Fourchon on October 28, 2020 and alleged Jones Act and general maritime law personal injury claims. Claimants, Lewis Andrews, Patrick Burnett, Brian Cloyd, Wallace McCray, Lessle Williams and Terryn Lyons (collectively "Personal Injury Claimants"), alleged they sustained injuries as a result of an incident that occurred on October 28, 2020 while Claimants were working on the D/B THOR during

---

[1] In light of the number of Claimants and for ease of the Court's reference, Crosby will list the Claimants represented by Arnold & Itkin for the filing of the claims and any citations regarding those Claimants in alphabetical order. Mr. Lyons and his citations will be listed separately after the five other Claimants.

Hurricane Zeta.[2] Claimants worked in different capacities on the D/B THOR but were all present as crew members on October 28, 2020 during Hurricane Zeta. Additionally, all six Personal Injury Claimants alleged they were injured during the incident with injuries including back, nerve and shoulder injuries claimed by Mr. Lyons, and head, neck, back, and other body parts for the five other Claimants.[3]

Following the breakaway, on February 8, 2021, All Coast, LLC ("All Coast") filed a Complaint against Shore Offshore Services, LLC ("Shore"), Modern American Railroad Services, LLC ("MARS"), and Martin Energy Services, LLC ("Martin") for various damages arising from the breakaway.[4] Thereafter, on March 4, 2021, MARS and Shore, as owner and bareboat charterer/owner *pro hac vice*, respectively, of the THOR (collectively "the THOR Interests"), initiated a limitation action in this Court pursuant to the Limitation of Liability Act and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims ("THOR Limitation Action"). Various other previously filed suits were then consolidated into the THOR Limitation Action. On April 26, 2021, Crosby initiated its limitation action as the operator of the M/V CROSBY ENDEAVOR ("Crosby Limitation Action"). This Court then consolidated the Crosby Limitation action into the THOR Limitation Action.

The Personal Injury Claimants filed claims against Crosby in this consolidated limitation action for negligence under general maritime law.[5] In connection with their lawsuit, five of the

---

[2] R. Doc. 42, p.11 ¶¶ 1 and 3 (Andrews); R. Doc. 46, p.11 ¶¶ 1 and 3 (Burnett); R. Doc. 41, p.11 ¶¶ 1 and 3 (Cloyd); R. Doc. 43, p.11 ¶¶ 1 and 3 (McCray); R. Doc. 44, p.11 ¶¶ 1 and 3 (Williams); and R. Doc. 64, p.7 ¶ 35 (Lyons).
[3] R. Doc. 42, p.11-12 ¶¶ 2 and 8 (Andrews); R. Doc. 46, p.11-12 ¶¶ 2 and 8 (Burnett); R. Doc. 41, p.11-12 ¶¶ 2 and 8 (Cloyd); R. Doc. 43, p.11-12 ¶¶ 2 and 8 (McCray); R. Doc. 44, p.11-12 ¶¶ 2 and 8 (Williams); and R. Doc. 64, p.8 ¶ 39 (Lyons).
[4] R. Doc. 1, C.A. No. 21-258.
[5] R. Doc. 42 (Andrews); R. Doc. 46 (Burnett), R. Doc. 41 (Cloyd); R. Doc. 43 (McCray); R. Doc. 44 (Williams) and R. Doc. 64.

Personal Injury Claimants alleged they were Jones Act seamen[6] and that they were injured and prayed for certain categories of damages including:

- Compensatory damages;
- Actual damages;
- Consequential damages;
- Exemplary damages;
- Past and future medical damages;
- Past and future loss of earning capacity;
- Past and future physical pain and suffering;
- Past and future mental pain, suffering and anguish;
- Past and future impairment;
- Past and future disfigurement;
- Past and future economic loss;
- Loss of household services;
- Past and future loss of consortium;
- Past and future maintenance and cure obligations;
- Interest on damages (pre and post judgment) in accordance with the law;
- Recoverable court costs;
- Attorney fees; and
- Such other and further relief as the Court may deem just and proper.[7]

---

[6] R. Doc. 42 (Andrews); R. Doc. 46 (Burnett), R. Doc. 41 (Cloyd); R. Doc. 43 (McCray); R. Doc. 44 (Williams) and R. Doc. 64.
[7] R. Doc. 42 (Andrews); R. Doc. 46 (Burnett), R. Doc. 41 (Cloyd); R. Doc. 43 (McCray); R. Doc. 44 (Williams) and R. Doc. 64.

A sixth Personal Injury Claimant, Terrynn Lyons, also filed his claims against Crosby for negligence under general maritime law.[8] In connection with his claim, Terryn Lyons alleged he was a Jones Act seaman "permanently assigned" as a member of the crew of the THOR[9] and that he was injured and prayed for certain categories of damages including:

- Past and future lost wages;
- Past and future medical expenses;
- Other special damages; and
- All general damages contemplated under law, including impairment of earning capacity.[10]

A two-week bench trial is currently scheduled to begin January 20, 2026.[11] Notwithstanding the foregoing, as set forth herein, the law is clear that a seaman cannot recover non-pecuniary damages, such as punitive damages, mental anguish, loss of enjoyment of life, or bodily impairment/disfigurement. This recovery is unavailable against either an employer **or** a third-party non-employer.

As such, Crosby hereby moves for partial summary judgment seeking dismissal of the Personal Injury Claimants' claims for certain categories of non-pecuniary damages.

## LAW AND ARGUMENT

A.   **Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the defendant is

---

[8] R. Doc. 64.
[9] R. Doc. 64, a p. 7, ¶ 35.
[10] R. Doc. 64, p. 9 ¶ 42.
[11] R. Doc. 678.

entitled to judgment as a matter of law. FED. R. CIV. P. 56. If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Labs, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). "[A] dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

To establish an issue of fact, "[t]he non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Rueda v. Consol. Grain & Barge, Inc.*, No. 17-10326, 2018 U.S. Dist. LEXIS 150849, at *2 (E.D. La. Sep. 5, 2018) (internal citations omitted). As summarized by this Court:

> The burden of demonstrating the existence of a genuine issue is not met by "metaphysical doubt" or "unsubstantiated assertions." The Court must "resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." The Court does not, "in the absence of proof, assume that the nonmoving party could or would prove the necessary facts." If the evidence leads to only one reasonable conclusion, summary judgment is proper.

*Short v. Manson Gulf, L.L.C.*, 543 F. Supp. 2d 563, 566 (E.D. La. 2008) (internal citations omitted.). Summary judgment is appropriate in any case "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the [non-moving party]." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). *See also Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003) (noting that "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation" cannot defeat summary judgment).

Federal courts favor granting summary judgment to achieve the just, speedy, and

inexpensive determination of actions. As Judge Rubin noted, summary judgment, "affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986). Moreover, the United States Supreme Court has explained, "[s]ummary judgment procedure is properly regarded, not as a disfavored procedural shortcut, but rather as an integral part of the federal rules of the whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Furthermore, the Fifth Circuit has recognized that a district court has greater discretion to consider what weight it will accord evidence presented on a motion for summary judgment in a bench trial than in a jury trial. *Turner v. Pleasant*, No. 10-1823, 2013 U.S. Dist. LEXIS 30084, at *21 (E.D. La. Mar. 6, 2013) (Brown, J.) (citing *In re Placid Oil Co.*, 932 F.2d 394, 397 (5th Cir. 1991)). Accordingly, "[i]f a [bench] trial on the merits will not enhance the court's ability to draw inferences and conclusions, then a district judge properly should 'draw his inferences without resort to the expense of trial.'" *Placid Oil*, 932 F.2d at 398 (citing *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1124 (5th Cir. 1978)).

**B.     Maritime law precludes the recovery of certain non-pecuniary damages and punitive damages by Jones Act seamen.**

All six Personal Injury Claimants have alleged they are Jones Act seamen and have asserted claims under the general maritime law against Crosby.[12]

In the 1990 seminal case of *Miles v. Apex Marine Corp.*, 498 U.S. 19, 32-33 (1990), after examining the history and enactment of the Jones Act,[13] the Supreme Court established a uniform

---

[12] *Supra*, Notes 2 and 3.
[13] As explained in *Miles*, in 1908, twelve years prior to passing the Jones Act, Congress enacted the Federal Employers' Liability Act ("FELA"), which created a negligence cause of action for railway workers against their employers. *See* 46 U.S.C §51. Following the enactment of the FELA, a series of cases from the Supreme Court firmly established that damages recoverable for a railway worker for death or personal injury under the FELA were limited to pecuniary loss

rule[14] and held that a Jones Act seaman cannot recover non-pecuniary damages from his Jones Act employer either under a Jones Act negligence claim or under a general maritime law claim of unseaworthiness. *See also Wade v. Clemco Indus. Corp.*, No. 16-502, 2017 U.S. Dist. LEXIS 13580, at *14 (E.D. La. 2017) ("Although the result may be different under another body of law, the Fifth Circuit has now made it clear that under both the Jones Act and general maritime law, a seaman's damages against both employers and non-employers are limited to pecuniary losses.").

Following *Miles*, the Fifth Circuit acknowledged and re-affirmed this principle in *McBride v. Estis Well Serv., LLC*, 768 F.3d 382, 391 (5th Cir. 2014) (*en banc*), *cert. denied*, 135 S. Ct. 2310 (2015), that a Jones Act seaman may not recover non-pecuniary damages against his employer **or** non-employer under either the Jones Act or general maritime law. *See also Scarborough v. Clemco Indus.*, 391 F.3d 660, 668 (5th Cir. 2004) (holding that a Jones Act seaman, or his survivors, cannot recover non-pecuniary damages or punitive damages against either his employer or a third party non-employer); *Comeaux v. Atos Origin It. Servs.*, No. 17-11273, 2018 U.S. Dist. LEXIS 204633, 2019 AMC 250 (E.D. La. Dec. 3, 2018) (granting a motion to dismiss any claims for non-pecuniary damages, including those for mental anguish, emotional distress, and loss of consortium, brought by the survivors of a decedent-seaman); *In re Offshore Transport Servs., LLC*, 409 F. Supp. 2d 753, 754 n. 1 (E.D. La. July 14, 2005) (granting a motion for partial summary judgment and dismissing claims for mental and physical anguish, loss of enjoyment of life, loss of consortium,

---

only. *See Michigan Central R. Co. v. Vreeland*, 227 U.S. 59, 68 (1913); *American R. Co. of P.R. v. Didricksen*, 227 U.S. 145, 149 (1913); *Gulf, C. & S.F.R. Co. v. McGinnis*, 228 U.S. 173, 175 (1913).

Thereafter, in 1920, Congress passed the Merchant Marine Act, better known as the Jones Act, creating an identical negligence cause of action for seamen against their employers. 46 U.S.C. § 30104. More importantly, Congress incorporated FELA by reference into the Jones Act. *See* 46 U.S.C. § 30104. Considering the foregoing, and as explained by the *Miles* Court, "[w]hen Congress passed the Jones Act, the *Vreeland* gloss on FELA, and the hoary tradition behind it, were well established. Incorporating FELA unaltered into the Jones Act, Congress must have intended to incorporate the pecuniary limitation on damages as well." *Miles*, 498 U.S. at 32.

[14] This uniformity principle was re-affirmed by the Supreme Court in *Dutra Group v. Batterton*, 139 S. Ct. 2275, 2278 (2019).

emotional distress, and emotional anguish brought in a seaman's wrongful death action).

Moreover, this limitation on the recovery of non-pecuniary damages applies regardless of whether the case involves personal injury or death. In other words, the law does not distinguish between fatal and non-fatal injuries.[15] Rather, "the Fifth Circuit has now made it clear that under both the Jones Act and general maritime law, a seaman's damages against both employers **and non-employers** are limited to pecuniary losses." *Wade v. Clemco Indus. Corp.*, No. 16-502, 2017 U.S. Dist. LEXIS 13580, at *14 (E.D. La. 2017) (Fallon, J.) (emphasis added). *See also Seaman v. Seacor Marine LLC*, No. 07-3354, 2008 U.S. Dist. LEXIS 11583, at *4 (E.D. La. 2008) (holding a seaman could not recover non-pecuniary damages, in the form of punitive damages, for his alleged personal injuries); *Rockett v. Belle Chasse Marine Transp., LLC*, 260 F. Supp. 3d 688 (E.D. La. 2017) (noting that the principle that a seaman's damages against both employers and non-employers are limited to pecuniary losses applied equally to personal injury claims); *Rinehart v. Nat'l Oilwell Varco L.P.*, No. 15-6266, 2017 U.S. Dist. LEXIS 60270, at *9 (E.D. La. 2017) (dismissing Jones Act seaman's claim for non-pecuniary damages in alleged personal injury claim).

In addition to non-pecuniary damages, the case law is clear that punitive, or exemplary, damages are also not recoverable by Jones Act seamen against a third-party non-employer. *In re Bonvillian Marine Serv.*, 2022 U.S. Dist. LEXIS 143288 at *6-7 (E.D. La. 2022) (granting motion for partial summary judgment dismissing with prejudice the claim for punitive damages as well as certain non-pecuniary damages and confirming that Jones Act seamen are precluded from recovering punitive damages as well as non-pecuniary damages, including loss of consortium, loss

---

[15] Indeed, in *Batterton*, a case involving a Jones Act seaman's personal injury, the Supreme Court made no mention or distinction between fatal and non-fatal injuries and again reaffirmed that the Jones Act "'limits recovery to pecuniary loss.'" *Batterton*, 139 S. Ct. at 2285 (quoting *Miles*, 498 U.S. at 32).

of love, loss of affection, and loss of services against a non-employer third-party tortfeasor); *Wiltz v. M-I, LLC*, 356 F. Supp. 3d at 596-98 (E.D. La. 2018), (cited in *Bonvillian* and noting that the Fifth Circuit's decision in *Scarborough* is binding precedent precluding recovery of punitive and non-pecuniary damages from a non-employer.)

In short, it is well-ingrained and well-established under the Jones Act and general maritime law that a Jones Act seaman may not recover certain non-pecuniary damages, including but not limited to: punitive damages, exemplary damages, damages for loss of enjoyment of life, mental anguish, emotional anguish, loss of consortium, bodily impairment, permanent disability, disfigurement, and other certain non-economic damages arising from an alleged personal injury. *In re Adriatic Marine, LLC*, 2022 A.M.C. 158, 2022 U.S. Dist. LEXIS 76283, at *5-7 (E.D. La. Apr. 27, 2022) (Barbier, J.); *Wilson v. Marquette Transp. Co., LLC*, No. 22-3765, 2024 U.S. Dist. LEXIS 113244, at *3 (E.D. La. June 27, 2024) (Ashe, J.). *See also Gonzales v. Weeks Marine Co., LLC*, No. 22-232, 2023 U.S. Dist. LEXIS 199511, at *4 (E.D. La. Nov. 7, 2023) (granting unopposed motion for partial summary judgment to dismiss certain non-pecuniary damages); *Wilson v. Marquette Transp. Co., LLC*, No. 22-3765, 2024 U.S. Dist. LEXIS 113244, at *3 (E.D. La. June 27, 2024) (Ashe, J.); *Sanders v. Weeks Marine, Inc.*, No. 23-7317, 2024 U.S. Dist. LEXIS 176748, at *7 (E.D. La. Sep. 27, 2024) (Ashe, J.).

Five of the Personal Injury Claimants have alleged they are Jones Act seamen and have alleged that they are entitled to recover "exemplary damages", "past and future mental pain, suffering and anguish," "past and future disfigurement," "past and future impairment," "loss of consortium," and a range of other categories.[16] The sixth Personal Injury Claimant, Mr. Lyons, has also alleged he is a seaman and nebulously alleges that the is entitled to "other special damages

---

[16] R. Doc. 1, at p. 5, ¶ XIV.

and all general damages contemplated under law." Nevertheless, the applicable and controlling law prohibits the Personal Injury Claimants recovery of damages for loss of enjoyment of life, permanent disability, bodily impairment, or scarring and disfigurement or any other similar non-pecuniary damages, such as loss of consortium, mental anguish, or emotional anguish. Controlling case law also provides that the Personal Injury Claimants are prohibited from recovering punitive damages. Accordingly, because no genuine dispute of material fact exists so as to preclude summary judgment, Crosby is entitled to judgment as a matter of law dismissing the Personal Injury Claimants' claims for "exemplary damages", "past and future mental pain, suffering and anguish," "past and future disfigurement," "past and future impairment," "loss of consortium," the ambiguous "other special damages and all general damages contemplated under law," and any other unrecoverable categories of non-pecuniary damages with prejudice.

To be clear, Crosby does not dispute that seamen can recover damages for their own pain and suffering in connection with a personal injury under the Jones Act and the general maritime law. *See In re Denet Towing Serv., Inc.*, No. 98-1523, 1999 U.S. Dist. LEXIS 8058, at *4 (E.D. La. May 21, 1999); *Bell v. Foster Wheeler Energy Corp.*, No. 15-6394, 2017 U.S. Dist. LEXIS 31119 (E.D. La. Mar. 6, 2017). Rather, Crosby only seeks dismissal of claims for punitive damages and those categories of non-pecuniary damages that are unrecoverable as a matter of law, including mental anguish, emotional distress, scarring/disfigurement, and loss of enjoyment of life. In other words, the Personal injury Claimants are not allowed to recover these separate categories of non-pecuniary damages.

## CONCLUSION

Crosby is entitled to summary judgment on the Personal Injury Claimants' claims for certain non-pecuniary damages and punitive damages. It is well-established that a Jones Act seaman cannot recover certain non-pecuniary damages, including loss of enjoyment of life, mental

anguish, bodily impairment, or disfigurement in any action arising under the general maritime law. Because no genuine dispute of material fact exists as to the recoverability of such categories of damages, Crosby respectfully requests that this Honorable Court grant its Motion and dismiss the Personal Injury Claimants' claims seeking punitive damages or certain non-pecuniary damages with prejudice.

Respectfully submitted,

/s/ Jefferson R. Tillery
JEFFERSON R. TILLERY (La. Bar No. 17831)
ALFRED J. RUFTY, III (La. Bar No. 19990)
VALERIE E. FONTENOT (La. Bar. No. 35129)
SARA B. KUEBEL (La. Bar No. 38305)
JONES WALKER, LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:   (504) 582-8616
Facsimile:   (504) 589-8616
E-Mail:       jtillery@joneswalker.com
              arufty@joneswalker.com
              vfontenot@joneswalker.com
              skuebel@joneswalker.com

**Attorneys for Limitation Petitioner, Crosby Tugs, LLC**