UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALL COAST, LLC | * | CIVIL ACTION NO. 21-258 (LEAD), c/w 21-337, 21-464, 21-822, 21-1968, 21-1969, 21-1982, 21-2075, 21-2227 |
| VERSUS | * | |
| SHORE OFFSHORE SERVICES, LLC; MODERN AMERICAN RAILROAD SERVICES, LLC; and MARTIN ENERGY SERVICES, LLC | * | SECTION A(3) |
| | | DISTRICT JUDGE JAY C. ZAINEY |
| | * | |
| | | MAG. JUDGE EVA DOSSIER |
| | * | |
| | | APPLIES TO ALL CASES |

\* \* \* \* \* \* \* \* \*

## WEEKS MARINE, INC.'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Weeks Marine, Inc. moves the Court for partial summary judgment because it is not at fault and did not cause damages to any vessel in connection with the THOR's breakaway.

**I.**

This case arises out of a series of maritime allisions that followed a derrick barge's escape from its moorings in Bayou Lafourche during Hurricane Zeta. That derrick barge, the THOR, was moored at a dock in Port Fourchon and secured in place by a support tug. When the hurricane struck, the THOR's lines parted, dock bollards snapped, and the assist tug proved inadequate to hold the massive barge. Being non-self-propelled and unable to navigate on its own, the barge began to "ping pong" out of control up the bayou, crashing into vessels and other property on both sides of the waterway before eventually running aground.

**II.**

Among the vessels struck by the THOR was the E.W. ELLEFSEN, a cutter dredge owned

by Weeks Marine. Certain parties have vaguely asserted that the stationary ELLEFSEN was at fault for being hit by the careening THOR. The assertion is meritless for at least two overarching reasons.

### III.

First, there is no basis to find that Weeks Marine breached any duty. This area of the bayou, closed to all navigation for the duration of the storm, does not qualify as a "narrow navigational channel" for relevant purposes. Special circumstances, including the bayou's closure for the hurricane, existed that allowed Weeks Marine's cutter dredge to anchor where it did. Moreover, Weeks Marine's hurricane plan did not forbid that anchorage location. On the contrary, it gave the ELLEFSEN's captain discretion to select a suitable anchoring location under the circumstances. The undisputed facts show that Weeks Marine violated no rule and therefore cannot be found to have committed any breach.

### IV.

Second, even if there were a factual dispute, summary judgment should be granted because no party can prove that any breach by Weeks Marine caused any damages. Factual causation asks whether the same incident would have occurred even if the actor's conduct were different. Here, even if Weeks Marine's cutter dredge supposedly anchored on the "wrong" side of Bayou Lafourche, the THOR's path of destruction demonstrates that anchoring in a different spot would not have changed anything. The THOR, pushed randomly by the wind and storm surge, hit vessels and property up and down either side of the bayou, not just those moored or anchored in certain spots. The specific location where Weeks Marine's cutter dredge anchored makes no difference as respects an oncoming barge that is zigzagging and out of control. It is not a factual cause of any

allision with respect to this incident.

## V.

Additionally, the location of the ELLEFSEN's anchorage is not the legal or proximate cause of the allision. The THOR's breakaway, while preventable on the part of the defendants, was an unforeseeable risk from the perspective of Weeks Marine. Any duty to anchor only in certain areas as opposed to others—if such a duty even applies here—is not meant to protect against this sort of extraordinary incident or to ensure free passage to an unpowered barge that is drifting helplessly out of control in a waterway closed to all maritime traffic.

## VI.

Because Weeks Marine cannot be found liable at trial, it is entitled to partial summary judgment regarding the issue of its alleged fault, including all claims for contribution or indemnity by any party.

Respectfully submitted,

s/ Anders F. Holmgren
Harold J. Flanagan (#24091)
Laurent J. Demosthenidy (#30473)
Anders F. Holmgren (#34597)
Dennis O. Durocher, Jr. (#36441)
FLANAGAN PARTNERS LLP
201 St. Charles Ave., Suite 3300
New Orleans, LA 70170
Telephone: (504) 569-0235
Facsimile: (504) 592-0251

*Attorneys for Weeks Marine, Inc.*