UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| ALL COAST, LLC<br><br>VERSUS<br><br>SHORE OFFSHORE SERVICES, LLC | CIVIL ACTION NO: 21-258<br>c/w 21-337, 21-464, 21-822, 21-1968, 21-1969, 21-1981, 21-1982, 21-2075, 21-2227<br><br>JUDGE JAY C. ZAINEY<br><br>MAGISTRATE JUDGE EVA J. DOSSIER<br><br>APPLIES TO ALL CASES |
|---|---|

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

This Memorandum is submitted on behalf of U.S. Specialty Insurance Company ("USSIC") in support of its Motion for Partial Summary seeking a judgment the Court in favor of USSIC as to the measure of recoverable damages. Specifically, that it has sustained damages in the amount of $1,667.852.20 for benefits paid to its insured, Global Towing Services, LLC, for damages to its insured's vessel, the M/V ROLAND FALGOUT, caused by an allision with the derrick barge THOR that occurred on or about October 28, 2020. The undisputed material facts establish that USSIC did, in fact, sustain the damages that are recoverable through the right of subrogation under Louisiana state law[1] by paying the foregoing amount to its insured pursuant to the terms and conditions of the applicable policy, and that the damages are related directly to the allision. As such, USSIC is entitled to partial summary judgment as a matter of law for the amount of recoverable damages that it sustained as a result of the allision. USSIC is not seeking a ruling

---

[1] See La. C.C. Arts 1825-1830.

on liability as to any of the parties, which will be determined upon trial by the Court's, along with pre-judgment and post-judgment interest at the Court's discretion.

I.    **OPERATIVE FACTS**

This matter involves numerous consolidated cases arising out of an incident that occurred on October 28, 2020 as Hurricane Zeta hit the coast of Louisiana. In anticipation of the storm, the THOR had been moved from its offshore worksite to a dock owned by Martin Operating Partnership, LP and Martin Energy Services, LLC (collectively "Martin")[2]. Specifically, the THOR was moored to Martin Services Dock No. 16. Martin's Dock was located in Port Fourchon, Louisiana[3]. This was at the request of THOR's operator, Shore Offshore Services. During the storm, the THOR broke free from its moorings at the dock and caused significant damage as it floated freely of Bayou Lafourche, striking other vessels and structures in its path[4]. One of those vessels was the ROLAND FALGOUT[5]. Crosby Tugs, LLC ("Crosby") owned and or operated the CROSBY ENDEAVOR and had towed the THOR from its pre-storm offshore work site to Port Fourchon[6]. Once in the Port, two harbor tugs pushed the THOR up against Martin's Dock #16 and held the THOR in place during pre-storm mooring operation[7]. At the request of Shore Offshore, on the morning of October 28, 2020, the CROSBY ENDEAVOR returned to assist the THOR, which was still moored at Martin Dock #16[8]. The CROSBY ENDEAVOR tied up to the outside of the THOR, which is opposite the Martin Dock[9]. The weather began to deteriorate in the hurricane, and the THOR broke free from its moorings and floated up Bayou Lafourche[10].

---

[2] R. Doc. 722, ¶I.
[3] Id.
[4] Id.
[5] See attached Exhibit A, Unworn Declaration of Gerald Carney, ¶7-9, Exhibit 3, attached to Exhibit A.
[6] R. Doc. 722, ¶I.
[7] Id.
[8] Id.
[9] Id.; 773-9, ¶4.
[10] Id.

The ROLAND FALGOUT was owned and/or operated by Global Towing Services, LLC, RAF, Inc and/or Offshore Towing, Inc. (hereinafter collectively "Global Towing")[11]. These entities were insured by USSIC pursuant to a Cover Note No. CUL50058.059 with the following coverages: (a) Hull and Machinery (b) Marine Liabilities and (c) Marine Comprehensive[12]. The insured listed under the policy was Global Towing Services, LLC along with RAF, Inc and Offshore identified as additional insureds[13]. The policy period was from May 1, 2019 to November 1, 2020 ("the Policy"). The Policy included a Schedule of Vessels with an agreed value of each vessel[14]. One of the vessels was the ROLAND FALGOUT, Official No. 581858, IMO No. 7509392[15]. It is undisputed that the ROLAND FALGOUT was damaged as a result of the breakaway incident on or about October 28, 2020[16]. At the time of the allision, the ROLAND FALGOUT was moored at the C-Port Mooring Dolphins I and II in Bayou Lafourche, Louisiana[17].

The ROLAND FALGOUT sustained substantial damage as a result of the allision with the THOR. The insured, Global Towing, presented USSIC with multiple invoices for repairs directly related to the allision totaling $1,667,852.20[18]. This was done pursuant to a claim filed by Global Towing pursuant to the terms and conditions of the Policy. The claim, No. 8674, was handled by Gerald Carney, who is the Director of Maritime Claims for Fidelis Claims ("Fidelis")[19]. Fidelis handles and/or manages claims arising out of insurance policies issued by USSIC, including this particular claim[20]. In support of this Memorandum, Mr. Carney submitted an unsworn declaration

---

[11] Exhibit A, Unsworn Declaration of Gerald Carney, Jr., ¶7, Exhibit 3 attached to Exhibit A.
[12] Exhibit A, ¶6, Exhibit 1 attached to Exhibit A.
[13] Id.
[14] Id.
[15] Id.
[16] Exhibit A, ¶7, Exhibit 3 attached to Exhibit A.
[17] See attached Exhibit A, ¶7-9, Exhibit 3, attached to Exhibit A.
[18] Exhibit A, ¶10, Exhibit 2 attached to Exhibit A.
[19] Exhibit A, ¶8.
[20] Exhibit A, ¶4.

wherein he identifies the specific invoices submitted by its insured for damages to the ROLAND FALGOUT totaling $1,667,852.20[21]. In addition to the invoices, Mr. Carney received a marine survey report from Captain Tim Anselmi with Central Maritime, L.L.C[22]. Captain Anselmi inspected the ROLAND FALGOUT and reviewed and recommended the repairs, as well as the corresponding costs thereof. Captain Anselmi also indicated that the repairs were necessitated by damages caused by the allision with the THOR[23]. After reviewing the various invoices submitted by Global Towing, USSIC issued multiple payments to the insured totaling $1,667,852.20, pursuant to the terms and conditions of the Policy[24]. Attached to the declaration of Gerald Carney are copies of invoices submitted by Global Towing to repair the damages to the ROLAND FALGOUT, along with the payments made by USSIC through Fidelis to cover the invoices[25].

There is no evidence that has been produced in discovery, either written responses or depositions, to refute or contradict: (1) that the damages sustained by the ROLAND FALGOUT were caused by the allision with the THOR; (2) it cost at least $1,667,850.22 to repair the damages sustained by the ROLAND FALGOUT, and (3) that the damages presented by Global Towing to repair the ROLAND FALGOUT (i.e. $1,667,852.20) were USSIC paid in full pursuant to the terms and conditions of the Cover Note No. CUL50085.059. Because these are all undisputed material facts and as a matter of law, USSIC is entitled to a judgment from this Court that it has, in fact, sustained damages in the amount of $1,67,852.20 for payments made under its Policy which covered damages to the ROLAND FALGOUT that were caused by the allision with the THOR. USSIC is not seeking summary judgment or other ruling with regard to the issue of liability

---

[21] Exhibit A
[22] Exhibit A, ¶11, Exhibit 3.
[23] Id.
[24] Exhibit A, ¶12, Exhibit 4 attached to Exhibit A.
[25] Id., ¶10, Exhibit 2.

4915-0930-8238, v. 1

of any of the parties at this time. Further, USSIC does not waive any rights to pre-judgment and/or post-judgment interest that may be awarded by this Court upon trial of this matter as allowed under the General Maritime Law.

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the record discloses that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. [26] The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact but is not required to negate elements of the nonmoving party's case.[27]

Once the moving party meets this burden, the nonmoving party must set forth specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings.[28] To defeat a properly supported motion, the non-movant must adduce affirmative evidence.[29] Naked assertions of an actual dispute unsupported by facts do not suffice.[30] Likewise, the non-movant cannot satisfy its burden with some metaphysical doubt as to the material facts or with conclusory allegations or unsubstantiated assertions.[31]

Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists.[32] The court does not in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.[33]

---

[26] *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998).
[27] *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
[28] *Lynch Properties, Inc.*, 140 F.3d at 622; Fed. R. Civ. P. 56(e).
[29] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Fields v. Hallsville Indep. Sch. Dist.*, 906 F.2d 1017, 1019 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 676 (1991).
[30] *Herrera v. Millsap*, 862 F.2d 1157, 1160 (5th Cir. 1989).
[31] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[32] *Lynch Properties, Inc.*, 140 F.3d at 625.
[33] *Id.*; *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).

### III.  LAW AND ARGUMENT

USSIC is entitled to a judgment by the Court as a matter of law in its favor that it sustained damages recoverable through subrogation in the amount of $1,667,852.20 as a result of the allision between the THOR and its insured's vessel, the ROLAND FALGOUT.

During the course of discovery, USSIC submitted evidence including invoices, proofs of payment and marine survey reports that under the Policy it paid $1,667,852.20 to its insured, Global Towing, for damages to the ROLAND FALGOUT[34]. The invoices submitted by Global Towing were to repair damages to its vessel, the ROLAND FALGOUT, as a result of the allision with the THOR[35]. This is undisputed. Further, the invoices submitted by Global Towing to USSIC were all paid by USSIC in compliance with the terms and conditions of the Policy. This is also undisputed. By paying the invoices, USSIC became entitled to the right of subrogation to recover the $1,667,852.20 it paid from the Limitation Plaintiffs and/or other parties after a finding of liability upon trial of this matter due.

There is absolutely no evidence in the record that the invoices paid by USSIC were for anything other than the damages caused by the allision between the ROLAND FALGOUT and the THOR. No evidence, either by expert or by fact, witness has been presented by any of the parties to suggest that USSIC paid something less and/or that USSIC paid for damages that were not related to the allision. USSIC presents the declaration of Gerald Carney (and the referenced attachments thereto), who handled this claim and confirmed that the invoices and payments were all to made to repair damages caused by the allision between the THOR and the ROLAND FALGOUT in connection with its Claim No. 8674[36].

---

[34] Exhibit A.
[35] Id.
[36] Id.

Because there is no dispute of the amount of the invoices submitted by Global Towing to USSIC representing the cost to repair damages to the ROLAND FALGOUT, the amount paid by USSIC, the rights of USSIC of subrogation to recover the amounts paid under the Policy to its insured, as well as that the damages sustained by the ROLAND FALGOUT were directly related to the allision, USSIC is entitled the partial summary judgment as a matter of law to a judgment from this Court in its favor as to the measure of damages that it sustained in the amount of $1,667,852.20, which shall be recoverable upon trial in accordance with the Court's finding of liability, along with pre-judgment and post-judgment interest at the Court's discretion.

## IV.   CONCLUSION

Based on the foregoing, USSIC prays that this Court grant its Motion for Partial Summary Judgment and issue a judgment as to the measure of damages that USSIC sustained damages in the amount of $1,667,850.20, and that it is entitled to recovery of said amount through the right of subrogation and upon trial of this matter, subject to the Court's allocation of fault among some and/or all of the parties, along with pre-judgment and post-judgment interest at the Court's discretion.

**DEGAN, BLANCHARD & NASH**

 /s/ Philip C. Brickman
Sidney W. Degan, III (#4804)
Philip C. Brickman (#25586)
400 Poydras Street, Suite 2600
New Orleans, Louisiana 70130
Telephone: (504) 529-3333
Facsimile: (504) 529-3337
Email:    sdegan@degan.com
          pbrickman@degan.com
***Counsel for U.S. Specialty Insurance Company***