# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALL COAST, LLC** | **CIVIL ACTION NO: 21-258**<br>**c/w 21-337, 21-464, 21-822, 21-1968, 21-1969,**<br>**21-1981, 21-1982, 21-2075, 21-2227** |
| **VERSUS** | |
| **SHORE OFFSHORE SERVICES, LLC** | **JUDGE JAY C. ZAINEY** |
| | **MAGISTRATE JUDGE EVA J. DOSSIER** |
| | **APPLIES TO ALL CASES** |

## STATEMENT OF UNCONTESTED MATERIAL FACTS

NOW INTO COURT, through undersigned counsel, comes Claimant, U.S. Specialty Insurance Company ("USSIC"), and submits its Statement of Uncontested Material Facts in support of its Motion for Partial Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rules, as follows:

1. On October 28, 2020, the derrick barge THOR was moored to the Martin Energy Services Dock No. 16 ("Martin Dock") in Port Fourchon, Louisiana, with her assist tug, the CROSBY ENDEAVOR, coupled to her side[1].

2. As Hurricane Zeta passed over Southeast Louisiana, the D/B THOR broke away from Martin Dock No. 16 and floated freely up Bayou Lafourche, striking other vessels and structures in its path[2].

3. One of the vessels struck by the D/B THOR was the M/V ROLAND FALGOUT, which was moored at the C-Port Mooring Dolphins I and I in Bayou Lafourche, Louisiana[3].

---

[1] R. Doc. 722, ¶I; 773-9, ¶3
[2] R. Doc. 722, ¶I; 773-9, ¶4
[3] See attached Exhibit A, Unworn Declaration of Gerald Carney, ¶7-9, Exhibit 3, attached to Exhibit A.

4915-0930-8238, v. 1

4. The ROLAND FALGOUT was owned and/or operated by Global Towing Services, LLC, RAF, Inc and/or Offshore Towing, Inc. (hereinafter collectively "Global Towing")[4].

5. The ROLAND FALGOUT sustained substantial damages as a direct result of the allision by the D/B THOR[5].

6. Global Towing was insured by USSIC pursuant to a Cover Note No. CUL50058.059 with the following coverages: (a) Hull and Machinery (b) Marine Liabilities and (c) Marine Comprehensive. The insured listed under the policy was Global Towing Services, LLC with RAF, Inc and Offshore identified as additional insureds. The policy period was from May 1, 2019 to November 1, 2020 ("the Policy")[6].

7. The Policy included a Schedule of Vessels with an agreed value of each vessel. One of the vessels was the ROLAND FALGOUT, Official No. 581858, IMO No. 7509392[7].

8. Global Towing made a claim for benefits under the Policy to cover the cost of repairs made to the ROLAND FALGOUT[8].

9. Gerald Carney, who is the Director of Maritime Claims for Fidelis Claims ("Fidelis"), handled the claim made by Global Towing, which was assigned No. 8674[9].

10. Fidelis handles and/or manages claims arising out of insurance policies issued by USSIC, including this particular claim[10].

---

[4] Exhibit A, ¶7.
[5] Exhibit A, ¶7, Exhibit 3 attached to Exhibit A.
[6] Exhibit A, ¶5, Exhibit 1 attached to Exhibit A.
[7] Exhibit A, ¶6, Exhibit 1 attached to Exhibit A.
[8] Exhibit A, ¶8
[9] Id.
[10] Exhibit A, ¶4.

11. Global Towing submitted numerous invoices related to the repairs to the ROLAND FALGOUT in the amount of approximately $1,667,852.20[11].

12. In addition to the invoices, Mr. Carney received a marine survey report from Captain Tim Anselmi with Central Maritime, L.L.C . Captain Anselmi inspected the ROLAND FALGOUT and reviewed and recommended the repairs, as well as the corresponding costs thereof. Captain Anselmi also indicated that the repairs were necessitated by damages caused by the allision with the THOR[12].

13. After reviewing the various invoices submitted by Global Towing, USSIC issued multiple payments to its insured totaling $1,667,852.20, pursuant to the terms and conditions of the Policy[13].

**DEGAN, BLANCHARD & NASH**

_/s/ Philip C. Brickman_
Sidney W. Degan, III (#4804)
Philip C. Brickman (#25586)
400 Poydras Street, Suite 2600
New Orleans, Louisiana 70130
Telephone: (504) 529-3333
Facsimile: (504) 529-3337
Email:    sdegan@degan.com
            pbrickman@degan.com
***Counsel for U.S. Specialty Insurance Company***

---

[11] Exhibit A, ¶10, Exhibit 2 attached to Exhibit A.
[12] Exhibit A, ¶11, Exhibit 3 attached to Exhibit A.
[13] Exhibit A, ¶12, Exhibit 4 attached to Exhibit A.

4915-0930-8238, v. 1