UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALL COAST, LLC<br><br>VERSUS<br><br>SHORE OFFSHORE SERVICES, LLC | CIVIL ACTION NO.: 21-258 c/w 21-337, 21-464, 21-822, 21-1968, 21-1969, 21-1982, 21-1981, 21-2075<br><br>SECTION: A (3)<br><br>JUDGE JAY C. ZAINEY<br><br>MAG. JUDGE DOSSIER<br><br>ADMIRALTY - Rule 9(h)<br>Applies to: All Cases |

**STATEMENT OF UNCONTESTED MATERIAL FACTS IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT ON
LIABILITY AND ACT OF GOD DEFENSE**

**MAY IT PLEASE THE COURT:**

Limitation Petitioner, Crosby Tugs, LLC ("Crosby"), in accordance with Federal Rule of Civil Procedure 56 and Local Rule 56.1 of this Court, offer the following Statement of Uncontested Material Facts in Support of its Motion for Summary Judgment on Liability and Act of God Defense:

1. The D/B THOR is a 12,667 gross ton heavy lift construction support vessel that measures approximately 370 feet in length and 137 feet in breadth.[1]

2. In and around October 2020, the THOR was working in the Gulf of Mexico on a platform decommissioning project.[2]

---

[1] R. Doc. 1, C.A. No. 21-464, at p. 2, ¶ 3.
[2] Exhibit 1, Deposition of Gibilterra, at pp. 84:4-15.

3. While performing this work, the THOR Interests contacted Dawn Services, LLC ("Dawn"), as a vessel broker, to procure a tug capable of assisting the THOR on the project and with anchor handling operations.[3]

4. Shore had been working with its own anchor-handling tug, the MARS TITAN, which was out of service for a period.[4] Shore asked Dawn for a comparable tug to replace it. Dawn initially provided Shore with two harbor tugs, the LA MADONNA and the LA ELITE.[5]

5. When Shore expressed dissatisfaction with the capabilities of these tugs, Dawn contacted Crosby and provided the M/V CROSBY ENDEAVOR ("ENDEAVOR"), an anchor-handling tug similar to the MARS TITAN, but with greater power.[6] Shore had no complaints about the ENDEAVOR.[7]

6. The ENDEAVOR performed towing and anchor handling services as directed by the THOR from October 20, 2020 until 9:50 a.m. October 26, 2020.[8]

7. Due to the development of Hurricane Zeta and impending weather, at or around 9:50 a.m. on October 26, 2020, the THOR directed the ENDEAVOR to tow THOR from the offshore work site to Port Fourchon for safe harbor.[9]

8. By approximately 10:00 p.m. on the night of October 26, 2020, the ENDEAVOR had towed THOR to Port Fourchon.[10]

---

[3] R. Doc. 1, C.A. No. 21-258, at p. 3. *See also*, Exhibit 2, Corporate Deposition of Dawn Services, at pp. 195:6-197:9.
[4] Exhibit 3, Deposition of Sims, at pp. 241:7-249:11.
[5] Exhibit 3, Deposition of Sims, at pp. 241:7-249:11.
[6] Compared to the tug (MARS TITAN) it was replacing, ENDEAVOR had superior horsepower (15,000), superior brake horsepower (7,200 v. 6,000) and superior bollard pull (102 vs. 77.5). *See* Exhibit 3, Deposition of Sims, at pp. 241:7-249:11.
[7] Exhibit 3, Deposition of Sims, at pp. 241:7-249:11.
[8] Exhibit 4, Deposition of Everrett, at pp. 175:2-203:16, Exhibit 68, ENDEAVOR's Vessel Logs.
[9] Exhibit 4, Deposition of Everrett, at pp. 203:2-16, Exhibit 68, ENDEAVOR's Vessel Logs.
[10] Exhibit 4, Deposition of Everrett, at pp. 175:2-206:11.

9. Once there, ENDEAVOR released THOR from its tow line, and the harbor tugs, LA MADONNA and LA ELITE, took over to push THOR to the Martin dock and to hold her in place as THOR personnel secured her to Martin Dock No. 16.[11]

10. It is undisputed that only the crew aboard the THOR[12] moored the THOR to the Martin dock and that the THOR determined its mooring arrangement to the dock.[13]

11. No Crosby personnel were involved in any way with the mooring of the THOR to the Martin dock.[14]

12. Because their view was blocked by the massive THOR, ENDEAVOR's crew could not see the Martin dock or how THOR was secured to it.[15]

13. After temporarily going to the nearby Crosby dock to grab groceries and supplies,[16] on the morning of October 28, 2020, the ENDEAVOR secured itself along the outboard side of THOR (opposite the dock) to wait out Hurricane Zeta.[17]

14. At all material times, the ENDEAVOR was on standby, awaiting instructions. ENDEAVOR was "working as directed."[18] This meant that ENDEAVOR was to perform only the work activities that it was instructed to perform by THOR.[19]

15. Shore planned to use ENDEAVOR to tow THOR back to the offshore work site once the hurricane had passed.[20]

---

[11] *Id*.
[12] Exhibit 5, Deposition of Douglas, at pp. 414:12-415:4.
[13] Exhibit 5, Deposition of Douglas, at p. 378:7-16.
[14] Exhibit 4, Deposition of Everrett, at pp. 204:24-208:1; at pp. 623:25-625:2. *See also* Exhibit 6, Deposition of Plaisance, at pp. 326:3-327:11.
[15] Exhibit 5, Deposition of Douglas, at pp. 464:3-14.
[16] Exhibit 4, Deposition of Everett, at pp. 211:2-215:25; Exhibit 5, Deposition of Douglas, at pp. 328:15-329:6.
[17] Exhibit 4, Deposition of Everett, at pp. 279:3-284:4.
[18] Exhibit 4, Deposition of Everett, at pp. 348:1-351:17.
[19] Exhibit 4, Deposition of Everett, at pp. 348:1-351:17.
[20] Exhibit 5, Deposition of Douglas, at p. 472:1-16.

16. Under its contract with its customer, Fieldwood Energy, Shore was paid only for three days when adverse weather prevented operations.[21]

17. On the afternoon of October 28, 2020, Hurricane Zeta made landfall and moved through Bayou Lafourche with sustained winds of approximately 115 miles per hour.[22]

18. At approximately 4:00 p.m.,[23] the THOR's mooring lines failed and the THOR broke away from the Martin dock[24] with the ENDEAVOR tied alongside her.

19. The ENDEAVOR attempted to hold the THOR, but could not due to the strength of the storm coupled with the size of the THOR.[25]

20. Crosby's tug ENDEAVOR was "working as directed" for the THOR.[26]

21. Joe Douglas testified that, in the events of this case, the ENDEAVOR was working as directed by the THOR.[27]

22. The ENDEAVOR is an anchor handling tug and not designed to provide perpendicular pressure to a vessel like a harbor tug.[28]

23. It is undisputed that *prior* to the THOR's breakaway from the Martin dock, the THOR never affirmatively instructed the ENDEAVOR to push the THOR into the Martin dock.[29]

24. It is likewise undisputed that the captain of the ENDEAVOR could not see the THOR's mooring lines as Hurricane Zeta passed through the area and for that reason, the ENDEAVOR could not safely apply any force to the barge.[30]

---

[21] Exhibit 3, Deposition of Sims, at pp. 52:14-53:12.
[22] This Court may take judicial notice of weather conditions and reports in accordance with Federal Rule of Evidence 201. *See* Exhibit 7, National Hurricane Center, Tropical Cyclone Report, Hurricane Zeta, AL282020.
[23] Exhibit 4, Deposition of Everrett, at pp. 22:15-29:19, Exhibit 60, Vessel Incident Report.
[24] Exhibit 5, Deposition of Douglas, at pp. 233:13-234:12.
[25] Exhibit 4, Deposition of Everett, at pp. 34:3-39:14.
[26] Exhibit 5, Deposition of Douglas, at pp 350:8-351:17.
[27] *Id.*, at 350:19-21.
[28] Exhibit 8, Corporate Deposition of Crosby, at pp. 465:1-468:14.
[29] Exhibit 4, Deposition of Everett, at pp. 610:12-621:25.
[30] Exhibit 4, Deposition of Everett, at pp. 34:3-39:14.

25. The Captain of the ENDEAVOR was waiting on instructions from the superintendent of the THOR during the passage of Hurricane Zeta.[31]

26. The Captain of the ENDEAVOR could not start pushing on the THOR without first receiving an instruction from the THOR to do so.[32]

27. The THOR did not instruct the Captain of the ENDEAVOR to push on the THOR at the Martin dock until *after* the THOR had already broken away or started to break away from the dock.[33]

28. No one from Shore ever communicated to Crosby before the hurricane arrived that the ENDEAVOR was expected to push THOR into the dock during the hurricane.[34]

29. Having ENDEAVOR push THOR into the dock was not part of Shore's hurricane plan.[35]

30. Even on the day of the hurricane, Shore had no expectation that ENDEAVOR would assist THOR in anyway as the hurricane came through.[36]

31. ENDEAVOR's captain and crew could not see the mooring lines and cables connecting THOR to the Martin dock.[37]

32. Shore did not expect the ENDEAVOR to start pushing THOR into the dock without being instructed to do so by the THOR.[38]

33. It would have been *"reckless"* for ENDEAVOR to act without direction from THOR, as pushing blindly without knowing what effect this was having on the mooring lines might have actually caused a breakaway.[39]

---

[31] Exhibit 4, Deposition of Everett, at p. 614:4-616:10.
[32] Exhibit 5, Deposition of Everett, at p. 618:25-619:25.
[33] Exhibit 5, Deposition of Everett, at p. 618:25-619:25.
[34] Exhibit 3, Deposition of Sims, at 472:8-14.
[35] *Id*., at 472:25-473:12
[36] Exhibit 1, Deposition of Gilberterra (Shore operations manager), at 424:6-25-425:1-3.
[37] Exhibit 3, Deposition of Sims, at 477:9-16.
[38] Exhibit 1, Deposition of Gilberterra, at 428:14-429:14.
[39] *Id*., at 428:14-429:14.

34. As the weather deteriorated, ENDEAVOR's Capt. Everett kept up a running dialogue on the radio with THOR's superintendent Douglas. Capt. Everett repeatedly asked Douglas how things were going on the THOR, and Douglas replied each time that everything was going fine.[40]

35. The THOR did not request for the ENDEAVOR to assist until after the THOR was already breaking away.[41]

36. The breakaway of the THOR was caused by the THOR Interests' failure to properly moor the THOR in accordance with regulations and standards in the maritime industry and in accordance with safe practices customary to the industry.[42]

37. No decision, action or inaction of Crosby Tugs, LLC, the ENDEAVOR or its Master and other crewmembers, caused or contributed to the breakaway of the THOR from the Martin Energy Dock on October 28, 2020.[43]

38. The ENDEAVOR could not have prevented the D/B THOR from moving away from the Martin dock during the passage of Hurricane Zeta on October 28, 2020.[44]

39. The wind forces acting on the D/B THOR exceeded the bollard pull capacity of the ENDEAVOR, and the tug is not designed to push perpendicularly against a barge of the D/B THOR's configuration during hurricane-force conditions.[45]

40. The assistance of the ENDEAVOR would not have made any difference in the outcome of this breakaway event in Hurricane Zeta's storm conditions.[46]

---

[40] Exhibit 5, Deposition of Douglas, at 465:13-466:7.
[41] *Id.*, at 201:19-22 ("Yes. Once we started breaking away from the dock, I got on the radio and called the ENDEAVOR and told him we was breaking away from the dock, push me in.").
[42] Exhibit 9-B, Declaration of Capt. Fazioli, at pp. 2-3, ¶ 7, Expert Report.
[43] Exhibit 9, Declaration of Capt. Fazioli, at p. 3, ¶ 8.
[44] Exhibit 10, Declaration of McClure, at pp. 2-3, ¶ 8.
[45] Exhibit 10, Declaration of McClure, at p. 3, ¶ 9.
[46] Exhibit 10, Declaration of McClure, at p. 3, ¶ 10.

41.     No shoreside management of the THOR inspected the mooring configuration on the THOR before Hurricane Zeta nor did they confirm what mooring arrangement the barge utilized.[47]

Respectfully submitted,

*/s/ Jefferson R. Tillery*
JEFFERSON R. TILLERY (La. Bar No. 17831)
ALFRED J. RUFTY, III (La. Bar No. 19990)
VALERIE E. FONTENOT (La. Bar. No. 35129)
SARA B. KUEBEL (La. Bar No. 38305)
JONES WALKER, LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:    (504) 582-8616
Facsimile:    (504) 589-8616
E-Mail:    jtillery@joneswalker.com
           arufty@joneswalker.com
           vfontenot@joneswalker.com
           skuebel@joneswalker.com

***Attorneys for Limitation Petitioner, Crosby Tugs, LLC***

---

[47] Exhibit 5, Deposition of Douglas, at pp. 372:21-376:10.