# Transcript of the Testimony of
# Video Deposition of Crosby Tugs, LLC through Wade Savoy

### Date: November 2, 2023

### All Coast, LLC v. Shore Offshore Services, LLC

All electronic deposition & exhibit files
are available at **www.psrdocs.com**
Please call or e-mail reporters@psrdocs.com if you need a
**Username** and **Password**

## Professional Shorthand Reporters, Inc.
Phone:  504-529-5255
Fax:  504-529-5257
Email:  reporters@psrdocs.com
Internet: http://www.psrdocs.com

**EXHIBIT 8**

Page 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ALL COAST, LLC              *   CIVIL ACTION
                            *   NO. 21-258, C/W 21-337,
                            *   21-464, 21-822, 21-1968,
                            *   21-1969, 21-1982,
VERSUS                      *   21-1981, 21-2075,
                            *   21-2227
                            *
                            *   SECTION "A"
SHORE OFFSHORE              *   HON. JAY C. ZAINEY
SERVICES, LLC               *   MAGISTRATE: (4)
                            *   HON. KAREN WELLS ROBY
                            *
                            *   APPLIES TO ALL CASES


        FED. R. CIVIL P. RULE 30(B)(6) VIDEO
              DEPOSITION OF CROSBY TUGS, LLC


         Deposition of CROSBY TUGS, LLC, through
its Corporate Representative, WADE SAVOY,
Director of QHSE, 17751 Highway 3235,
Galliano, Louisiana 70354, taken in person and
via ZOOM Videoconference, in the offices of
Jones Walker, LLP, 201 St. Charles Avenue,
Suite 5100, New Orleans, Louisiana 70170, on
Thursday, the 2nd day of November, 2023.




APPEARANCES:  (In Person)

      ARNOLD & ITKIN, LLP
      (By:  John G. Grinnan, Jr., Esquire)
      6009 Memorial Drive
      Houston, Texas 77007

              (Attorneys for Claimants)

Page 2

```
 1   APPEARANCES: (In Person)
 2
         PUSATERI, JOHNSTON,
 3        GUILLOT & GREENBAUM, LLC
         (By:  Gavin H. Guillot, Esquire
 4               Jacob A. Altmyer, Esquire
         1100 Poydras Street, Suite 2250
 5       New Orleans, Louisiana 70163
 6            (Attorneys for Modern American
                 Railroad Services, L.L.C., and
 7               Shore Offshore Services, LLC)
 8       JONES WALKER, LLP
         (By:  Alfred J. Rufty, III, Esquire)
 9       201 St. Charles Avenue, Suite 5100
         New Orleans, Louisiana 70170
10
              (Attorneys for Crosby Tugs, LLC)
11
         ADAMS & REESE, LLP
12       (By:  Charles A. Cerise, Jr., Esquire)
         701 Poydras Street, Suite 4500
13       New Orleans, Louisiana 70139
14            (Attorneys for Harvey Gulf
                 International Marine, LLC)
15
         DAIGLE, FISSE & KESSENICH
16       (By:  Michael W. McMahon, Esquire)
         227 Highway 21
17       Madisonville, Louisiana 70447
18            (Attorneys for Martin Interests)
19       FLANAGAN PARTNERS, LLP
         (By:  Laurent J. Demosthenidy, Esquire)
20       201 St. Charles Avenue, Suite 3300
         New Orleans, Louisiana 70170
21
              (Attorneys for Weeks Marine, Inc.,
22               and GOL, LLC)
23
24
25
```

Video Deposition of Crosby Tugs, LLC through Wade Savoy
All Coast, LLC v. Shore Offshore Services, LLC

Page 3

```
 1    APPEARANCES:   (VIA ZOOM)
 2         LISKOW & LEWIS, APLC
           (By:  David L. Reisman, Esquire)
 3         701 Poydras Street, Suite 5000
           New Orleans, Louisiana 70139
 4
                 (Attorneys for Dawn Services, LLC)
 5
           ALLEN & GOOCH
 6         (By:  Alan J. Meche, Esquire)
           2000 Kaliste Saloom Road, Suite 400
 7         Lafayette, Louisiana 70508
 8             (Attorneys for Gulf Logistics, LLC,
                  and C&G Boats, Inc.)
 9
           PALMINTIER LAW GROUP
10         (By:  Michael C. Palmintier, Esquire)
           618 Main Street
11         Baton Rouge, Louisiana 70801
12             (Attorneys for Terrynn Tyrell Lyons)
13         SPAGNOLETTI LAW FIRM
           (By:  Charles Mills, Esquire)
14         401 Louisiana Street, 8th Floor
           Houston, Texas 77002
15
                 (Attorneys for Montrell Smith and
16                  Randy Rials)
17         THE MOELLER FIRM, LLC
           (By:  Kassie Lee Richbourg, Esquire)
18         650 Poydras Street, Suite 2516
           New Orleans, Louisiana 70130
19
                 (Attorneys for All Coast, LLC)
20
           GALLOWAY, JOHNSON, TOMPKINS,
21          BURR & SMITH, APLC
           (By:  Patrick J. Schepens, Esquire)
22         #3 Sanctuary Boulevard, Suite 301
           Mandeville, Louisiana 70471
23
                 (Attorneys for Coastal Towing, LLC,
24                  and Talisman Casualty Insurance
                    Company, LLC)
25
```

Video Deposition of Crosby Tugs, LLC through Wade Savoy
All Coast, LLC v. Shore Offshore Services, LLC

Page 4

```
 1   APPEARANCES (VIA ZOOM):
 2         CHAFFE, McCALL, LLP
           (By:  Will Kelly, Esquire)
 3         1100 Poydras Street, Suite 2300
           New Orleans, Louisiana 70163
 4
               (Attorneys for Chubb Underwriting
 5                Agencies, Ltd.)
 6         FRILOT, LLC
           (By:  Blake C. Donewar, Esquire)
 7         1100 Poydras Street, Suite 3700
           New Orleans, Louisiana 70163
 8
               (Attorneys for the Greater
 9                Lafourche Port Commission)
10         DEGAN, BLANCHARD & NASH, APLC
           (By:  Philip C. Brickman, Esquire)
11         Texaco Center, Suite 2600
           400 Poydras Street
12         New Orleans, Louisiana 70130
13             (Attorneys for U.S. Specialty
                  Insurance Company)
14
15   VIDEOGRAPHER:
16       MICHAEL BERGERON
         PSR, INC.
17
     REPORTED BY:
18
         LINDA G. GRIFFIN, RPR
19       CERTIFIED COURT REPORTER
20                     ***
21
22
23
24
25
```

Video Deposition of Crosby Tugs, LLC through Wade Savoy
All Coast, LLC v. Shore Offshore Services, LLC

Page 5

1                    I N D E X

2                   EXAMINATION

3                                            PAGE

4    EXAMINATION BY MR. GUILLOT ........   12

5    EXAMINATION BY MR. DEMOSTHENIDY ...  317

6    EXAMINATION BY MR. CERISE .........  321

7    EXAMINATION BY MR. McMAHON ........  332

8    EXAMINATION BY MR. GRINNAN ........  343

9    EXAMINATION BY MR. PALMINTIER .....  455

10   EXAMINATION BY MR. REISMAN ........  460

11   EXAMINATION BY MR. MECHE ..........  474

12   EXAMINATION BY MS. RICHBOURG ......  476

13   EXAMINATION BY MR. GUILLOT ........  477

14   EXAMINATION BY MR. McMAHON ........  483

15   EXAMINATION BY MR. GRINNAN ........  486

16                       ***

17

18

19

20

21

22

23

24

25

Video Deposition of Crosby Tugs, LLC through Wade Savoy
All Coast, LLC v. Shore Offshore Services, LLC

Page 6

```
 1
 2                       EXHIBITS
 3                                              PAGE
 4    EXHIBIT NO. 255..................     28
      US Coast Guard; Form 2692
 5    Report of Marine Casualty
      CROSBY 79-81
 6
      EXHIBIT NO. 256..................     48
 7    Crosby Tugs, LLC, Manual
      Shore Personnel Incident
 8    Reporting Procedure
      CROSBY 810-811
 9
      EXHIBIT NO. 257 .................     59
10    Crosby Tugs, LLC, Manual
      Incident Investigation
11    Lessons Learned Procedure
      CROSBY 812-814
12
      EXHIBIT NO. 258 ..............l..     76
13    Crosby Tugs, LLC, Manual
      Watch Standing/Hours of Rest
14    CROSBY 735-750
15    EXHIBIT NO. 259..................     97
      Work/Rest Hours Form
16    CROSBY 2505-2508
17    EXHIBIT NO. 260  ................    108
      Crosby Tugs, LLC
18    Engine Shut Down Procedures
      CROSBY 656
19
      EXHIBIT NO. 261   ...............    113
20    Navigation Rules
      US DHS
21
      EXHIBIT NO. 262   ...............    114
22    Logbook
      CROSBY 457-473
23
      EXHIBIT NO. 263 ..................   133
24    Crosby's Answers to
      Omnibus Interrogatories
25    07/11/22
```

Video Deposition of Crosby Tugs, LLC through Wade Savoy
All Coast, LLC v. Shore Offshore Services, LLC

Page 7

```
 1    EXHIBIT NO. 264..................    134
      Order for Towing Services
 2    DAWN 302-303

 3    EXHIBIT NO. 265 .................    179
      Crosby Tugs, LLC, Manual
 4    Equipment Maintenance Procedure
      CROSBY 819-821
 5
      EXHIBIT NO. 266 .................    191
 6    Crosby Tugs, LLC, Manual
      Vessel Log Entries Procedures
 7    CROSBY 670-673

 8    EXHIBIT NO. 267 .................    215
      Re-Notice of Rule 30(b)(6)
 9    Deposition of Crosby Tugs, LLC

10    EXHIBIT NO. 268 .................    263
      Weather Reports/Data
11    CROSBY 107-159

12    EXHIBIT NO. 269 .................    277
      GLPC Ordinance No. 71
13
      EXHIBIT NO. 270 .................    304
14    Crosby Tugs, LLC, Manual
      Hurricane Plan
15    CROSBY 751-757

16    EXHIBIT NO. 271 .................    342
      Crosby's Third Supplemental
17    Responses to Omnibus Requests

18    EXHIBIT NO. 272 .................    349
      Deposition Binders
19    (Documents Reviewed)

20    EXHIBIT NO. 273 .................    358
      Martin Hurricane Preparedness Plan 2020
21    Starting on MARTIN 644 (Various Pages)

22    EXHIBIT NO. 274 .................    491
      Proposal; 10/19/20; Dawn Offshore
23    CROSBY 2162-2163

24                     ***

25
```

Video Deposition of Crosby Tugs, LLC through Wade Savoy
All Coast, LLC v. Shore Offshore Services, LLC

Page 8

1       S T I P U L A T I O N
2
3           It is stipulated and agreed by and
4   between counsel for the parties hereto that
5   the deposition of the aforementioned witness
6   is hereby being taken for all purposes
7   allowed under the Federal Rules of Civil
8   Procedure, in accordance with law, pursuant
9   to notice;
10          That the formalities of reading and
11  signing are specifically not waived;
12          That the formalities of sealing,
13  certification and filing are specifically
14  waived;
15          That all objections, save those as
16  to the form of the question and the
17  responsiveness of the answer, are hereby
18  reserved until such time as this deposition,
19  or any part thereof, may be used or sought
20  to be used in evidence.
21              *     *     *     *
22          LINDA G. GRIFFIN, CCR, Registered
23  Professional Reporter, in and for the State
24  of Louisiana, officiated in administering
25  the oath to the witness.

Video Deposition of Crosby Tugs, LLC through Wade Savoy
All Coast, LLC v. Shore Offshore Services, LLC

Page 9

```
 1              CROSBY TUGS, LLC,
 2         WADE SAVOY, DIRECTOR OF QHSE,
 3   after having been first duly sworn by the
 4   above-mentioned Registered Professional
 5   Reporter, did testify as follows:
 6              (On the record at 10:05 a.m.)
 7         THE VIDEOGRAPHER:
 8              We're on the record.  Today is
 9         the 2nd day of November, 2023.  This is
10         the video-recorded deposition of Mr.
11         Wade Savoy, in the case entitled All
12         Coast, LLC versus Shore Offshore
13         Services, LLC.
14              Will counsel please identify
15         themselves and which parties they
16         represent.
17         MR. RUFTY:
18              Al Rufty, for Crosby Tugs.
19         MR. GUILLOT:
20              Gavin Guillot, on behalf of
21         Shore Offshore Services, and Modern
22         American Railroad Services.
23         MR. ALTMYER:
24              Jacob Altmyer, on behalf of
25         Shore Offshore Services and Modern
```

Page 285

1  per manned boat we will do.
2      Q     All right.  Do you agree with the
3  statement that the ENDEAVOR is an offshore
4  towing and anchor handling tug and is not
5  designed to hold vessels in place?
6      A     Yes.
7      Q     Did you ever communicate -- did
8  Crosby ever communicate to the THOR, before
9  October 28th, 2020, at 1600 hours, that the
10 ENDEAVOR is not designed to hold vessels in
11 place?
12     A     No, because no one asked us to hold
13 them in place.
14     Q     Do you agree that Shore should have
15 been advised of that information by Crosby
16 when the ENDEAVOR tied up to the THOR, in
17 advance of the hurricane?
18     A     No.
19     Q     Why?
20     A     Because when Shore hired us and
21 asked us to do, we told them the capabilities
22 of.
23     Q     And what do you mean when you say,
24 you told them the capabilities of?
25     A     When Shore asked for a vessel, they

Page 286

1  asked for an anchor handling and towing
2  vessel.  We gave them the CROSBY ENDEAVOR.
3  When we came into port, no one said, "Okay,
4  now we need a boat that could hold us to the
5  dock."
6      Q    So the circumstances that existed
7  on October 28th, 2020, where the ENDEAVOR is
8  coupled to the THOR, while the THOR is tied to
9  the dock, didn't raise any question in
10 Crosby's mind that the ENDEAVOR was there to
11 safeguard against a possibility that the THOR
12 could break away from the dock?
13     A    No, because we stand by with
14 vessels waiting for hurricanes to pass all the
15 time, just so we can go back offshore once it
16 passes.
17     Q    Were you aware that the majority of
18 the THOR's crew had departed the vessel?
19     A    No.
20     Q    Are you aware of what type of
21 infrastructure it would take to get the THOR
22 prepared to go back offshore, following the
23 hurricane?
24     A    What do you mean, what type of
25 infrastructure?

Video Deposition of Crosby Tugs, LLC through Wade Savoy
All Coast, LLC v. Shore Offshore Services, LLC

Page 465

1    Q    You described earlier that the
2  ENDEAVOR is an anchor handling tug.  Why don't
3  you explain for the Court what that means.
4    A    Solely a winch configuration.  We
5  have a dual drum on the back deck with an open
6  stern.  I believe that one has a roller and
7  pop-up pins, and it's designed to pull anchors
8  for locations like the THOR.  We pull them up.
9  Depending on what the client is -- some
10 require us to deck the anchors on there, pull
11 them in to the location and then do it all
12 over again.
13   Q    And an anchor handling tug is a
14 specific type of tug, correct?
15   A    Yes.
16   Q    There are lots of different types
17 of tugs; is that correct?
18   A    Correct.
19   Q    You've talked about pushboats
20 before, harbor assist tugs, tugs that can push
21 ahead, tugs that can pull from behind, things
22 of that nature, correct?
23   A    Yes.
24   Q    Was the ENDEAVOR designed to push
25 ahead on its tow?

Video Deposition of Crosby Tugs, LLC through Wade Savoy
All Coast, LLC v. Shore Offshore Services, LLC

Page 466

1        MR. GUILLOT:
2              Objection, foundation.
3        THE WITNESS:
4              No.
5   EXAMINATION BY MR. REISMAN:
6        Q    Was it designed to tow something
7   from behind?
8        A    Yes.
9        Q    And the anchor handling function, I
10  think you described what that means, that it
11  would pick up and set anchors offshore for a
12  vessel that it was towing, correct?
13       A    Yes.
14       Q    A work barge, such as the THOR, has
15  to be anchored on location to perform its
16  work, correct?
17       A    Correct.  They use anchor spread to
18  move about.
19       Q    So you told us earlier that when
20  Crosby gets a request for an anchor handling
21  tug, it doesn't anticipate that that tug will
22  be asked to perform harbor assist or
23  dock-holding functions, correct?
24       MR. GRINNAN:
25              Form.

Video Deposition of Crosby Tugs, LLC through Wade Savoy
All Coast, LLC v. Shore Offshore Services, LLC

Page 467

1      MR. GUILLOT:
2           Form.
3      THE WITNESS:
4           Correct.
5  EXAMINATION BY MR. REISMAN:
6      Q    Does Crosby expect its customers,
7  like Shore, in this case, to understand what
8  kind of tugs it's providing?
9      MR. GUILLOT:
10          Form.
11     THE WITNESS:
12          Yes.  When the --
13 EXAMINATION BY MR. REISMAN:
14     Q    And does Crosby -- I'm sorry, I
15 didn't mean to interrupt you.  Did you have
16 something else to say?
17     A    When the customer asks for a
18 specific tug, that's what -- that's how we
19 pair up the type of tug that we're going to
20 give them.
21     Q    And does Crosby expect its
22 customers to know what kind of tugs it needs
23 to perform the functions it's requesting?
24     A    Yes.
25     Q    And in this case, did Crosby rely

Page 468

1   on Shore to request the proper type of tug?
2        A    Yes.
3        Q    Are you aware of any information
4   that Shore provided to Dawn, which was not
5   provided to the THOR?
6        A    I'm sorry, can you say that again?
7        Q    Sure.  Are you aware of any
8   information that Shore provided to Dawn
9   regarding the operation of the ENDEAVOR that
10  Dawn did not, in turn, pass on to Crosby?
11            MR. GUILLOT:
12                 Objection, foundation.
13            THE WITNESS:
14                 Not that I know of.
15  EXAMINATION BY MR. REISMAN:
16       Q    Did anybody from Shore ever contact
17  anybody at Crosby to ask if the ENDEAVOR could
18  perform harbor assist or dock-holding work?
19       A    No.
20       Q    There was some testimony earlier
21  about whether Fourchon was a safe place to go
22  to seek, I think it was called, a port of
23  refuge.  Do you recall that line of
24  questioning Mr. Guillot asked you about?
25       A    Briefly.  It's been a long day.