

PUSATERI, JOHNSTON,
GUILLOT & GREENBAUM

ATTORNEYS AT LAW

1100 Poydras Street, Suite 2250
New Orleans, LA 70163
T: (504) 620-2500 F: (504) 620-2510
www.PJGGLAW.com



**EXHIBIT**

**___L___**

February 25, 2021

**VIA EMAIL AND CERTIFIED U.S. MAIL**
**RRR 7014 1200 0000 1144 4418**
Dawn Services, L.L.C.
Attention: Mr. Michael Grace
P.O. Box 492
Gretna, LA 70054
mikeg@dawnoffshore.com

**VIA CERTIFIED U.S. MAIL**
**RRR 7019 1640 0001 9875 0653**
Mr. John Charpentier
Member and Registered Agent
Dawn Services, L.L.C.
851 MacArthur Ave
Harvey, LA 700058

RE:    DB THOR Breakaway, DOL October 28, 2020
       Demand for Defense, Indemnity and Additional Insured Coverage
       **Our File No. 1021-20689**

Dear Sirs:

We represent Shore Offshore Services, LLC ("Shore") and Modern American Railroad Services, LLC ("MARS"), in connection with an incident that occurred on October 28, 2020, where the D/B THOR, operated by Shore and owned by MARS, broke free from her moorings in Port Fourchon, Louisiana, during Hurricane Zeta. Several lawsuits have since been filed against Shore and other parties, generally alleging that, after breaking free from her moorings, the D/B THOR traveled upstream along Bayou Lafourche striking multiple objects and vessels. These lawsuits include, most recently, a lawsuit by Harvey Seas, LLC, and Harvey Gulf International Marine, LLC (collectively, "Harvey Gulf") for property damage to its vessel, the M/V HARVEY SEAS; a lawsuit by All Coast, LLC, for property damage to its two lift boats, the L/B GROUPER and L/B STINGRAY; and multiple personal injury claims by employees of Shore's contractors aboard the D/B THOR (collectively, the "Lawsuits").[1]  Attached are copies of the Lawsuits.

---

[1]  *Harvey Seas, LLC, et al. v. Shore Offshore Services, et al.*, Civil Action No. 2:21-cv-00337, United States District Court for the Eastern District of Louisiana ("EDLA"); *All Coast, LLC v. Shore Offshore Services, LLC, et al.*, Civil Action No. 2:21-cv-00258, EDLA; *Andrews, et al. v. Fieldwood Energy Offshore, Inc., et al.*, Civil Action No. 4:20-cv-04009, United States District Court for the Southern District of Texas ("SDTX"); *Cloyd v. Fieldwood Energy Offshore, Inc., et al.*, Civil Action No. 4:20-cv-04032, SDTX; *Williams v. Fieldwood Energy Offshore, Inc., et al.*, Civil Action No. 4:20-cv-04371, SDTX; *McCray v. Fieldwood Energy Offshore, Inc., et al.*, Civil Action No. 4:21-

February 25, 2021
Page 2

More particularly regarding the circumstances of the incident, on October 28, 2020, while moored to Martin Energy Services, LLC's ("Martin") Dock #16 in Port Fourchon, Louisiana, ("Dock #16") where the D/B THOR sought safe harbor from the Hurricane Zeta, the M/V CROSBY ENDEAVOR, a towing vessel, was assisting the D/B THOR. Arrangements for the M/V CROSBY ENDEAVOR appear to have been made by and through Dawn Services, LLC ("Dawn"). During the hurricane, the M/V CROSBY ENDEAVOR was coupled to the port/channel side of the D/B THOR roughly amidships and facing downstream in such as manner as to provide assistance during the hurricane, as Shore expected.

While there has been no formal discovery in litigation yet, evidence preservation demands were circulated; and Shore and MARS have come to understand that despite the M/V CROSBY ENDEAVOR's positioning to aid the D/B THOR, particularly to avoid a breakaway, when the D/B THOR began to break free from the dock, the M/V CROSBY ENDEAVOR did not provide any meaningful assistance to prevent that breakaway. It is also believed that the M/V CROSBY ENDEAVOR's engines were shut down at the time of the breakaway. Regardless of whether the engines were on or off, the M/V CROSBY ENDEAVOR failed to perform her intended duties. Rather, it appears she did nothing to prevent the breakaway, and in fact, her actions may have contributed to unwarranted stress on the D/B THOR's mooring lines—thus causing or contributing to the breakaway.

After the breakaway, the M/V CROSBY ENDEAVOR remained coupled to the D/B THOR as the D/B THOR drifted up Bayou Lafourche and when the D/B THOR allegedly came into contact with various objects and vessels. Eventually, the M/V CROSBY ENDEAVOR decoupled from the D/B THOR; and it is still being investigated the extent to which the M/V CROSBY ENDEAVOR caused or contributed to the D/B THOR striking further objects before and after decoupling. To be clear, the M/V CROSBY ENDEAVOR's errors and omissions rendered the M/V CROSBY ENDEAVOR unseaworthy.

As respects the contracts between Shore and Dawn, on June 9, 2017, Dawn and Shore entered into a Master Vessel Time Charter ("MVTC") governing the services Dawn would perform for Shore, including, but not limited to, Dawn's commitment of the M/V CROSBY ENDEAVOR to Shore. The MVTC is attached for your reference. The MVTC contains certain defense, indemnity, and insurance coverage obligations in favor of Shore in connection with the incident at issue. More particularly, Section 11 provides, in pertinent part:

> OWNER [Dawn] hereby agrees to defend, indemnify and hold harmless CHARTERER [Shore], its affiliated companies (specifically including Shore Construction, LLC, and Modern American Recycling Services, Inc.), its contractors and subcontractors, its joint venturers (specifically including Bisso Marine, LLC), and the insurers, officers, directors, owners, employees (even if alleged to held to be the borrowed employee or another entity), of all of the foregoing (collectively referred to as "CHARTERER GROUP") from and against any and all demands,

February 25, 2021
Page 3

liabilities, claims, suits, judgments, proceedings, orders, causes of action, damages, losses, costs and expenses (including reasonable attorneys' fees) on account of any property damage or loss of property of CHARTERER [Shore] GROUP (including, but not limited to, the loss of any vessel towed by OWNER [Dawn] hereunder, damage to any vessel towed by OWNER [Dawn] hereunder, or damage caused by any vessel towed by OWNER [Dawn] hereunder) when such loss or damage arises from the negligence of OWNER [Dawn] or any member of OWNER [Dawn] GROUP (defined below) or the unseaworthiness of the Vessel.

.…

OWNER [Dawn] hereby agrees defend, indemnify and hold harmless CHARTERER [Shore] GROUP from and against any and all demands, liabilities, claims, suits, judgments, proceedings, orders, causes of action, damages, losses, costs and expenses (including reasonable attorneys' fees) on account of bodily injury, illness, or death to any member of CHARTERER [Shore] GROUP, when such loss or damage arises from the negligence of OWNER [Dawn] or any member of OWNER [Dawn] GROUP or the unseaworthiness of the Vessel.

OWNER [Dawn] hereby agrees defend, indemnify and hold harmless CHARTERER [Shore] GROUP from and against any and all demands, liabilities, claims, suits, judgments, proceedings, orders, causes of action, damages, losses, costs and expenses (including reasonable attorneys' fees) on account of any harm to any Third Parties (defined as any person or entity other than a member of CHARTERER [Shore] GROUP, OWNER [Dawn], or OWNER [Dawn] GROUP), whether such harm be on account of bodily injury, illness, or death or property damage, when such loss or damage arises from the negligence or fault of OWNER [Dawn] or any member of OWNER [Dawn] GROUP or the unseaworthiness of the Vessel.

"OWNER" is defined as Dawn, and "CHARTERER" is defined as Shore. "CHARTERER GROUP" includes Shore's contractors and subcontractors, including MARS, along with their employees (even if alleged to held to be the borrowed employee or another entity). Further, "OWNER GROUP" includes any "employee (even if alleged to held to be the borrowed employee or another entity), agent, representative, owner, or director of OWNER [Dawn]." The term "Vessel" refers to a vessel Dawn "commits to the service of others [here Shore] in exchange for a fee," thus the M/V CROSBY ENDEAVOR. In addition, Section 10 of the MVTC required Dawn to obtain insurance coverage to, *inter alia*, support these indemnity obligations and to have such policies of insurance name Shore as an additional insured with a waiver of subrogation in favor of Shore's group.

As noted above, suit has now been filed by Harvey Gulf against Shore, Dawn, and others, specifically claiming that Harvey Gulf's damages were caused by Dawn's negligence and, notably, "the unseaworthiness of the Assist Tugs in that the vessels were not reasonably fit for their intended purposes." *See* Para. 28 of Harvey Gulf's lawsuit. Based upon the terms of the MVTC, Dawn is obligated to defend, indemnity, and hold harmless Shore's group, including MARS, for, *inter alia*,

February 25, 2021
Page 4

all demands, liabilities, claims, suits, judgments, proceedings, orders, causes of action, damages, losses, costs and expenses (including reasonable attorneys' fees) on account of the property damage and/or alleged personal injuries at issue arising from Dawn's negligence or fault, the negligence or fault of its agents and/or representatives, and/or the unseaworthiness of the M/V CROSBY ENDEAVOR. Therefore, as specific demand has been made by the plaintiffs against Dawn in a lawsuit wherein Shore and MARS are co-defendants, claiming the M/V CROSBY ENDEAVOR was unseaworthy, such formal allegation triggers Dawn's contractual defense, indemnity, and insurance coverage obligations to Shore's group. Shore therefore tenders this demand for defense, indemnity, and additional insurance coverage to Dawn and its applicable underwriters for both Shore and MARS in connection with not only the Harvey Gulf lawsuit, but all Lawsuits as provided herein and those that may be filed in the future.[2]

We request that you acknowledge receipt of this demand and provide confirmation on or before March 12, 2021, that Dawn and its applicable underwriters will fully defend, indemnify, and provide additional insured coverage to Shore (and MARS as applicable) in connection with the Lawsuits and future claims that will expectedly continue to arise from this incident. Per the MVTC, we also request copies of all primary and excess insurance policies in effect at the time of this incident, including but not limited to, protection and indemnity insurance and general liability coverage.

If representatives of Dawn wish to discuss this matter, you may easily reach us at (504) 620-2500.

Very Truly Yours,

PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC

Gavin H. Guillot
Meredith W. Blanque
Jacob A. Altmyer

GHG/JAA/amt/#1576663
Attachments

CC: Mr. David Reisman        VIA EMAIL w/attachments (dreisman@liskow.com)

---

[2] You will see among the Lawsuits presently pending in Texas against Shore that Premier Offshore Catering, Inc. ("Premier"), Oceaneering International, Inc. ("Oceaneering"), and Complete Logistical Services, LLC ("CLS") are named as defendants. C&G Welding, LLC ("C&G") employees have also filed suit in Texas solely against Shore. Please note that Shore has previously tendered its defense, indemnity, and additional insured coverage to Premier, Oceaneering, CLS, and C&G for the claims asserted in these personal injury lawsuits based upon Shore's contracts with them. To date, Premier and Oceaneering have accepted, with reservation, those tenders, and we expect CLS' and C&G's responses in the near future. To the extent there are any liabilities of Shore to these personal injury lawsuits either in excess of or outside the coverage and/or scope of the defense, indemnity, and additional insured coverage presently being provided, please be on notice that Shore will be looking to Dawn and its interests for defense, indemnity, and additional insured coverage.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dawn Services, L.L.C.
Attention: Mr. Michael Grace
P.O. Box 492
Gretna, LA 70054

|||||||||||||||||||||||||||||||||||||||||||||

9590 9402 5207 9122 1099 23

2. Article Number *(Transfer from service label)*

7014 1200 0000 1144 4418

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                      ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
                                   3-4-91

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 5207 9122 1099 23

**United States
Postal Service**



• Send... ...and ZIP+4® in this box•

PJGG

PUSATERI, JOHNSTON,
GUILLOT & GREENBAUM

1100 Poydras Street, Suite 2250
New Orleans, LA 70163

ATTN: Amanda          20689

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HARVEY SEAS, LLC**<br>**and**<br>**HARVEY GULF INTERNATIONAL**<br>**MARINE, LLC** | §<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO.** |
| | §<br>§ | **JUDGE** |
| **Versus** | §<br>§ | **MAGISTRATE** |
| **SHORE OFFSHORE SERVICES, LLC;**<br>**MODERN AMERICAN RAILROAD**<br>**SERVICES, L.L.C.; MARTIN**<br>**ENERGY SERVICES, LLC;**<br>**CROSBY TUGS, L.L.C.; and,**<br>**DAWN SERVICES, L.L.C.** | §<br>§<br>§<br>§<br>§<br>§ | |

## ORIGINAL COMPLAINT

NOW INTO COURT, through undersigned counsel, come plaintiffs Harvey Seas, LLC and Harvey Gulf International Marine, LLC (collectively "Harvey Gulf") who respectfully represent as follows:

## JURISDICTION

1.      This is an admiralty and maritime claim within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and the supplemental jurisdiction of this Court pursuant to U.S.C. § 1367.

## VENUE

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this district, specifically in waters off the coast of Port Fourchon, Louisiana.

## PARTIES

3.      Plaintiff Harvey Seas, LLC ("Harvey Seas") is a Louisiana Limited Liability Company with its principal place of business in New Orleans, Louisiana. Harvey Seas is the owner of the offshore supply vessel M/V HARVEY SEAS (IMO No. 9536222).

4.      Plaintiff Harvey Gulf International Marine, LLC ("HGIM") is a Louisiana Limited Liability Company with its principal place of business in New Orleans, Louisiana. HGIM is the operator of the M/V HARVEY SEAS.

5.      Defendant Shore Offshore Services, LLC ("Shore") is a Louisiana Limited Liability Company with its principal place of business in Gibson, Louisiana. Shore is or was at all material times the owner and/or owner *pro hac vice* of the Derrick Barge THOR (IMO No. 8639455), a non-propelled derrick barge.

6.      Defendant Modern American Railroad Services, L.L.C. ("MARS") is a Louisiana Limited Liability Company with its principal place of business in Gibson, Louisiana. MARS is or was at all material times the operator and/or charterer of the D/B THOR.

7.      Defendant Martin Energy Services, LLC ("Martin Energy") is an Alabama Limited Liability Company with its principal place of business in Houston, Texas. Martin Energy is or was at all material times the owner and/or lessee and/or operator of a dock known as Dock 16 located in Port Fourchon, Louisiana.

8.      Defendant Crosby Tugs, L.L.C. ("Crosby Tugs") is a Louisiana Limited Liability Company with its principal place of business in Galliano, Louisiana. Crosby Tugs is the owner and/or owner *pro hac vice* of the CROSBY ENDEAVOR and the charterer and/or owner *pro hac*

*vice* of another tug owned by Dawn Services, L.L.C. ("Dawn"), the name of which is not presently known to Harvey Gulf.

9.      Defendant Dawn is a Louisiana Limited Liability Company with its principal place of business in Harvey, Louisiana. Dawn is the owner and/or owner *pro hac vice* of a tug, the name of which is not presently known to Harvey Gulf.

## FACTS

10.      On the afternoon of October 28, 2020, Hurricane Zeta made landfall in Cocodrie, Louisiana, approximately thirty miles west of Port Fourchon, Louisiana.

11.      At that time of the approach of Hurricane Zeta, the D/B THOR was moored to bollards at the Martin Energy dock in Port Fourchon with a crew on board waiting out the storm.

12.      To assist in keeping the D/B THOR in place, she had two assist tugs with her, the CROSBY ENDEAVOR and another tug owned by Dawn but allegedly chartered to Crosby (collectively the "Assist Tugs").

13.      At some point during Hurricane Zeta, the mooring lines that secured the D/B THOR to the bollards at the Martin Energy dock snapped and/or the bollards to which the mooring lines were secured failed and/or the Assist Tugs failed to keep her in place. The D/B THOR was set adrift and the crew was unable to control the vessel.

14.      The M/V HARVEY SEAS, which was under charter to Anadarko Petroleum Corporation ("Anadarko") and had a crew waiting out the storm, was secured to mooring dolphins owned by C-Port and located in the Port Fourchon area.

15.      The D/B THOR allided with the side of the M/V HARVEY SEAS causing significant damage to the hull including creating a gash in the side and flooding the starboard engine room.

16.     As a result of being hit by the D/B THOR, the M/V HARVEY SEAS was knocked free from the dolphins to which she was moored, drifted down Bayou Lafourche, and ultimately beached on mudflats on property owned and/or managed by the Greater Lafourche Port Commission ("Port Commission").

17.     Harvey Gulf has had to negotiate an access agreement with the Port Commission, arrange for surveying to be undertaken to establish property rights and locate cables, pipelines, and underwater obstructions in order to recover the M/V HARVEY SEAS from the mudflats.

18.     At the time of filing this suit, the M/V HARVEY SEAS remains beached on the mudflats with plans being developed to remove her in compliance with the demands of the Port Commission and the law.

19.     As a result of the allision, damage, and the fact that the vessel remains beached, Anadarko canceled the charter of the M/V HARVEY SEAS.

20.     Only when the vessel has been recovered will it be possible to determine the costs of the repairs to the M/V HARVEY SEAS and whether she is a constructive total loss.

## FIRST CAUSE OF ACTION AGAINST SHORE AND MARS
## NEGLIGENCE

21.     The cause of the breakaway of the D/B THOR and subsequent damages to the M/V HARVEY SEAS was the negligence of Shore and / or MARS, and their employees, crewmembers, officers, agents, and/or servants for whom they are responsible in the following non-exclusive respects:

a.   Failing to secure the D/B THOR properly when Hurricane Zara was approaching;

b.   Failing to use enough mooring lines;

c.   Failing to use mooring lines of adequate strength;

d.   Failing to have a Hurricane Plan in place and/or implement any such plan properly;

e.  Failure to train and/or supervise the crew of the D/B THOR;

f.  Failing to institute proper emergency procedures;

g.  Failing to heed emergency warnings;

h.  Failing to maintain the vessel;

i.  Violating applicable maritime safety statutes and/or rules; and,

j.  Other acts of negligence as may be identified in discovery

22.     Further, Harvey Gulf relies on the *Louisiana* Rule, pursuant to which when a vessel

(here, the D/B THOR) is drifting or breaks from its moorings and causes damage to other vessels

or property (here, the M/V HARVEY SEAS), the vessel (here, the D/B THOR) is presumed to be

at fault.

23.     Further, Harvey Gulf relies on the *Pennsylvania* Rule, pursuant to which when a

vessel (here, the D/B THOR) is in violation of a statutory rule designed to prevent collisions or

allisions, the burden of proof shifts to the violator to show the violation was not, and could not

have been, a contributing cause of the collision or allision.

## SECOND CAUSE OF ACTION AGAINST SHORE AND MARS
## UNSEAWORTHINESS

24.     Further and in the alternative, the cause of the breakaway of the D/B THOR and

subsequent damages to the M/V HARVEY SEAS was the unseaworthiness of the D/B THOR in

that the vessel was not reasonably fit for her intended purposes.

## THIRD CAUSE OF ACTION AGAINST MARTIN ENERGY
## NEGLIGENCE

25.     Further and in the alternative, the cause of the breakaway of the D/B THOR and

subsequent damages to the M/V HARVEY SEAS was the negligence of Martin Energy and its

employees, officers, agents, and/or servants for whom they are responsible in failing to maintain its dock and/or bollards in such a way that they would not fail.

26.     Further and in the alternative, Martin Energy and its employees, officers, agents, and/or servants for whom they are responsible was negligent in failing to ensure that the D/B THOR was securely moored at its dock before the approach of Hurricane Zeta.

## FOURTH CAUSE OF ACTION AGANST CROSBY TUGS AND DAWN
## NEGLIGENCE

27.     Further and in the alternative, Crosby Tugs and Dawn and their respective employees, crewmembers officers, agents, and/or servants for whom they are responsible were negligent in failing to ensure that the Assist Tugs kept the D/B THOR in place during Hurricane Zeta, which was the very purpose for which the Assist Tugs were there.

## FOURTH CAUSE OF ACTION AGANST CROSBY TUGS AND DAWN
## UNSEAWORTHINESS

28.     Further and in the alternative, the cause of the breakaway of the D/B THOR and subsequent damages to the M/V HARVEY SEAS was caused by the unseaworthiness of the Assist Tugs in that the vessels were not reasonably fit for their intended purposes.

## DAMAGES

29.     As a result of the breakaway of the D/B THOR, her subsequent allision with the M/V HARVEY SEAS, and that vessel being knocked free and beaching on mudflats, Harvey Gulf has suffered and/or will suffer loss and damage, including but not limited to:

a.   Costs related to emergency marking and lighting of the vessel;

b.   Cost of surveying the area in which the vessel beached;

c. Costs of removing the vessel, including dredging of canals for removal and land restoration required by the Port Commission and law;

d. Cost of repairs to the M/V HARVEY SEAS;

e. Loss of the charter with Anadarko;

f. Indemnity or contribution with respect to any claims that may be asserted against Harvey Gulf as a result of the allision; and,

g. Such other loss and damage as may be established at trial.

30. Harvey Gulf reserves the right to supplement its claim for damages as the removal and repair efforts develop, which includes the right to claim that the M/V HARVEY SEAS has become a constructive total loss as a result of the damage caused by the allision and costs of recovering the M/V HARVEY SEAS.

**WHEREFORE**, Harvey Seas, LLC and Harvey Gulf International Marine, LLC, pray that this Complaint be deemed good and sufficient and that after due proceedings be had, there be judgment in their favor against Shore Offshore Services, LLC and/or Modern American Railroad Services, L.L.C. and/or Martin Energy Services, LLC and/or Crosby Tugs, L.L.C. and/or Dawn Services, L.L.C. for all damages sought, including attorneys' fees and costs, pre-judgment and post-judgment interest, and such other legal and equitable remedies to which they are entitled.

Respectfully submitted,

**ADAM AND REESE LLP**

*/s/ Matthew C. Guy*
Edwin C. Laizer (#17014)
Johnny L. Domiano (#24383)
Matthew C. Guy, (31182)
ADAMS AND REESE LLP
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone:     504-585-0336
Facsimile:     504-553-9776
ed.laizer@arlaw.com
johnny.domiano@arlaw.com
matthew.guy@arlaw.com

**ATTORNEYS FOR HARVEY SEAS,
LLC AND HARVEY GULF
INTERNATIONAL MARINE LLC**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALL COAST, LLC** | **CIVIL ACTION NO:** |
| **VERSUS** | **SECTION:** |
| **SHORE OFFSHORE SERVICES, LLC; MODERN AMERICAN RAILROAD SERVICES, LLC; and MARTIN ENERGY SERVICES, LLC** | **MAGISTRATE:** |

## COMPLAINT IN ADMIRALTY

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, All Coast, LLC

("All Coast"), who respectfully represents as follows:

### I.

All Coast is a limited liability company organized and existing under the laws of the state

of Louisiana.

### II.

Shore Offshore Services, LLC ("Shore") is a limited liability company organized and

existing under the laws of the state of Louisiana.

### III.

Modern American Railroad Services, LLC ("MARS") is a limited liability company

organized and existing under the laws of the state of Louisiana.

### IV.

Martin Energy Services, LLC ("Martin") is a limited liability company organized and

existing under the laws of the state of Alabama.

V.

This is a complaint in admiralty and asserts maritime claims. This Court has jurisdiction pursuant to 28 U.S.C § 1333. All Coast desires to proceed with a bench trial pursuant to Rule 9 (h) of the Federal Rules of Civil Procedure. Venue is proper under 28 U.S.C.A. § 1391(b)(2).

VI.

The All Coast L/B STINGRAY ("the Stingray") is a 130' leg class, triple leg lift boat measuring 71.5' x 42.1' x 6.8', is of 99 gross tons, 67 net tons, built in 1979, and bears official number 603825.

VII.

The All Coast L/B GROUPER ("the Grouper") is a 120' leg class, triple leg lift boat measuring 86.5' x 57' x 7', is of 97 gross tons, 66 net tons, built in 1979, and bears official number 609642.

VIII.

On the afternoon of October 28, 2020, Hurricane Zeta made landfall in Cocodrie, Louisiana, thirty miles west of Port Fourchon, Louisiana. At that time, the D/B Thor ("the Thor"), which was owned by MARS and operated and/or chartered by Shore, was moored to bollards at the Martin dock in Port Fourchon, with a crew onboard waiting out the storm.

IX.

At all times, the dock and bollards were owned and operated by, and/or in the custody and control of Martin. At some point during the afternoon, after Zeta made landfall, the mooring lines snapped, the dock and bollards failed, and the Thor was set adrift with its crew unable to bring the vessel under control.

2

X.

The Stingray was jacked up in Bayou Lafourche, north of Port Fourchon with a crew onboard. At approximately 1700 hours that evening, the Stingray crew observed the Thor approaching. The Thor struck the M/V Trent Joseph ("the Joseph") and a barge, the Weeks 595 ("the 595"), and each of these vessels in turn struck the Stingray.

XI.

The Stingray crew was unable to react to avoid impact, as the Stingray was jacked up on its legs and unable to maneuver. The Joseph was forced under the hull of the Stingray, causing it to slide forward on its legs and strike the Grouper, which was jacked up next to the Stingray.

XII.

The Stingray suffered a large gash measuring approximately 13' x 8' on the starboard side, and the Grouper's stern leg was damaged as a result of being pushed forward by the Stingray, which resulted from the Thor, the Joseph, and the 595 striking the Stingray.

XIII.

As a result of the incident, the Stingray and Grouper both suffered significant damage and All Coast had to send both vessels to the shipyard where they are currently undergoing repairs. Furthermore, at the time of the incident, the Stingray was on charter pursuant to a master time charter agreement with Cantium. But for the incident, the Stingray would be on charter today, earning charter hire, and the charter would have continued for the foreseeable future.

XIV.

As a result of this incident, All Coast has suffered money damages for the cost of repairs to the Stingray and the Grouper, as well as the loss of charter hire and/or loss of use of the Stingray as a result of the Stingray having to come off charter to be repaired.

XV.

The cause of the incident and resulting damages was the negligence of Shore, MARS and Martin, and their employees, officers, agents, and/or servants for whom they are responsible as follows:

1. failing to properly train or supervise their employees;

2. failing to provide a competent and adequate crew;

3. failing to maintain the vessels and their equipment;

4. failing to institute proper emergency procedures;

5. failing to heed emergency procedures;

6. failing to properly moor vessels;

7. failing to properly maintain docks and bollards;

8. failing to adequately prepare the vessels for the landfall of Hurricane Zeta;

9. all other acts of negligence and fault that may be identified during discovery and proven at trial.

XVI.

The cause of the incident and resulting damages was also the unseaworthiness of the Thor as the vessel was not reasonably fit for its intended purpose. As a result of the unseaworthiness of the Thor, All Coast suffered damages for the cost of repairs to the Stingray and the Grouper, and the loss of charter hire and/or loss of use of the Stingray.

**WHEREFORE**, All Coast, LLC, prays that its Complaint be deemed good and sufficient and that after due proceedings be had, there be judgment in its favor against Shore Offshore Services, LLC, Modern American Railroad Services, LLC, and Martin Energy Services, LLC, for all damages sought, including but not limited to all interest and attorneys' fees and all other legal and equitable remedies under the law.

Respectfully submitted,

**THE MOELLER FIRM, LLC**

_____
Matthew A. Moeller (TA) (#29991)
David K. Smith (#35325)
650 Poydras Street, Suite 1207
New Orleans, LA 70130
Telephone: (504) 702-6794
Facsimile: (504) 702-6783

**ATTORNEYS FOR ALL COAST,
LLC**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEWIS ANDREWS and PATRICK BURNETT,** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. _____** |
| **FIELDWOOD ENERGY OFFSHORE, INC. d/b/a FIELDWOOD ENERGY (TEXAS), INC., FIELDWOOD ENERGY LLC, FIELDWOOD ENERGY OFFSHORE, LLC, SHORE OFFSHORE SERVICES LLC, and PREMIER OFFSHORE CATERING, INC.,** | § § § § § § § § § | |
| **Defendants.** | § | |

## NOTICE OF REMOVAL

Defendants, Fieldwood Energy LLC (incorrectly identified as "Fieldwood Energy, LLC") and Fieldwood Energy Offshore LLC (incorrectly identified as "Fieldwood Energy Offshore, LLC", hereafter collectively "Fieldwood") file their Notice of Removal of this civil action to the United States District Court for the Southern District of Texas, Houston Division, and respectfully would show as follows:

### I.

### PENDING STATE COURT SUIT

1.     On November 16, 2020, Plaintiffs, Lewis Andrews and Patrick Burnett ("Plaintiffs"), filed a civil action naming Fieldwood, Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., Shore Offshore Services LLC ("Shore") and Premier Offshore Catering, Inc. ("Premier") as the defendants in Cause Number 2020-73683, *Lewis Andrews and Patrick Burnett v. Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc.,*

{N1826172 -}                                                    1

*Fieldwood Energy, LLC, Fieldwood Energy Offshore, LLC, Shore Offshore Services LLC and Premier Offshore Catering, Inc.,* in the 164th District Court in Harris County, Texas. In their Original Petition ("Petition"), Plaintiffs alleged causes of action sounding in negligence and gross negligence against defendants for injuries they purportedly received while located on the D/B THOR allegedly owned by defendants and working in the Gulf of Mexico for the benefit and at the direction of Defendants on or about October 28, 2020.

2.      There is no business entity related to Fieldwood named or operating under the name of Fieldwood Energy Offshore, Inc. or doing business under the name Fieldwood Energy (Texas), Inc.

3.      Fieldwood is an owner and the operator of Platform JA, a fixed oil and gas development, production and transportation platform, permanently affixed to Block 259, Ship Shoal Area, on the Outer Continental Shelf, off the Coast of Louisiana (hereafter "SS 259-JA").

4.      In accordance with Fieldwood's mineral lease with the U.S. Government, Department of the Interior covering SS 259-JA, the federal regulations promulgated thereto (see e.g., 30 C.F.R. § 250.1725), and in accordance with the Outer Continental Shelf Lands Act, 43 U.S.C. § 1337(p)(6)(C), Fieldwood is obligated to plug and abandon all wells and to decommission all structures that were erected at SS 259-JA.

5.      Shore is the operator of the D/B THOR.

6.      Premier is believed to be the employer of Lewis Andrews and Patrick Burnett, who are alleged to be seamen.  In accordance with 28 U.S.C. § 1441(c)(2), Plaintiff's Jones Act claims against Premier must be severed and remanded back to state court, leaving the unseaworthiness and maintenance and cure claims against Premier pending before this Court.

7.      Neither Fieldwood nor Shore employed Plaintiffs in any capacity.

8. From approximately October 21 through 26, 2020, the D/B THOR was engaged in decommissioning activities of Fieldwood's SS 259-JA, as required by OCSLA, Fieldwood's mineral lease, and the decommissioning regulations promulgated thereunder.

9. According to the Petition, the forecasted path of Hurricane Zeta required the D/B THOR to relocate from Fieldwood's offshore platform from approximately October 26 and 27, 2020 when she was moored, and on October 28, 2020, which she became unmoored, was tossed and turned by the aggressive seas while Plaintiffs were onboard causing them to allegedly suffer serious injuries. As a result of the accident, the Plaintiffs claim to have sustained mental anguish in the past and future, lost earnings, loss of earning capacity, disfigurement in the past and future, physical impairment in the past and future, medical expenses in the past and future, physical pain and suffering in the past and future and punitive damages.

10. At all times, the D/B THOR was rendering services to Fieldwood's SS 259-JA not only in housing personnel who worked or were scheduled to work aboard SS 259-JA, but also in the transportation of personnel, equipment and material to and from shore to SS 259-JA and to and from SS 259-JA to shore as part of SS 259-JA's operations as an oil and natural gas production platform undergoing plug, abandonment and decommissioning activities.

11. The name and address of the court from which the case is being removed is:

> 164th District Court of Harris County, Texas
> 201 Caroline, 12th Floor
> Houston, TX 77002

12. The following documents are indexed and attached to this Notice of Removal:

Exhibit "A" – certified copies of the following state court pleadings and process:

> A-1 – Plaintiffs Original Petition

> A-2 – Plaintiffs First Amended Petition

A-3 – Returns of Service on Fieldwood

Exhibit "B" – list of all counsel of record including address, telephone and fax number, and the parties they represent, respectively.

13.     Presently, there has been no action taken by the state court in its proceeding.

## II.

## TIMING OF REMOVAL

14.     Fieldwood was served with the Petition and Summons on November 17, 2020 through service on Fieldwood's agent for service of process.  Shore was served with the Petition and Summons on November 23, 2020 through service on Shore's agent for service of process. Premier has not yet been served with the Petition and Summons, the return of service had not been filed in the record at the time of removal.  Thus, this Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1) because this Notice of Removal was filed within 30 days of service of the Petition upon defendants, which was their first notice of the action.

## III.

## REMOVAL JURISIDICTION

15.     This case is removable to this Court pursuant to 28 U.S.C. § 1441(b) as being a civil action brought in state court, but over which this federal district court has original jurisdiction.

16.     Pursuant to the Outer Continental Shelf Lands Act ("OCSLA"), this Court has original jurisdiction over "cases and controversies arising out of, or in connection with … any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf…" 43 U.S.C. § 1349(b)(1); *see also* 43 U.S.C. § 1333(a)(1)-(2).  The United States Fifth Circuit broadly

interprets this jurisdictional grant under OCSLA. *See, e.g., In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014), *cert. denied*, 135 S.Ct. 401 (2014).

17.     The Fifth Circuit applies "a but-for test" for determining the existence of OCSLA jurisdiction, asking "whether: (1) the activities that caused the injury constituted an 'operation' 'conducted on the Outer Continental Shelf that involved the exploration and production of minerals', and (2) the case 'arises out of, or in connection with' the operation." *Id*. at 163. Both of these requirements for jurisdiction under OCSLA are satisfied here.

18.     First, Plaintiffs' employment with Premier furthered mineral development on the OCS by feeding the crews and personnel engaged in platform decommissioning. Fieldwood's operations at SS 259-JA were and are conducted on the OCS in connection with the extraction of mineral resources from beneath the seabed. Thus, Plaintiffs' work and anticipated work on the D/B THOR was in direct connection with Fieldwood's mineral development operations on the OCS. *See Hufnagel v. Omega Serv. Indus., Inc.,* 182 F.3d 340, 350 (5th Cir.1999).

19.     Second, Plaintiffs' alleged injury would not have occurred but for Fieldwood's operations at SS 259-JA and the need for Plaintiff to feed the crews and personnel in furtherance of those operations. Indeed, if Plaintiffs had not been assigned to work on the D/B THOR, then they would never have been required to remain on the D/B THOR where they were allegedly injured. *Barker v. Hercules Offshore, Inc.,* 713 F.3d 208, 213 (5th Cir. 2013) ("[I]t is clear that but for his employment, Barker would not have been involved in the incident forming the basis of this suit."); *Hubbard v. Laborde Marine LLC*, 2014 WL 12776414 (E.D. La. 2014) (Plaintiff would not have been aboard the M/V RIG RUNNER but-for the extraction of minerals from the OCS. Accordingly, his injuries are sufficiently related to the operations on the OCS for this Court to exercise jurisdiction"); *Sam v. Laborde Marine, L.L.C.*, 2020 WL 59633 (S.D. Tex.

2020) (Lake, J.).

20.     The issue of whether an action is removable is not determined by the substantive law applicable to the Plaintiff's claims, but rather by the existence of subject matter jurisdiction in federal court. "OCSLA *explicitly provides* that district courts have federal question jurisdiction over claims occurring on the Outer Continental Shelf." *Barker*, 713 F.3d at 220 (emphasis in original) (citing 43 U.S.C. § 1333(a)(1)).  Thus, "even though maritime cases are exempted by statute from original [federal] question jurisdiction" under the "saving to suitors" clause, "OCSLA statutorily restores federal question jurisdiction over these claims even when they apply maritime law as the substantive law of decision." *Id.*   In sum, even assuming *arguendo*, that the general maritime law provides the substantive law applicable to this case, that fact does not deprive this Court of OCSLA jurisdiction. For the reasons given above, OCSLA jurisdiction exists over this case based on the two-part test applied in the Fifth Circuit, and the case is properly removable on that basis.

## IV.

## ADDITIONAL GROUNDS FOR JURISDICTION

21.     In addition to removal jurisdiction based on federal question and OCSLA jurisdiction, this Court also has diversity subject matter jurisdiction, 28 U.S.C. § 1332, because Plaintiffs are all citizens of Mississippi, none of the Defendants is a citizen of Mississippi, and the Plaintiffs have alleged damages in excess of the jurisdictional amount, exclusive of interest or costs.

## V.

## VENUE

22.     Under 28 U.S.C. § 1441(a), venue for a removed action is proper in this Court as the District Court of Harris County, Texas, where the state action is pending, is located within this district and division.

## VI.

## ANSWER

23.     No answer was filed by defendants in the state court proceeding. Fieldwood will file responsive pleadings to the Petition, as amended, within 5 days of removal.

## VII.

## NOTICE TO ADVERSE PARTIES AND TO STATE COURT

24.     As the removing parties, Fieldwood will give Plaintiffs prompt written notice of this Notice of Removal as required by 28 U.S.C. § 1446(d).

25.     Fieldwood also will file a copy of this Notice of Removal with the Clerk of Court for Harris County, Texas, where the state court action is currently pending, as required by 28 U.S.C. § 1446(d), and will serve these pleadings on Plaintiff's counsel.

## VIII.

## CONSENT TO REMOVAL BY SHORE

26.     Prior to filing this Notice of Removal, undersigned counsel for Fieldwood forwarded a draft to counsel for Shore, who expressly consented to the removal of this suit to this Court.  At the time Fieldwood filed this Notice of Removal, Premier had not been served with either the Petition or the First Amended Petition and the Summons and had not appointed counsel of record.

**WHEREFORE**, Fieldwood Energy LLC and Fieldwood Energy Offshore LLC respectfully request that this Notice of Removal be accepted as good and sufficient and that the above-described action be removed from the District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division for trial and determination as provided by law; that this Court enter such orders and issue such process as may be necessary and proper to bring before it copies of all records and proceedings presently pending in the aforesaid state court suit, and thereupon proceed with this civil action as if originally commenced in this Court; and that this Court enter all necessary and appropriate orders and decrees in accordance with applicable law.

Houston, Texas, this _____ day of November, 2020.

Respectfully submitted,

**KING & JURGENS, L.L.C.**

/s/ James D. Bercaw
JAMES D. BERCAW
Motion for admission *pro hac vice* to be filed
201 St. Charles Avenue, 45TH Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-1272
Facsimile: (504) 582-1233
jbercaw@kingjurgens.com
and
JOSEPH R. MESSA (#11346)
jmessa@kingjurgens.com
6363 Woodway, Suite 820
Houston, Texas  77057
Telephone:  (713) 334-5644
Facsimile:  (713) 334-5828

*Attorneys for defendants,*
*Fieldwood Energy LLC and Fieldwood Energy Offshore LLC*

1/16/2020 12:56 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48123349
By: Lisa Thomas
Filed: 11/16/2020 12:56 PM

2020-73683 / Court: 164

CAUSE NO. _____

| | | |
|---|---|---|
| Lewis Andrews and Patrick Burnett, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| | § | |
| Fieldwood Energy Offshore, Inc. d/b/a | § | |
| Fieldwood Energy (Texas), Inc. Fieldwood | § | |
| Fieldwood Energy, LLC, Fieldwood Energy | § | |
| Offshore, LLC, Shore Offshore Services, LLC | § | |
| and Premier Offshore Catering, Inc., | § | |
| | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

## Plaintiff's Original Petition

Plaintiffs Lewis Andrews and Patrick Burnett (hereinafter jointly referred to as "Plaintiffs") file this Original Petition complaining of Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., Fieldwood Energy, LLC and Fieldwood Energy Offshore, LLC, Shore Offshore Services, LLC and Premier Offshore Catering, Inc. (collectively referred to as "Defendants") and will respectfully show the Court that:

### I.

### Jurisdiction

1.     This claim is maintained under the Jones Act (46 U.S.C. § 30104) and the general maritime law of the United States. The Court has exclusive jurisdiction pursuant to the Saving to Suitors clause. Further, Plaintiffs have been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which Plaintiffs now sue.

### II.

### Venue

1

Certified Document Number: 93112142 - Page 1 of 6

Exhibit A-1

2.      Venue is proper pursuant to Texas Civil Practice and Remedies Code, Section
15.002.

## III.

### Discovery Level

3.      Discovery in this matter may be conducted under Level 2 of the Texas Rules
of Civil Procedure.

## IV.

### Parties

4.      Plaintiffs are Mississippi residents.

5.      Defendant Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas),
Inc. is a foreign corporation which conducts a substantial amount of business in Texas.
Moreover, this Defendant maintains its principal place of business in Harris County, Texas.
This Defendant may be served with process through its registered agent Capitol Corporate
Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

6.      Defendant Fieldwood Energy, LLC is a foreign corporation which conducts a
substantial amount of business in Texas. Moreover, this Defendant maintains its principal
place of business in Harris County, Texas. This Defendant may be served with process through
its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin,
Texas.

7.      Defendant Fieldwood Energy Offshore, LLC is a foreign corporation which
conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its
principal place of business in Harris County, Texas. This Defendant may be served with

Certified Document Number: 93112142 - Page 2 of 6

Exhibit A-1

process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

8.      Defendant Shore Offshore Services, LLC ("Shore") is a foreign corporation which conducts a substantial amount of business in Texas. This Defendant may be served with process through its registered agent Patrick Gros at 651 River Highlands Blvd, Covington, LA 76043, or wherever he may be found.

9.      Defendant Premier Offshore Catering, Inc. ("Premier") is a foreign corporation which conducts a substantial amount of business in Texas. This Defendant may be served with process through its registered agent Carroll Angelle, 375 Technology Lane, Gray, LA 70359, or wherever she may be found.

## V.

### Facts

10.     This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about October 28, 2020. On or about that date, Plaintiffs were galley crew members working aboard the *D/B THOR*, a vessel owned, operated and/or maintained by Defendants. At all material times, the *D/B THOR* was working in the Gulf of Mexico for the benefit, and at the direction of Defendants. In the days leading up to the incident, Hurricane Zeta entered the Gulf of Mexico taking aim at the Louisiana shore. Defendants ordered and required the *D/B THOR* be tied off in an unsafe area to wait out the hurricane. Plaintiffs were required to remain on board.

Exhibit A-1

11.     During the dangerous storm the *D/B THOR* became unmoored. The vessel was tossed and turned by the aggressive seas and the vessel was thrown into different objects. As a result, Plaintiffs suffered serious injuries.

12.     Defendants are negligent and negligent per se for the following reasons:

    a.     Failure to properly supervise their crew;

    b.     Failure to properly train their employees;

    c.     Failure to provide adequate safety equipment;

    d.     Failure to provide Plaintiffs a safe working environment;

    e.     Failure to provide Plaintiffs adequate safety from Hurricane Zeta;

    f.     Failure to timely and effective evacuate the vessel;

    g.     Failure to provide adequate medical treatment;

    h.     Operating the vessel with an inadequate crew;

    i.     Failure to have the vessel moored in a safe area;

    j.     Vicariously liable for their employees' and agents' negligence;

    k.     Violating applicable Coast Guard, OSHA, BSEE rules and/or other applicable regulations; and

    l.     Other acts deemed negligent.

13.     At all relevant times, the *D/B THOR* was unseaworthy.

14.     As a result of said occurrences, Plaintiffs sustained severe injuries to their bodies, which resulted in physical pain, mental anguish, and other medical problems. Plaintiffs have sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiffs' physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiffs have also suffered a loss of earnings in the past, as well

4

Certified Document Number: 93112142 - Page 4 of 6

Exhibit A-1

as a loss of future earning capacity. Plaintiffs have incurred and will incur pharmaceutical and medical expenses in connection with their injuries. Plaintiffs seek punitive damages against Defendants for arbitrarily and improperly denying maintenance and cure.

## VI.

### **Jury Demand**

15.    Plaintiffs demand a trial by jury.

## VII.

### **Prayer**

Pursuant to Rule 47, Plaintiffs seek monetary relief over $1,000,000. Additionally, Plaintiffs pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which Plaintiffs show themselves justly entitled including but not limited to:

- Past and future medical damages;

- Past and future loss of earning capacity;

- Past and future pain and suffering and mental anguish;

- Past and future impairment;

- Past and future disfigurement;

- Exemplary damages;

- Loss of household services;

5

Certified Document Number: 93112142 - Page 5 of 6

Exhibit A-1

- Past and future loss of consortium;

- Past and future maintenance and cure obligations;

- Pre-judgment interest;

- Post-judgment interest;

- Costs of Court;

- Attorney fees;

- All other relief to which Plaintiffs are justly entitled, either at law or in equity.

Respectfully Submitted,

ARNOLD & ITKIN LLP

/s/ Kurt B. Arnold

Kurt B. Arnold
SBN: 24036150
karnold@arnolditkin.com
J. Kyle Findley
SBN: 24076382
kfindley@arnolditkin.com
Adam D. Lewis
SBN: 24094099
alewis@arnolditkin.com
6009 Memorial Drive
Houston, TX 77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

Exhibit A-1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 24, 2020

Certified Document Number:        93112142 Total Pages:  6

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Exhibit A-1

11/18/2020 6:54 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48232550
By: SIMONE MILLS
Filed: 11/18/2020 6:54 PM

CAUSE NO. 2020-73683

| | | |
|---|---|---|
| Lewis Andrews and Patrick Burnett, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| | § | |
| Fieldwood Energy Offshore, Inc. d/b/a | § | |
| Fieldwood Energy (Texas), Inc. | § | |
| Fieldwood Energy, LLC, Fieldwood Energy | § | |
| Offshore, LLC, Shore Offshore Services, LLC | § | |
| and Premier Offshore Catering, Inc., | § | |
| | § | |
| Defendants. | § | 164th JUDICIAL DISTRICT |

## Plaintiffs' First Amended Petition

Plaintiffs Lewis Andrews and Patrick Burnett (hereinafter jointly referred to as "Plaintiffs") file this First Amended Petition complaining of Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., Fieldwood Energy, LLC and Fieldwood Energy Offshore, LLC, Shore Offshore Services, LLC and Premier Offshore Catering, Inc. (collectively referred to as "Defendants") and will respectfully show the Court that:

## I.

## Jurisdiction

1.     This claim is maintained under the Jones Act (46 U.S.C. § 30104) and the general maritime law of the United States.  The Court has exclusive jurisdiction pursuant to the Saving to Suitors clause. Further, Plaintiffs have been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which Plaintiffs now sue.

## II.

## Venue

Certified Document Number: 93163114 - Page 1 of 7

Exhibit A-2

2.      Venue is proper pursuant to Texas Civil Practice and Remedies Code, Section 15.002.

## III.

### Discovery Level

3.      Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

## IV.

### Parties

4.      Plaintiffs are Mississippi residents.

5.      Defendant Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc. is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas. This Defendant may be served with process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

6.      Defendant Fieldwood Energy, LLC is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas. This Defendant may be served with process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

7.      Defendant Fieldwood Energy Offshore, LLC is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas. This Defendant may be served with

Certified Document Number: 93163114 - Page 2 of 7

Exhibit A-2

process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

8.     Defendant Shore Offshore Services, LLC ("Shore") is a foreign corporation which conducts a substantial amount of business in Texas. This Defendant may be served with process through its registered agent Patrick Gros at 651 River Highlands Blvd, Covington, LA 760433, or wherever he may be found.

9.     Defendant Premier Offshore Catering, Inc. ("Premier") is a foreign corporation which conducts a substantial amount of business in Texas. This Defendant may be served with process through its registered agent Carroll Angelle, 375 Technology Lane, Gray, LA 70359, or wherever she may be found.

**V.**

**Facts**

10.     This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about October 28, 2020. On or about that date, Plaintiffs were galley crew members working aboard the *D/B THOR*, a vessel owned, operated and/or maintained by Defendants. At all material times, the *D/B THOR* was working in the Gulf of Mexico for the benefit, and at the direction of Defendants. In the days leading up to the incident, Hurricane Zeta entered the Gulf of Mexico taking aim at the Louisiana shore. Defendants ordered and required the *D/B THOR* be tied off in an unsafe area to wait out the hurricane. Plaintiffs were required to remain on board.

Certified Document Number: 93163114 - Page 3 of 7

Exhibit A-2

11.     During the dangerous storm the *D/B THOR* became unmoored. The vessel was tossed and turned by the aggressive seas and the vessel was thrown into different objects. As a result, Plaintiffs suffered serious injuries.

12.     Defendants are negligent and negligent per se for the following reasons:

      a.     Failure to properly supervise their crew;

      b.     Failure to properly train their employees;

      c.     Failure to provide adequate safety equipment;

      d.     Failure to provide Plaintiffs a safe working environment;

      e.     Failure to provide Plaintiffs adequate safety from Hurricane Zeta;

      f.     Failure to timely and effective evacuate the vessel;

      g.     Failure to provide adequate medical treatment;

      h.     Operating the vessel with an inadequate crew;

      i.     Failing to maintain safe mechanisms for work on the vessel;

      j.     Failure to maintain, inspect, and/or repair the vessel's equipment;

      k.     Operating the vessel in an unsafe and improper manner;

      l.     Failure to have the vessel moored in a safe area;

      m.     Vicariously liable for their employees' and agents' negligence;

      n.     Violating applicable Coast Guard, OSHA, BSEE rules and/or other applicable regulations; and

      o.     Other acts deemed negligent.

13.     At all relevant times, the *D/B THOR* was unseaworthy.

14.     As a result of said occurrences, Plaintiffs sustained severe injuries to their bodies, which resulted in physical pain, mental anguish, and other medical problems. Plaintiffs

Certified Document Number: 93163114 - Page 4 of 7

Exhibit A-2

have sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiffs' physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiffs have also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiffs have incurred and will incur pharmaceutical and medical expenses in connection with their injuries. Plaintiffs seek punitive damages against Defendants for arbitrarily and improperly denying maintenance and cure. Plaintiffs have been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which they now sue.

15.     Plaintiffs are also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiffs health and safety. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiffs injury but did nothing to rectify them. Instead, Defendants had Plaintiffs and other crew members continue working despite the dangerous conditions that were posed to them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiffs. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiffs to work under such dangerous conditions.

## VI.

## **Jury Demand**

16.     Plaintiffs demand a trial by jury.

## VII.

5

Certified Document Number: 93163114 - Page 5 of 7

Exhibit A-2

## **Prayer**

Pursuant to Rule 47, Plaintiffs seek monetary relief over $1,000,000. Additionally, Plaintiffs pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which Plaintiffs show themselves justly entitled including but not limited to:

- Past and future medical damages;
- Past and future loss of earning capacity;
- Past and future pain and suffering and mental anguish;
- Past and future impairment;
- Past and future disfigurement;
- Exemplary damages;
- Loss of household services;
- Past and future loss of consortium;
- Past and future maintenance and cure obligations;
- Pre-judgment interest;
- Post-judgment interest;
- Costs of Court;
- Attorney fees;
- All other relief to which Plaintiffs are justly entitled, either at law or in

6

Exhibit A-2

equity.

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt B. Arnold*

_____
Kurt B. Arnold
SBN:  24036150
karnold@arnolditkin.com
J. Kyle Findley
SBN: 24076382
kfindley@arnolditkin.com
Adam D. Lewis
SBN: 24094099
alewis@arnolditkin.com
6009 Memorial Drive
Houston, TX  77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 93163114 - Page 7 of 7



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 24, 2020

Certified Document Number:        93163114 Total Pages:  7

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Exhibit A-2

11/20/2020 9:43 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48281289
By: SIMONE MILLS
Filed: 11/20/2020 9:43 AM

CAUSE NO. 202073683

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 918948  TRACKING NO: 73811846
EML

| | |
|---|---|
| Plaintiff:<br>ANDREWS, LEWIS<br>vs.<br>Defendant:<br>FIELDWOOD ENERGY OFFSHORE INC (D/B/A FIELDWOOD ENERGY (TEXAS) INC) | In The 164th<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |

### CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:    FIELDWOOD ENERGY LLC (A FOREIGN CORPORATION) MAY BE SERVED WITH PROCESS THROUGH ITS REGISTERED AGENT CAPITOL CORPORATE SERVICES INC**
**206 E 9TH STREET SUITE 1300, AUSTIN TX 78701**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on November 16, 2020 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.

This citation was issued on November 17, 2020, under my hand and seal of said court.

Issued at the request of:

ARNOLD, KURT B.
6009 MEMORIAL DRIVE
HOUSTON, TX  77007
713-222-3800
Bar Number: 24036150



*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:LISA THOMAS

SERVICE RETURN ATTACHED

ATX Process, LLC
604 West 9th Street
Suite B
Austin, TX 78701

EML

<div align="right">Tracking Number: 73811846</div>

## CAUSE NUMBER: 202073683

| | |
|---|---|
| PLAINTIFF: ANDREWS, LEWIS | In the 164th |
| vs. | Judicial District Court of |
| DEFENDANT: FIELDWOOD ENERGY OFFSHORE INC (D/B/A FIELDWOOD ENERGY (TEXAS) INC) Harris County, Texas | |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20.

Fees $_____

_____        _____
            Affiant                                                Deputy

ATX Process, LLC
604 West 9th Street
Suite B
Austin, TX 78701

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

Certified Document Number: 93187752 - Page 2 of 3

**AFFIDAVIT OF SERVICE**

| | | |
|---|---|---|
| **State of Texas** | **County of Harris** | **164th Judicial District Court** |

Case Number: 202073683

Plaintiff:
**Lewis Andrews**

vs.

Defendant:
**Fieldwood Energy Offshore, Inc. (d/b/a Fieldwood Energy Texas, Inc.), et al.**

For:
Arnold & Itkin, LLP
6009 Memorial Drive
Houston, TX 77007

Received by ATX Process, LLC on the 17th day of November, 2020 at 1:53 pm to be served on **Fieldwood Energy, LLC by serving its registered agent, Capitol Corporate Services, Inc., 206 E. 9th Street, Ste. 1300, Austin, Travis County, TX 78701**.

I, Kelly Murski, being duly sworn, depose and say that on the **17th day of November, 2020** at **3:35 pm, I:**

delivered to the **REGISTERED AGENT** by delivering a true copy of the **Citation and Plaintiff's Original Petition with Plaintiff's First Set of Interrogatories, Request for Admissions, and Request for Disclosures to Defendants** with the date of delivery endorsed thereon by me, to **Mary Ann Quick, Capitol Corporate Services, Inc.** as the designated agent to accept service of process at the address of **206 E. 9th Street, Ste. 1300, Austin, Travis County, TX 78701** on behalf of **Fieldwood Energy, LLC** and informed said person of the contents therein.

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the foregoing occurred. The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the 18th day of November, 2020 by the affiant who is personally known to me.

NOTARY PUBLIC

NICOLE M. WADE
My Notary ID # 129086987
Expires August 9, 2024

**Kelly Murski**
PSC-5912, Exp. 10/31/2022
11/18/2020

**Date**

**ATX Process, LLC**
**604 West 9th Street**
**Suite B**
**Austin, TX 78701**
**(512) 717-5600**

Our Job Serial Number: ATX-2020011813
Ref: Lewis Andrews

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1t

Certified Document Number: 93868 - Page 3 of 3



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 24, 2020

Certified Document Number:        93187752 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

11/20/2020 9:43 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48281289
By: SIMONE MILLS
Filed: 11/20/2020 9:43 AM

COPY OF PLEADING PROVIDED BY PLT

CAUSE NO. 202073683

RECEIPT NO: 918948  TRACKING NO: 73811847
EML

| | |
|---|---|
| Plaintiff:<br>ANDREWS, LEWIS<br>vs.<br>Defendant:<br>FIELDWOOD ENERGY OFFSHORE INC (D/B/A FIELDWOOD ENERGY (TEXAS) INC) | In The 164th<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

**To:    FIELDWOOD ENERGY OFFSHORE LLC (A FOREIGN CORPORATION) MAY BE SERVED WITH
PROCESS THROUGH ITS REGISTERED AGENT CAPITOL CORPORATE SERVICES INC
206 E 9TH STREET SUITE 1300, AUSTIN TX 78701**

        Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on November 16, 2020 in the above cited cause number and court. The instrument attached describes the claim against you.

        **YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.

        This citation was issued on November 17, 2020, under my hand and seal of said court.

Issued at the request of:

ARNOLD, KURT B.
6009 MEMORIAL DRIVE
HOUSTON, TX 77007
713-222-3800
Bar Number: 24036150



*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:LISA THOMAS

SERVICE RETURN ATTACHED

**ATX Process, LLC**
604 West 9th Street
Suite B
Austin, TX 78701

Certified Document Number: 93187751 - Page 2 of 3

EML

Tracking Number: 73811847

## CAUSE NUMBER: 202073683

PLAINTIFF: ANDREWS, LEWIS

vs.

In the 164th

Judicial District Court of

DEFENDANT: FIELDWOOD ENERGY OFFSHORE INC (D/B/A FIELDWOOD ENERGY (TEXAS) INC) Harris    County, Texas

---

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____          By_____
                 Affiant                                                            Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared.  After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

SERVICE RETURN ATTACHED

_____
Notary Public

ATX Process, LLC
604 West 9th Street
Suite B
Austin, TX 78701

# AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Harris**                    **164th Judicial District Court**

Case Number: 202073683

Plaintiff:
**Lewis Andrews**

vs.

Defendant:
**Fieldwood Energy Offshore, Inc. (d/b/a Fieldwood Energy Texas, Inc.), et al.**

For:
Arnold & Itkin, LLP
6009 Memorial Drive
Houston, TX 77007

Received by ATX Process, LLC on the 17th day of November, 2020 at 1:53 pm to be served on **Fieldwood Energy Offshore, LLC by serving its registered agent, Capitol Corporate Services, Inc., 206 E. 9th Street, Ste. 1300, Austin, Travis County, TX 78701**.

I, Kelly Murski, being duly sworn, depose and say that on the **17th day of November, 2020** at **3:35 pm, I:**

delivered to the **REGISTERED AGENT** by delivering a true copy of the **Citation and Plaintiff's Original Petition with Plaintiff's First Set of Interrogatories, Request for Admissions, and Request for Disclosures to Defendants** with the date of delivery endorsed thereon by me, to **Mary Ann Quick, Capitol Corporate Services, Inc.** as the designated agent to accept service of process at the address of **206 E. 9th Street, Ste. 1300, Austin, Travis County, TX 78701** on behalf of **Fieldwood Energy Offshore, LLC** and informed said person of the contents therein.

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the foregoing occurred. The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the 18th
day of November, 2020 by the affiant
who is personally known to me.

_____
NOTARY PUBLIC

NICOLE M. WADE
My Notary ID # 129086987
Expires August 9, 2024

_____
**Kelly Murski**
PSC-5912, Exp. 10/31/2022

11/18/2020
**Date**

**ATX Process, LLC**
**604 West 9th Street**
**Suite B**
**Austin, TX 78701**
**(512) 717-5600**

Our Job Serial Number: ATX-2020011812
Ref: Lewis Andrews

Certified Document Number: 93... - Page 3 of 3



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 24, 2020

Certified Document Number:        93187751 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Marilyn Burgess - District Clerk Harris County
Envelope No. 48281289
By: SIMONE MILLS
Filed: 11/20/2020 9:43 AM

CAUSE NO. 202073683

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 918948  TRACKING NO: 73811844
EML

| | |
|---|---|
| Plaintiff:<br>ANDREWS, LEWIS<br>vs.<br>Defendant:<br>FIELDWOOD ENERGY OFFSHORE INC (D/B/A FIELDWOOD ENERGY (TEXAS) INC) | In The 164th<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:    FIELDWOOD ENERGY OFFSHORE INC (D/B/A FIELDWOOD ENERGY (TEXAS) INC) (A FOREIGN CORPORATION) MAY BE SERVED WITH PROCESS THROUGH ITS REGISTERED AGENT CAPITOL CORPORATE SERVICES INC**
**206 E 9TH STREET SUITE 1300, AUSTIN TX 78701**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on November 16, 2020 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.

This citation was issued on November 17, 2020, under my hand and seal of said court.

Issued at the request of:

ARNOLD, KURT B.
6009 MEMORIAL DRIVE
HOUSTON, TX 77007
713-222-3800
Bar Number: 24036150

*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:LISA THOMAS

SERVICE RETURN ATTACHED

**ATX Process, LLC**
604 West 9th Street
Suite B
Austin, TX 78701

Certified Document Number: 93187750 - Page 1 of 3

EML

Tracking Number: 73811844

## CAUSE NUMBER: 202073683

| | |
|---|---|
| PLAINTIFF: ANDREWS, LEWIS | In the 164th |
| vs. | Judicial District Court of |
| DEFENDANT: FIELDWOOD ENERGY OFFSHORE INC (D/B/A FIELDWOOD ENERGY (TEXAS) INC) | Harris County, Texas |

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____     By_____
                Affiant                                                              Deputy

SERVICE RETURN ATTACHED

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn he/she stated that this citation was executed by him/her in the exact manner recited on the return.

ABC Process LLC
604 West 9th Street
Suite B
Austin, TX 78701

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

**State of Texas**                    **County of Harris**                    **164th Judicial District Court**

Case Number: 202073683

Plaintiff:
**Lewis Andrews**

vs.

Defendant:
**Fieldwood Energy Offshore, Inc. (d/b/a Fieldwood Energy Texas, Inc.), et al.**

For:
Arnold & Itkin, LLP
6009 Memorial Drive
Houston, TX 77007

Received by ATX Process, LLC on the 17th day of November, 2020 at 1:53 pm to be served on **Fieldwood Energy Offshore, Inc. (d/b/a Fieldwood Energy(Texas) Inc.) by serving its registered agent, Capitol Corporate Services, Inc., 206 E. 9th Street, Ste. 1300, Austin, Travis County, TX 78701**.

I, Kelly Murski, being duly sworn, depose and say that on the **17th day of November, 2020** at **3:35 pm, I:**

delivered to the **REGISTERED AGENT** by delivering a true copy of the **Citation and Plaintiff's Original Petition with Plaintiff's First Set of Interrogatories, Request for Admissions, and Request for Disclosures to Defendants** with the date of delivery endorsed thereon by me, to **Mary Ann Quick, Capitol Corporate Services, Inc.** as the designated agent to accept service of process at the address of **206 E. 9th Street, Ste. 1300, Austin, Travis County, TX 78701** on behalf of **Fieldwood Energy Offshore, Inc. (d/b/a Fieldwood Energy(Texas) Inc.)** and informed said person of the contents therein.

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the foregoing occurred.  The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the 18th
day of November, 2020 by the affiant
who is personally known to me.

NOTARY PUBLIC

NICOLE M. WADE
My Notary ID # 129086987
Expires August 9, 2024

**Kelly Murski**
PSC-5912, Exp. 10/31/2022
11 18 2020

**Date**

**ATX Process, LLC**
**604 West 9th Street**
**Suite B**
**Austin, TX 78701**
**(512) 717-5600**

Our Job Serial Number: ATX-2020011811
Ref: Lewis Andrews

Certified Document Number: 93765 - Page 3 of 3



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 24, 2020

Certified Document Number:        93187750 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEWIS ANDREWS and PATRICK BURNETT,** | § | |
| | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| | § | |
| **FIELDWOOD ENERGY OFFSHORE, INC. d/b/a. FIELDWOOD ENERGY (TEXAS), INC., FIELDWOOD ENERGY, LLC, FIELDWOOD ENERGY OFFSHORE, LLC, SHORE OFFSHORE SERVICES, LLC and PREMIER OFFSHORE CATERING, INC.** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## EXHIBIT B – LIST OF COUNSEL OF RECORD

1.     **Counsel for Plaintiffs, Lewis Andrews and Patrick Burnett**

    Kurt B. Arnold (SBN:  24036150)
    karnold@arnolditkin.com
    J. Kyle Findley (SBN:  24076382)
    kfindley@arnolditkin.com
    Adam D. Lewis (SBN:  24094099)
    alewis@arnolditkin.com
    ARNOLD & ITKIN LLP
    6009 Memorial Drive
    Houston, TX  77007
    Tel:  713.222.3800
    Fax:  713.222.3850

2.      **Counsel for Defendants, Fieldwood Energy LLC and Fieldwood Energy Offshore LLC**

James D. Bercaw (Motion for admission pro hac vice to be filed)
jbercaw@kingjurgens.com
KING & JURGENS, L.L.C.
201 St. Charles Ave., Suite 4500
New Orleans, LA  70170
Tel:  504.582.3800
Fax:  504.582.1233

            and

Joseph R. Messa (S.D. Tex. Bar:  11346)
jmessa@kingjurgens.com
KING & JURGENS, L.L.C.
6363 Woodway, Suite 820
Houston, Texas  77057
Telephone:  (713) 334-5644
Facsimile:  (713) 334-5828

3.      **Counsel for Defendant, Shore Offshore Services LLC**

Gavin H. Guillot, T.A.
TX Bar No.: 24099123
SDTX Federal ID No: 2236795
Gavin.Guillot@pjgglaw.com
Aaron B. Greenbaum
TX Bar No. 24110938
SDTX Federal ID No. 2023921
Aaron.Greenbaum@pjgglaw.com
Salvador J. Pusateri
TX Bar No.: 24072867
SDTX Federal ID No: 438301
Salvador.Pusateri@pjgglaw.com
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Tel: 504-620-2500
Fax: 504-620-2510

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Lewis Andrews and Patrick Burnett | Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., Fieldwood Energy LLC, Fieldwood Energy |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kurt B. Arnold, Arnold & Itkin LLP, 6009 Memorial Drive, Houston, TX 77007 713.222.3800

Attorneys *(If Known)*
James D. Bercaw, King & Jurgens, L.L.C., 201 St. Charles Ave., Ste. 4500, New Orleans, LA 70170 504.582.3800

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | [x] 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
43 U.S.C. § 1349

Brief description of cause:
Personal injury action

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | DEMAND $ 1,000,000.00 | CHECK YES only if demanded in complaint: JURY DEMAND: [x] Yes ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions)* JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 24 Nov. 2020 | *[signature]* |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BRIAN CLOYD,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **FIELDWOOD ENERGY OFFSHORE,** | § | |
| **INC. d/b/a FIELDWOOD ENERGY** | § | |
| **(TEXAS), INC., FIELDWOOD ENERGY** | § | |
| **LLC, FIELDWOOD ENERGY** | § | |
| **OFFSHORE, LLC, SHORE OFFSHORE** | § | |
| **SERVICES LLC, and OCEANEERING** | § | |
| **INTERNATIONAL, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

## NOTICE OF REMOVAL

Defendants, Fieldwood Energy LLC (incorrectly identified as "Fieldwood Energy, LLC") and Fieldwood Energy Offshore LLC (incorrectly identified as "Fieldwood Energy Offshore, LLC", hereafter collectively "Fieldwood") file their Notice of Removal of this civil action to the United States District Court for the Southern District of Texas, Houston Division, and respectfully would show as follows:

## I.

## PENDING STATE COURT SUIT

1.      On November 16, 2020, Plaintiff, Brian Cloyd, filed a civil action naming Fieldwood, Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., Shore Offshore Services LLC ("Shore") and Oceaneering International, Inc. ("Oceaneering") as the defendants in Cause Number 2020-74133, *Brian Cloyd v. Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., Fieldwood Energy, LLC, Fieldwood Energy Offshore, LLC,*

*Shore Offshore Services LLC and Oceaneering International, Inc.,* in the 11th District Court in Harris County, Texas. In his Original Petition ("Petition"), Plaintiff alleged causes of action sounding in negligence and gross negligence against defendants for injuries he purportedly received while located on the D/B THOR allegedly owned by defendants and working in the Gulf of Mexico for the benefit and at the direction of Defendants on or about October 28, 2020.

2.      There is no business entity related to Fieldwood named or operating under the name of Fieldwood Energy Offshore, Inc. or doing business under the name Fieldwood Energy (Texas), Inc.

3.      Fieldwood is an owner and the operator of Platform JA, a fixed oil and gas development, production and transportation platform, permanently affixed to Block 259, Ship Shoal Area, on the Outer Continental Shelf, off the Coast of Louisiana (hereafter "SS 259-JA").

4.      In accordance with Fieldwood's mineral lease with the U.S. Government, Department of the Interior covering SS 259-JA, the federal regulations promulgated thereto (see e.g., 30 C.F.R. § 250.1725), and in accordance with the Outer Continental Shelf Lands Act, 43 U.S.C. § 1337(p)(6)(C), Fieldwood is obligated to plug and abandon all wells and to decommission all structures that were erected at SS 259-JA.

5.      Shore is the operator of the D/B THOR.

6.      Oceaneering is believed to be the employer of Brian Cloyd, who is alleged to be seamen.

7.      Neither Fieldwood nor Shore employed Plaintiff in any capacity.

8.      From approximately October 21 through 26, 2020, the D/B THOR was engaged in decommissioning activities of Fieldwood's SS 259-JA, as required by OCSLA, Fieldwood's mineral lease, and the decommissioning regulations promulgated thereunder.

9.      According to the Petition, the forecasted path of Hurricane Zeta required the D/B THOR to relocate from Fieldwood's offshore platform from approximately October 26 and 27, 2020 when she was moored, and on October 28, 2020, which she became unmoored, was tossed and turned by the aggressive seas while Plaintiff was onboard causing him to allegedly suffer serious injuries.  As a result of the accident, Plaintiff claims to have sustained mental anguish in the past and future, lost earnings, loss of earning capacity, disfigurement in the past and future, physical impairment in the past and future, medical expenses in the past and future, physical pain and suffering in the past and future and punitive damages.

10.      At all times, the D/B THOR was rendering services to Fieldwood's SS 259-JA not only in housing personnel who worked or were scheduled to work aboard SS 259-JA, but also in the transportation of personnel, equipment and material to and from shore to SS 259-JA and to and from SS 259-JA to shore as part of SS 259-JA's operations as an oil and natural gas production platform undergoing plug, abandonment and decommissioning activities.

11.      The name and address of the court from which the case is being removed is:

> 11th District Court of Harris County, Texas
> 201 Caroline, 9th Floor
> Houston, TX 77002

12.      The following documents are indexed and attached to this Notice of Removal:

Exhibit "A" – certified copies of the following state court pleadings and process:

> A-1 – Plaintiff's Original Petition
>
> A-2 – Returns of Service on Fieldwood
>
> A-3 – Return of Service on Oceaneering
>
> A-4 – Return of Service on Shore

Exhibit "B" – list of all counsel of record including address, telephone and fax number,

and the parties they represent, respectively.

13.     Presently, there has been no action taken by the state court in its proceeding.

## II.

## TIMING OF REMOVAL

14.     Fieldwood was served with the Petition and Summons on November 18, 2020 through service on Fieldwood's agent for service of process.  Shore was served with the Petition and Summons on November 23, 2020 through service on Shore's agent for service of process. Oceaneering was served with the Petition and Summons on November 19, 2020 through service on Oceaneering's agent for service of process.   Thus, this Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1) because this Notice of Removal was filed within 30 days of service of the Petition upon defendants, which was their first notice of the action.

## III.

## REMOVAL JURISIDICTION

15.     This case is removable to this Court pursuant to 28 U.S.C. § 1441(b) as being a civil action brought in state court, but over which this federal district court has original jurisdiction.

16.     Pursuant to the Outer Continental Shelf Lands Act ("OCSLA"), this Court has original jurisdiction over "cases and controversies arising out of, or in connection with … any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf…" 43 U.S.C. § 1349(b)(1); *see also* 43 U.S.C. § 1333(a)(1)-(2).  The United States Fifth Circuit broadly interprets this jurisdictional grant under OCSLA.  *See, e.g., In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 401 (2014).

17.     The Fifth Circuit applies "a but-for test" for determining the existence of OCSLA jurisdiction, asking "whether: (1) the activities that caused the injury constituted an 'operation' 'conducted on the Outer Continental Shelf that involved the exploration and production of minerals', and (2) the case 'arises out of, or in connection with' the operation." *Id*. at 163.  Both of these requirements for jurisdiction under OCSLA are satisfied here.

18.     First, Plaintiff's employment with Oceaneering furthered mineral development on the OCS by assisting in the platform decommissioning. Fieldwood's operations at SS 259-JA were and are conducted on the OCS in connection with the extraction of mineral resources from beneath the seabed. Thus, Plaintiff's work and anticipated work on the D/B THOR was in direct connection with Fieldwood's mineral development operations on the OCS.  *See Hufnagel v. Omega Serv. Indus., Inc.,* 182 F.3d 340, 350 (5th Cir.1999).

19.     Second, Plaintiff's alleged injury would not have occurred but for Fieldwood's operations at SS 259-JA and the need for Plaintiff to assist in the decommissioning of the platform in furtherance of those operations. Indeed, if Plaintiff had not been assigned to work on the D/B THOR, then they would never have been required to remain on the D/B THOR where they were allegedly injured.  *Barker v. Hercules Offshore, Inc.,* 713 F.3d 208, 213 (5th Cir. 2013) ("[I]t is clear that but for his employment, Barker would not have been involved in the incident forming the basis of this suit."); *Hubbard v. Laborde Marine LLC*, 2014 WL 12776414 (E.D. La. 2014) (Plaintiff would not have been aboard the M/V RIG RUNNER but-for the extraction of minerals from the OCS.  Accordingly, his injuries are sufficiently related to the operations on the OCS for this Court to exercise jurisdiction"); *Sam v. Laborde Marine, L.L.C*., 2020 WL 59633 (S.D. Tex. 2020) (Lake, J.).

20.     The issue of whether an action is removable is not determined by the substantive

law applicable to the Plaintiff's claims, but rather by the existence of subject matter jurisdiction in federal court. "OCSLA *explicitly provides* that district courts have federal question jurisdiction over claims occurring on the Outer Continental Shelf." *Barker*, 713 F.3d at 220 (emphasis in original) (citing 43 U.S.C. § 1333(a)(1)).  Thus, "even though maritime cases are exempted by statute from original [federal] question jurisdiction" under the "saving to suitors" clause, "OCSLA statutorily restores federal question jurisdiction over these claims even when they apply maritime law as the substantive law of decision." *Id.*  In sum, even assuming *arguendo*, that the general maritime law provides the substantive law applicable to this case, that fact does not deprive this Court of OCSLA jurisdiction. For the reasons given above, OCSLA jurisdiction exists over this case based on the two-part test applied in the Fifth Circuit, and the case is properly removable on that basis.

## IV.

## VENUE

21.     Under 28 U.S.C. § 1441(a), venue for a removed action is proper in this Court as the District Court of Harris County, Texas, where the state action is pending, is located within this district and division.

## V.

## ANSWER

22.     No answer was filed by defendants in the state court proceeding. Fieldwood will file responsive pleadings to the Petition within 5 days of removal.

## VI.

### NOTICE TO ADVERSE PARTIES AND TO STATE COURT

23.     As the removing parties, Fieldwood will give Plaintiffs prompt written notice of this Notice of Removal as required by 28 U.S.C. § 1446(d).

24.     Fieldwood also will file a copy of this Notice of Removal with the Clerk of Court for Harris County, Texas, where the state court action is currently pending, as required by 28 U.S.C. § 1446(d), and will serve these pleadings on Plaintiff's counsel.

## VII.

### CONSENT TO REMOVAL BY SHORE AND OCEANEERING

25.     Prior to filing this Notice of Removal, undersigned counsel for Fieldwood forwarded a draft to counsel for Shore and Oceaneering, who both expressly consented to the removal of this suit to this Court.

**WHEREFORE**, Fieldwood Energy LLC and Fieldwood Energy Offshore LLC respectfully request that this Notice of Removal be accepted as good and sufficient and that the above-described action be removed from the District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division for trial and determination as provided by law; that this Court enter such orders and issue such process as may be necessary and proper to bring before it copies of all records and proceedings presently pending in the aforesaid state court suit, and thereupon proceed with this civil action as if originally commenced in this Court; and that this Court enter all necessary and appropriate orders and decrees in accordance with applicable law.

Houston, Texas, this 25th day of November, 2020.

Respectfully submitted,

**KING & JURGENS, L.L.C.**

/s/ James D. Bercaw
JAMES D. BERCAW
Motion for admission *pro hac vice* to be filed
201 St. Charles Avenue, 45TH Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-1272
Facsimile: (504) 582-1233
jbercaw@kingjurgens.com
                    and
JOSEPH R. MESSA (#11346)
jmessa@kingjurgens.com
6363 Woodway, Suite 820
Houston, Texas  77057
Telephone:  (713) 334-5644
Facsimile:  (713) 334-5828

*Attorneys for defendants,*
*Fieldwood Energy LLC and Fieldwood Energy Offshore LLC*

11/17/2020 7:13 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48191634
By: D Burton
Filed: 11/17/2020 7:13 PM

# 2020-74133 / Court: 011

CAUSE NO. _____

| | | |
|---|---|---|
| Brian Cloyd, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| | § | |
| Fieldwood Energy Offshore, Inc. d/b/a | § | |
| Fieldwood Energy (Texas), Inc., | § | |
| Fieldwood Energy, LLC, Fieldwood Energy | § | |
| Offshore, LLC, Shore Offshore Services, LLC | § | |
| and Oceaneering International, Inc., | § | |
| | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

## Plaintiff's Original Petition

Plaintiff Brian Cloyd (hereinafter referred to as "Plaintiff") file this Original Petition complaining of Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., Fieldwood Energy, LLC and Fieldwood Energy Offshore, LLC, Shore Offshore Services, LLC, Premier Offshore Catering, Inc., and Oceaneering International, Inc. (collectively referred to as "Defendants") and will respectfully show the Court that:

### I.

### Jurisdiction

1. This claim is maintained under the Jones Act (46 U.S.C. § 30104) and the general maritime law of the United States. This Court has jurisdiction under the Savings to Suitors clause as Plaintiff is a seaman under the Jones Act (46 U.S.C. § 688). *See* 28 U.S.C. § 1333. Additionally, it is well-settled that this Jones Act case is not removable. *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993). Further, Plaintiffs have been

1

Certified Document Number: 93143631 - Page 1 of 8

EXHIBIT A-1

damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which Plaintiff now sue.

## II.

### Venue

2.    Venue is proper in this County pursuant to Texas Civil Practice and Remedies Code, Section 15.002 because at least one Defendant's principal office is located in this County.

## III.

### Discovery Level

3.    Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

## IV.

### Parties

4.    Plaintiff Brian Cloyd is a Jones Act Seaman.

5.    Defendant Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc. is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas. This Defendant may be served with process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

6.    Defendant Fieldwood Energy, LLC is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas. This Defendant may be served with process through

Certified Document Number: 9314363 1 - Page 2 of 8

EXHIBIT A-1

its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

7.      Defendant Fieldwood Energy Offshore, LLC is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas.  This Defendant may be served with process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

8.      Defendant Shore Offshore Services, LLC ("Shore") is a foreign corporation which conducts a substantial amount of business in Texas. This Defendant may be served with process through its registered agent Patrick Gros at 651 River Highlands Blvd, Covington, LA 760433, or wherever he may be found.

9.      Defendant Oceaneering International, Inc. ("Oceaneering") is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas.  This Defendant may be served with process through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever he may be found.

## V.

## Facts

10.     This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about October 28, 2020. On or about that date, Plaintiff worked as a crew member aboard the *D/B THOR*, a vessel owned, operated and/or maintained by Defendants. While the vessel was deployed on navigable waters, and while Plaintiff, as a member of its crew, was

Certified Document Number: 93143631 - Page 3 of 8

EXHIBIT A-1

contributing to and aiding such vessel to accomplish its mission, Plaintiff sustained serious injuries to his head, neck back, and other parts of his body.

11.     At all material times, the *D/B THOR* was deployed in navigable waters, working in the Gulf of Mexico for the benefit, and at the direction of Defendants. In the days leading up to the incident, Hurricane Zeta entered the Gulf of Mexico taking aim at the Louisiana shore. Defendants ordered and required the *D/B THOR* be moored in an unsafe area to wait out the hurricane.

12.     During the dangerous storm the *D/B THOR* became unmoored. The vessel was tossed and turned by the aggressive seas and the vessel was thrown into different objects. As a result, Plaintiff suffered serious physical, mental and emotional injuries as he was thrown around inside the vessel by the uncontrolled boat in violent seas.

## V.

## Causes of Action

### A. *Negligence against all Defendants.*

13.     Plaintiffs repeat, realleges and readopts all paragraphs, as if stated herein and further alleges:

14.     Defendants are negligent, negligent per se, and grossly negligent for the following reasons:

        a.     Failure to properly supervise their crew;

        b.     Failure to properly train their employees;

        c.     Failure to provide adequate safety equipment;

        d.     Failure to provide Plaintiffs a safe working environment;

Certified Document Number: 9314363 1 - Page 4 of 8

EXHIBIT A-1

e.    Failure to provide Plaintiffs adequate safety from Hurricane Zeta;

f.    Failure to timely and effective evacuate the vessel;

g.    Failure to provide adequate medical treatment;

h.    Failed to properly moor the *D/B THOR* and its equipment;

i.    Failed to properly secure the *D/B THOR* and its equipment;

j.    Operating the vessel with an inadequate crew;

k.    Failure to have the vessel moored in a safe area;

l.    Failing to maintain safe mechanisms for work on the vessel;

m.    Failure to maintain, inspect, and/or repair the vessel's equipment;

n.    Operating the vessel in an unsafe and improper manner;

o.    Vicariously liable for their employees' and agents' negligence;

p.    Violating applicable Coast Guard, OSHA, BSEE rules and/or other applicable regulations; and

q.    Other acts deemed negligent and grossly negligent.

15.    At all relevant times, the THOR was unseaworthy

16.    Additionally, Defendants are strictly liable for violations of Coast Guard Regulations.

17.    As a result of the Defendants' negligence, Plaintiff sustained severe injuries to his body and mind, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, cognitive injury, disfigurement, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiffs' physical pain, physical impairment, cognitive injury and mental anguish will continue indefinitely. Plaintiffs have also suffered a loss of earnings in the past, as well as a

Certified Document Number: 93143631 - Page 5 of 8

EXHIBIT A-1

loss of future earning capacity. Plaintiffs have incurred and will incur pharmaceutical and medical expenses in connection with their injuries. Plaintiff seeks punitive damages against Defendants for arbitrarily and improperly denying maintenance and cure. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

18.     Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiffs health and safety. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiffs injury, but did nothing to rectify them. Instead, Defendants had Plaintiff and other crew members continue working despite the dangerous conditions that were posed to them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiffs. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

## VI.

## **Jury Demand**

19.     Plaintiffs demand a trial by jury.

## VII.

## **Prayer**

6

EXHIBIT A-1

Pursuant to Rule 47, Plaintiffs seek monetary relief over $1,000,000. Additionally, Plaintiffs pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which Plaintiffs show themselves justly entitled including but not limited to:

- Past and future medical damages;
- Past and future loss of earning capacity;
- Past and future pain and suffering and mental anguish;
- Past and future impairment;
- Past and future disfigurement;
- Exemplary damages;
- Loss of household services;
- Past and future loss of consortium;
- Past and future maintenance and cure obligations;
- Pre-judgment interest;
- Post-judgment interest;
- Costs of Court;
- Attorney fees;
- All other relief to which Plaintiffs are justly entitled, either at law or in equity.

Certified Document Number: 93143631 - Page 7 of 8

EXHIBIT A-1

Respectfully Submitted,

ARNOLD & ITKIN LLP

/s/ *Kurt B. Arnold*

Kurt B. Arnold
SBN: 24036150
karnold@arnolditkin.com
J. Kyle Findley
SBN: 24076382
kfindley@arnolditkin.com
Adam D. Lewis
SBN: 24094099
alewis@arnolditkin.com
6009 Memorial Drive
Houston, TX 77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFFS**

Certified Document Number: 9314631 - Page 8 of 8

EXHIBIT A-1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 24, 2020

Certified Document Number:        93143631 Total Pages:  8

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

EXHIBIT A-1

11/22/2020 2:31 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48319924
By: Lewis John-Miller
Filed: 11/23/2020 12:00 AM

CAUSE NO. 202074133

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 883752  TRACKING NO: 73812393
EML

| Plaintiff:<br>CLOYD, BRIAN<br>vs.<br>Defendant:<br>FIELDWOOD ENERGY OFFSHORE INC (D/B/A FIELDWOOD ENERGY (TEXAS) INC) | In The 011th<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |
|---|---|

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

To:    **FIELDWOOD ENERGY LLC (FOREIGN CORPORATION) MAY BE SERVED THROUGH ITS REGISTERED AGENT CAPITOL CORPORATE SERVICES INC 206 E 9TH STREET SUITE 1300, AUSTIN TX 78701**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on November 18, 2020 in the above cited cause number and court.  The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.

This citation was issued on November 18, 2020, under my hand and seal of said court.

Issued at the request of:

ARNOLD, KURT B.
6009 MEMORIAL DRIVE
HOUSTON, TX  77007
713-222-3800
Bar Number: 24036150

*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:DANCHELLE BURTON

SERVICE RETURN ATTACHED

**ATX Process, LLC**
604 West 9th Street
Suite B
Austin, TX  78701

EXHIBIT A-2

EML

Tracking Number: 73812393

## CAUSE NUMBER: 202074133

| PLAINTIFF: CLOYD, BRIAN | In the 011th |
| vs. | Judicial District Court of |
| DEFENDANT: FIELDWOOD ENERGY OFFSHORE INC (D/B/A FIELDWOOD ENERGY (TEXAS) INC) Harris County, Texas | |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment».  Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____          By_____
                    Affiant                                                                        Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared.  After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20___.

_____
Notary Public

SERVICE RETURN ATTACHED

**ATX Process, LLC**
604 West 9th Street
Suite B
Austin, TX 78701

EXHIBIT A-2

# AFFIDAVIT OF SERVICE

| | | |
|---|---|---|
| **State of Texas** | **County of Harris** | **11th Judicial District Court** |

Case Number: 202074133

Plaintiff:
**Brian Cloyd**

vs.

Defendant:
**Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., et al.**

For:
Arnold & Itkin, LLP
6009 Memorial Drive
Houston, TX 77007

Received by ATX Process, LLC on the 18th day of November, 2020 at 2:37 pm to be served on **Fieldwood Energy LLC (Foreign Corporation) by serving its registered agent Capitol Corporate Services Inc, 206 E. 9th St., Suite 1300, Austin, Travis County, TX 78701**.

I, Kelly Murski, being duly sworn, depose and say that on the **18th day of November, 2020** at **4:25 pm, I:**

delivered to the **REGISTERED AGENT** by delivering a true copy of the **Citation, Plaintiff's Original Petition, and Plaintiff's First Set of Interrogatories, Request for Production, Request for Admissions, and Request for Disclosures to Defendants** with the date of delivery endorsed thereon by me, to **Mary Ann Quick, Capitol Corporate Services Inc** as the designated agent to accept service of process at the address of **206 E. 9th St., Suite 1300, Austin, Travis County, TX 78701** on behalf of **Fieldwood Energy LLC (Foreign Corporation)** and informed said person of the contents therein.

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the foregoing occurred. The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the 19th
day of _November, 2020_ by the affiant
who is personally known to me.

_____
NOTARY PUBLIC

NICOLE M. WADE
My Notary ID # 129086987
Expires August 9, 2024

_____
**Kelly Murski**
PSC-5912, Exp. 10/31/2022

11/19/2020
**Date**

**ATX Process, LLC**
**604 West 9th Street**
**Suite B**
**Austin, TX 78701**
**(512) 717-5600**

Our Job Serial Number: ATX-2020011878
Ref: Brian Cloyd

EXHIBIT A-2

Certified Document Number: 93 - Page 3 of 3



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 24, 2020

Certified Document Number:        93210073 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

EXHIBIT A-2

11/22/2020 2:31 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48319924
By: Lewis John-Miller
Filed: 11/23/2020 12:00 AM

CAUSE NO. 202074133

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 883752 TRACKING NO: 73812396
EML

| Plaintiff: | In The 011th |
| CLOYD, BRIAN | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| FIELDWOOD ENERGY OFFSHORE INC (D/B/A FIELDWOOD ENERGY (TEXAS) INC) | Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

**To:  FIELDWOOD ENERGY OFFSHORE LLC (FOREIGN CORPORATION) MAY BE SERVED THROUGH ITS REGISTERED AGENT CAPITOL CORPORATE SERVICES INC 206 E 9TH STREET SUITE 1300, AUSTIN TX 78701**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on November 18, 2020 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.

This citation was issued on November 18, 2020, under my hand and seal of said court.

Issued at the request of:

ARNOLD, KURT B.
6009 MEMORIAL DRIVE
HOUSTON, TX  77007
713-222-3800
Bar Number: 24036150



*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:DANCHELLE BURTON

SERVICE RETURN ATTACHED

ATX Process, LLC
604 West 9th Street
Suite B
Austin, TX 78701

Certified Document Number: 93210078 - Page 1 of 3

EXHIBIT A-2

EML

Tracking Number: 73812396

**CAUSE NUMBER: 202074133**

**PLAINTIFF: CLOYD, BRIAN**                    **In the 011th**

          **vs.**                                                    **Judicial District Court of**

**DEFENDANT: FIELDWOOD ENERGY OFFSHORE INC (D/B/A FIELDWOOD ENERGY (TEXAS) INC)** Harris          County, Texas

---

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____          By_____
                    Affiant                                                          Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

*SERVICE RETURN NOT ATTACHED*

**ATX Process, LLC**
604 West 9th Street
Suite B
Austin, TX 78701

Certified Document Number: 93210078 - Page 2 of 3

**EXHIBIT A-2**

**AFFIDAVIT OF SERVICE**

| | | |
|---|---|---|
| **State of Texas** | **County of Harris** | **11th Judicial District Court** |

Case Number: 202074133

Plaintiff:
**Brian Cloyd**

vs.

Defendant:
**Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., et al.**

For:
Arnold & Itkin, LLP
6009 Memorial Drive
Houston, TX 77007

Received by ATX Process, LLC on the 18th day of November, 2020 at 2:37 pm to be served on **Fieldwood Energy Offshore LLC (Foreign Corporation) by serving its registered agent Capitol Corporate Services Inc, 206 E. 9th St., Suite 1300, Austin, Travis County, TX 78701**.

I, Kelly Murski, being duly sworn, depose and say that on the **18th day of November, 2020** at **4:25 pm, I:**

delivered to the **REGISTERED AGENT** by delivering a true copy of the **Citation, Plaintiff's Original Petition, and Plaintiff's First Set of Interrogatories, Request for Production, Request for Admissions, and Request for Disclosures to Defendants** with the date of delivery endorsed thereon by me, to **Mary Ann Quick, Capitol Corporate Services Inc** as the designated agent to accept service of process at the address of **206 E. 9th St., Suite 1300, Austin, Travis County, TX 78701** on behalf of **Fieldwood Energy Offshore LLC (Foreign Corporation)** and informed said person of the contents therein.

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the foregoing occurred. The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the 19th day of November, 2020 by the affiant who is personally known to me.

NOTARY PUBLIC

NICOLE M. WADE
My Notary ID # 129086987
Expires August 9, 2024

**Kelly Murski**
PSC-5912, Exp. 10/31/2022

11 / 19 / 2020
**Date**

**ATX Process, LLC**
**604 West 9th Street**
**Suite B**
**Austin, TX 78701**
**(512) 717-5600**

Our Job Serial Number: ATX-2020011880
Ref: Brian Cloyd

Certified Document Number: 93765172 - Page 3 of 3

EXHIBIT A-2

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1t



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 24, 2020

Certified Document Number:        93210078 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

EXHIBIT A-2

11/22/2020 2:31 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48319924
By: Lewis John-Miller
Filed: 11/23/2020 12:00 AM

Receipt Number: 883752
Tracking Number: 73812390

EML
**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202074133

PLAINTIFF: CLOYD, BRIAN

vs.

DEFENDANT: FIELDWOOD ENERGY OFFSHORE INC (D/B/A
FIELDWOOD ENERGY (TEXAS) INC)

In the 011th Judicial

District Court of

Harris County, Texas

CITATION

THE STATE OF TEXAS
County of Harris

TO: FIELDWOOD ENEGRY OFFSHORE INC (D/B/A FIELDWOOD ENERGY (TEXAS) (FOREIGN
CORPORATION) MAY BE SERVED THROUGH ITS REGISTERED AGENT CAPITOL CORPORATE SERVICES
INC

206 E 9TH STREET SUITE 1300

AUSTIN TX 78701

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on November 18, 2020, in the above numbered and styled
cause on the docket in the above Judicial District Court of Harris County, Texas, in
the courthouse in the City of Houston, Texas. The instrument attached describes the
claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not
file a written answer with the District Clerk who issued this citation by 10:00 a.m.
on the Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this
November 18, 2020.

Marilyn Burgess
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: DANCHELLE BURTON

Issued at request of:
ARNOLD, KURT B.
6009 MEMORIAL DRIVE
HOUSTON, TX 77007
713-222-3800

Bar Number: 24036150

SERVICE RETURN ATTACHED

**ATX Process, LLC**
604 West 9th Street
Suite B
Austin, TX 78701

EXHIBIT A-2

Tracking Number: 73812390
EML

CAUSE NUMBER: 202074133

PLAINTIFF: CLOYD, BRIAN

     vs.

DEFENDANT: FIELDWOOD ENERGY OFFSHORE INC
(D/B/A FIELDWOOD ENERGY (TEXAS) INC)

In the 011th

Judicial District Court

of Harris County, Texas

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock ____. M., on the _____ day of
_____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock ____. M., on the _____ day of
_____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of
_____, 20 _____.

FEE: $ _____

_____ of _____

County, Texas

_____   By: _____
      Affiant                     Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_____, 20 _____

_____
                        Notary Public

SERVICE RETURN ATTACHED

ATX Process, LLC
604 West 9th Street
Suite B
Austin, TX 78701

Certified Document Number: 93210075 - Page 2 of 3

EXHIBIT A-2

# AFFIDAVIT OF SERVICE

| State of Texas | County of Harris | 11th Judicial District Court |
|---|---|---|

Case Number: 202074133

Plaintiff:
**Brian Cloyd**

vs.

Defendant:
**Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., et al.**

For:
Arnold & Itkin, LLP
6009 Memorial Drive
Houston, TX 77007

Received by ATX Process, LLC on the 18th day of November, 2020 at 2:37 pm to be served on **Fieldwood Energy Offshore Inc d/b/a Fieldwood Energy (Texas), (a Foreign Corporation) by serving its registered agent Capitol Corporate Services Inc, 206 E. 9th St., Suite 1300, Austin, Travis County, TX 78701**.

I, Kelly Murski, being duly sworn, depose and say that on the **18th day of November, 2020** at **4:25 pm, I:**

delivered to the **REGISTERED AGENT** by delivering a true copy of the **Citation, Plaintiff's Original Petition, and Plaintiff's First Set of Interrogatories, Request for Production, Request for Admissions, and Request for Disclosures to Defendants** with the date of delivery endorsed thereon by me, to **Mary Ann Quick, Capitol Corporate Services Inc** as the designated agent to accept service of process at the address of **206 E. 9th St., Suite 1300, Austin, Travis County, TX 78701** on behalf of **Fieldwood Energy Offshore Inc d/b/a Fieldwood Energy (Texas), (a Foreign Corporation)** and informed said person of the contents therein.

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the foregoing occurred. The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the 19th
day of November , 2020 by the affiant
who is personally known to me.

NOTARY PUBLIC

NICOLE M. WADE
My Notary ID # 129086987
Expires August 9, 2024

**Kelly Murski**
PSC-5912, Exp. 10/31/2022
11/19/2020
**Date**

**ATX Process, LLC**
**604 West 9th Street**
**Suite B**
**Austin, TX 78701**
**(512) 717-5600**

Our Job Serial Number: ATX-2020011879
Ref: Brian Cloyd

EXHIBIT A-2

Certified Document Number: 93... - Page 3 of 3



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 24, 2020

Certified Document Number:          93210075 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

EXHIBIT A-2

11/19/2020 6:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48273632
By: Lewis John-Miller
Filed: 11/19/2020 6:16 PM

CAUSE NO. 202074133

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 883752 TRACKING NO: 73812400
EML

| Plaintiff: | In The 011th |
| CLOYD, BRIAN | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| FIELDWOOD ENERGY OFFSHORE INC (D/B/A FIELDWOOD ENERGY (TEXAS) INC) | Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

**To:** **OCEANEERING INTERNATIONAL INC (FOREIGN CORPORATION) MAY BE SERVED THROUGH**
**ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900, DALLAS TX 75201**
**OR WHEREVER HE MAY BE FOUND**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on November 18, 2020 in the above cited cause number and court. The instrument attached
describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with
the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after
you were served this citation and petition, a default judgment may be taken against you.

This citation was issued on November 18, 2020, under my hand and seal of said court.

Issued at the request of:

ARNOLD, KURT B.
6009 MEMORIAL DRIVE
HOUSTON, TX 77007
713-222-3800
Bar Number: 24036150

*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: DANCHELLE BURTON

SERVICE RETURN ATTACHED

**ATX Process, LLC**
604 West 9th Street
Suite B
Austin, TX 78701

Certified Document Number: 93183667 - Page 1 of 3

EXHIBIT A-3

EML

Tracking Number: 73812400

## CAUSE NUMBER: 202074133

**PLAINTIFF: CLOYD, BRIAN**

    **vs.**

**DEFENDANT: FIELDWOOD ENERGY OFFSHORE INC (D/B/A FIELDWOOD ENERGY (TEXAS) INC) Harris**    **County,**
**Texas**

In the 011th

**Judicial District Court of**

---

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____ defendant, in person, a true copy of this Citation
together with the accompanying _____ copy (ies) of the «Attachment» Petition attached thereto and I endorsed on said
copy of the Citation the date of delivery.

*SERVE RETURN ATTACHED*

ATX Process, LLC
604 West 9th Street
Suite B
Austin, TX 78701

To certify which I affix my hand officially this _____ day of _____, 20.

Fees $_____

_____    By_____
         Affiant                                      Deputy

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

Certified Document Number: 9318667 - Page 2 of 3

**EXHIBIT A-3**

## AFFIDAVIT OF SERVICE

| State of Texas | County of Harris | 11th Judicial District Court |
|---|---|---|

Case Number: 202074133

Plaintiff:
**Brian Cloyd**
vs.
Defendant:
**Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., et al.**

For: Arnold & Itkin, LLP

Received by ATX Process, LLC on the 18th day of November, 2020 at 2:37 pm to be served on **Oceaneering International Inc (Foreign Corporation) by serving its registered agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Travis County, TX 75201.** I, _Caleb Malone_, being duly sworn, depose and say that on the _19_ day of _November_, 20_20_ at _10:30_ A.m., executed service by delivering a true copy of the **Citation, Plaintiff's Original Petition, and Plaintiff's First Set of Interrogatories, Request for Production, Request for Admissions, and Request for Disclosures to Defendants** in accordance with state statutes in the manner marked below:

(X) CORPORATE SERVICE: By serving _Lindsey Barrinter_ (individual accepting) as _intake specialist_ (title), at _1999 Bryan St, Suite 900_ (street), _Dallas_ (city), _Texas_ (state) _75201_ (zip code) _Dallas_ (county).

( ) PUBLIC AGENCY: By serving _____ (individual accepting) as _____ (title) of the within-named agency at _____ (street), _____ (city), _____ (state) _____ (zip code) _____ (county).

( ) SUBSTITUTE SERVICE: By serving _____ (individual accepting) as _____ (relationship/title) at _____ (street), _____ (city), _____ (state) _____ (zip code) _____ (county).

( ) GOVERNMENT AGENCY: By serving _____ (individual accepting) as _____ (title) of the within-named agency at _____ (street), _____ (city), _____ (state) _____ (zip code) _____ (county).

( ) NON SERVICE: For the reason detailed in the comments below.

COMMENTS: _____
_____
_____
_____

I certify that I am over the age of 18, have no interest in the above action, and have the proper authority in the jurisdiction in which this process was delivered. The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the _19_ day of
_November, 2020_ by the affiant who is
personally known to me.

_Beth Pall_
NOTARY PUBLIC

PROCESS SERVER # _PSC1574 exp 10/31/21_
Appointed in accordance with State Statutes

**ATX Process, LLC**
**604 West 9th Street**
**Suite B**
**Austin, TX 78701**
**(512) 717-5600**

Our Job Serial Number: 2020011881
Ref: Brian Cloyd

BETHANY PALLISTER
Notary Public, State of Texas
Comm. Expires 06-01-2024
Notary ID 129009133

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1t

Certified Document Number: 93183667 - Page 3 of 3

EXHIBIT A-3



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   <u>November 24, 2020</u>

Certified Document Number:        <u>93183667 Total Pages:  3</u>

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

EXHIBIT A-3

11/24/2020 5:46 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48409497
By: Lewis John-Miller
Filed: 11/24/2020 5:46 PM

CAUSE NO. 202074133

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 883752  TRACKING NO: 73812399
EML

| | |
|---|---|
| Plaintiff:<br>CLOYD, BRIAN<br>vs.<br>Defendant:<br>FIELDWOOD ENERGY OFFSHORE INC (D/B/A FIELDWOOD ENERGY (TEXAS) INC) | In The 011th<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |

### CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:    SHORE OFFSHORE SERVICES LLC (FOREIGN CORPORATION) MAY BE SERVED THROUGH ITS**
**REGISTERED AGENT PATRICK GROS**
**651 RIVER HIGHLANDS BLVD, COVINGTON LA 70433**
**OR WHEREVER HE MAY BE FOUND**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on November 18, 2020 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.

This citation was issued on November 18, 2020, under my hand and seal of said court.

Issued at the request of:

ARNOLD, KURT B.
6009 MEMORIAL DRIVE
HOUSTON, TX  77007
713-222-3800
Bar Number: 24036150



*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:DANCHELLE BURTON

SERVICE RETURN ATTACHED

**ATX Process, LLC**
604 West 9th Street
Suite B
Austin, TX 78701

Certified Document Number: 93249146 - Page 1 of 3

EXHIBIT A-4

Certified Document Number: 93249146 - Page 2 of 3

EML

Tracking Number: 73812399

### CAUSE NUMBER: 202074133

| | |
|---|---|
| PLAINTIFF: CLOYD, BRIAN | In the 011th |
| vs. | Judicial District Court of |
| DEFENDANT: FIELDWOOD ENERGY OFFSHORE INC (D/B/A FIELDWOOD ENERGY (TEXAS) INC) Harris     County, Texas | |

---

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment».  Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20____

Fees $_____

_____        By_____
                 Affiant                                                          Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared.  After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

**ATX Process, LLC**
604 West 9th Street
Suite B
Austin, TX 78701

_____
                 Notary Public

*SERVICE RETURN ATTACHED*

EXHIBIT A-4

## AFFIDAVIT OF SERVICE

State of Texas                   County of Harris                   11th Judicial District Court

Case Number: 202074133

Plaintiff:
**Brian Cloyd**
vs.
Defendant:
**Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., et al.**

For: Arnold & Itkin, LLP

Received by ATX Process, LLC on the 23rd day of November, 2020 at 9:09 am to be served on Shore Offshore Services LLC (Foreign Corporation) by serving its registered agent Patrick Gros, 651 River Highlands Blvd., Covington, Saint Tammany County, LA 70433. I, _Theodore Free_, being duly sworn, depose and say that on the _23rd_ day of _November_, 20_20_ at _11 :20_ a.m., executed service by delivering a true copy of the Citation Corporate, Plaintiff's Original Petition, and Plaintiff's First Set of Interrogatories, Request for Production, Request for Admissions, and Request for Disclosures to Defendants in accordance with state statutes in the manner marked below:

X CORPORATE SERVICE: By serving _Shore Offshore Services LLC via Patrick Gros_ (individual accepting) as (title), at _651 River Highland Blvd_ (street), _Covington_ (city), _LA_ (state) _70433_ (zip code) _St. Tammany_ (county): _Parish_

( ) PUBLIC AGENCY: By serving _____ (individual accepting) as _____ (title) of the within-named agency at _____ (street), _____ (city), _____ (state) _____ (zip code) _____ (county).

( ) SUBSTITUTE SERVICE: By serving _____ (individual accepting) as _____ (relationship/title) at _____ (street), _____ (city), _____ (state) _____ (zip code) _____ (county).

( ) GOVERNMENT AGENCY: By serving _____ (individual accepting) as _____ (title) of the within-named agency at _____ (street), _____ (city), _____ (state) _____ (zip code) _____ (county).

( ) NON SERVICE: For the reason detailed in the comments below.

COMMENTS: _____

I certify that I am over the age of 18, have no interest in the above action, and have the proper authority in the jurisdiction in which this process was delivered. The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the _23_ day of _____ by the affiant who is personally known to me.

**NOTARY PUBLIC**

LAUREN DUCOTE
NOTARY PUBLIC NO. 133260
STATE OF LOUISIANA
PARISH OF ST. TAMMANY
My Commission is for Life

PROCESS SERVER # _N/A_
Appointed in accordance with State Statutes

ATX Process, LLC
604 West 9th Street
Suite B
Austin, TX 78701
(512) 717-5600

Our Job Serial Number: 2020012016
Ref: Brian Cloyd

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1t

Certified Document Number: 93249146 - Page 3 of 3

EXHIBIT A-4



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 25, 2020

Certified Document Number:        93249146 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

EXHIBIT A-4

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **BRIAN CLOYD,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **FIELDWOOD ENERGY OFFSHORE,** | § | |
| **INC. d/b/a FIELDWOOD ENERGY** | § | |
| **(TEXAS), INC., FIELDWOOD ENERGY** | § | |
| **LLC, FIELDWOOD ENERGY** | § | |
| **OFFSHORE, LLC, SHORE OFFSHORE** | § | |
| **SERVICES LLC, and OCEANEERING** | § | |
| **INTERNATIONAL, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

## EXHIBIT B – LIST OF COUNSEL OF RECORD

1.  **Counsel for Plaintiffs, Lewis Andrews and Patrick Burnett**

    Kurt B. Arnold (SBN: 24036150)
    karnold@arnolditkin.com
    J. Kyle Findley (SBN: 24076382)
    kfindley@arnolditkin.com
    Adam D. Lewis (SBN: 24094099)
    alewis@arnolditkin.com
    ARNOLD & ITKIN LLP
    6009 Memorial Drive
    Houston, TX 77007
    Tel: 713.222.3800
    Fax: 713.222.3850

2.      **Counsel for Defendants, Fieldwood Energy LLC and Fieldwood Energy Offshore LLC**

James D. Bercaw (Motion for admission pro hac vice to be filed)
jbercaw@kingjurgens.com
KING & JURGENS, L.L.C.
201 St. Charles Ave., Suite 4500
New Orleans, LA 70170
Tel: 504.582.3800
Fax: 504.582.1233

            and

Joseph R. Messa (S.D. Tex. Bar: 11346)
jmessa@kingjurgens.com
KING & JURGENS, L.L.C.
6363 Woodway, Suite 820
Houston, Texas 77057
Telephone: (713) 334-5644
Facsimile: (713) 334-5828

3.      **Counsel for Defendant, Shore Offshore Services LLC**

Gavin H. Guillot, T.A.
TX Bar No.: 24099123
SDTX Federal ID No: 2236795
Gavin.Guillot@pjgglaw.com
Aaron B. Greenbaum
TX Bar No. 24110938
SDTX Federal ID No. 2023921
Aaron.Greenbaum@pjgglaw.com
Salvador J. Pusateri
TX Bar No.: 24072867
SDTX Federal ID No: 438301
Salvador.Pusateri@pjgglaw.com
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Tel: 504-620-2500
Fax: 504-620-2510

4.      **Counsel for Defendant, Oceaneering International, Inc.**

Michael A. Orlando (SBN:  15302700)
MOrlando@meyerorlando.com
Mike A. Orlando, Jr. (SBN:  24070367)
mikejr@meyerorlando.com
MEYER ORLANDO LLC
13201 Northwest Freeway, Suite 119
Houston, TX  77040
Tel:  713.460.9800
Fax:  713.460.9801

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Brian Cloyd | Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., Fieldwood Energy LLC, Fieldwood Energy |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kurt B. Arnold, Arnold & Itkin LLP, 6009 Memorial Drive, Houston, TX 77007 713.222.3800

Attorneys *(If Known)*
James D. Bercaw, King & Jurgens, L.L.C., 201 St. Charles Ave., Ste. 4500, New Orleans, LA 70170 504.582.3800

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury – | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | New Drug Application | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine | Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal | Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | 26 USC 7609 | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
43 U.S.C. § 1349
Brief description of cause:
Personal injury action

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
1,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
25 Nov. 2020

SIGNATURE OF ATTORNEY OF RECORD
*(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LESLE WILLIAMS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **FIELDWOOD ENERGY OFFSHORE,** | § | |
| **INC. d/b/a FIELDWOOD ENERGY** | § | |
| **(TEXAS), INC., FIELDWOOD ENERGY,** | § | |
| **LLC, FIELDWOOD ENERGY** | § | |
| **OFFSHORE, LLC, SHORE OFFSHORE** | § | |
| **SERVICES LLC, and COMPLETE** | § | |
| **LOGISTICAL SERVICES, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

## NOTICE OF REMOVAL

Defendants, Fieldwood Energy LLC (incorrectly identified as "Fieldwood Energy, LLC") and Fieldwood Energy Offshore LLC (incorrectly identified as "Fieldwood Energy Offshore, LLC", hereafter collectively "Fieldwood") file their Notice of Removal of this civil action to the United States District Court for the Southern District of Texas, Houston Division, and respectfully would show as follows:

### I.

### PENDING STATE COURT SUIT

1.     On December 8, 2020, Plaintiff, Lesle Williams, filed a civil action naming Fieldwood, Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., Shore Offshore Services LLC ("Shore") and Complete Logistical Services, LLC. ("CLS") as the defendants in Cause Number 2020-78496, *Lesle Williams v. Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., Fieldwood Energy, LLC, Fieldwood Energy Offshore,*

*LLC, Shore Offshore Services LLC and Complete Logistical Services, LLC,* in the 11th District Court in Harris County, Texas. In his Original Petition ("Petition"), Plaintiff alleged causes of action sounding in negligence and gross negligence against defendants for injuries he purportedly received while located on the D/B THOR allegedly owned by defendants and working in the Gulf of Mexico for the benefit and at the direction of defendants on or about October 28, 2020.

2.      There is no business entity related to Fieldwood named or operating under the name of Fieldwood Energy Offshore, Inc. or doing business under the name Fieldwood Energy (Texas), Inc.

3.      Fieldwood is an owner and the operator of Platform JA, a fixed oil and gas development, production and transportation platform, permanently affixed to Block 259, Ship Shoal Area, on the Outer Continental Shelf, off the Coast of Louisiana (hereafter "SS 259-JA").

4.      In accordance with Fieldwood's mineral lease with the U.S. Government, Department of the Interior covering SS 259-JA, the federal regulations promulgated thereto (see e.g., 30 C.F.R. § 250.1725), and in accordance with the Outer Continental Shelf Lands Act, 43 U.S.C. § 1337(p)(6)(C), Fieldwood is obligated to plug and abandon all wells and to decommission all structures that were erected at SS 259-JA.

5.      Shore is the operator of the D/B THOR.

6.      CLS is the alleged employer of Lesle Williams, who is alleged to be seaman.

7.      Neither Fieldwood nor Shore employed Plaintiff in any capacity.

8.      From approximately October 21 through 26, 2020, the D/B THOR was engaged in decommissioning activities of Fieldwood's SS 259-JA, as required by OCSLA, Fieldwood's mineral lease, and the decommissioning regulations promulgated thereunder.

9. According to the Petition, the forecasted path of Hurricane Zeta required the D/B THOR to relocate from Fieldwood's offshore platform from approximately October 26 and 27, 2020 when she was moored, and on October 28, 2020, which she became unmoored, was tossed and turned by the aggressive seas while Plaintiff was onboard causing him to allegedly suffer serious injuries. As a result of the accident, Plaintiff claims to have sustained mental anguish in the past and future, lost earnings, loss of earning capacity, disfigurement in the past and future, physical impairment in the past and future, medical expenses in the past and future, physical pain and suffering in the past and future and punitive damages.

10. At all times, the D/B THOR was rendering services to Fieldwood's SS 259-JA not only in housing personnel who worked or were scheduled to work aboard SS 259-JA, but also in the transportation of personnel, equipment and material to and from shore to SS 259-JA and to and from SS 259-JA to shore as part of SS 259-JA's operations as an oil and natural gas production platform undergoing plug, abandonment and decommissioning activities.

11. The name and address of the court from which the case is being removed is:

11th District Court of Harris County, Texas
201 Caroline, 9th Floor
Houston, TX 77002

12. The following documents are indexed and attached to this Notice of Removal:

Exhibit "A" – certified copies of the following state court pleadings and process:

A-1 – Plaintiff's Original Petition

A-2 – Returns of Service on Fieldwood

As of the time of Fieldwood's filing of this Notice of Removal, the returns of service for Shore and CLS had not been filed in the record of the 11th District Court.

Exhibit "B" – list of all counsel of record including address, telephone and fax number,

and the parties they represent, respectively.

13.     Presently, there has been no action taken by the state court in its proceeding.

## II.

## TIMING OF REMOVAL

14.     Fieldwood was served with the Petition and Summons on December 18, 2020 through service on Fieldwood's agent for service of process.  Shore was served with the Petition and Summons on December 17, 2020, through service on Shore's agent for service of process. CLS was served with the Petition and Summons on December 18, 2020 through service on CLS's agent for service of process.  Thus, this Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1) because this Notice of Removal was filed within 30 days of service of the Petition upon defendants, which was their first notice of the action.

## III.

## REMOVAL JURISIDICTION

15.     This case is removable to this Court pursuant to 28 U.S.C. § 1441(b) as being a civil action brought in state court, but over which this federal district court has original jurisdiction.

16.     Pursuant to the Outer Continental Shelf Lands Act ("OCSLA"), this Court has original jurisdiction over "cases and controversies arising out of, or in connection with … any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf…" 43 U.S.C. § 1349(b)(1); *see also* 43 U.S.C. § 1333(a)(1)-(2).  The United States Fifth Circuit broadly interprets this jurisdictional grant under OCSLA.  *See, e.g., In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 401 (2014).

17.     The Fifth Circuit applies "a but-for test" for determining the existence of OCSLA jurisdiction, asking "whether: (1) the activities that caused the injury constituted an 'operation' 'conducted on the Outer Continental Shelf that involved the exploration and production of minerals', and (2) the case 'arises out of, or in connection with' the operation." *Id*. at 163.  Both of these requirements for jurisdiction under OCSLA are satisfied here.

18.     First, Plaintiff's employment with CLS furthered mineral development on the OCS by assisting in the platform decommissioning. Fieldwood's operations at SS 259-JA were and are conducted on the OCS in connection with the extraction of mineral resources from beneath the seabed. Thus, Plaintiff's work and anticipated work on the D/B THOR was in direct connection with Fieldwood's mineral development operations on the OCS.  *See Hufnagel v. Omega Serv. Indus., Inc.,* 182 F.3d 340, 350 (5th Cir.1999).

19.     Second, Plaintiff's alleged injury would not have occurred but for Fieldwood's operations at SS 259-JA and the need for Plaintiff to assist in the decommissioning of the platform in furtherance of those operations. Indeed, if Plaintiff had not been assigned to work on the D/B THOR, then he would never have been required to remain on the D/B THOR where he was allegedly injured.  *Barker v. Hercules Offshore, Inc.,* 713 F.3d 208, 213 (5th Cir. 2013) ("[I]t is clear that but for his employment, Barker would not have been involved in the incident forming the basis of this suit."); *Hubbard v. Laborde Marine LLC*, 2014 WL 12776414 (E.D. La. 2014) (Plaintiff would not have been aboard the M/V RIG RUNNER but-for the extraction of minerals from the OCS.  Accordingly, his injuries are sufficiently related to the operations on the OCS for this Court to exercise jurisdiction"); *Sam v. Laborde Marine, L.L.C*., 2020 WL 59633 (S.D. Tex. 2020) (Lake, J.).

20.     The issue of whether an action is removable is not determined by the substantive

law applicable to the Plaintiff's claims, but rather by the existence of subject matter jurisdiction in federal court. "OCSLA *explicitly provides* that district courts have federal question jurisdiction over claims occurring on the Outer Continental Shelf." *Barker*, 713 F.3d at 220 (emphasis in original) (citing 43 U.S.C. § 1333(a)(1)). Thus, "even though maritime cases are exempted by statute from original [federal] question jurisdiction" under the "saving to suitors" clause, "OCSLA statutorily restores federal question jurisdiction over these claims even when they apply maritime law as the substantive law of decision." *Id.* In sum, even assuming *arguendo*, that the general maritime law provides the substantive law applicable to this case, that fact does not deprive this Court of OCSLA jurisdiction. For the reasons given above, OCSLA jurisdiction exists over this case based on the two-part test applied in the Fifth Circuit, and the case is properly removable on that basis.

## IV.

## VENUE

21.     Under 28 U.S.C. § 1441(a), venue for a removed action is proper in this Court as the District Court of Harris County, Texas, where the state action is pending, is located within this district and division.

## V.

## ANSWER

22.     No answer was filed by defendants in the state court proceeding. Fieldwood will file responsive pleadings to the Petition within 5 days of removal.

## VI.

### NOTICE TO ADVERSE PARTIES AND TO STATE COURT

23.     As the removing parties, Fieldwood will give Plaintiff prompt written notice of this Notice of Removal as required by 28 U.S.C. § 1446(d).

24.     Fieldwood also will file a copy of this Notice of Removal with the Clerk of Court for Harris County, Texas, where the state court action is currently pending, as required by 28 U.S.C. § 1446(d), and will serve these pleadings on Plaintiff's counsel.

## VII.

### CONSENT TO REMOVAL BY SHORE AND CLS

25.     Prior to filing this Notice of Removal, undersigned counsel for Fieldwood forwarded a draft to counsel for Shore and CLS, who both expressly consented to the removal of this suit to this Court.

**WHEREFORE**, Fieldwood Energy LLC and Fieldwood Energy Offshore LLC respectfully request that this Notice of Removal be accepted as good and sufficient and that the above-described action be removed from the District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division for trial and determination as provided by law; that this Court enter such orders and issue such process as may be necessary and proper to bring before it copies of all records and proceedings presently pending in the aforesaid state court suit, and thereupon proceed with this civil action as if originally commenced in this Court; and that this Court enter all necessary and appropriate orders and decrees in accordance with applicable law.

Houston, Texas, this 29th day of December, 2020.

Respectfully submitted,

**KING & JURGENS, L.L.C.**

/s/ James D. Bercaw
JAMES D. BERCAW
Motion for admission *pro hac vice* to be filed
201 St. Charles Avenue, 45TH Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-1272
Facsimile: (504) 582-1233
jbercaw@kingjurgens.com

and

JOSEPH R. MESSA (#11346)
jmessa@kingjurgens.com
6363 Woodway, Suite 820
Houston, Texas  77057
Telephone:  (713) 334-5644
Facsimile:  (713) 334-5828

*Attorneys for defendants,*
*Fieldwood Energy LLC and Fieldwood*
*Energy Offshore LLC*

Case 2:21-cv-00258-JCZ-EDD Document 781-18 Filed 10/28/25 12:42 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48740037
By: Cecilia Thayer
Filed: 12/8/2020 12:42 PM

# 2020-78496 / Court: 011

CAUSE NO. _____

| | | |
|---|---|---|
| Lesle Williams, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| | § | |
| Fieldwood Energy Offshore, Inc. d/b/a | § | |
| Fieldwood Energy (Texas), Inc., | § | |
| Fieldwood Energy, LLC, Fieldwood Energy | § | |
| Offshore, LLC, Shore Offshore Services, LLC | § | |
| and Complete Logistical Services, LLC | § | |
| | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

## Plaintiff's Original Petition

Plaintiff Lesle Williams (hereinafter referred to as "Plaintiff") file this Original Petition complaining of Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., Fieldwood Energy, LLC and Fieldwood Energy Offshore, LLC, Shore Offshore Services, LLC, and Complete Logistical Services, LLC. (collectively referred to as "Defendants") and will respectfully show the Court that:

### I.

### Jurisdiction

1.     This claim is maintained under the Jones Act (46 U.S.C. § 30104) and the general maritime law of the United States. The Court has exclusive jurisdiction pursuant to the Saving to Suitors clause. Further, Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which Plaintiff now sues.

### II.

### Venue

1

Certified Document Number: 93414186 - Page 1 of 7

EXHIBIT A-1

2.       Venue is proper pursuant to Texas Civil Practice and Remedies Code, Section 15.002.

<div align="center">

**III.**

**Discovery Level**

</div>

3.       Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

<div align="center">

**IV.**

**Parties**

</div>

4.       Plaintiff Lesle Williams is a resident of Louisiana.

5.       Defendant Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc. is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas. This Defendant may be served with process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

6.       Defendant Fieldwood Energy, LLC is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas. This Defendant may be served with process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

7.       Defendant Fieldwood Energy Offshore, LLC is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas. This Defendant may be served with

Certified Document Number: 93414186 - Page 2 of 7

EXHIBIT A-1

process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

8.     Defendant Shore Offshore Services, LLC ("Shore") is a foreign corporation which conducts a substantial amount of business in Texas. This Defendant may be served with process through its registered agent Patrick Gros at 651 River Highlands Blvd, Covington, LA 760433, or wherever he may be found.

9.     Defendant Complete Logistical Services, LLC. ("CLS") is a foreign corporation which conducts a substantial amount of business in Texas. This Defendant may be served with process through its registered agent Spencer Sens at 8320 Lafitte Ct. Chalmette, LA 70043, or wherever he may be found.

## V.

### Facts

10.     This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about October 28, 2020. On or about that date, Plaintiff worked as a crew member aboard the *D/B THOR*, a vessel owned, operated and/or maintained by Defendants. Plaintiff Williams was employed by Defendant CLS.

11.     At all material times, the *D/B THOR* was working in the Gulf of Mexico for the benefit, and at the direction of Defendants. In the days leading up to the incident, Hurricane Zeta entered the Gulf of Mexico taking aim at the Louisiana shore. Defendants ordered and required the *D/B THOR* be moored in an unsafe area to wait out the hurricane.

12.     During the dangerous storm the *D/B THOR* became unmoored. The vessel was tossed and turned by the aggressive seas and the vessel was thrown into different objects. As

Certified Document Number: 93414186 - Page 3 of 7

EXHIBIT A-1

a result, Plaintiff suffered from emotional disturbance as a result of Defendants' actions including anxiety, difficulty in focusing and concentration, and sleep disturbance.

      13.    Defendants are negligent and negligent per se for the following reasons:

          a.    Failure to properly supervise their crew;

          b.    Failure to properly train their employees;

          c.    Failure to provide adequate safety equipment;

          d.    Failure to provide Plaintiff a safe working environment;

          e.    Failure to provide Plaintiff adequate safety from Hurricane Zeta;

          f.    Failure to timely and effective evacuate the vessel;

          g.    Failure to provide adequate medical treatment;

          h.    Operating the vessel with an inadequate crew;

          i.    Failing to maintain safe mechanisms for work on the vessel;

          j.    Failure to maintain, inspect, and/or repair the vessel's equipment;

          k.    Operating the vessel in an unsafe and improper manner;

          l.    Failure to have the vessel moored in a safe area;

          m.    Vicariously liable for their employees' and agents' negligence;

          n.    Violating applicable Coast Guard, OSHA, BSEE rules and/or other applicable regulations; and

          o.    Other acts deemed negligent.

      14.    At all relevant times, the *D/B THOR* was unseaworthy.

      15.    As a result of said occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all

Certified Document Number: 93414186 - Page 4 of 7

EXHIBIT A-1

reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries. Plaintiff seeks punitive damages against Defendants for arbitrarily and improperly denying maintenance and cure. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

16.    Plaintiff is also entitled to punitive damages because the aforementioned actions of various Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff health and safety. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiff injury but did nothing to rectify them. Instead, Defendants had Plaintiff and other crew members continue working despite the dangerous conditions that were posed to them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

## VI.

### Jury Demand

17.    Plaintiff demands a trial by jury.

## VII.

### Prayer

EXHIBIT A-1

Pursuant to Rule 47, Plaintiff seeks monetary relief over $1,000,000. Additionally, Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which Plaintiff show himself justly entitled including but not limited to:

- Past and future medical damages;

- Past and future loss of earning capacity;

- Past and future pain and suffering and mental anguish;

- Past and future impairment;

- Past and future disfigurement;

- Exemplary damages;

- Loss of household services;

- Past and future loss of consortium;

- Past and future maintenance and cure obligations;

- Pre-judgment interest;

- Post-judgment interest;

- Costs of Court;

- Attorney fees;

- All other relief to which Plaintiffs are justly entitled, either at law or in equity.

6

Certified Document Number: 93414186 - Page 6 of 7

EXHIBIT A-1

Respectfully submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt B. Arnold*

Kurt B. Arnold
SBN: 24036150
karnold@arnolditkin.com
J. Kyle Findley
SBN: 24076382
kfindley@arnolditkin.com
Adam D. Lewis
SBN: 24094099
alewis@arnolditkin.com
C. Kimberly Nwabeke
SBN: 24096087
knwabeke@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Tel: 713.222.3800
Fax: 713.222.3850
kbateam@arnolditkin.com
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 93414186 - Page 7 of 7

EXHIBIT A-1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 21, 2020

Certified Document Number:        93414186 Total Pages:  7

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

EXHIBIT A-1

12/17/2020 5:35 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49068583
By: Lewis John-Miller
Filed: 12/17/2020 5:35 PM

CAUSE NO. 202078496

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 905367  TRACKING NO: 73819456
EML

| | |
|---|---|
| Plaintiff:<br>WILLIAMS, LESLE<br>vs.<br>Defendant:<br>FIELDWOOD ENERGY OFFSHORE INC (D/B/A FIELDWOOD ENERGY (TEXAS) INC) | In The 011th<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

**To:  FIELDWOOD ENERGY LLC (A FOREIGN CORPORATION) MAY BE SERVED THROUGH ITS REGISTERED AGENT**
**CAPITOL CORPORATE SERVICES INC**
**206 E 9TH STREET SUITE 1300, AUSTIN TEXAS 78701**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on December 8, 2020 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.

This citation was issued on December 8, 2020, under my hand and seal of said court.

Issued at the request of:

ARNOLD, KURT B.
6009 MEMORIAL DRIVE
HOUSTON, TEXAS  77007
713-222-3800
Bar Number: 24036150

*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:CECILIA THAYER

SERVICE RETURN ATTACHED

**ATX Process, LLC**
604 West 9th Street
Suite B
Austin, TX  78701

Certified Document Number: 93579236 - Page 1 of 3

EXHIBIT A-2

Tracking Number: 73819456

EML

**CAUSE NUMBER: 202078496**

| | |
|---|---|
| PLAINTIFF: WILLIAMS, LESLE | In the 011th |
| vs. | Judicial District Court of |

DEFENDANT: FIELDWOOD ENERGY OFFSHORE INC (D/B/A FIELDWOOD ENERGY (TEXAS) INC) Harris    County, Texas

---

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20.

Fees $_____

_____                    ATX Process, LLC
         Affiant                         604 West 9th Street
                                         By_____ Suite B _____ Deputy
                                         Austin, TX 78701

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

SERVICE RETURN NOT ATTACHED

**EXHIBIT A-2**

**AFFIDAVIT OF SERVICE**

**State of Texas**                    **County of Harris**                    **11th Judicial District Court**

Case Number: 202078496

Plaintiff:
**Lesle Williams**

vs.

Defendant:
**Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas) Inc., et al.**

For:
Arnold & Itkin, LLP
6009 Memorial Drive
Houston, TX 77007

Received by ATX Process, LLC on the 17th day of December, 2020 at 12:10 pm to be served on **Fieldwood Energy LLC (A Foreign Corporation) by serving its registered agent Capitol Corporate Services Inc, 206 E. 9th St., Suite 1300, Austin, Travis County, TX 78701**.

I, Erin Cuppett, being duly sworn, depose and say that on the **17th day of December, 2020** at **1:55 pm, I:**

delivered to the **REGISTERED AGENT** by delivering a true copy of the **Citation, Plaintiff's Original Petition, and Plaintiff's First Set of Interrogatories, Request for Production, Request for Admissions, and Request for Disclosures to Defendants** with the date of delivery endorsed thereon by me, to **Richard Gallegos, Capitol Corporate Services Inc** as the designated agent to accept service of process at the address of **206 E. 9th St., Suite 1300, Austin, Travis County, TX 78701** on behalf of **Fieldwood Energy LLC (A Foreign Corporation)** and informed said person of the contents therein.

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the foregoing occurred. The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the 17th
day of December, 2020 by the affiant
who is personally known to me.

NOTARY PUBLIC

NICOLE M. WADE
My Notary ID # 129086987
Expires August 9, 2024

**Erin Cuppett**
PSC-13350, Exp. 12/31/2021

12/17/2020

**Date**

**ATX Process, LLC**
**604 West 9th Street**
**Suite B**
**Austin, TX 78701**
**(512) 717-5600**

Our Job Serial Number: ATX-2020013016
Ref: Lesle Williams

EXHIBIT A-2

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1t



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 21, 2020

Certified Document Number:        93579236 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

EXHIBIT A-2

Marilyn Burgess - District Clerk Harris County
Envelope No. 49068583
By: Lewis John-Miller
Filed: 12/17/2020 5:35 PM

CAUSE NO. 202078496

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 905367  TRACKING NO: 73819459
EML

| Plaintiff: | In The 011th |
|---|---|
| WILLIAMS, LESLE | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| FIELDWOOD ENERGY OFFSHORE INC (D/B/A FIELDWOOD ENERGY | Houston, Texas |
| (TEXAS) INC) | |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

**To:   FIELDWOOD ENERGY OFFSHORE LLC (A FOREIGN CORPORATION) MAY BE SERVED**
**THROUGH ITS REGISTERED AGENT**
**CAPITOL CORPORATE SERVICES INC**
**206 E 9TH STREET SUITE 1300, AUSTIN TEXAS 78701**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on December 8, 2020 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.

This citation was issued on December 8, 2020, under my hand and seal of said court.

Issued at the request of:

ARNOLD, KURT B.
6009 MEMORIAL DRIVE
HOUSTON, TEXAS  77007
713-222-3800
Bar Number: 24036150



*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:CECILIA THAYER

SERVICE RETURN ATTACHED

**ATX Process, LLC**
604 West 9th Street
Suite B
Austin, TX  78701

EXHIBIT A-2

EML

Tracking Number: 73819459

### CAUSE NUMBER: 202078496

PLAINTIFF: WILLIAMS, LESLE

    vs.

DEFENDANT: FIELDWOOD ENERGY OFFSHORE INC (D/B/A FIELDWOOD ENERGY (TEXAS) INC) Harris County, Texas

In the 011th

Judicial District Court of

---

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____ in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20.

Fees $_____

_____

    Affiant

By_____

    Deputy

SERVICE RETURN ATTACHED

ATX Process, LLC
604 West 9th Street
Suite B
Austin, TX 78701

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____

Notary Public

Certified Document Number: 93579233 - Page 2 of 3

**EXHIBIT A-2**

**AFFIDAVIT OF SERVICE**

**State of Texas**                    **County of Harris**                    **11th Judicial District Court**

Case Number: 202078496

Plaintiff:
**Lesle Williams**

vs.

Defendant:
**Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas) Inc., et al.**

For:
Arnold & Itkin, LLP
6009 Memorial Drive
Houston, TX 77007

Received by ATX Process, LLC on the 17th day of December, 2020 at 12:10 pm to be served on **Fieldwood Energy Offshore LLC (A Foreign Corporation) by serving its registered agent Capitol Corporate Services Inc, 206 E. 9th St., Suite 1300, Austin, Travis County, TX 78701**.

I, Erin Cuppett, being duly sworn, depose and say that on the **17th day of December, 2020** at **1:55 pm, I:**

delivered to the **REGISTERED AGENT** by delivering a true copy of the **Citation, Plaintiff's Original Petition, and Plaintiff's First Set of Interrogatories, Request for Production, Request for Admissions, and Request for Disclosures to Defendants** with the date of delivery endorsed thereon by me, to **Richard Gallegos, Capitol Corporate Services Inc** as the designated agent to accept service of process at the address of **206 E. 9th St., Suite 1300, Austin, Travis County, TX 78701** on behalf of **Fieldwood Energy Offshore LLC (A Foreign Corporation)** and informed said person of the contents therein.

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the foregoing occurred. The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the 17th
day of December , 2020 by the affiant
who is personally known to me.

NOTARY PUBLIC

NICOLE M. WADE
My Notary ID # 129086987
Expires August 9, 2024

**Erin Cuppett**
PSC-13350, Exp. 12/31/2021

12/17/2020

**Date**

**ATX Process, LLC**
**604 West 9th Street**
**Suite B**
**Austin, TX 78701**
**(512) 717-5600**

Our Job Serial Number: ATX-2020013014
Ref: Lesle Williams

Certified Document Number: 9 - Page 3 of 3

EXHIBIT A-2



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 21, 2020

Certified Document Number:        93579233 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

EXHIBIT A-2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **LESLE WILLIAMS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **FIELDWOOD ENERGY OFFSHORE,** | § | |
| **INC. d/b/a FIELDWOOD ENERGY** | § | |
| **(TEXAS), INC., FIELDWOOD ENERGY** | § | |
| **LLC, FIELDWOOD ENERGY** | § | |
| **OFFSHORE, LLC, SHORE OFFSHORE** | § | |
| **SERVICES LLC, and COMPLETE** | § | |
| **LOGISTICAL SERVICES, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

## EXHIBIT B – LIST OF COUNSEL OF RECORD

1.   **Counsel for Plaintiff, Lesle Williams**

Kurt B. Arnold (SBN:  24036150)
karnold@arnolditkin.com
J. Kyle Findley (SBN:  24076382)
kfindley@arnolditkin.com
Adam D. Lewis (SBN:  24094099)
alewis@arnolditkin.com
C. Kimberly Nwabeke (SBN:  24096087)
knwabeke@arnolditkin.com
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, TX  77007
Tel:  713.222.3800
Fax:  713.222.3850

2. **Counsel for Defendants, Fieldwood Energy LLC and Fieldwood Energy Offshore LLC**

James D. Bercaw (Motion for admission pro hac vice to be filed)
jbercaw@kingjurgens.com
KING & JURGENS, L.L.C.
201 St. Charles Ave., Suite 4500
New Orleans, LA 70170
Tel: 504.582.3800
Fax: 504.582.1233

       and

Joseph R. Messa (S.D. Tex. Bar: 11346)
jmessa@kingjurgens.com
6363 Woodway, Suite 820
Houston, Texas 77057
Telephone: (713) 334-5644
Facsimile: (713) 334-5828

3. **Counsel for Defendant, Shore Offshore Services LLC**

Gavin H. Guillot, T.A.
TX Bar No.: 24099123
SDTX Federal ID No: 2236795
Gavin.Guillot@pjgglaw.com
Aaron B. Greenbaum
TX Bar No. 24110938
SDTX Federal ID No. 2023921
Aaron.Greenbaum@pjgglaw.com
Salvador J. Pusateri
TX Bar No.: 24072867
SDTX Federal ID No: 438301
Salvador.Pusateri@pjgglaw.com
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Tel: 504-620-2500
Fax: 504-620-2510

**4.** **Counsel for Defendant, Complete Logistical Services, LLC**

Ivan M. Rodriguez, T.A.
TX Bar No. 24058977
SDTX Federal ID No. 4566982
ivan.rodriguez@phelps.com
PHELPS DUNBAR LLP
500 Dallas Street, Suite 1300
Houston, Texas 77002
Tel: (713) 626-1386
Fax: (713) 626-1388

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Lesle Williams | Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., Fieldwood Energy LLC, Fieldwood Energy |
| **(b)** County of Residence of First Listed Plaintiff<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Kurt B. Arnold, Arnold & Itkin LLP, 6009 Memorial Drive, Houston, TX 77007 713.222.3800 | Attorneys *(If Known)*<br>James D. Bercaw, King & Jurgens, L.L.C., 201 St. Charles Ave., Ste. 4500, New Orleans, LA 70170 504.582.3800 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[x] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other<br><br>**LABOR**<br>[ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016<br><br>**SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g)) | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | [ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | [ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
43 U.S.C. § 1349

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ $1,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 29 Dec 2020 | |

### FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WALLACE McCRAY, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| FIELDWOOD ENERGY OFFSHORE, | § | |
| INC. d/b/a FIELDWOOD ENERGY | § | |
| (TEXAS), INC., FIELDWOOD ENERGY | § | |
| LLC, FIELDWOOD ENERGY | § | |
| OFFSHORE, LLC, SHORE OFFSHORE | § | |
| SERVICES LLC, and COMPLETE | § | |
| LOGISTICAL SERVICES, LLC, | § | |
| | § | |
| **Defendants.** | § | |

## NOTICE OF REMOVAL

Defendants, Fieldwood Energy LLC (incorrectly identified as "Fieldwood Energy, LLC") and Fieldwood Energy Offshore LLC (incorrectly identified as "Fieldwood Energy Offshore, LLC", hereafter collectively "Fieldwood") file their Notice of Removal of this civil action to the United States District Court for the Southern District of Texas, Houston Division, and respectfully would show as follows:

### I.

### PENDING STATE COURT SUIT

1.     On December 31, 2020, Plaintiff, Wallace McCray, filed a civil action naming Fieldwood, Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., Shore Offshore Services LLC ("Shore") and Complete Logistical Services, LLC. ("CLS") as the defendants in Cause Number 2020-84049, *Wallace McCray v. Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., Fieldwood Energy, LLC, Fieldwood Energy Offshore,*

*LLC, Shore Offshore Services LLC and Complete Logistical Services, LLC,* in the 129th District Court in Harris County, Texas. In his Original Petition ("Petition"), Plaintiff alleged causes of action sounding in negligence and gross negligence against defendants for injuries he purportedly received while located on the D/B THOR allegedly owned by defendants and working in the Gulf of Mexico for the benefit and at the direction of defendants on or about October 28, 2020.

2.      There is no business entity related to Fieldwood named or operating under the name of Fieldwood Energy Offshore, Inc. or doing business under the name Fieldwood Energy (Texas), Inc.

3.      Fieldwood Energy LLC is an owner and the operator of Platform JA, a fixed oil and gas development, production and transportation platform, permanently affixed to Block 259, Ship Shoal Area, on the Outer Continental Shelf, off the Coast of Louisiana (hereafter "SS 259-JA").

4.      In accordance with Fieldwood Energy LLC's mineral lease with the U.S. Government, Department of the Interior covering SS 259-JA, the federal regulations promulgated thereto (see e.g., 30 C.F.R. § 250.1725), and in accordance with the Outer Continental Shelf Lands Act, 43 U.S.C. § 1337(p)(6)(C), Fieldwood Energy LLC is obligated to plug and abandon all wells and to decommission all structures that were erected at SS 259-JA.

5.      Shore is the operator of the D/B THOR.

6.      CLS is believed to be the employer of Wallace McCreay, who is alleged to be seaman.

7.      Neither Fieldwood nor Shore employed Plaintiff in any capacity.

8.      From approximately October 21 through 26, 2020, the D/B THOR was engaged

in decommissioning activities of Fieldwood's SS 259-JA, as required by OCSLA, Fieldwood's mineral lease, and the decommissioning regulations promulgated thereunder.

9.      According to the Petition, the forecasted path of Hurricane Zeta required the D/B THOR to relocate from Fieldwood's offshore platform from approximately October 26 and 27, 2020 when she was moored, and on October 28, 2020, which she became unmoored, was tossed and turned by the aggressive seas while Plaintiff was onboard causing him to allegedly suffer serious injuries.   As a result of the accident, Plaintiff claims to have sustained constant headaches, pain in his back and other parts of his body, mental anguish in the past and future, lost earnings, loss of earning capacity, disfigurement in the past and future, physical impairment in the past and future, medical expenses in the past and future, physical pain and suffering in the past and future and punitive damages.

10.      At all times, the D/B THOR was rendering services to Fieldwood's SS 259-JA not only in housing personnel who worked or were scheduled to work aboard SS 259-JA, but also in the transportation of personnel, equipment and material to and from shore to SS 259-JA and to and from SS 259-JA to shore as part of SS 259-JA's operations as an oil and natural gas production platform undergoing plug, abandonment and decommissioning activities.

11.      The name and address of the court from which the case is being removed is:

> 129th District Court of Harris County, Texas
> 201 Caroline Street, 10th Floor
> Houston, TX 77002

12.      The following documents are indexed and attached to this Notice of Removal:

Exhibit "A" – certified copies of the following state court pleadings and process:

A-1 – Plaintiff's Original Petition

As of this date, none of the defendants have been served and thus there are no

returns of service on any of the defendants.

Exhibit "B" – list of all counsel of record including address, telephone and fax number, and the parties they represent, respectively.

13.     Presently, there has been no action taken by the state court in its proceeding.

## II.

## TIMING OF REMOVAL

14.     None of the defendants have been served with the Petition and Summons as of the date of filing.   Thus, this Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1) because this Notice of Removal was filed before service of the Petition upon defendants.

## III.

## REMOVAL JURISIDICTION

15.     This case is removable to this Court pursuant to 28 U.S.C. § 1441(b) as being a civil action brought in state court, but over which this federal district court has original jurisdiction.

16.     Pursuant to the Outer Continental Shelf Lands Act ("OCSLA"), this Court has original jurisdiction over "cases and controversies arising out of, or in connection with … any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf…" 43 U.S.C. § 1349(b)(1); *see also* 43 U.S.C. § 1333(a)(1)-(2).  The United States Fifth Circuit broadly interprets this jurisdictional grant under OCSLA.  *See, e.g., In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 401 (2014).

17.     The Fifth Circuit applies "a but-for test" for determining the existence of OCSLA

jurisdiction, asking "whether: (1) the activities that caused the injury constituted an 'operation' 'conducted on the Outer Continental Shelf that involved the exploration and production of minerals', and (2) the case 'arises out of, or in connection with' the operation." *Id.* at 163. Both of these requirements for jurisdiction under OCSLA are satisfied here.

18.     First, Plaintiff's employment with CLS furthered mineral development on the OCS by assisting in the platform decommissioning. Fieldwood's operations at SS 259-JA were and are conducted on the OCS in connection with the extraction of mineral resources from beneath the seabed. Thus, Plaintiff's work and anticipated work on the D/B THOR was in direct connection with Fieldwood's mineral development operations on the OCS. *See EP Oper'g Ltd. P'ship v. Placid Oil Co.,* 26 F.3d 563, 567-68 (5th Cir.1994); *Total E&P USA, Inc. v. Marubeni Oil & Gas (USA) Inc.*, 2017 WL 5127212 (S.D. Tex. 2017) (Hittner, J.) (decommissioning of four wells on the OCS constituted an OCSLA operation).  See also *Total E&P USA, Inc. v. Marubeni Oil & Gas (USA) Inc.*, 824 F. App'x 197, 203 (5th Cir. 2020).

19.     Second, Plaintiff's alleged injury would not have occurred but for Fieldwood's operations at SS 259-JA and the need for Plaintiff to assist in the decommissioning of the platform in furtherance of those operations. Indeed, if Plaintiff had not been assigned to work on the D/B THOR, then he would never have been required to remain on the D/B THOR where he was allegedly injured. *Barker v. Hercules Offshore, Inc.,* 713 F.3d 208, 213 (5th Cir. 2013) ("[I]t is clear that but for his employment, Barker would not have been involved in the incident forming the basis of this suit."); *Hubbard v. Laborde Marine LLC*, 2014 WL 12776414 (E.D. La. 2014) (Plaintiff would not have been aboard the M/V RIG RUNNER but-for the extraction of minerals from the OCS.  Accordingly, his injuries are sufficiently related to the operations on the OCS for this Court to exercise jurisdiction"); *Sam v. Laborde Marine, L.L.C.*, 2020 WL 59633

(S.D. Tex. 2020) (Lake, J.).

20.     The issue of whether an action is removable is not determined by the substantive law applicable to the Plaintiff's claims, but rather by the existence of subject matter jurisdiction in federal court. "OCSLA *explicitly provides* that district courts have federal question jurisdiction over claims occurring on the Outer Continental Shelf." *Barker*, 713 F.3d at 220 (emphasis in original) (citing 43 U.S.C. § 1333(a)(1)). Thus, "even though maritime cases are exempted by statute from original [federal] question jurisdiction" under the "saving to suitors" clause, "OCSLA statutorily restores federal question jurisdiction over these claims even when they apply maritime law as the substantive law of decision." *Id.*  In sum, even assuming *arguendo*, that the general maritime law provides the substantive law applicable to this case, that fact does not deprive this Court of OCSLA jurisdiction. For the reasons given above, OCSLA jurisdiction exists over this case based on the two-part test applied in the Fifth Circuit, and the case is properly removable on that basis.

## IV.

### VENUE

21.     Under 28 U.S.C. § 1441(a), venue for a removed action is proper in this Court as the District Court of Harris County, Texas, where the state action is pending, is located within this district and division.

## V.

### ANSWER

22.     No answer was filed by defendants in the state court proceeding. Fieldwood will file responsive pleadings to the Petition within 5 days of removal.

## VI.

### NOTICE TO ADVERSE PARTIES AND TO STATE COURT

23.     As the removing parties, Fieldwood will give Plaintiff prompt written notice of this Notice of Removal as required by 28 U.S.C. § 1446(d).

24.     Fieldwood also will file a copy of this Notice of Removal with the Clerk of Court for Harris County, Texas, where the state court action is currently pending, as required by 28 U.S.C. § 1446(d), and will serve these pleadings on Plaintiff's counsel.

## VII.

### CONSENT TO REMOVAL BY SHORE AND CLS

25.     Prior to filing this Notice of Removal, undersigned counsel for Fieldwood forwarded a draft to counsel for Shore and CLS, who both expressly consented to the removal of this suit to this Court.

**WHEREFORE**, Fieldwood Energy LLC and Fieldwood Energy Offshore LLC respectfully request that this Notice of Removal be accepted as good and sufficient and that the above-described action be removed from the 129th District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division for trial and determination as provided by law; that this Court enter such orders and issue such process as may be necessary and proper to bring before it copies of all records and proceedings presently pending in the aforesaid state court suit, and thereupon proceed with this civil action as if originally commenced in this Court; and that this Court enter all necessary and appropriate orders and decrees in accordance with applicable law.

Houston, Texas, this 27th day of January, 2021.

Respectfully submitted,

**KING & JURGENS, L.L.C.**

/s/ James D. Bercaw
JAMES D. BERCAW
Motion for admission *pro hac vice* to be filed
201 St. Charles Avenue, 45TH Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-1272
Facsimile: (504) 582-1233
jbercaw@kingjurgens.com

and

JOSEPH R. MESSA (#11346)
jmessa@kingjurgens.com
6363 Woodway, Suite 820
Houston, Texas 77057
Telephone: (713) 334-5644
Facsimile: (877) 809-6912

*Attorneys for defendants,*
*Fieldwood Energy LLC and*
*Fieldwood Energy Offshore LLC*

12/31/2020 2:41 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49338263
By: C Ougrah
Filed: 12/31/2020 2:41 PM

## 2020-84048 / Court: 129

CAUSE NO. _____

| | | |
|---|---|---|
| Wallace McCray, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| | § | |
| Fieldwood Energy Offshore, Inc. d/b/a | § | |
| Fieldwood Energy (Texas), Inc., | § | |
| Fieldwood Energy, LLC, Fieldwood Energy | § | |
| Offshore, LLC, Shore Offshore Services, LLC | § | |
| and Complete Logistical Services, LLC | § | |
| | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

### Plaintiff's Original Petition

Plaintiff Wallace McCray (hereinafter referred to as "Plaintiff") files this Original Petition complaining of Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., Fieldwood Energy, LLC and Fieldwood Energy Offshore, LLC, Shore Offshore Services, LLC, and Complete Logistical Services, LLC. (collectively referred to as "Defendants") and will respectfully show the Court that:

### I.

### Jurisdiction

1.     This claim is maintained under the Jones Act (46 U.S.C. § 30104) and the general maritime law of the United States. The Court has exclusive jurisdiction pursuant to the Saving to Suitors clause. Further, Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which Plaintiff now sues.

### II.

### Venue

1

Certified Document Number: 93740799 - Page 1 of 7

Exhibit A-1

2.      Venue is proper pursuant to Texas Civil Practice and Remedies Code, Section

15.002.

### III.

#### Discovery Level

3.      Discovery in this matter may be conducted under Level 2 of the Texas Rules

of Civil Procedure.

### IV.

#### Parties

4.      Plaintiff Wallace McCray is a resident of Mississippi.

5.      Defendant Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas),

Inc. is a foreign corporation which conducts a substantial amount of business in Texas.

Moreover, this Defendant maintains its principal place of business in Harris County, Texas.

This Defendant may be served with process through its registered agent Capitol Corporate

Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701.

6.      Defendant Fieldwood Energy, LLC is a foreign corporation which conducts a

substantial amount of business in Texas. Moreover, this Defendant maintains its principal

place of business in Harris County, Texas.  This Defendant may be served with process through

its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin,

Texas.

7.      Defendant Fieldwood Energy Offshore, LLC is a foreign corporation which

conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its

principal place of business in Harris County, Texas.  This Defendant may be served with

Certified Document Number: 93740799 - Page 2 of 7

Exhibit A-1

process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

8.      Defendant Shore Offshore Services, LLC ("Shore") is a foreign corporation which conducts a substantial amount of business in Texas. This Defendant may be served with process through its registered agent Patrick Gros at 651 River Highlands Blvd, Covington, LA 70433, or wherever he may be found.

9.      Defendant Complete Logistical Services, LLC ("CLS") is a foreign corporation which conducts a substantial amount of business in Texas. This Defendant may be served with process through its registered agent Spencer Sens at 8320 Lafitte Ct. Chalmette, LA 70043, or wherever he may be found.

<div align="center">

**V.**

**Facts**

</div>

10.      This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about October 28, 2020. On or about that date, Plaintiff worked as a mechanic aboard the *D/B THOR*, a vessel owned, operated and/or maintained by Defendants. Plaintiff McCray was employed by Defendant CLS.

11.      At all material times, the *D/B THOR* was working in the Gulf of Mexico for the benefit, and at the direction of Defendants. In the days leading up to the incident, Hurricane Zeta entered the Gulf of Mexico taking aim at the Louisiana shore. Defendants ordered and required the *D/B THOR* be moored in an unsafe area to wait out the hurricane.

12.      During the dangerous storm the *D/B THOR* became unmoored. The vessel was tossed and turned by the aggressive seas and the vessel was thrown into different objects. The

Certified Document Number: 93740799 - Page 3 of 7

Exhibit A-1

impact from crashing into the objects was so bad, Plaintiff was violently ejected from the chair he was sitting in at the time. As a result, Plaintiff suffered physical injuries from the incident including constant headaches, pain to his back, and other parts of his body. Plaintiff also suffers from emotional disturbance as a result of Defendants' actions including anxiety, difficulty in focusing and concentration, and sleep disturbance.

13. Defendants are negligent and negligent per se for the following reasons:

    a. Failure to properly supervise their crew;

    b. Failure to properly train their employees;

    c. Failure to provide adequate safety equipment;

    d. Failure to provide Plaintiff a safe working environment;

    e. Failure to provide Plaintiff adequate safety from Hurricane Zeta;

    f. Failure to timely and effective evacuate the vessel;

    g. Failure to provide adequate medical treatment;

    h. Operating the vessel with an inadequate crew;

    i. Failing to maintain safe mechanisms for work on the vessel;

    j. Failure to maintain, inspect, and/or repair the vessel's equipment;

    k. Operating the vessel in an unsafe and improper manner;

    l. Failure to have the vessel moored in a safe area;

    m. Vicariously liable for their employees' and agents' negligence;

    n. Violating applicable Coast Guard, OSHA, BSEE rules and/or other applicable regulations; and

    o. Other acts deemed negligent.

14. At all relevant times, the *D/B THOR* was unseaworthy.

Certified Document Number: 93740799 - Page 4 of 7

Exhibit A-1

15.     As a result of said occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries. Plaintiff seeks punitive damages against Defendants for arbitrarily and improperly denying maintenance and cure. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

16.     Plaintiff is also entitled to punitive damages because the aforementioned actions of various Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff health and safety. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiff injury but did nothing to rectify them. Instead, Defendants had Plaintiff and other crew members continue working despite the dangerous conditions that were posed to them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

## VI.

### Jury Demand

Certified Document Number: 93740799 - Page 5 of 7

Exhibit A-1

17.     Plaintiff demands a trial by jury.

## VII.

### Prayer

Pursuant to Rule 47, Plaintiff seeks monetary relief over $1,000,000. Additionally, Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which Plaintiff show himself justly entitled including but not limited to:

- Past and future medical damages;

- Past and future loss of earning capacity;

- Past and future pain and suffering and mental anguish;

- Past and future impairment;

- Past and future disfigurement;

- Exemplary damages;

- Loss of household services;

- Past and future loss of consortium;

- Past and future maintenance and cure obligations;

- Pre-judgment interest;

- Post-judgment interest;

- Costs of Court;

Certified Document Number: 93740799 - Page 6 of 7

- Attorney fees;

- All other relief to which Plaintiffs are justly entitled, either at law or in equity.

Respectfully submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt B. Arnold*

Kurt B. Arnold
SBN: 24036150
karnold@arnolditkin.com
J. Kyle Findley
SBN: 24076382
kfindley@arnolditkin.com
Adam D. Lewis
SBN: 24094099
alewis@arnolditkin.com
C. Kimberly Nwabeke
SBN: 24096087
knwabeke@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Tel: 713.222.3800
Fax: 713.222.3850
kbateam@arnolditkin.com
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 93740799 - Page 7 of 7

Exhibit A-1



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this __January 25, 2021__

Certified Document Number: __93740799 Total Pages: 7__

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Exhibit A-1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **WALLACE McCRAY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **FIELDWOOD ENERGY OFFSHORE,** | § | |
| **INC. d/b/a FIELDWOOD ENERGY** | § | |
| **(TEXAS), INC., FIELDWOOD ENERGY** | § | |
| **LLC, FIELDWOOD ENERGY** | § | |
| **OFFSHORE, LLC, SHORE OFFSHORE** | § | |
| **SERVICES LLC, and COMPLETE** | § | |
| **LOGISTICAL SERVICES, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

## EXHIBIT B – LIST OF COUNSEL OF RECORD

1.      **Counsel for Plaintiff, Wallace McCray**

Kurt B. Arnold (SBN:  24036150)
karnold@arnolditkin.com
J. Kyle Findley (SBN:  24076382)
kfindley@arnolditkin.com
Adam D. Lewis (SBN:  24094099)
alewis@arnolditkin.com
C. Kimberly Nwabeke (SBN:  24096087)
knwabeke@arnolditkin.com
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, TX  77007
Tel:  713.222.3800
Fax:  713.222.3850

2. **Counsel for Defendants, Fieldwood Energy LLC and Fieldwood Energy Offshore LLC**

James D. Bercaw (Motion for admission pro hac vice to be filed)
jbercaw@kingjurgens.com
KING & JURGENS, L.L.C.
201 St. Charles Ave., Suite 4500
New Orleans, LA 70170
Tel: 504.582.3800
Fax: 504.582.1233

      and

Joseph R. Messa (S.D. Tex. Bar: 11346)
jmessa@kingjurgens.com
6363 Woodway, Suite 820
Houston, Texas 77057
Telephone: (713) 334-5644
Facsimile: (877) 809-6912

3. **Counsel for Defendant, Shore Offshore Services LLC**

Gavin H. Guillot, T.A.
TX Bar No.: 24099123
SDTX Federal ID No: 2236795
Gavin.Guillot@pjgglaw.com
Aaron B. Greenbaum
TX Bar No. 24110938
SDTX Federal ID No. 2023921
Aaron.Greenbaum@pjgglaw.com
Salvador J. Pusateri
TX Bar No.: 24072867
SDTX Federal ID No: 438301
Salvador.Pusateri@pjgglaw.com
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Tel: 504-620-2500
Fax: 504-620-2510

**4.**     **Counsel for Defendant, Complete Logistical Services, LLC**

Ivan M. Rodriguez, T.A.
TX Bar No. 24058977
SDTX Federal ID No. 4566982
ivan.rodriguez@phelps.com
PHELPS DUNBAR LLP
500 Dallas Street, Suite 1300
Houston, Texas 77002
Tel:  (713) 626-1386
Fax:  (713) 626-1388

2/10/2021 3:34 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50548259
By: Brittany Hall
Filed: 2/10/2021 3:34 PM

# 2021-08468 / Court: 129

CAUSE NO. _____

| | | |
|---|---|---|
| RANDY RIALS and MONTRELL SMITH | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SHORE OFFSHORE SERVICES, LLC | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs Randy Rials ("Rials") and Montrell Smith ("Smith") (collectively "Plaintiffs"), complaining of Defendant Shore Offshore Services, LLC ("Shore Offshore"), and for cause of action, would respectfully show this Honorable Court as follows:

### I. DISCOVERY CONTROL PLAN

1.1     Plaintiffs intend to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

1.2     Plaintiffs affirmatively plead this suit does not fall under the expedited-actions process of Texas Rule of Civil Procedure because Plaintiffs are seeking monetary relief in excess of $100,000.

### II. PARTIES

2.1     Plaintiff Randy Rials is a citizen and resident of Mississippi.

2.2     Plaintiff Montrell Smith is a citizen and resident of Louisiana.

2.3     Defendant Shore Offshore Services, LLC is a Louisiana limited liability company with its principal place of business in Houston, Harris County, Texas.  This Defendant does business in the State of Texas for the purpose of accumulating monetary profit, but does not have

a designated agent for service of process in the State of Texas, and may be served with process as follows:

2.3.1    Defendant Shore Offshore Services, LLC, through its president, vice president, agent, or other person authorized to accept service, at its home office, 20333 State Hwy 249, Suite 200, Houston, Texas  77070;

2.3.2    Alternatively, Defendant Shore Offshore Services, LLC, is a Louisiana limited liability company with its principal place of business in Louisiana which does business in the State of Texas for the purpose of accumulating monetary profit, but does not maintain a regular place of business nor a designated agent for service of process in the State of Texas. For these reasons, long-arm service of process is to be upon the Texas Secretary of State pursuant to Tex.Civ.Prac. & Rem. Code §17.044.  This suit arises out of business contacts in the State of Texas and, under the circumstances, Shore Offshore Services, LLC, has appointed the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent upon whom service of process may be had in this action. The Texas Secretary of State is requested to forward a copy of this Petition, along with Citation, by certified mail, return receipt requested, to Defendant, Shore Offshore Services, LLC, at its principal office, 499 Powhatten Court, Gibson, LA 70356.

2.4    Plaintiffs specifically invoke the right to institute this suit against whatever entities were conducting business using an assumed or common name, if any, with regard to the events described in this Petition. Plaintiffs specifically invoke the right under Rule 28, Texas Rules of Civil Procedure, to have the true name of such parties substituted at a later time, if necessary.

2

## III. JURISDICTION

3.1    This claim is maintained under the Jones Act (46 U.S.C. § 30104) and the general maritime law of the United States.  This Court has jurisdiction pursuant to the Saving to Suitors clause.  This Court also has jurisdiction over this case because Defendant systematically conducts business in the State of Texas.  The damages sought herein are in excess of the minimal jurisdictional limits of this Court.

3.2    It is well-established that Jones Act cases are not removable to federal court.

3.3    It is also well-established that cases brought under the general maritime law are not removable to federal court.

3.4    Further, this case is not removable to federal court on the basis of diversity of citizenship, because there is not complete diversity among the parties.

3.5    At the time of the incident, the vessel involved was not located on the Outer Continental Shelf, and therefore removal based on the Outer Continental Shelf Lands Act ("OCSLA") would be improper on its face.

## IV. VENUE

4.1    Venue is proper in Harris County, Texas under Tex. Civ. Prac. & Rem. Code § 15.0181(c) because Harris County is the county where Defendant's principal office is located.

## V. FACTS AND NEGLIGENCE OF DEFENDANT

5.1    At all material times hereto, Defendant Shore Services owned, operated and/or crewed the D/B *Thor* ("vessel"), the vessel on which Plaintiffs were injured at the time incident made the basis of this suit.

3

5.2    At all material times hereto, Plaintiffs were borrowed employees of Shore Services, working as members of the crew of the vessel.

5.3    On or about October 28, 2020, the D/B *Thor* was docked at the Port of Fourchon due to the expected weather conditions caused by Hurricane Zeta. The lines securing the vessel to the dock broke and the vessel left the dock, adrift on the water. Following this, the barge went down the canal striking several vessels along the way. Plaintiffs sustained serious injuries as a result of the collisions that occurred.

5.4    The injuries suffered by Plaintiffs were caused by the negligence and/or gross negligence of the Defendant, and unseaworthiness of the vessel, in the following particulars, among others:

(a)    failing to safely secure the vessel to the dock;

(b)    failing to safely evaluate weather conditions;

(c)    failing to take reasonable precautions for Plaintiffs' safety;

(d)    failing to perform adequate safety meetings and analyses to identify and minimize the risk to Plaintiffs and others;

(e)    failing to assess the conditions on board the vessel;

(f)    failing to eliminate dangerous conditions on the vessel; and,

(g)    other acts of negligence and/or omissions to be shown at trial herein.

## VI. COUNT 1 - JONES ACT

6.1    Plaintiffs' injuries were sustained in the course of his employment and were caused by the negligence and/or gross negligence of Defendant, its officers, agents, or employees, as described herein.

## VII. COUNT 2 - UNSEAWORTHINESS

7.1     Plaintiffs' injuries were caused by Defendant's breach of duty to furnish a seaworthy vessel.

## VIII. COUNT 3 - MAINTENANCE AND CURE

8.1     Plaintiffs would show that on the above mentioned date, he was injured while in the service of the vessel. As a result, Defendant had, and continues to have, a nondelegable duty to provide Plaintiffs with the benefits of maintenance and cure. Plaintiffs would show that they have not reached maximum medical improvement and that said Defendant's duties therefore continue. Said Defendant has breached its absolute duty by denying payment of maintenance and cure and/or has unreasonably delayed said payments. As a result of said Defendant's failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiffs have suffered further injuries and damages, for which he now sues. Plaintiffs would further show that said Defendant's failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or wilful, callous and persistent, and, as a result thereof, Plaintiffs are entitled to an award of damages for aggravation of his condition caused by said Defendant's failure, as well as attorneys' fees, and punitive damages, for which he now sues, in addition to all other relief sought.

## IX. DAMAGES

9.1     As a direct and proximate result of Defendant's negligence and/or gross negligence, Plaintiffs suffered the following damages, including, but not limited to: (a) mental anguish in the past and future; (b) lost earnings; (c) loss of earning capacity; (d) disfigurement in the past and future; (e) physical impairment in the past and future; (f) medical expenses in the past and future; (g) physical pain and suffering in the past and future; (h) punitive damages.

9.2    Plaintiffs are entitled to punitive damages because the aforementioned acts of Defendant was grossly negligent. Defendant acted with flagrant and malicious disregard of Plaintiffs' health and safety. Defendant's acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiffs.

9.3    Plaintiffs are seeking monetary relief over $1,000,000.

## X.  CLAIMS FOR RELIEF

10.1    Pursuant to Tex. R. Civ. P. 47(c)(4), Plaintiffs are seeking monetary relief over $1,000,000.

WHEREFORE, Plaintiffs pray the Court issue citation for Defendant to appear and answer, and that Plaintiffs be awarded a judgment against Defendant, for the following:

a.    Actual damages;
b.    Exemplary damages;
c.    Prejudgment and postjudgment interest;
d.    Court costs;
e.    Punitive damages and attorney's fees; and
f.    All other relief to which Plaintiff is entitled.

Respectfully submitted,

By: /s/ Marcus R. Spagnoletti
     Marcus R. Spagnoletti
     State Bar No.  24076708
     mspagnoletti@spaglaw.com
     Eric J. Rhine
     State Bar No. 24060485
     erhine@spaglaw.com
     SPAGNOLETTI LAW FIRM
     401 Louisiana Street, 8th Floor
     Houston, Texas 77002
     713.653.5600 (T)
     713.653.5656 (F)

ATTORNEYS FOR PLAINTIFFS

## MASTER VESSEL TIME CHARTER

THIS MASTER VESSEL TIME CHARTER (the "Agreement" or "Charter") is made and entered into on this _9_ day of _June_, 20_11_ (the "Effective Date"), by and between _Dawn Services LLC_ (hereinafter referred to as "OWNER") and Shore Offshore Services, LLC (hereinafter referred to as "CHARTERER").

### WITNESSETH:

**WHEREAS,** CHARTERER is engaged in a business which requires it, from time to time, to secure the service of (a) vessel(s) from others;

**WHEREAS,** OWNER has (a) vessel(s) which, from time to time, it commits to the service of others in exchange for a fee (the "Vessel");

**NOW, THEREFORE:**

In consideration of the mutual promises and covenants contained herein, the parties hereto mutually agree as follows:

**1. BINDING AGREEMENT AND CHARTER ORDER**

    a.    This Agreement shall control and govern the performance of any and all work by OWNER or CHARTERER under Charter Orders, oral or written, given to OWNER on or after the date hereof by CHARTERER's authorized agents, and any agreement or stipulations in any Charter Order used by OWNER not in conformity with the provisions hereof shall be null and void. OWNER shall perform its obligations for CHARTERER under this Agreement and any Charter Order as an independent contractor. Except where expressly authorized in writing by CHARTERER, no employee, agent, or representative of OWNER shall represent himself to be an agent or authorized to act in the name or on behalf of CHARTERER. The actual performance and superintendence of all work hereunder shall be by OWNER, but CHARTERER or its representative shall have unlimited access to the operations to determine whether such work is being performed by OWNER in accordance with all the provisions of this Agreement and the Charter Order. This Agreement supersedes all prior agreements that pertain to the charter of any vessels by CHARTERER from OWNER, or the towage of any vessels by OWNER for CHARTERER.

    b.    OWNER will prepare and furnish to CHARTERER a "Confirmation of Charter Order" on the form shown in **Exhibit "A"** in duplicate (the "Charter Order"). Charter Orders may be written in the form of **Exhibit "A"** or perfected on an oral basis which shall be confirmed in writing by OWNER directly to CHARTERER as soon as practical under the circumstances. In the event OWNER does not reduce an oral order to writing, a Charter Order will have been deemed to be executed by OWNER and CHARTERER upon the provision of the Vessel by OWNER to CHARTERER, and the terms and conditions hereof shall apply. Delivery to and use by CHARTERER of the Vessel, which may include any actions taken by CHARTERER under any provision of this Charter, establishes conclusively that all of the terms and conditions of this Agreement are in effect, notwithstanding whether or not CHARTERER has returned a signed Charter Order to CHARTERER.

1

MG

    c.      OWNER shall maintain true and correct records pertaining to the work performed hereunder, including on a daily basis the names of the employees, starting and ending time for each, travel time, the type of work performed by each, the materials used and other records which are subject to inspection hereunder for a period of three (3) years after completion of the work covered by each Charter Order. CHARTERER reserves the right to audit any books and records of OWNER given five (5) days advance notice in writing relating directly or indirectly to work and services performed hereunder and the prices or rates charged therefor; provided however, OWNER shall have the right to exclude any trade secrets, formulas or processes from such an audit.

    d.      This Agreement shall remain in effect until canceled by either party by giving the other party thirty (30) days written notice to that effect at the respective addresses herein set forth; provided, however, that with respect to any work in progress from any Charter Order as of the date of the cancellation, the work called for on any Charter Order shall continue in full force and effect until such work is complete, unless the parties hereto agree otherwise in writing.

## 2.  AGREEMENT DOES NOT OBLIGATE CHARTERER TO ORDER VESSELS

This Agreement does not obligate CHARTERER to order vessels, work and/or equipment from OWNER nor does it obligate OWNER to accept such orders, but it, together with any applicable Charter Order, shall control and govern all work accepted by OWNER and shall define the rights and obligations of CHARTERER and OWNER during the term hereof. OWNER shall furnish any vessel or vessels required by CHARTERER at the time and place agreed upon in any Charter Order, and continue operations diligently and without delay in a safe, proper and workmanlike manner, in strict conformity with the specifications and requirements herein and in such Charter Order.

## 1.  WARRANTIES BY OWNER

OWNER shall warrant that at the time of the delivery of the Vessel to CHARTERER and that throughout the duration of this Agreement, that:

    a.      OWNER has the right to possess and charter the Vessel to CHARTERER and that the Vessel is and will continue to be coastwise trade qualified and documented with the U.S. Coast Guard in accordance with federal law and U.S. Coast Guard regulations;

    b.      The Vessel is and will continue to be free from any liens, attachments or other encumbrances which might operate to interfere with the free use thereof by CHARTERER;

    c.      The Vessel is properly equipped and in every respect fit for the intended purpose and in good operating condition and repair;

    d.      The Vessel is free of any and all latent defects of which OWNER would have knowledge by using reasonable due diligence;

    e.      OWNER will defend, indemnify and hold CHARTERER harmless in the case of any interference with the operation of the Vessel resulting from any liens, attachments or other encumbrances incurred against the Vessel, either prior to or subsequent to the commencement of this Charter, but this defense and indemnity shall not apply to liens, attachments, or other encumbrances incurred against the Vessel by CHARTERER;

f.   OWNER will exercise due diligence to maintain the Vessel in a seaworthy and good operating condition after the inception and throughout the term of this Charter;

g.   The Vessel will be crewed experienced seamen and operated by its crew in accordance with all applicable laws and regulations, included but not limited to all U.S. Coast Guard regulations, including but not limited to, all current future Subchapter M requirements;

h.   OWNER'S wheelhouse personnel possess valid and current U.S. Coast Guard licenses as required by law;

i.   The Vessel will be operated at all times in accordance with all applicable local, state and federal laws and regulations; and

j.   If applicable, OWNER and the Vessel are RCP (Responsible Carrier Program) certified by the American Waterways Operators (AWO).

## 4. EMPLOYMENT AND USE OF VESSEL

Unless the use of the Vessel is suspended in accordance with and pursuant to the provisions of this Charter:

a.   CHARTERER shall have the sole and exclusive right to the services of the Vessel during the term of this Charter. OWNER shall furnish the Vessel required by CHARTERER at the time and place agreed upon by and between OWNER and CHARTERER and continue operations diligently and without delay in a safe, proper and workmanlike manner, in strict conformity with the specifications and requirements herein. OWNER agrees that should the Vessel's services contemplated by this Charter include towing services, the tug (or other vessel engaged in said services) or master, crew and operator shall satisfy their duties to the tow to exercise that degree of caution, reasonable care and maritime skill which prudent navigators usually employ in similar undertakings and with such consideration as special circumstances may require. Prior to the commencement of any towing movement undertaken pursuant to this Charter, the master of the tug shall conduct the usual and customary inspection of the tow as ordinarily done by a prudent master while afloat; and if, in the opinion of said master, the tow is fit for the intended voyage, the tow may proceed. If said master discovers any defect in the tow, OWNER shall promptly notify CHARTERER and the tug shall stand-by until CHARTERER has cured the defect complained of, or until CHARTERER notifies the OWNER that the towing movement is terminated. If the CHARTERER shall have reason to be dissatisfied with the conduct of the master or officers, the OWNER shall, on receiving particulars of the complaint, investigate and, if necessary, make a change in the appointment or practices required to obtain the services contracted for herein. Failure of OWNER to take immediate action to satisfy CHARTERER's concerns shall constitute grounds for immediate termination of this Charter.

b.   OWNER shall have the right from time to time during the term of this Charter to substitute a vessel for the Vessel, provided that any such substitution shall require OWNER to provide a vessel that has the same functionality and horsepower as the Vessel.

3

c.      Notwithstanding anything contained herein to the contrary, this Charter shall not be deemed or construed to be a demise or bareboat charter of the Vessel to CHARTERER, and the entire operation, navigation, management, control, performance and use of the Vessel shall be under the sole and exclusive command of, and be actually accomplished by, OWNER. It is specifically understood and agreed that OWNER's employees, including, without limitation, the master and crew of the Vessel, shall in no event be considered actual or borrowed employees of CHARTERER, it being agreed that the master and crew of the Vessel, as employees of OWNER, shall be and shall remain in full charge and control of such Vessel at all times. It is expressly understood and agreed that OWNER is an independent contractor, and that neither OWNER nor their employees, nor the master of the Vessel, nor any members of the crew of the Vessel, are servants, agents or employees of CHARTERER. CHARTERER, through its designated representative, shall, however, have the right to designate the voyage to be undertaken and the services to be provided by the Vessel, subject always to the sole rights of the OWNER or the master of the Vessel to determine whether movement may be undertaken, with the master always being in charge of the Vessel.

## 5.  CHARTER TERM AND RATE

CHARTERER shall pay OWNER for all validly invoiced charges for the Vessel, work and/or equipment furnished by OWNER at the rate set out in the applicable Charter Order provided for herein,. CHARTERER shows that it shall owe no further payments whatsoever to OWNER for future services in the event that the Vessel or vessels the subject of this Agreement are considered a partial or constructive total loss and/or the Vessel or vessels are no longer fit to perform the operations required of CHARTERER under this Agreement.

## 6.  INVOICING

OWNER shall invoice CHARTERER as specified on the Charter Order and charter hire payments shall be due and payable by the terms provided on the Charter Order. If the Charter Order is silent on when charter hire payments shall be due and payable, then the Vessel chartering payments shall be due and payable within thirty (30) days after the invoice is received by CHARTERER. OWNER shall include with all invoices copies of all log books, fuel receipts, supplies, and all other documentation evidencing any expenses that OWNER is requesting CHARTERER to pay (with CHARTERER only being obligated to pay such expenses agreed upon in this Charter or in any Charter Order). Unless provided otherwise on a Charter Order, CHARTERER shall have no liability to OWNER for any bunkers, use of equipment, or any costs other than the charter hire as stated on the Charter Order.

## 7.  LOSS OF VESSEL

In the event of a total loss of the Vessel, actual or constructive, as constructive total loss will be defined in the policy of hull insurance hereinafter provided, charter hire shall cease as of the time and date of the loss of such Vessel. If the time of the loss of the Vessel is uncertain, then charter hire shall be due through and until the day that the Vessel was last heard from. Further, OWNER and CHARTERER acknowledge and agree that CHARTERER shall owe no further payments whatsoever to OWNER in the event the Vessel the subject of this Agreement is considered a partial or constructive total loss and/or the Vessel is no longer fit to perform the operations required of CHARTERER under this Agreement, except that OWNER will still be entitled to payment for services provided prior to the Vessel's partial, total, or total constructive loss.

## 8.  BREAKDOWN AND REPLACEMENT

4

OWNER shall be permitted up to four (4) hours of down time for repair and maintenance of the Vessel in each ninety-six (96) hour period without deduction in the charter hire rate per day. To the extent down time for repair and maintenance exceeds four (4) hours in a ninety-six (96) hour period for any Vessel, the rate for such Vessel shall be reduced on a pro-rata basis for each hour over the permitted four (4) hours of down time.

## 9. FORCE MAJEURE

In the event of force majeure, such as strikes, accidents, floods, breakdowns, hurricanes, embargoes, acts of God and other causes beyond the reasonable control of the party affected, and if either party promptly gives to the other party hereto notice of such force majeure, then the obligations of the party giving such notice shall be suspended to the extent made necessary by such force majeure during its continuance, provided the effect of such force majeure is eliminated insofar as reasonably possible with all reasonable dispatch.

## 10. INSURANCE

At all times during the term of this Charter, the OWNER shall maintain, at its sole cost and expense (including the payment of all premiums and deductibles), the following policies of insurance in connection with this Charter and in accordance with the terms and conditions stated below:

a.  Policies of Insurance to be maintained by OWNER:

    (i)  Not used.

    (ii)  Hull and Machinery Insurance in amounts equal to the fair market value of the Vessel or any substitute vessel (when applicable).

    (iii)  Not used.

    (iv)  To the extent not included in the Comprehensive General Liability Insurance, Full Force Protection and Indemnity Insurance in the primary amount of at least $1,000,000, pertaining to the Vessel or any substitute vessel, including crew coverage, providing Jones Act Coverage, Voluntary Wreck Removal (including third-party removal of wreck), Collision Liability, Contractual Liability and Pollution and Clean-Up Endorsement. The Protection and Indemnity Insurance shall also include contractual liability coverage with respect to OWNER's obligation to defend, indemnify and hold harmless CHARTERER GROUP under this Charter and shall also include endorsements for Broad Form Comprehensive General Liability, Broad Form Contractual Liability, Independent Contractor/Owners and Products and Completion Operations Endorsements, with the watercraft exclusion to be deleted unless liability and contractual liability is afforded under the Comprehensive Marine General Liability Insurance, said insurance shall be on a "claims arising" form. For vessels engaged in towing operations, the policy shall contain Towers' Liability coverage.

    (v)  To the extent not included in the Full Force Protection and Indemnity Insurance, Comprehensive General Liability Insurance naming the Vessel and any substitute vessel (when applicable) as covered premises with combined single limits in the primary amount of at least $1,000,000 per occurrence and an aggregate of

$2,000,000 for personal injury, death, property damage and pollution and environmental damage (unless covered elsewhere). If such coverage in not included in OWNER's Protection and Indemnity insurance, the Comprehensive General Liability insurance policy shall also include contractual liability coverage with respect to OWNER's obligation to defend, indemnify and hold harmless CHARTERER GROUP under this Charter and shall also include endorsements for Broad Form Comprehensive General Liability, Broad Form Contractual Liability, Independent Contractor/Owners and Products and Completion Operations Endorsements, with the watercraft exclusion to be deleted unless liability and contractual liability is afforded under the protection and indemnity policies, said insurance shall be on a "claims arising" form.

(vi)     Pollution Insurance in the amount of $10,000,000.

(vii)    Workers' Compensation insurance (including Longshore and Harbor Workers' Compensation Act coverage) in an amount not less than $1,000,000.

(viii)   Employers Liability insurance, including coverage for voluntary compensation, borrowed servant/alternate employer endorsement, and to the extent not covered by the protection and indemnity insurance described above, endorsed to cover Jones Act and Death on the High Seas Act Liability, and to treat a claim in rem as a claim in personam, with limits of not less than $1,000,000 each accident.

(ix)     Excess Liability insurance on a following form (including all pollution and environmental damage coverage) in the amount of $25,000,000 in excess of the minimum amounts specified in the foregoing subparts (i), (iii), (iv), (v), (vi), (vii) and (viii) (if the primary policies do not comply with this limit).

b.     The insurance policies required to be maintained by OWNER pursuant to this Section shall:

(i)      Be issued by insurance companies licensed to do business in Louisiana with general policyholder's ratings of at least A- and a financial rating of a least XI in the most current Best's Insurance Reports.

(ii)     Name CHARTERER GROUP (defined below in Section 11) an additional insureds to the extent of the indemnity obligations assumed by OWNER hereunder. For claims falling within the indemnity obligations assumed by OWNER hereunder, all such additional insured coverage shall be primary and non-contributory to any insurance of CHARTERER GROUP.

(iii)    Include waivers of subrogation in favor of CHARTERER GROUP for claims falling within the indemnity obligations assumed by OWNER hereunder.

(iv)     Provide that the insurance not be canceled or materially changed in the scope or amount of coverage unless thirty (30) days' advance written notice is given to CHARTERER.

(v)      Possess all necessary care, custody, and control endorsements for all tows tendered to OWNER for towage.

c.     OWNER shall be required to furnish CHARTERER with certificates of all the insurance policies required to be maintained by OWNER pursuant to this Section on or before the Effective Date; and further, OWNER shall be required to provide certificates evidencing the renewal of any such policies within thirty (30) days prior to said renewal. Failure to provide any certificate of insurance shall not prejudice any rights of the CHARTERER. CHARTERER will furnish its certificates of insurance to OWNER upon request.

d.     OWNER hereby acknowledges and understands that the insurance obligations of OWNER set forth in this Section are separate from the defense, indemnity and hold harmless obligations of OWNER owed to CHARTERER GROUP under this Charter. Accordingly, OWNER's failure to procure the insurance policies required to be maintained by OWNER pursuant to this Section or the insolvency of any insurer that provides any of the OWNER's insurance policies shall under no circumstances relieve OWNER of its defense, indemnity and hold harmless obligations owed to CHARTERER GROUP under this Charter.

## 11. INDEMNIFICATION AND WAIVER

OWNER hereby agrees to defend, indemnify and hold harmless CHARTERER, its affiliated companies (specifically including Shore Construction, LLC, and Modern American Recycling Services, Inc.), its contractors and subcontractors, its joint venturers (specifically including Bisso Marine, LLC), and the insurers, officers, directors, owners, employees (even if alleged to held to be the borrowed employee or another entity), of all of the foregoing (collectively referred to as "CHARTERER GROUP") from and against any and all demands, liabilities, claims, suits, judgments, proceedings, orders, causes of action, damages, losses, costs and expenses (including reasonable attorneys' fees) on account of any property damage or loss of property of CHARTERER GROUP (including, but not limited to, the loss of any vessel towed by OWNER hereunder, damage to any vessel towed by OWNER hereunder, or damage caused by any vessel towed by OWNER hereunder) when such loss or damage arises from the negligence of OWNER or any member of OWNER GROUP (defined below) or the unseaworthiness of the Vessel.

OWNER hereby agrees defend, indemnify and hold harmless CHARTERER GROUP from and against any and all demands, liabilities, claims, suits, judgments, proceedings, orders, causes of action, damages, losses, costs and expenses (including reasonable attorneys' fees) on account of bodily injury, illness, or death to any employee (even if alleged to held to be the borrowed employee or another entity), agent, representative, owner, or director of OWNER (collectively referred to as "OWNER GROUP"), regardless of the cause thereof.

OWNER hereby agrees defend, indemnify and hold harmless CHARTERER GROUP from and against any and all demands, liabilities, claims, suits, judgments, proceedings, orders, causes of action, damages, losses, costs and expenses (including reasonable attorneys' fees) on account of on account of loss of, or damage to, any property of OWNER or OWNER GROUP, when such loss or damage arises from the negligence of OWNER or any member of OWNER GROUP or the unseaworthiness of the Vessel.

OWNER hereby agrees defend, indemnify and hold harmless CHARTERER GROUP from and against any and all demands, liabilities, claims, suits, judgments, proceedings, orders, causes of action, damages, losses, costs and expenses (including reasonable attorneys' fees) on account of bodily injury, illness, or death to any member of CHARTERER GROUP, when such loss or damage arises from the negligence of OWNER or any member of OWNER GROUP or the unseaworthiness of the Vessel.

OWNER hereby agrees defend, indemnify and hold harmless CHARTERER GROUP from and against any and all demands, liabilities, claims, suits, judgments, proceedings, orders, causes of action, damages, losses, costs and expenses (including reasonable attorneys' fees) on account of any harm to any Third Parties (defined as any person or entity other than a member of CHARTERER GROUP, OWNER, or OWNER GROUP), whether such harm be on account of bodily injury, illness, or death or property damage, when such loss or damage arises from the negligence or fault of OWNER or any member of OWNER GROUP or the unseaworthiness of the Vessel.

OWNER hereby agrees defend, indemnify and hold harmless CHARTERER GROUP from and against any and all demands, liabilities, claims, suits, judgments, proceedings, orders, causes of action, damages, losses, costs and expenses (including reasonable attorneys' fees) on account of any harm to the environment, violation of environmental laws, violation of any law, statute, rule, regulation or order, for any pollution emanating from OWNER's vessel or any other property of OWNER, regardless of the cause thereof. OWNER hereby agrees defend, indemnify and hold harmless CHARTERER GROUP from and against any and all demands, liabilities, claims, suits, judgments, proceedings, orders, causes of action, damages, losses, costs and expenses (including reasonable attorneys' fees) on account of any harm to the environment, violation of environmental laws, violation of any law, statute, rule, regulation or order, for any pollution emanating from any property of CHARTERER GROUP or Third Parties, arising from the negligence of OWNER or the unseaworthiness of the Vessel.

OWNER'S defense and indemnification obligations set forth in this section shall survive the termination of this Agreement until the expiration of any applicable prescriptive period.

OWNER and CHARTERER hereby waive and any all claims or causes of action against the other and its insurers as well as the other's GROUP and their insurers for any consequential damages, including, but not limited to, loss of use, loss of profit, loss of revenue, loss of opportunity, and business interruption damages.

This contract is a personal contract between OWNER and CHARTERER such that it is expressly intended that OWNER or any of its insurers shall not be entitled to limit its liability under the Limitation of Liability Act, 46 U.S.C. § 30105, *et seq.* for any claims asserted by any member of CHARTERER GROUP for defense, indemnity, and additional insured coverage. The purpose of this provision is to insure by specific contractual agreement that CHARTERER GROUP are able to enforce all indemnity obligations and insurance coverage for their benefit under this Agreement to the maximum extent permitted by law.

## 12. OWNER'S PERFORMANCE AND INDEPENDENT CONTRACTOR

The operation, navigation and management of the Vessel shall be under the exclusive control and command of OWNER and its employees. Subject always to the right of the OWNER and its employees to determine whether a movement may be undertaken, the Vessel will be rendered at times as requested by CHARTERER. OWNER is an independent contractor and neither it nor its employees are servants, agents, or employees of CHARTERER, CHARTERER being interested only in the completed performance of the services herein provided.

While it is understood that all of OWNER's vessel employees should qualify as Jones Act seamen, in any cases where OWNER's employees (defined to include OWNER's direct, borrowed, special, or statutory employees) are covered by a state's workers' compensation law (such as the Louisiana Workers' Compensation Act, LA R.S. 23:1021 et seq., or similar statute or law of another jurisdiction), CHARTERER and OWNER agree that all work performed by OWNER and its employees pursuant to this Agreement are an integral part of and are essential to the ability of CHARTERER to

8

generate CHARTERER's goods, products, and services (for purposes of LA R.S. 23:1061 (A)(1) or similar statute or law of another jurisdiction). Furthermore, CHARTERER and OWNER agree that CHARTERER is the statutory employer of OWNER's employees, pursuant to LA R.S. 23:1061 (A)(3) or similar statute or law of another jurisdiction. Irrespective of OWNER's status as the statutory employer or special employer, pursuant to LA R.A. 23:1031 (C) or similar statute or law of another jurisdiction, of OWNER's employees, OWNER shall remain primarily responsible for the payment of the workers' compensation benefits to its employees, and shall not be entitled to seek contribution for any such payments from OWNER or OWNER's insurers.

## 13. ASSIGNMENT AND SUBCHARTER

OWNER shall not, without prior written consent of CHARTERER, sell, assign, sub-charterer, or pledge this Charter or any of its rights or obligations hereunder; and OWNER shall not, without prior consent CHARTERER, let or hire or permit the use of the Vessel by others unless a substitute vessel is provided in accordance with the provisions of this Charter.

## 14. LIENS AND SEIZURE OF VESSEL

OWNER shall immediately secure the release of the Vessel if seized by legal process as a result of any liens, created and imposed on the Vessel. In the event of any such seizure, this Charter shall be suspended during the period of time of such seizure and no charter hire or any other payments, as set forth in this Charter or any Charter Order, shall be due by CHARTERER during such time. Additionally, CHARTERER is granted the option to terminate this Charter or any Charter Order in the event any Vessel is seized by legal process.

## 15. DEFAULT

OWNER and CHARTERER shall each have the right to terminate this Agreement in the event that the other party materially breaches the terms and conditions of this Charter; however, the non-breaching party shall be required to provide written notification to the breaching party for any alleged material breach of the terms and conditions of this Charter; and in such an event, the breaching party shall have the ability to cure any alleged default within ten (10) days of receiving notice from the non-breaching party, excepting any provision herein that permits CHARTERER to terminate this Charter or any Charter Order immediately.

## 16. COMPLIANCE WITH LAWS

OWNER, at its sole cost and expense, shall cause any Vessel chartered hereunder to at all times comply with all applicable federal, state, regional, county, parish and municipal statutes, ordinances, rules and regulations which may pertain to its use.

## 17. GOVERNING LAW AND EXCLUSIVE VENUE

This Charter shall be construed and governed by the General Maritime Laws of the United States of America. Any lawsuit filed with respect to this Charter, Charter Order, or breach thereof shall be filed exclusively in the United States District Court for the Eastern District of Louisiana. In the event, and only in the event, that the United States District Court for the Eastern District of Louisiana is not available as a forum due to lack of jurisdiction, then the exclusive venue for any lawsuit filed hereunder shall be the Thirty-Second Judicial District Court for the Parish of Terrebonne, State of Louisiana.

## 18. ACCIDENTS

OWNER shall report to CHARTERER as soon as practical, but in no event to exceed forty-eight (48) hours, all accidents, injuries and marine casualties in any way involving the Vessel, OWNER's personnel, CHARTERER'S personnel, or the personnel of any member of CHARTERER GROUP, or any barge or other vessel being towed or shifted under this Charter; provided, however, in the event of any spillage of oil or other petrochemicals, OWNER shall notify CHARTERER and all responsible authorities immediately upon the occurrence of any such spillage.

## 19. NOTICES

All notices necessary to be given under the terms of this Agreement shall be effective upon receipt and shall be in writing and communicated by email to all email addresses listed below:

**To CHARTERER:** Shore Offshore Services, LLC
P.O. Box 1159
Amelia, LA 70340
Attn: Ms. Kristi Caton & Mr. Bryan Samanie
Email:    kristi@shoreconstr.com
bryan@shoreconstr.com
accounting@shoreconstr.com

**To OWNER:**     DAWN SERVICES, LLC
PO BOX 492
GRETNA, LA 70054
Attn: MICHAEL GRACE
Email: mikeg@dawnoffshore.com

## 20. UNDERSTANDING OF THE PARTIES AND MODIFICATIONS

This Charter contains the entire agreement between the parties and supersedes any and all prior representations, warranties and/or inducements, written or oral, made by OWNER or CHARTERER. This Charter shall not be modified except in writing and any such modification shall not have effect until signed and dated by the parties.

## 21. SEVERABILITY

In the event that any one or more provisions contained in this Charter shall, for any reason, be held invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Charter, and the invalid, illegal or unenforceable provision shall be read out of this Charter. It is the intent of the parties that, should such occur, this Charter shall survive and be reformed to the fullest extent permitted under law.

## 22. ATTORNEYS' FEES

Should either party employ an attorney to enforce any provisions hereof, or to protect its interest in any matter arising out of this Charter or to collect damages for breach of this Charter, or to prosecute or defend any suit or claim resulting from this Charter, then the prevailing party shall be entitled to recover

10

M.H

from the losing party all reasonable costs, charges, expenses, and attorneys' fees reasonably expended or incurred.

## 23. WAIVER

The failure of either party hereto at any time to require performance by the other party of any provision of this Charter shall in no way affect the right of such party thereafter to enforce the same, nor shall any waiver of any breach of any provision hereof by the other party be taken or held to be a waiver by any party of any succeeding breach of such provision, or as a waiver of the provision itself.

## 24. SALVAGE

All salvage and salvage towage shall, after payment of out-of-pocket expenses, awards to the master and crew, and charter hire due OWNER during such salvage efforts, be divided 50% to CHARTERER and 50% to OWNER.

## 25. GENERAL AVERAGE

General Average shall be payable according to the York-Antwerp Rules of 1974 and shall be adjusted in New Orleans, Louisiana. Hire shall not contribute to General Average. In the event of accident, danger, damage, or disaster before or after the commencement of a voyage resulting from any cause whatsoever, whether due to negligence or not, for which or for the consequences of which OWNER is not responsible by statute, CHARTERER shall contribute with OWNER in General Average to the payment of any sacrifices, losses, or expenses of a general average nature which may be made or incurred by OWNER.

## 26. COUNTERPARTS

This Charter may be executed in one or more counterparts, each of which constitutes an original and all of which, taken together, constitute one and the same agreement.

**IN WITNESS WHEREOF,** the parties hereto have executed this Charter upon the date above shown in several counterparts, each of which shall be considered as an original.

CHARTERER: SHORE OFFSHORE SERVICES, LLC

By: _____

Its: _____Project Director_____

Print Name: _____Cody Sims_____

11

MG

OWNER: DAWN SERVICES, LLC

By: _____

Print Name: MICHAEL GRACE

Its: VICE PRESIDENT

MG