UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALL COAST, LLC | * | CIVIL ACTION NO. 21-258 Lead Case, |
| | * | c/w 21-337, 21-464, 21-822, 21-1968, |
| | * | 21-1969, 21-1981, 21-1982, 21-2075 |
| | * | and 21-2227 |
| | * | |
| VERSUS | * | JUDGE JAY C. ZAINEY |
| | * | |
| SHORE OFFSHORE SERVICES, LLC; | * | MAGISTRATE JUDGE KAREN |
| MODERN AMERICAN RAILROAD | * | WELLS ROBY |
| SERVICES, L.L.C.; and MARTIN | * | |
| ENERGY SERVICES, LLC | * | Applies to: ALL CASES |
| | * | |

**************************************

## DAWN SERVICES, L.L.C.'S MOTION IN LIMINE TO EXCLUDE CERTAIN EXPERT OPINIONS OF CAPTAIN GREGORY DALEY

Defendant, Dawn Services, L.L.C. ("Dawn") files this motion in limine to exclude Opinion #2 of Captain Gregory Daley, an expert for limitation petitioners/third-party plaintiffs Modern American Railroad Services, L.L.C. ("MARS") and Shore Offshore Services, LLC ("Shore"), pursuant to Federal Rule of Evidence 702.

I.

During Hurricane Zeta, derrick barge THOR broke loose from a dock in Port Fourchon. MARS and its affiliate Shore, the THOR's owner and operator, respectively, blame the incident in part on a tug brokered by Dawn to Shore to assist THOR with offshore decommissioning work in the Gulf. The tug did not hold THOR dockside during the hurricane.

II.

Captain Daley's Opinion #2 is that "Dawn Failed to Provide an Adequate Tug and Failed to Warn That the Tug Provided Was Inadequate." This opinion suffers from three flaws. First, Captain Daley's opinion on the "adequacy" of the subject tug is based upon what he says Shore

"believed" the purposes of the tug were to be. It is improper for an expert to opine about a party's belief. Moreover, whether Shore asked Dawn to broker a tug for dockside hurricane assistance is a question of fact on which expert opinion is unnecessary.

III.

Second, Captain Daley opines about facts that are not in dispute; namely, that the subject tug was not powerful enough to hold THOR to a dock during Hurricane Zeta and that Dawn did not advise Shore of this fact. The tug's owner acknowledges these limitations, and Dawn acknowledges that it never discussed the tug's capabilities to provide dockside assistance in a hurricane (because Dawn was never asked to provide a tug to assist the THOR during the hurricane). Therefore, expert testimony on this undisputed point offers no assistance to the trier of fact.

IV.

Finally, Captain Daley opines that "Dawn failed to broker a vessel able to perform its required tasks." This opinion is improper because it is based upon Shore's "belief" about what tasks were required. It is also improper because it goes to the ultimate issue of the purposes for which Shore obtained the tug's services.

V.

As set forth more fully in the memorandum filed herewith, Captain Daley's Opinion #2 is improper expert testimony and should be excluded.

WHEREFORE, Dawn Services, L.L.C. respectfully requests that this motion in limine be granted in its favor and that Captain Gregory Daley be excluded from offering testimony on his Opinion #2 in this matter.

Respectfully submitted,

*/s/   David L. Reisman*
David L. Reisman, T.A. (Bar #21833)
Raymond T. Waid (Bar #31351)
Lance Bullock (Bar #38519)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
dreisman@liskow.com
rwaid@liskow.com
lbullock@liskow.com

***Attorneys for Dawn Services, L.L.C.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of October 2025, a copy of the foregoing pleading was served via the court's CM/ECF system on all counsel of record.

*/s/ David L. Reisman*
David L. Reisman, T.A. (Bar #21833)