Page 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
ALL COAST, LLC        *   CIVIL ACTION
                      *   NO. 21-258, C/W 21-337,
                      *   21-464, 21-822, 21-1968,
                      *   21-1969, 21-1982,
VERSUS                *   21-1981, 21-2075,
                      *   21-2227
                      *
                      *   SECTION "A"
SHORE OFFSHORE        *   HON. JAY C. ZAINEY
SERVICES, LLC         *   MAGISTRATE: (4)
                      *   HON. KAREN WELLS ROBY
                      *
                      *   APPLIES TO ALL CASES
```

FED. R. CIVIL P. RULE 30(B)(6) VIDEO
DEPOSITION OF CROSBY TUGS, LLC

Deposition of CROSBY TUGS, LLC, through its Corporate Representative, WADE SAVOY, Director of QHSE, 17751 Highway 3235, Galliano, Louisiana 70354, taken in person and via ZOOM Videoconference, in the offices of Jones Walker, LLP, 201 St. Charles Avenue, Suite 5100, New Orleans, Louisiana 70170, on Thursday, the 2nd day of November, 2023.

APPEARANCES: (In Person)

ARNOLD & ITKIN, LLP
(By:  John G. Grinnan, Jr., Esquire)
6009 Memorial Drive
Houston, Texas 77007

(Attorneys for Claimants)

**EXHIBIT 12**

Page 19

1  received most of the training for the job
2  before you arrived at Crosby?
3      A    Probably, 50 percent of it.
4      Q    Is there training that you've
5  received while working for Crosby that you
6  didn't receive while working at Bee Mar or at
7  Hornbeck?
8      A    Yes, some of that, that I just
9  mentioned.
10     Q    Can you identify what is different
11 at Crosby?
12     A    The National Association of Safety
13 Professionals Certifications.  I did an ABS
14 ASIM Auditor, ISO Auditor courses.  The
15 TapRooT courses, because we didn't use that at
16 Hornbeck, and some various other trainings.
17     Q    Have you ever been fired from a
18 job?
19     A    No.
20     Q    How about any kind of corporate
21 discipline?
22     A    No.
23     Q    Let's change gears here.  What
24 company owned the CROSBY ENDEAVOR on
25 October 28th, 2020?

Page 20

1    A    I believe that was Crosby Marine
2    Transportation.
3    Q    How do you know that?
4    A    The COD should state it.
5    Q    Pardon me?
6    A    The COD should state it.
7    Q    Certificate of Documentation or
8    Certificate of Inspection?
9    A    Yes.
10   Q    And Crosby Marine Transportation is
11   reflected as the owner on the 2692 that you
12   completed?
13   A    Yes.
14   Q    What is the function of Crosby
15   Tugs, LLC, with respect to the ENDEAVOR?
16   A    Crosby Tugs, LLC, is the operator.
17   Q    So Crosby Marine Transportation,
18   LLC, is the owner, and Crosby Tugs, LLC, is
19   the operator?
20   A    Yes.
21   Q    Did you review the Limitation
22   Complaint that Crosby tugs filed?
23   A    I may have.
24   Q    Here's a copy of it.  Let's look at
25   a couple of sections in here.  If you turn to

Video Deposition of Crosby Tugs, LLC through Wade Savoy
All Coast, LLC v. Shore Offshore Services, LLC

Page 461

1  Reisman.  I represent Dawn Services and I have
2  some questions for you today.  I'll be a lot
3  quicker than some of the earlier lawyers.
4          Who was Crosby's customer in
5  connection with the work that was being done
6  by the ENDEAVOR and for the THOR, in October
7  of 2020?
8     A    Like I said, I stated earlier, we
9  thought of Shore as our customer.
10    Q    And what was Dawn's relationship
11 with Crosby in connection with the ENDEAVOR
12 and the THOR?
13    A    The broker.
14    Q    Did Crosby ever charter the
15 ENDEAVOR to Dawn?
16         MR. RUFTY:
17             Object to form.
18         THE WITNESS:
19             Did we ever charter it?  No.
20 EXAMINATION BY MR. REISMAN:
21    Q    Did Dawn have any personnel on
22 board the ENDEAVOR, in October of 2020?
23    A    No.
24    Q    Did Dawn supply the crew for the
25 ENDEAVOR, in October of 2020?

Video Deposition of Crosby Tugs, LLC through Wade Savoy
All Coast, LLC v. Shore Offshore Services, LLC

Page 462

```
 1      A     No.
 2      Q     Did Dawn operate the ENDEAVOR in
 3   October of 2020?
 4      A     No.
 5      Q     You're aware that Dawn, at some
 6   point, sent a Master Service Agreement to
 7   Crosby; is that right?
 8      A     Yes.
 9      Q     And was that Master Service
10   Agreement set up for Dawn to broker Crosby's
11   vessels?
12      A     I don't remember the exact verbiage
13   in the MSA.
14      Q     Did Crosby at any time ever tell
15   Dawn that it could not act as a broker for its
16   vessels?
17      A     No.  Not that I'm aware of.
18      Q     Did Crosby ever notify Shore that
19   Dawn was a charterer of the ENDEAVOR?
20      A     Not that I know of.
21      Q     And, in fact, if they had done
22   that, that would have been -- may have been a
23   false statement, because Crosby never
24   chartered the ENDEAVOR to Dawn, correct?
25            MR. RUFTY:
```

Video Deposition of Crosby Tugs, LLC through Wade Savoy
All Coast, LLC v. Shore Offshore Services, LLC

Page 473

```
 1              MR. GUILLOT:
 2                    Form, foundation.
 3              MR. PALMINTIER:
 4                    Form.
 5              THE WITNESS:
 6                    Yes.
 7              MR. REISMAN:
 8                    Give me one second.  I may be
 9         done.  I'm just going to look through my
10         notes real quick.
11   EXAMINATION BY MR. REISMAN:
12        Q     In October of 2020, did Dawn
13   Services possess the CROSBY ENDEAVOR?
14        A     Can you explain what "possess"
15   means?
16        Q     Did they have it?  Was it their
17   tug?
18        A     Like did you own it?  Was it on
19   hire?
20        Q     Did they own it?
21        A     No.
22        Q     Did they control it?
23        A     No.
24              MR. REISMAN:
25                    That's all I've got for you.
```

Video Deposition of Crosby Tugs, LLC through Wade Savoy
All Coast, LLC v. Shore Offshore Services, LLC

Page 493

1 REPORTER'S CERTIFICATE
2
3      This certification is valid only for a transcript accompanied by my original
4 signature and original required seal on this page.
5
6           I, Linda G. Griffin, Certified Court Reporter in and for the State of
7 Louisiana, as the officer before whom this testimony was taken, do hereby certify that
8 WADE SAVOY, after having been duly sworn by me upon authority of R.S. 37:2554, did
9 testify as hereinbefore set forth in the foregoing 492 pages; that this testimony was
10 reported by me in the stenotype reporting method, was prepared and transcribed by me
11 or under my personal direction and supervision, and is a true and correct
12 transcript to the best of my ability and understanding; that the transcript has been
13 prepared in compliance with transcript format guidelines required by statute or by
14 rules of the board, that I have acted in compliance with the prohibition on
15 contractual relationships, as defined by Louisiana Code of Civil Procedure Article
16 1434 and in rules and advisory opinions of the board; that I am not related to counsel
17 or the parties herein, nor am I otherwise interested in the outcome of this matter.
18
19
20
21           _____
             LINDA G. GRIFFIN, RPR
22           CERTIFIED COURT REPORTER
23
24
25