Case 2:21-cv-00258-JCZ-EJD   Document 785-3   Filed 10/28/25   Page 1 of 4

30(b)(6) Deposition of Dawn Services, L.L.C. through Michael W. Grace, Jr.
All Coast, LLC v. Shore Offshore Services, LLC

Page 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
ALL COAST, LLC       *   CIVIL ACTION
                     *   NO. 21-258, C/W 21-337,
                     *   21-464, 21-822, 21-1968,
                     *   21-1969, 21-1982,
VERSUS               *   21-1981, 21-2075,
                     *   21-2227
                     *
                     *   SECTION "A"
SHORE OFFSHORE       *   HON. JAY C. ZAINEY
SERVICES, LLC        *   MAGISTRATE: (4)
                     *   HON. KAREN WELLS ROBY
                     *
                     *   APPLIES TO ALL CASES
```

RULE 30(b)(6)
DEPOSITION OF
DAWN SERVICES, L.L.C

DAWN SERVICES, L.L.C., through its representative, Michael W. Grace, Jr., Vice-President, Dawn Services, L.L.C., 851 MacArthur Avenue, Harvey, Louisiana 70058, taken in person and via ZOOM Videoconference, in the offices of Liskow & Lewis, 701 Poydras Street, Suite 5000, New Orleans, Louisiana 70139, on Wednesday, the 24th day of May, 2023.

APPEARANCES: (VIA ZOOM)

    ARNOLD & ITKIN, LLP
    (By: John G. Grinnan, Jr., Esquire)
    6009 Memorial Drive
    Houston, Texas 77007

**EXHIBIT 2**

Case 2:21-cv-00258-JCZ-EJD Document 785-3 Filed 10/28/25 Page 2 of 4

30(b)(6) Deposition of Dawn Services, L.L.C. through Michael W. Grace, Jr.
All Coast, LLC v. Shore Offshore Services, LLC

Page 186

1           I'm going to object to the
2      form, to the extent that you're asking
3      him to provide a legal interpretation of
4      this contract. He's told you what his
5      understanding of it is. He can't give
6      you more than that. And I'm going to
7      instruct him to not try and give
8      legal -- you're asking him to rule and
9      take the court's position on what the
10     contract means. He's told you what he
11     thinks. He can do no more than that.
12 EXAMINATION BY MR. ALTMYER:
13     Q    And what I'll do is I'll follow up
14 on the testimony that you just said about the
15 owner having the vessel. Tell me what you
16 meant by that. What does it mean when Dawn
17 Services, LLC, has a vessel?
18     A    When we have a vessel, we control
19 it. We operate it. We employ the crews. We
20 provide the insurance.
21     Q    And when you say, "have a vessel,"
22 does --
23          MR. RUFTY:
24               I'm sorry to interrupt, but
25      this is Alfred Rufty. We're still

Case 2:21-cv-00258-JCZ-EJD   Document 785-3   Filed 10/28/25   Page 3 of 4

30(b)(6) Deposition of Dawn Services, L.L.C. through Michael W. Grace, Jr.
All Coast, LLC v. Shore Offshore Services, LLC

Page 272

1    Q    Yeah.
2    A    Shore -- Shore's vessel, the MARS
3  TITAN, wasn't coming back to work, and Shore
4  wanted a vessel similar in size to the Titan,
5  so I had reached out to Crosby about Shore's
6  request, about using -- if they had a vessel
7  available, would they be interested in going
8  to work for Shore.  And so, at some point,
9  Kurt Crosby reached out to Tommy Gibilterra to
10 discuss everything, and Tommy called me and
11 said Crosby is going to send out the ENDEAVOR,
12 and so that's how that all got started.
13   Q    Okay.  I'll show you and mark it as
14 "Exhibit 145."
15        MR. REISMAN:
16             142, right?  Did I miss one?
17 EXAMINATION BY MR. ALTMYER:
18   Q    Oh, 142.  I jumped ahead on the
19 exhibit list.  "Exhibit 142," and it's going
20 to be Dawn 227 to 228.  If you could review
21 that real quick.  Your name's at the top of
22 that, right?  This would have been an email
23 exchange that you would have printed out?
24   A    Yes.
25   Q    Okay.  Looking at this, is this the

30(b)(6) Deposition of Dawn Services, L.L.C. through Michael W. Grace, Jr.
All Coast, LLC v. Shore Offshore Services, LLC

Page 495

1 REPORTER'S CERTIFICATE

2

3     This certification is valid only for a transcript accompanied by my original
4 signature and original required seal on this page.

5

6     I, Linda G. Griffin, Certified Court Reporter in and for the State of
7 Louisiana, as the officer before whom this testimony was taken, do hereby certify that
8 MICHAEL GRACE, after having been duly sworn by me upon authority of R.S. 37:2554, did
9 testify as hereinbefore set forth in the foregoing 494 pages; that this testimony was
10 reported by me in the stenotype reporting method, was prepared and transcribed by me
11 or under my personal direction and supervision, and is a true and correct
12 transcript to the best of my ability and understanding; that the transcript has been
13 prepared in compliance with transcript format guidelines required by statute or by
14 rules of the board, that I have acted in compliance with the prohibition on
15 contractual relationships, as defined by Louisiana Code of Civil Procedure Article
16 1434 and in rules and advisory opinions of the board; that I am not related to counsel
17 or the parties herein, nor am I otherwise interested in the outcome of this matter.

18

19

20

21     _____
    LINDA G. GRIFFIN, RPR
22     CERTIFIED COURT REPORTER

23

24

25