UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALL COAST, LLC<br><br>VERSUS<br><br>SHORE OFFSHORE SERVICES, LLC; MODERN AMERICAN RAILROAD SERVICES, L.L.C.; AND MARTIN ENERGY SERVICES, LLC | CIVIL ACTION NO. 21-258 LEAD CASE, c/w 21-337, 21-464, 21-822, 21-1968, 21-1969, 21-1981, 21-1982, 21-2075, 21-2227, and 23-3220<br><br>JUDGE JAY C. ZAINEY<br><br>MAGISTRATE JUDGE EVA J. DOSSIER<br><br>Applies to: All Cases |

## STATEMENT OF UNCONTESTED MATERIAL FACTS

Pursuant to Local Rule 56.1, Defendant, Dawn Services, L.L.C. ("Dawn"), submits the following uncontested material facts in support of its Motion for Partial Summary Judgment on Breach of Contract and Contractual Indemnity claims asserted against Dawn:

1. Dawn operates a fleet of vessels owned by its affiliates and crewed by Dawn's employees.[1]

2. On June 9, 2017 Dawn and Shore entered into a Master Vessel Time Charter (hereafter the "Charter").[2]

3. Shore Offshore Services, LLC's ("Shore") chief operating officer, Tommy Gibilterra, wrote in January 2021 that Shore brokers tugs through Dawn.[3]

---

[1] Dawn 30(b)(6) deposition at pp. 69-70.

[2] Exhibit 1.

[3] *See* deposition of Thomas Gibileterra at p. 326.

1

4. Shore's Gibilterra testified that the Charter does not "come into play" when Dawn brokers, as opposed to charters, a vessel.[4]

5. In October 2020, Crosby believed Dawn was acting as a broker with respect to the CROSBY ENDEAVOR.[5]

6. In October 2020, Crosby considered Shore its customer with respect to the CROSBY ENDEAVOR.

7. Dawn is defined in the Charter as "OWNER".

8. Paragraph 3.a. of the Charter (mis-numbered "1.a.") states "OWNER has the right to possess and charter the Vessel to CHARTERER…"[6]

9. Paragraph 4(c) of the Charter provides: "…the entire operation, navigation, management, control, performance and use of the Vessel shall be under the sole and exclusive command of, and be actually accomplished by, OWNER [Dawn]…the master and crew of the Vessel, as employees of OWNER, shall be and shall remain in full charge and control of such Vessel at all times."[7]

10. Paragraph 12 of the Charter provides: "The operation, navigation and management of the Vessel shall be under the exclusive control and command of OWNER and its employees."[8]

11. Paragraph 13 of the Charter expressly prohibits Dawn from "subchartering" other company's vessels to work under the Charter.[9]

---

[4] *See* deposition of Thomas Gibileterra at p. 290.
[5] *See* 30(b)(6) deposition of Crosby, at p. 461.
[6] *See* Exhibit 1 at p. 2.
[7] *See* Exhibit 1 at p. 4.
[8] *See* Exhibit 1 at p. 8.
[9] *See* Exhibit 1 at p. 9.

12. Dawn's "On / Off Hire" letters, which were sent to Shore in connection with the CROSBY ENDEAVOR's work in October 2020, state commercial and operational details for the vessel, including that the job description was "working as directed with the D/B THOR."[10]

13. Dawn's "On / Off Hire" letters, which were sent to Shore in connection with the CROSBY ENDEAVOR's work in October 2020, state that the job is subject to "a mutual agreement between vessel owner and Shore Offshore Services, LLC."[11]

14. Dawn was not the owner of the CROSBY ENDEAVOR in October 2020.[12]

15. Dawn did not operate the CROSBY ENDEAVOR in October 2020.[13]

16. Dawn did not employ the crew of the CROSBY ENDEAVOR in October 2020.[14]

17. Dawn did not supply the crew of the CROSBY ENDEAVOR in October 2020.[15]

18. The CROSBY ENDEAVOR was not under charter to Dawn in October 2020.[16]

19. During the period of time the CROSBY ENDEAVOR worked with the THOR in October 2020, the CROSBY ENDEAVOR was not under the exclusive control of Dawn and its employees.[17]

---

[10] *See* Exhibit 6.

[11] *Id.*

[12] The CROSBY ENDEAVOR was owned by Crosby Marine Transportation, LLC and operated by Crosby. *See* 30(b)(6) deposition of Crosby at pp. 19-20.

[13] *Id.* at p. 462.

[14] *Id.* at pp. 461-62.

[15] 30(b)(6) deposition of Crosby at pp. 461-462.

[16] 30(b)(6) deposition of Crosby at p. 461.

[17] 30(b)(6) deposition of Crosby at pp. 461-462.

20. During the period of time the CROSBY ENDEAVOR worked with the THOR in October 2020, the entire operation, navigation, management, control, performance and use of the Vessel was not under Dawn's sole and exclusive command.[18]

21. During the period of time the CROSBY ENDEAVOR worked with the THOR in October 2020, Dawn's employees were not in full charge and control of the CROSBY ENDEAVOR.[19]

22. Prior to December 31, 2020, Shore never confirmed in writing the existence of a charter between Dawn and Shore for the CROSBY ENDEAVOR.

23. There was no written Charter Order, as that term is defined in Section 1.b of the Charter, between Dawn and Shore in connection with the CROSBY ENDEAVOR prior to December 31, 2020.

24. There has never been a written Charter Order, as that term is defined in Section 1.b of the Charter, between Dawn and Shore for the use of the CROSBY ENDEAVOR in October 2020.

---

[18] *Id.*

[19] *Id.*

        Respectfully submitted,

        */s/   David L. Reisman*
        David L. Reisman, T.A. (Bar #21833)
        Raymond T. Waid (Bar #31351)
        Lance Bullock (Bar #38519)
        LISKOW & LEWIS
        701 Poydras Street, Suite 5000
        New Orleans, Louisiana 70139-5099
        Telephone: (504) 581-7979
        dreisman@liskow.com
        rwaid@liskow.com
        lbullock@liskow.com

        ***Attorneys for Dawn Services, L.L.C.***