UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN THE MATTER OF MODERN AMERICAN RAILROAD SERVICES, LLC, as Owner, and SHORE OFFSHORE SERVICES, LLC, as Bareboat Charterer and Owner** *Pro Hac Vice* **of D/B THOR PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY** | * * * * * * * * * * | CIVIL ACTION NO. 2:21-CV-00258-JCZ-KWR (lead case) c/w 21-337, 21-464, 21-822, 21-1968, 21-1969, 21-1981, 21-1982, 21-2075  Pleading applies to all cases.  JUDGE JAY C. ZAINEY  MAGISTRATE EVA J. DOSSIER |

### RENEWED MOTION TO BIFURCATE LIMITATION PROCEEDINGS

Claimants Lewis Andrews, Patrick Burnett, Brian Cloyd, and Wallace McCray re-urge the Court to bifurcate this limitation of liability case. Although a motion to bifurcate was previously denied in 2022 as premature,[1] such matters are no longer premature. And it has become apparent that this case involves many claimants and without bifurcation, a trial that includes damages could last weeks or even a month.

The bifurcation order sought would set phase one of the case to be tried solely on the issues of liability, limitation, and apportionment of fault. Damages would be reserved for a second phase. In this way, the claimants would be permitted to prove their damages in state court if they prevail in the first phase and defeat limitation of liability case on the merits. Other claimants in a similar posture would be afforded similar rights.

Because bifurcation protects a claimant's savings to suitors' rights, it has been deemed the "preferred approach"[2] within the Fifth Circuit. As this Court has recognized, the procedure "makes

---

[1]  Rec. Doc. 401 at p. 2, order denying bifurcation as premature.

[2]  *In re Mississippi Limestone Corp.*, 2010 WL 4174631 at *3 (N.D. Miss. Oct. 7, 2010) (citations and quotations omitted) (emphasis added); *Odfjell Chemical Tankers AS v. Herrera*, 471 F. Supp.

perfect sense."[3] Notably, in April 2020, Judge Vance entered an order identical to the one sought here.[4] And that order has carried significant jurisprudential weight: It has been followed by several other federal courts even in the short time since it was entered.[5]

The Court should follow the same path here. And doing so makes overwhelming sense given the number of claimants at issue in this case. One envisions that, absent bifurcation, trying all of the claimants' damages in this case alongside the core limitation issues would be cumbersome, indeed. Bifurcation avoids that result. As explained more fully in the attached memorandum, the Court should grant this motion and bifurcate these limitation proceedings.

---

    3d 790, 795 (S.D. Tex. 2020) (same) (quoting *In re Mississippi Limestone Corp.*); *Matter of Savage Inland Marine, LLC*, 2020 WL 10355875 at *3 (E.D. Tex. 2020) ("bifurcation is the preferred procedure in the Fifth Circuit.").

[3] *Matter of Suard Barge Services, Inc.*, 1997 WL 358128 at *2 (E.D. La. June 26, 1997) (Vance, J.) ("Bifurcation as suggested by the Windhams makes perfect sense here."); *see also*, *Odfjell Chemical Tankers AS v. Herrera*, 471 F. Supp. 3d 790, 795 (S.D. Tex. 2020) (echoing that: "[B]ifurcation makes perfect sense.").

[4] *Archer Daniels Midland CO. v. M/T American Liberty*, 2020 WL 1889123 at *4 (E.D. La. 2020) Vance, J.) ("For the foregoing reasons, the Court GRANTS the motion to bifurcate. The Court will try the issues of liability, limitation, and apportionment of fault in a bench trial. Damages will be tried separately.").

[5] *In re Intracoastal Tug and Barge Company, LLC*, 2021 WL 5104533 at *3 (S.D. Tex. 2021) ("Here, like *Archer Daniels*, allowing bifurcation would allow the liability of the parties to be determined before a jury trial on damages occurs. The elimination of a need for a jury trial serves to expedite and economize the judicial process. Should there be no liability found, Rutledge would be left with the choice of whether to pursue his claim before a jury in state court. This choice could eliminate the need for a jury trial and, at the same time, preserve Rutledge's right to a jury trial, albeit one in state court. Because Rutledge's motion for bifurcation will further the interests of economy and convenience, it should be granted."); *In re Orion Marine Construction, Inc. v. All Potential Claimants*, 2021 WL 2779115 at *3-4 (S.D. Tex. 2021) (following and citing *Archer Daniels* to order bifurcation); *Matter of Chester J. Marine*, 2021 WL 2661949 at *6–7 (M.D. La. 2021) (deGravelles, J.) (following and citing *Archer Daniels* to order bifurcation); *Matter of Savage Inland Marine, LLC*, 2020 WL 10355875 at *3-5 (E.D. Tex. 2020) (following and citing *Archer Daniels* to order bifurcation); *Odfjell Chemical Tankers AS v. Herrara*, 471 F. Supp. 3d 790, 795-796 (S.D. Tex. 2020) (following and citing *Archer Daniels* to order bifurcation).

Respectfully submitted,

**ARNOLD & ITKIN, LLP**

/s/      J. Kyle Findley
J. Kyle Findley (#34922)
kfindley@arnolditkin.com
**ARNOLD & ITKIN LLP**
6009 Memorial Drive
Houston, TX 77007
Tel: 713.222.3800
Fax: 713.222.3850

**ATTORNEYS FOR CLAIMANTS**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the above and foregoing pleading was served on counsel of record by electronic means, including the CM/ECF system, on October 31, 2025.

/s/      J. Kyle Findley (#34922)