UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF MODERN AMERICAN RAILROAD SERVICES, LLC, as Owner, and SHORE OFFSHORE SERVICES, LLC, as Bareboat Charterer and Owner *Pro Hac Vice* of D/B THOR PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | * CIVIL ACTION NO. 2:21-CV-00258-JCZ-KWR (lead case) c/w 21-337, 21-464, 21-822, 21-1968, 21-1969, 21-1981, 21-1982, 21-2075 <br> * Pleading applies to all cases. <br> * JUDGE JAY C. ZAINEY <br> * MAGISTRATE EVA J. DOSSIER |

## MEMORANDUM IN SUPPORT OF
## RENEWED MOTION TO BIFURCATE LIMITATION PROCEEDINGS

Claimants Lewis Andrews, Patrick Burnett, Brian Cloyd, and Wallace McCray file this memorandum in support of their renewed motion for the Court to enter an order of bifurcation in this limitation of liability case.

### I.

#### Background

This case involves multiple limitation-of-liability actions that have been consolidated and many, many claimants who have raised damage claims in the actions. Various tenders, third-party claims, and cross-claims have also been raised. The core factual context is that on October 28, 2020, the D/B THOR broke away from a dock during Hurricane Zeta. It collided with numerous vessels and property along the way. The movers-claimants were aboard the D/B THOR and suffered personal injuries as a result of the incident.

The D/B THOR's owners, Modern American Railroad Services, L.L.C and Shore Offshore Services, LLC ("collectively, Shore") filed a limitation action at 2:21-cv-464, which was consolidated here. A second limitation action was initiated by Crosby Tugs, LLC ("Crosby"),

1

which owned the M/V CROSBY. That vessel, an anchor handling tug, was involved in the breakaway of the D/B THOR from its moorings. Crosby's limitation action was docketed at 2:21-cv-822 and consolidated here.

A mere glance at the docket shows a large number of claimants and ancillary claims that have emerged in the wake of the incident. To say it succinctly, this case is currently complex.

Previously, in 2022, the Court denied a motion to bifurcate as premature.[1] However, this renewed motion is being filed several years later (in late 2025), and this case is likely to be tried in 2026. Therefore, adjudicating the scope of the trial—and whether bifurcation is appropriate—is no longer premature.

Claimants Lewis Andrews, Patrick Burnett, Brian Cloyd, and Wallace McCray wish to ultimately try their damages claims in state-court and not in a federal court limitation case. As such, they now move the Court to protect their saving-to-suitors rights and bifurcate this case so that, if the petitioners' limitation of liability actions are denied, the claimants' rights to try their damages in state court will be preserved. Indeed, bifurcation also makes sense here given the complexity of the liability issues and the streamlining that bifurcation would promote. To be frank, trying liability *and damages* in this Court among the numerous claimants could require a trial spanning weeks or a month or more. That is untenable, and not a good use of the parties' resources or the Court's resources. Bifurcation, therefore, makes sense.

For that reason, and those that follow, this motion should be granted.

---

[1]   Rec. Doc. 401 at p. 2, order denying bifurcation as premature.

## II.

### LAW AND ARGUMENT

Vessel owners who face liability from an incident at sea may file a claim pursuant to the Limitation of Liability Act.[2] The vessel owner's goal is to limit its liability to the value of the vessel involved in the incident.[3] But a vessel owner is not entitled to limit its liability when the negligent act occurs within the "privity or knowledge"[4] of the vessel owner.[5] Consequently, the core issues in any Limitation case are: (1) whether the vessel owner was negligent; and (2) whether that negligence occurred within the vessel owner's "privity or knowledge."

Federal courts have exclusive jurisdiction over a limitation case.[6] But, as this Court long ago recognized, a vessel owner's right to seek a limitation of its liability in a federal bench trial is in direct conflict with a claimant's savings to suitors' rights to sue vessel owner in state court before a jury.[7] To ease this tension, federal courts have developed a rule "under which exclusive admiralty jurisdiction must also give way: once limitation is denied *it is up to the claimants rather*

---

[2] 46 U.S.C. § 30501 *et seq*.

[3] 46 U.S.C. § 30505(a).

[4] "Privity or knowledge" exists when the vessel owner knew or should have known about the "conditions or actions likely to cause the loss." *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 504 (5th Cir. 1994).

[5] 46 U.S.C. § 30505(b).

[6] 46 U.S.C. § 30511(a).

[7] *Matter of Suard Barge Services, Inc.*, 1997 WL 358128 at *2 (E.D. La. 1997) (Vance, J.) ("This statutory right of a vessel owner to seek a limitation of liability in federal court directly conflicts with the right of a complainant to seek a common law remedy in state court, pursuant to the 'saving to suitors' clause of 28 U.S.C. § 1331(1); *see also Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001) (explaining the "tension [that] exists between the savings to suitors clause and the Limitation Act.").

3

*than the court whether the [federal] proceedings will continue or whether the injunction will be dissolved to permit the resumption of other [state court] actions.*"[8]

Consequently, "the preferred approach, at least within federal district courts of the Fifth Circuit, is to decide the limitation issues [i.e. "privity or knowledge"] and then allow claimants to return to state court if they so desire."[9] Since at least 1997, this very Court has followed that approach because, as it has recognized, the approach "makes perfect sense."[10] And that is undoubtedly correct. *"Where no limitation is possible, the damage claimants are entitled to have the injunction against other actions dissolved, so that they may, if they wish, proceed in a common law forum as they are entitled to do under the saving to suitors clause.*"[11] Other federal district courts have agreed and have similarly bifurcated limitation of liability actions.[12]

Notably, in 2020, Judge Vance confronted this exact scenario once again. And it ruled just the same. In *Archer Daniels Midland CO. v. M/T American Liberty*,[13] a tanker crashed into several

---

[8] *In re Mississippi Limestone Corp.*, 2010 WL 4174631 at *3 (N.D. Miss. Oct. 7, 2010) (citations and quotations omitted) (emphasis added); *Odfjell Chemical Tankers AS v. Herrera*, 471 F. Supp. 3d 790, 795 (S.D. Tex. 2020) (same) (quoting *In re Mississippi Limestone Corp.*); *Matter of Savage Inland Marine, LLC*, 2020 WL 10355875 at *3 (E.D. Tex. 2020) ("bifurcation is the preferred procedure in the Fifth Circuit.").

[9] *Id*. at *3 (quoting *In re Athena Constr., LLC*, 2007 WL 1668753 at *6 (W.D. La. 2007)).

[10] *Matter of Suard Barge Services, Inc.*, 1997 WL 358128 at *2 (E.D. La. June 26, 1997) (Vance, J.) ("Bifurcation as suggested by the Windhams makes perfect sense here."); *see also Rubenstein v. Bryant*, 522 F.2d 1351, 1352 (5th Cir. 1975) ("A bifurcated damage action, in which a state court decides the merits of the tort action while a federal admiralty court subsequently determines limitation of liability, is not new to the courts.").

[11] *Fecht v. Makowski*, 406 F.2d 721, 722-23 (5th Cir. 1969) (emphasis added); *Wheeler v. Marine Navigation Sulphur Carriers, Inc.*, 764 F.2d 1008, 1011 (4th Cir. 1985) ("Each circuit that has considered this question has ruled that once limitation is denied, plaintiffs should be permitted to elect whether to remain in the limitation proceeding or to revive their original claims in their original fora.") (string cite omitted).

[12] *In re Bergeron Marine Serv., Inc.*, 1994 WL 236374 at *1-2 (E.D. La May 24, 1994); *In re TT Boat Corp.*, 1999 WL 102786 at *1 (E.D. La Feb. 23, 1999); *In Matter of Torch, Inc.*, 1996 WL 512303 at *1 (E.D. La. Sept. 6, 1996).

[13] 2020 WL 1889123 (E.D. La. 2020) (Vance, J.).

4

vessels and injured multiple crewmembers. The tanker interests filed a limitation of liability case in this Court. The injured workers filed claims and sought bifurcation. Judge Vance *granted* their request. As the Court's order recognized, the claimants' request was "consistent with the approach taken by other courts."[14] Bifurcation, the Court noted, "has proved to be an effective tool to help ease the conflict and accommodate the presumption in favor of jury trials . . . embodied in the 'savings to suitors' clause."[15] In granting bifurcation, the Court explained that the procedure would allow the court to "protect the vessel owners' limitation rights by trying limitation first" and at the same time, allow the claimants "to seek damages in state court" if limitation was denied.[16] Thus, the Court declared that issues of liability, limitation, and the apportionment of fault would be tried in phase one of the trial. And damages would be reserved a second phase.[17]

Judge Vance's holding in *Archer Daniels* has proven to be a significant one. As one federal court has noted, the opinion provides a "compelling analysis" of the benefits of bifurcation.[18] And in the less than two years since this Court issued its opinion in *Archer Daniels*, multiple courts have cited and followed it to grant bifurcation of similar claims. Respected jurist Judge deGravelles in the Middle District of Louisiana has done so,[19] as have multiple federal judges in Texas.[20]

---

[14]     *Id*. at *3

[15]     *Id*. at *3 (internal citations and quotations omitted).

[16]     *Id*. at *4.

[17]     *Id*. ("For the foregoing reasons, the Court GRANTS the motion to bifurcate. The Court will try the issues of liability, limitation, and apportionment of fault in a bench trial. Damages will be tried separately.").

[18]     *In re Intracoastal Tug and Barge Company, LLC*, 2021 WL 5104533 at *2 (S.D. Tex. 2021)

[19]     *Matter of Chester J. Marine*, 2021 WL 2661949 at *6–7 (M.D. La. 2021) (deGravelles, J.) (following and citing *Archer Daniels* to order bifurcation).

[20]     *In re Intracoastal Tug and Barge Company, LLC*, 2021 WL 5104533 at *3 (S.D. Tex. 2021) ("Here, like *Archer Daniels*, allowing bifurcation would allow the liability of the parties to be determined before a jury trial on damages occurs. The elimination of a need for a jury trial serves to expedite and economize the judicial process. Should there be no liability found, Rutledge would be left with the choice of whether to pursue his claim before a jury in state court. This choice could eliminate

This Court should follow this "preferred" approach and bifurcate this case as well. Doing so will promote judicial economy and efficiency under Federal Rule of Civil Procedure 42(b). And it will afford the claimants the opportunity to have his damages claims tried before a jury in the forum of his choosing in the event of a favorable ruling on limitation.

The bifurcation order sought here is the same one this Court entered in *Archer Daniels*. In this bifurcated action, the Court would first decide whether the limitation petitioners (and others) were negligent. And, if they were, the Court would decide whether the petitioners are entitled to limit their liability (*i.e.*, whether privity or knowledge exists.) The Court would also determine an allocation of fault for the incident. After making these determinations, if the petitioners are denied a limitation of liability, the savings-to-suitors claimants like Lewis Andrews and Patrick Burnett would then be allowed to proceed in state court. This approach will preserve their right to a jury trial, preserve the petitioners' rights to a federal bench trial, balance the competing interests of the Saving to Suitors clause and the Limitation of Liability Act, and significantly shorten the limitation of liability trial in this Court. Consequently, the Court should grant this motion and order bifurcation in this case

Indeed, given the number of claimants at issue in this case, one envisions that trying all of the claimants' damages *alongside* liability is a recipe for a very lengthy limitation trial that ultimately may not be necessary if limitation is denied. This further counsels that the Court should

---

the need for a jury trial and, at the same time, preserve Rutledge's right to a jury trial, albeit one in state court. Because Rutledge's motion for bifurcation will further the interests of economy and convenience, it should be granted."); *In re Orion Marine Construction, Inc. v. All Potential Claimants*, 2021 WL 2779115 at *3-4 (S.D. Tex. 2021) (following and citing *Archer Daniels* to order bifurcation); *Matter of Savage Inland Marine, LLC*, 2020 WL 10355875 at *3-5 (E.D. Tex. 2020) (following and citing *Archer Daniels* to order bifurcation); *Odfjell Chemical Tankers AS v. Herrara*, 471 F. Supp. 3d 790, 795-796 (S.D. Tex. 2020) (following and citing *Archer Daniels* to order bifurcation).

enter a bifurcation order and try the core limitation issues (liability, limitation, and apportionment of fault) in the first phase. And damages can be reserved for a second phase which, depending upon various claimants' preferences, may not even need to be tried in this Court.

## III.

### CONCLUSION

Claimants Lewis Andrews, Patrick Burnett, Brian Cloyd, and Wallace McCray respectfully request the Court to grant their motion to bifurcate and to enter an order bifurcating the limitation and non-limitation issues in this case.

Respectfully submitted,

**ARNOLD & ITKIN, LLP**

/s/    J. Kyle Findley
J. Kyle Findley (#34922)
kfindley@arnolditkin.com
**ARNOLD & ITKIN LLP**
6009 Memorial Drive
Houston, TX 77007
Tel: 713.222.3800
Fax: 713.222.3850

**ATTORNEYS FOR CLAIMANTS**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading was served on counsel of record by electronic means, including the CM/ECF system, on October 31, 2025.

/s/    J. Kyle Findley (#34922)