UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF MODERN AMERICAN RAILROAD SERVICES, LLC, as Owner, and SHORE OFFSHORE SERVICES, LLC, as Bareboat Charterer and Owner *Pro Hac Vice* of D/B THOR PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | * * * * * * * * * | CIVIL ACTION NO. 2:21-CV-00258-JCZ-KWR (lead case) c/w 21-337, 21-464, 21-822, 21-1968, 21-1969, 21-1981, 21-1982, 21-2075<br><br>Pleading applies to all cases.<br><br>JUDGE JAY C. ZAINEY<br><br>MAGISTRATE JUDGE KAREN WELLS ROBY |

## OPPOSITION TO DAWN SERVICES' MOTION FOR PARTIAL SUMMARY JUDGMENT ON DAMAGES

Claimants Lewis Andrews, Patrick Burnett, Brian Cloyd, and Wallace McCray (the "personal injury claimants")[1] file this short opposition to the motion for partial summary judgment on the scope of recoverable damages in this case, which was filed by Dawn Services, LLC ("Dawn Services").[2] Dawn Services' motion echoes other similar motions before the Court now.[3]

### I.

### Brief background

In this limitation of liability case, the personal injury claimants are Jones Act seaman who have brought claims in this case for personal injuries against their Jones Act employers and maritime-law based claims against others. The movers, who have potential exposure in the case,

---

[1] The undersigned does not represent, and therefore does not respond on behalf of, the other personal injury claimants, Lessle Williams and Terryn Lyons.

[2] Rec. Doc. 787, Dawn Services, LLC's motion for partial summary judgment on the scope of recoverable damages.

[3] Rec. Doc. 774, Crosby's motion for partial summary judgment on the scope of recoverable damages; Rec. Doc. 783, Martin's motion for partial summary judgment on the scope of recoverable damages.

1

have now moved for partial summary judgment on the scope of recoverable damages under those bodies of law. Also relevantly, the personal injury claimants recently moved the Court to bifurcate trial such that damages are not decided at a first phase and, if limitation is denied, then damages may be adjudicated in state court.[4]

## II.

## Law and Argument

### II-A.

**The Court should deem the motion premature at this time.**

As a threshold matter, the Court should first adjudicate the claimants' motion to bifurcate before addressing this motion on the scope of recoverable damages. Simply stated, if the Court bifurcates trial and limitation is denied, then the scope of recoverable damages will ultimately fall not to this Court, but to the state court who decides that issue. This is a threshold ground for the Court to deem this motion premature at this juncture. Provided the case is bifurcated, then if limitation is denied, this Court will never have to address the motion. And if limitation is ultimately granted in some form, then the Court may address the motion after that ruling.

### II-B.

**To the extent the court addresses the motion, then the personal injury claimants are entitled to recover pecuniary losses as defined in case law.**

The movers argue that the personal injury claimants are not entitled to recover certain non-pecuniary losses, including exemplary damages and other—alleged—"non-pecuniary" losses. As a general matter, the personal injury claimants agree that their losses are limited to "pecuniary" losses and that this category excludes exemplary damages.

---

[4]    Rec. Doc. 793, the personal injury claimants' motion to bifurcate.

But which losses count as "pecuniary" is also defined in case law. "Under the general maritime law and the Jones Act, injured seaman are entitled to recover compensation for loss of future earning capacity, lost wages, medical expenses, and physical and mental suffering resulting from injury caused by negligence."[5] To be clear, the latter category, which essentially comprises general damages, includes both (1) physical pain and suffering (such as "excruciating" physical pain)[6] and (2) mental suffering (such as "humiliating and emotional suffering.")[7] And this aspect of loss also include *past* and *future* categories of these harms.[8]

And so, although the movers classify the personal injury claimants' damage claims in various ways, the law provides that they are clearly entitled to recover the following:

- Past and future loss of earning capacity;
- Past and future lost wages;
- Past and future medical expenses;
- Past and future physical pain and suffering; and
- Past and future mental suffering.

To the extent the various motions on this subject loosely suggest that "mental pain, suffering, and anguish" is not available in this case,[9] the motion is flatly wrong and should be denied. Physical *and* mental suffering are recoverable under precedent. Ultimately, the Court

---

[5] *Stevens v. Omega Protein, Inc.*, 2005 WL 83248 at *7 (E.D. La. 2005).

[6] *Allen v. Seacoast Products, Inc.*, 623 F.2d 355, 365 (5th Cir. 1980) (overruled on *different grounds*) ("Compensation for pain and suffering, the general damages component, was also a much disputed item. Allen was in excruciating agony for a short period after his accident, perhaps as long as a month afterwards. While he is now essentially free of physical pain, there is ample evidence of his humiliation and emotional suffering from being disfigured for life. The evidence also shows that Allen will experience a number of problems in everyday life, including impairment of recreational activities.").

[7] *Id*.

[8] *Id*. ("Considering the extent of Allen's (past and future) pain and suffering and the probability of substantial impairment of future earning capacity, we conclude that the award is very generous but not shocking to our conscience.").

[9] *E.g.*, Rec. Doc. 774, Crosby's motion, at p. 1.

should simply enter an order holding that the personal injury claimants are entitled to recover the bullet-pointed items above.

### III.

#### CONCLUSION

The Court should deem the motion premature. But if it addresses it, it should hold that the personal injury claimants are entitled to recover the items set forth herein and deny the motions to the extent they argue or suggest otherwise.

Respectfully submitted,

**ARNOLD & ITKIN, LLP**

/s/      John Grinnan
J. Kyle Findley (#34922)
kfindley@arnolditkin.com
John G. Grinnan, Jr. (*Pro Hac Vice*)
Texas SBN: 24087633
jgrinnan@arnolditkin.com
**ARNOLD & ITKIN LLP**
6009 Memorial Drive
Houston, TX 77007
Tel: 713.222.3800
Fax: 713.222.3850

**ATTORNEYS FOR CLAIMANTS**

#### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading was served on counsel of record by electronic means, including the CM/ECF system, on November 18, 2025.

/s/      John Grinnan

4