UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| All Coast, LLC | * | No. 2:21-CV-00258 (lead case) c/w |
| | * | 21-337, 21-464, 21-822, 21-1968, |
| | * | 21-1969, 21-1981, 21-1982, |
| v. | * | 21-2075, 21-2227 |
| | * | (Applies to all cases) |
| | * | |
| | * | Judge Zainey |
| | * | |
| Shore Offshore Services, LLC | * | Magistrate Judge Dossier |

### Opposition to Crosby Tugs's Motion for Partial Summary Judgment
### By Claimant Lessle Williams

The motion for partial summary judgment by Crosby Tugs (Doc. 774) should be denied. First, it is premature given the pending motion to bifurcate. Second, Lessle Williams is entitled to recover pecuniary losses as defined by case law.

This motion for summary judgment is premature. Claimant Williams has filed a response memorandum for this Court to grant the motion to bifurcate trial such that damages will not be adjudicated in the first phase. If the Court grants bifurcation and ultimately denies limitation of liability, the scope of recoverable damages will be determined by the state court, not this Court.

Even if not premature- Williams does not dispute that his damages are limited to "pecuniary" losses and that punitive or exemplary damages are not recoverable.

The Fifth Circuit has long recognized that seamen may recover for "past and future pain and suffering," encompassing both physical and emotional components. *Allen v. Seacoast*

*Products, Inc.*, 623 F.2d 355, 365 (5th Cir. 1980). Significantly, *Allen* held that compensable suffering includes "humiliation and emotional suffering" even where the plaintiff was "essentially free of physical pain." *Id.* The court specifically found that "ample evidence of his humiliation and emotional suffering from being disfigured for life" supported an award for general damages. *Id.*

This holding has been consistently followed by district courts in this Circuit. In *Stevens v. Omega Protein, Inc.*, 2005 WL 83248, at *7 (E.D. La. 2005), Judge Vance expressly held that injured seamen are entitled to recover for "physical and mental suffering resulting from injury caused by negligence." Crosby's attempt to distinguish between "mental suffering" and "mental anguish" lacks legal foundation and contradicts established precedent.

Williams is entitled to to recover the following:

- Past and future medical damages;
- Past and future loss of earning capacity;
- Past and future physical pain and suffering;
- Past and future mental pain, suffering and anguish;
- Past and future impairment;
- Past and future disfigurement;
- Past and future economic loss;
- Loss of household services;
- Past and future maintenance and cure obligations;
- Interest on damages (pre and post judgment) in accordance with the law; and
- Recoverable court costs

Where injuries have both economic and non-economic components—as Williams' clearly do—factual development is required to determine the extent of pecuniary loss. As *Allen* recognized, even emotional suffering from disfigurement can be compensable where it flows

from physical injury. 623 F.2d at 365. Williams' claimed damages all flow directly from his October 28, 2020 physical injuries and their economic consequences.

Lessle Williams explicitly adopts and incorporates all arguments made in opposition by the other claimants in this matter.

Respectfully submitted:

*/s/Brian King*
Brian King, La. Bar No. 24817
John Love Norris, IV, La. Bar No. 35269
Michael J. Simonson, La. Bar No. 34091
The King Firm, LLC
2912 Canal Street
New Orleans, LA 70119
Phone 504-909-5464
Fax 800-901-6470
E-mail: bking@kinginjuryfirm.com