UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| All Coast, LLC | * | No. 2:21-CV-00258 (lead case) c/w |
| | * | 21-337, 21-464, 21-822, 21-1968, |
| | * | 21-1969, 21-1981, 21-1982, |
| v. | * | 21-2075, 21-2227 |
| | * | (Applies to all cases) |
| | * | |
| | * | Judge Zainey |
| | * | |
| Shore Offshore Services, LLC | * | Magistrate Judge Dossier |

**CLAIMANT LESSLE WILLIAMS' MEMORANDUM IN OPPOSITION TO CROSBY TUGS, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Claimant Lessle Williams ("Williams"), through undersigned counsel, respectfully submits this Memorandum in Opposition to the Motion for Partial Summary Judgment filed by Crosby Tugs, LLC ("Crosby").

**I.    INTRODUCTION**

Crosby seeks an order limiting Williams' recoverable damages to exclude categories it claims are not "pecuniary" under general maritime law. Crosby's motion should be denied for three independent reasons: (1) it is premature given the pending motion to bifurcate; (2) Crosby fundamentally misconstrues what constitutes "pecuniary" loss under controlling Fifth Circuit precedent; and (3) genuine issues of material fact exist regarding the economic impact of Williams' claimed injuries, precluding summary judgment.

1

## II. ARGUMENT

### A. Crosby's Motion Is Premature and Should Be Denied on Procedural Grounds

Crosby's motion is premature. Claimant Williams has filed a response memorandum for this Court to grant the motion to bifurcate trial such that damages will not be adjudicated in the first phase. If the Court grants bifurcation and ultimately denies limitation of liability, the scope of recoverable damages will be determined by the state court, not this Court.

### B. Crosby Fundamentally Misconstrues What Constitutes "Pecuniary" Loss Under Controlling Precedent

Williams does not dispute that his damages are limited to "pecuniary" losses and that punitive or exemplary damages are not recoverable. However, Crosby fundamentally mischaracterizes what constitutes "pecuniary" loss under Fifth Circuit precedent.

### 1. Physical and Mental Suffering Are Expressly Compensable

The Fifth Circuit has long recognized that seamen may recover for "past and future pain and suffering," encompassing both physical and emotional components. *Allen v. Seacoast Products, Inc.*, 623 F.2d 355, 365 (5th Cir. 1980). Significantly, *Allen* held that compensable suffering includes "humiliation and emotional suffering" even where the plaintiff was "essentially free of physical pain." *Id.* The court specifically found that "ample evidence of his humiliation and emotional suffering from being disfigured for life" supported an award for general damages. *Id.*

This holding has been consistently followed by district courts in this Circuit. In *Stevens v. Omega Protein, Inc.*, 2005 WL 83248, at *7 (E.D. La. 2005), Judge Vance expressly held that injured seamen are entitled to recover for "physical and mental suffering resulting from injury caused by negligence." Crosby's attempt to distinguish between "mental suffering" and "mental anguish" lacks legal foundation and contradicts established precedent.

### 2. Crosby Improperly Conflates Non-Economic Losses with Non-Pecuniary Losses

Crosby's motion conflates two distinct concepts: (1) losses that are difficult to quantify with precision (such as pain and suffering), and (2) losses that have no economic component whatsoever (such as loss of society or grief). The Supreme Court in *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990), held only that the latter category is non-compensable. *Miles* specifically addressed "loss of society" claims by decedents' beneficiaries—purely relational, non-economic losses with no connection to the injured party's earning capacity, medical needs, or physical capabilities. *Id.* at 32.

Pain and suffering, by contrast, are compensable precisely because they flow directly from compensable physical injuries and affect the injured party's life, work capacity, and wellbeing. As the Fifth Circuit recognized in *Allen*, these damages are "pecuniary" in the maritime law sense because they constitute real losses capable of reasonable monetary valuation, even if not susceptible to precise mathematical calculation. 623 F.2d at 365.

### C. Crosby's Cases Are Distinguishable and Do Not Support Summary Judgment

The cases Crosby cites do not establish that categories like "impairment," "disfigurement," or "mental anguish" can *never* constitute pecuniary losses. Rather, they stand for the narrow proposition that purely non-economic losses—such as grief unconnected to physical injury, emotional distress without physical manifestation, or loss of society—are not recoverable.

Where injuries have both economic and non-economic components—as Williams' clearly do—factual development is required to determine the extent of pecuniary loss. As *Allen* recognized, even emotional suffering from disfigurement can be compensable where it flows

3

from physical injury. 623 F.2d at 365. Williams' claimed damages all flow directly from his October 28, 2020 physical injuries and their economic consequences.

### III.    CONCLUSION

Crosby's motion fails on multiple, independent grounds and should be denied in its entirety.

Lessle Williams explicitly adopts and incorporates all arguments made in opposition by the other claimants in this matter.

Respectfully submitted:

/s/John Love Norris, IV
Brian King, La. Bar No. 24817
John Love Norris, IV, La. Bar No. 35269
Michael J. Simonson, La. Bar No. 34091
The King Firm, LLC
2912 Canal Street
New Orleans, LA 70119
Phone 504-909-5464
Fax 800-901-6470
E-mail: jnorris@kinginjuryfirm.com