## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF MODERN | * | CIVIL ACTION NO. 2:21-CV-00258- |
| AMERICAN RAILROAD | * | JCZ-KWR (lead case) c/w 21-337, 21-464, |
| SERVICES, LLC, as Owner, and | * | 21-822, 21-1968, 21-1969, 21-1981, 21- |
| SHORE OFFSHORE SERVICES, | * | 1982, 21-2075, 21-2227, 23-3220 |
| LLC, as Bareboat Charterer and | * | Pleading applies to all cases. |
| Owner *Pro Hac Vice* of D/B THOR | * | |
| PETITIONING FOR | * | JUDGE JAY C. ZAINEY |
| EXONERATION FROM AND/OR | * | |
| LIMITATION OF LIABILITY | * | MAGISTRATE JUDGE EVA J. |
| | * | DOSSIER |

## MEMORANDUM IN SUPPORT OF CLAIMANTS' OMNIBUS
## MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE

Claimants Lewis Andrews, Patrick Burnett, Brian Clod, and Wallace McCray ("Claimants") submit this memorandum in support of their omnibus motion in limine to preclude the introduction of certain evidence, statements, and arguments at trial.

## I.

### INTRODUCTION

This case involves multiple limitation-of-liability actions that have been consolidated and numerous claimants who have raised claims in the actions. The core factual context is that on October 28, 2020, the D/B THOR broke away from a dock during Hurricane Zeta. It collided with numerous vessels and property along the way. Claimants were aboard the D/B THOR and suffered personal injuries as a result of the incident.

The D/B THOR's owners, Modern American Railroad Services, LLC ("MARS") and Shore Offshore Services, LLC ("Shore"), filed a limitation action in 2:21-cv-464, which was consolidated here. A second limitation action was initiated by Crosby Tuggs, LLC ("Crosby"), who owned the M/V CROSBY. That vessel, an anchor handling tug, was involved in the breakaway of the D/B THOR from its moorings. Crosby's limitation action was docketed at 2:21-

cv-822 and was also consolidated here. Claimants appeared in both limitation actions and asserted personal injury claims against MARS, Shore, and Crosby. Various tenders, third-party claims, and cross-claims have also been raised. Specifically, Dawn Services, LLC, Martin Operating Partnership, L.P., and Martin Services, LLC were added as third-party defendants through Federal Rule of Civil Procedure 14(c). Claimants have settled their claims with MARS and Shore.[1] All remaining parties against whom Claimants have asserted either direct claims or to whom Claimant's claims have been tendered through FED. R. CIV. P. 14(c) are referred to collectively herein as "Defendants."

In 2022, the Court denied a motion to bifurcate as premature.[2] Claimants filed a Renewed Motion to Bifurcate on October 31, 2025, asking the Court to protect their saving-to-suitors clause and bifurcate the limitation and non-limitation issues in this case which is still pending a ruling from this Court.[3] Claimant now files this omnibus motion in limine to preclude the following evidence, statements, and arguments at trial: (1) any and all reference to Claimants' prior criminal convictions and/or arrests; (2) all evidence of previous claims or acts intended to imply bad character; (3) negative remarks about claimants, plaintiffs, or lawsuits in general; (4) remarks about Claimant's counsel, their business, reputation, location and/or region; and (5) in the event this Court grants Claimants' pending Renewed Motion to Bifurcate, any damages evidence which is irrelevant to liability, limitation, or apportionment of fault.

---

[1] *See* Doc. 567, 568, 570, and 571.

[2] *See* Doc. 401, Order Denying Motion to Bifurcate as Premature.

[3] *See* Doc. 793, Renewed Motion to Bifurcate.

## II.

### LAW AND ARGUMENT

A motion in limine is an evidentiary matter in which the trial court is afforded great discretion.[4] Motions in limine allow for the streamlining of the trial to prevent baseless, irrelevant, and prejudicial information from being argued or offered as evidence at trial.[5] Claimants' present motion in limine sets forth the necessity for properly excluding the cited evidence from use at the trial of this matter.

**A.    Motion in Limine #1: This Court should exclude any and all reference to prior criminal convictions and/or arrests.**

Claimants believe Defendants may attempt to introduce evidence at trial of certain convictions or arrests of the Claimants in an improper effort to discredit their testimony. The Court should disallow it. Prior convictions may be admitted to attack a witness's credibility only under limited circumstances. Under FED. R. EVID. 608(b), no extrinsic evidence may be used to attack a witness's character for truthfulness except for certain criminal convictions addressed in Rule 609.[6] Rule 609(a), in turn, authorizes admission of convictions for crimes punishable by death or imprisonment for more than one year or that involve a dishonest act or false statement.[7] Rule

---

[4] *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005); *Randall v. Concordia Nursing Home,* 2007-101 (La. App. 3 Cir. 8/22/07), 965 So. 2d 559, 570.

[5] *See* LA. CODE EVID. arts. 401 and 403; FED. R. EVID. 401 and 403; *FDIC v. Wheat*, 970 F.2d 124, 131 (5th Cir. 1992).

[6] FED. R. EVID. 608 ("Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness.").

[7] FED. R. EVID. 609(a) ("In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction: (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence: (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant . . . ; and (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement.").

609(b) further limits admission of convictions more than 10 years old.[8] Under these Rules, Courts appropriately exclude convictions that do not involve felonies or dishonesty crimes as well as old, stale convictions.[9] Further, any arrests not leading to conviction should be excluded across the board. They are inadmissible under both Rules 608 and 609.[10]

At Claimant McCray's deposition, Defendants asked whether Mr. McCray has ever had a conviction for driving while intoxicated ("DWI"). Mr. McCray testified that he has not had a DWI in the last ten years. Defendants also questioned Claimant Cloyd about his criminal history, all of which is over ten years old and/or has been expunged. Defendants have not disclosed any records or prior criminal convictions and/or arrests which would be admissible under Rules 608 and 609. As such, any and all reference to prior convictions and/or arrests of Claimants or Claimants' witnesses should be excluded from trial.

---

[8] FED. R. EVID. 609(b) ("Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.").

[9] *Garnett v. Pugh*, No. 14-479, 2015 WL 1608593, at *2 (E.D. La. Apr. 10, 2015) (excluding evidence of DWI conviction because it was punishable by up to 6 months imprisonment and did not involve dishonesty and therefore was not admissible under 609(a)); *Kie v. Williams*, No. 3:15-CV-02304, 2016 WL 6208692, at *2 (W.D. La. Oct. 23, 2016) ("Under Federal Rule of Evidence 609, only convictions for felonies or crimes involving a dishonest act or false statement which occurred within the past 10 years are admissible. All other evidence of arrests, convictions, criminal records, suspended license, lack of insurance, DWI, and/or misdemeanor convictions, expunged convictions, and/or felony convictions more than 10 years old will be EXCLUDED at trial.").

[10] *United States v. Newman*, 849 F.2d 156, 161 (5th Cir. 1988) ("Because neither of the arrests resulted in a conviction, Newman could not have used them for impeachment purposes under Fed. R. Evid. 609. Fed. R. Evid. 608(b) further prevents Newman from inquiring into these arrests as past bad acts to impeach Trim's credibility.") (cleaned up); *United States v. Labarbera*, 581 F.2d 107, 108–09 (5th Cir. 1978) ("The general rule, consistently applied in this Circuit, is that normally the mere existence of an arrest is not admissible to impeach the defendant's credibility. The rationale for this rule is simple. Under our constitutional scheme a defendant is presumed innocent until proven guilty, and therefore an arrest, without more, is quite consistent with innocence and yet its mention may prejudice the jury against defendant.") (cleaned up); *Bienvenu v. Dudley*, 95-0547 (La. App. 1 Cir. 10/3/96), 682 So. 2d 281, 284 (ruling that "evidence of an arrest has generally been held to be inadmissible because it constitutes nothing more than an accusation based upon the opinion of the arresting officer").

**B.**     **Motion in Limine #2: This Court should exclude any evidence of previous claims or acts intended to imply bad character.**

The Court should exclude any evidence of or reference to improper character evidence related to Claimants or their witnesses. Character evidence and evidence of other crimes, wrongs, or acts are generally inadmissible to prove the character of a person and show that he or she acted in conformity with such character.[11] Other rules limit attacks on the character of witnesses based on prior acts.[12] And, under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[13] In conformity with these rules, the Court should exclude any reference to any improper character evidence related to Claimants, Claimant's witnesses, or Claimant's family members. This includes but is not limited to: (1) alleged substance use or abuse or efforts to seek treatment for the same; (2) alleged failure to make timely child support payments; (3) alleged failure to file tax returns; (4) employment disciplinary records and workplace misconduct; (5) alleged misrepresentations on a medical questionnaire in 2019; (6) prior claims or lawsuits; (7) irrelevant family history; (8) prior unrelated motor vehicle accidents or traffic violations/citations; and (9) prior bankruptcy filings.

**1.**     **Alleged substance use or abuse, including alcohol, tobacco, or drugs, or efforts to seek treatment for same**.

The Court should exclude any reference to any alleged substance use or abuse, including alcohol, tobacco, or drugs by Claimants (or Claimants' witnesses or family members) or efforts to

---

[11] FED. R. EVID. 404(A), (B).

[12] FED. R. EVID. 608(b) ("[E]xtrinsic evidence is [generally] not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness.").

[13] FED. R. EVID. 403.

seek treatment for same.[14] Specifically, Claimant Cloyd's medical records contain references to past drug use and treatment related thereto. Defendants also questioned Mr. Cloyd about past drug use during his deposition. The probative value of these matters (if any) would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.[15] There is no evidence that such prior conduct or character evidence is in any way relevant to any issue in this suit. This type of evidence would be offered only for the impermissible purpose of portraying Claimants, their witnesses, and/or their family members as bad persons.[16]

### 2.    Any and all reference to Claimants' alleged failure to make timely child support payments.

Claimants anticipate that Defendants may seek to offer evidence of outstanding child support payments in an improper effort to attack Claimants' character. Specifically, Claimant Cloyd testified that he makes monthly payments for child support, although he sometimes cannot make the payments. Claimant Andrews also testified that he makes child supports to his biological children and a child whom he claims is not his and that he has outstanding balances for these

---

[14] *Fabre v. Royal Freight, LP*, No. CV 11-800-JJB-RLB, 2014 WL 12662333, at *1 (M.D. La. Feb. 13, 2014) (prohibiting question of a witness regarding "prior treatment for alcohol and drug abuse"); *White v. Dynamic Indus., Inc.*, No. CV 19-9310, 2022 WL 17622676, at *1 (E.D. La. Dec. 13, 2022) (excluding evidence of a prior drug and alcohol screening that returned a positive result for alcohol and cocaine use; there was no evidence it played any role in the incident, it had great potential to unfairly prejudice the plaintiff, and it was not otherwise admissible to attack the plaintiff's credibility); *Stout v. Nat'l Cas. Co.*, No. 08-4409, 2009 WL 5182209, at *2 (E.D. La. Dec. 22, 2009) ("There is no suggestion that alcohol was involved in the accident at issue in this case, and evidence of Daniel Stout's prior use of alcohol would be both irrelevant and unduly prejudicial."); *Porter v. Bell Helicopter Textron*, No. CIV.A. 93-0619, 1995 WL 540228, at *2 (E.D. La. Sept. 8, 1995) (excluding evidence of decedent's alcohol use as well evidence of any "tendency to abuse alcohol or any other controlled substance or drug," where there was no evidence that alcohol or drug use played any role in the incident at issue and was overly prejudicial); *see also, e.g.*, *Case v. Arrow Trucking Co.*, 372 So. 2d 670, 676-77 (La. App. 1 Cir. 1979) (drinking habits of a victim injured by defendant as well as the drinking habits of a deceased passenger inadmissible because such habits of intemperance were irrelevant); *Jeanpierre v. Mikaelian*, 709 So. 2d 915, 920 (La. App. 4 Cir. 1998) (no abuse of discretion to exclude references to prior drug use of plaintiff because it was not relevant to the action for personal injury).

[15] FED. R. EVID. 403.

[16] *E.g.*, *Case*, 372 So. 2d at 677 ("We find that the prejudicial harm which might result from misinterpretation of such evidence by a juror or jurors who are opposed to consumption of alcohol, far outweighs any slight probative value such evidence may have.").

payments. Evidence of outstanding child support obligations is irrelevant to a personal injury action and is not admissible as substantive evidence therein.[17] Thus, this type of evidence would be offered only for the impermissible purpose of portraying Claimants, their witnesses, and/or their family members as bad persons. Moreover, the probative value of these matters (if any) would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.[18]

### 3.    Any evidence of Claimants' alleged failure to file tax returns.

Claimant Andrews testified at his deposition that he does not recall whether he filed tax returns for the years 2016–2020. Whether Claimant Andrews in fact failed to file tax returns is not relevant to any material issue in this case. Moreover, to the extent Defendants seek to introduce such evidence to attack Claimant Andrews' character for truthfulness, Defendants must show that Claimant Andrew's income exceeded the threshold amount to trigger a filing requirement for the years he purportedly failed to file a return.[19] Defendants have not presented such evidence here and cannot show any other reason to offer evidence or make any reference related to Claimant Andrews' past filings other the impermissible  purpose of portraying him as a bad person. Moreover, the probative value of these matters (if any) would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.[20]

---

[17] *Bergeron v. Great W. Cas. Co.*, No. CIV.A. 14-13, 2015 WL 3505091, at *3 (E.D. La. June 3, 2015).

[18] FED. R. EVID. 403.

[19] *Reed v. Tokio Marine & Nichido Fire Ins. Co. Ltd*., No. CIV.A. 09-0676, 2010 WL 2560487, at *3 (W.D. La. June 24, 2010).

[20] FED. R. EVID. 403.

4.      **Any and all reference to alleged misconduct in the scope of Claimants' employment or disciplinary action taken by Claimants' employer(s).**

District courts within the Fifth Circuit consistently exclude employment disciplinary records and workplace misconduct evidence as impermissible character evidence in civil cases.[21] This Court should do the same. Here, Claimant Cloyd testified that he was previously fired from a job in 2016 for crying and "having a moment" while on the job. He was also dismissed from the Navy in 2004, over twenty years ago, for failing to disclose his prior entry into a drug rehabilitation program. Defendants introduced a document related to this dismissal at Claimant Cloyd's deposition. Claimant McCray testified that he was cited for an infraction while working for NABORS in 2021 which led to his removal form the rig he was working on. Defendants introduced a document related to this infraction at Claimant McCray's deposition, which relates the infraction to problems with accuracy and timeliness in completing paperwork and other reports.

This evidence has no relevance to any material issues in this case and should be excluded. Moreover, employment misconduct is not admissible for impeachment purposes unless it is specifically probative of the witness's character for truthfulness or untruthfulness.[22] The only arguable record that meets such criteria is Claimant Cloyd's Navy dismissal. But this evidence cannot pass the hurdle of Rule 403.[23] The probative value of the evidence is minimal given that this event occurred over twenty years ago, but the prejudicial value of a dismissal from the armed forces is dangerously high. The fact that the dismissal also involves Claimant Cloyd's prior entry into a drug treatment program makes the danger of unfair prejudice even greater. Claimants ask

---

[21] *See, e.g.*, *Huval v. Louisiana State Univ. Police Dep't*, No. CV 16-00553-BAJ-RLB, 2018 WL 3199460, at *3 (M.D. La. June 29, 2018); *Fox v. Nu Line Transp. LLC*, No. 2:18-CV-00502, 2020 WL 1542378, at *1 (W.D. La. Mar. 31, 2020).

[22] *Graniczny v. City of El Paso, Tex.*, 809 F. Supp. 2d 597, 606 (W.D. Tex. 2011).

[23] FED. R. EVID. 403.

that this evidence and any other reference to alleged misconduct in the scope of Claimants' employment and/or disciplinary action taken by Claimants' employer(s) be excluded.

5.    **Any and all reference to Claimant Cloyd's alleged misrepresentations on a medical questionnaire in 2019.**

Defendants spent nearly 35 pages of Claimant Cloyd's deposition questioning him about alleged misrepresentations in pre-employment medical questionnaire from 2019. Claimant Cloyd testified that he did not intend to make any misrepresentations and that his answers accurately reflected that he had no ongoing health concerns at the time he submitted the questionnaire. The questionnaire was not given under oath and thus has very little (if any) probative value, which is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.[24] Again, this evidence would be offered only for the impermissible purpose of portraying Claimants, their witnesses, and/or their family members as bad persons.

Claimants anticipate that Defendants may attempt to argue that the representations in the questionnaire are relevant to Claimant Cloyd's claimed injuries and resulting damages. While Claimants dispute this, such evidence is nevertheless completely irrelevant to the issues of liability, limitation, or apportionment of fault. Thus, should the Court grant Claimants' pending Renewed Motion to Bifurcate, this evidence is completely irrelevant to a limitation trial and must be properly excluded.

6.    **Evidence of Claimants' prior claims or lawsuits.**

Referring to, mentioning, or presenting evidence of any prior lawsuits, claims, workers' compensation claims, disability claims, unemployment claims, or any similar claims made by or on behalf of Claimants is also improper. There is no evidence or allegation that those claims, if

---

[24] FED. R. EVID. 403.

any, contributed in any way to the occurrence made the basis of this suit or are relevant to the determination of any issue in this suit. Furthermore, the probative value of those matters is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. This type of evidence would only be offered for the impermissible purpose of portraying Claimants as bad persons.[25]

**7.      Any and all reference to Claimants' irrelevant family history.**

This Court should exclude any mention of prior divorce, children out of wedlock, prior girlfriends, or other issues with family relationships, including allegations of domestic abuse. This type of evidence has absolutely no relevance to the maritime incident which is the subject of this lawsuit. Its probative value, if any, would be substantially outweighed by the danger of unfair prejudice to Claimants.[26] The only plausible probative value of such evidence is to imply bad character which, as discussed above, is inadmissible under FED. R. EVID. 404 and 608. This evidence is inadmissible and must be excluded.

**8.      Any and all reference to Claimants' prior unrelated motor vehicle accidents or traffic violations/citations.**

This Court should exclude any and all reference to unrelated motor vehicle accidents or traffic citations, as these matters have absolutely no relevance to the wrongful death maritime incident that is the subject of this lawsuit.[27] Specifically, Claimant Cloye testified that he was in a motorcycle accident in or around 2015, and Claimant Andrews testified that his driver's license was suspended prior to the incident due to an outstanding traffic ticket. The probative value of this evidence, if any, would be substantially outweighed by the danger of unfair prejudice to

---

[25] *See* FED. R. EVID. 403, 404, and 608(b).

[26] *See* FED. R. EVID. 403.

[27] *See* FED. R. EVID. 401.

Claimants.[28] The only plausible probative value of such evidence is to imply bad character which, as discussed further below, is inadmissible under FED. R. EVID. 404 and 608. This evidence is inadmissible and must be excluded.

        **9.     Any and all reference to Claimants' prior bankruptcy filings.**

Evidence of a plaintiff's financial history is generally inadmissible in a civil case outside of the limited purpose of showing that the plaintiff had improper motive in bringing the suit.[29] Here, Claimant Andrews testified that he filed for bankruptcy in 2016. This filing has no probative value to show financial motive for a personal injury lawsuit following a maritime accident four years later. The only plausible probative value of such evidence is to imply bad character which, as discussed above, is inadmissible under FED. R. EVID. 404 and 608. Moreover, the probative value of these matters (if any) would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.[30]

**C.     Motion in Limine #3: This Court should exclude any negative remarks about claimants, plaintiffs, or lawsuits in general.**

Claiming or stating that the nation's court systems are overloaded due to cases such as this or similar cases or references or statements such as "there are too many lawsuits" or "too much litigation" is improper. References of this nature are irrelevant and prejudicial. These matters are generally inadmissible, irrelevant and prejudicial to Claimants' right to a fair and impartial trial. If relevant and/or admissible, the probative value of any such matter would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.[31]

---

[28] *See* FED. R. EVID. 403.

[29] *See Gaudin v. Shell Oil Co.*, 132 F.R.D. 178, 180 (E.D. La. 1990).
[30] FED. R. EVID. 403.

[31] *See* FED. R. EVID. 401, 402, and 403.

Telling the jury that anyone can pay to file a lawsuit, or implying that this lawsuit is frivolous or without merit, is similarly misleading. Proper remedies and procedures, including summary judgments, counter claims, and dismissal for failing to state a claim upon which relief can be granted, were all available to Defendants.[32] If Defendants argue that any area covered by this Motion in Limine or any topics that are inadmissible under the Rules of Evidence or Rules of Civil Procedure, such as privileged communications, collateral sources of money, prior settlement offers, etc. are admissible because "a door has been opened," that they must, before saying or presenting or exhibiting anything in the jury's presence, approach the bench and make inquiry side bar out of the hearing of the jury. This particular limine subpart should be followed regardless of the time of the trial, including arguments.

**D.    Motion in Limine #4: This Court should exclude remarks about Claimant's counsel, their business, reputation, location and/or region.**

Any reference to Claimants' legal counsel has not bearing and/or relevance on the matters being litigated in this lawsuit, and is wholly irrelevant.[33] As such, the Court should order Defendants, Defendants' Attorneys and/or their witnesses to be barred from referencing information associated to Claimants' counsel that is irrelevant to this trial. This should include referencing that Claimants' attorneys a based out of or originate from the State of Texas. The origin of Claimants' legal counsel has no bearing on this case. Any reference to this irrelevant information only leads to potential undue prejudice of potential jurors holding Claimants' legal counsel in a negative light for not be a native of the State of Louisiana.[34]

---

[32] *See* FED. R. EVID. 402 and 403.

[33] *See* FED. R. EVID. 401.

[34] *See* FED. R. EVID. 401 & 403.

Further, for similar reasons, the Court should order Defendants, Defendants' Attorneys and/or their witnesses to be barred from referencing the general business of Claimants' counsel and/or their reputation, as Claimants' counsel is not a party to this lawsuit, is not associated to the facts made the basis of this lawsuit, and such reference only acts to confuse the issues at trial.[35]

**E.      Motion in Limine #5: In the event this Court grants Claimants' pending Renewed Motion to Bifurcate, any damages evidence which is irrelevant to liability, limitation, or apportionment of fault.**

As the Court is aware and as discussed herein, Claimants have filed a Renewed Motion to Bifurcate which is pending a ruling form this Court.[36] The Motion asks for phase one of the case to be tried solely on the issues of liability, limitation, and apportionment of fault, with damages reserved for a second phase.[37] Thus, should the Court grant this motion and bifurcate the proceedings, any and all evidence while relates solely to damages would be irrelevant to this stage of proceedings. Its introduction to phase one of the proceedings would only serve to mislead the jury and confuse the issues.[38]

**III.**

**CONCLUSION**

For the foregoing reasons, Claimants respectfully requests the Court to grant their omnibus motion in limine.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

/s/ *J. Kyle Findley*

---

[35] *Id.*

[36] *See* Doc. 793.

[37] *Id.*

[38] FED. R. EVID. 403.

J. Kyle Findley (#34922)
kfindley@arnolditkin.com
John G. Grinnan (*pro hac vice*)
Tex. Bar. No. 24087633
jgrinnan@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

**ATTORNEYS FOR CLAIMANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading was served on counsel of record by electronic means, including the CM/ECF system, this 4th day of December, 2025.

/s/ *J. Kyle Findley*
J. Kyle Findley