UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| All Coast, LLC | * | No. 2:21-CV-00258 (lead case) |
| | * | c/w |
| | * | 21-337, 21-464, 21-822, 21-1968, |
| | * | 21-1969, 21-1981, 21-1982, |
| v. | * | 21-2075, 21-2227 |
| | * | (Applies to all cases) |
| | * | |
| | * | Judge Zainey |
| | * | |
| Shore Offshore Services, LLC | * | Magistrate Judge Dossier |

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**BY CLAIMANT, LESSLE WILLIAMS**

Claimant Lessle Williams submits these proposed findings of fact and conclusions of law.

**Adoption of Pleading By Other Claimants**

Mr. Williams adopts, under FRCP 10(c), the proposed findings of fact and conclusions of law by other claimants Lewis Andrews, Patrick Burnett, Brian Cloyd, and Wallace McCray, filed in the record today as document 968.

**Proposed Findings of Fact**

We offer a brief recitation of proposed findings of fact and conclusions of law. Brief, because we have adopted the pleading of the other claimants, and the Court is exhaustively familiar with this case. We thus highlight the following proposed findings of fact on behalf of Mr. Williams:

1. THOR's decision to seek safe harbor at Dock 16 in Port Fourchon, was reasonable in the circumstances.
2. Martin failed to execute its mandatory Hurricane Preparedness Plan, creating the operational hazard that directly led to this incident.
3. Martin did not train its own employees on its Hurricane Preparedness Plan, as revealed by the testimony of Mr. Stogner and Mr. Cummins, who instead assumed the Plan's directives were discretionary rather than mandatory.
4. Had Martin enforced its Hurricane Preparedness Plan, Shore would have made arrangements with the Stone dock in Port Fouchon. Martin's failure set the stage for what followed.
5. The "visual inspections" of the bollards, if they even occurred, were inadequate for the safety of others including the claimants. Failure to ensure the equipment was safe, led to the harm caused to the claimants.
6. The Court REJECTS Martin's contentions that it either did not timely know of the THOR's intent to remain at the dock or that it timely told the THOR to leave. The credible testimony at trial showed otherwise.
7. The THOR's mooring arrangement and lines did not cause this accident.
8. Crosby's captains failed to take any independent protective steps, such as the employment of an additional or substitute tug.
9. Crosby, facing known peril, failed to take action within its power to warn or assist Shore and the THOR, as established by testimony at trial.

10. After this incident, neither Crosby nor Martin conducted any root cause investigation, and Crosby did not drug or alcohol test its crew despite Coast Guard requirements.

## Proposed Conclusions of Law

1. Crosby breached its duty of reasonable care.
2. Crosby is not entitled to limitation of liability, owing to its failure to exercise reasonable care. Crosby cannot show lack of privity or knowledge.
3. Martin breached its duties.
4. Shore and the THOR were not negligent, and no comparative fault is attributable to the claimant.
5. THOR acted with reasonable care, and no presumption of negligence against it will apply, or if any presumption did apply, it has been rebutted.
6. No fault is assigned to Shore, and all fault must be allocated between Martin and Crosby.

Respectfully submitted:

*/s/Brian King*______________

Brian King, La. Bar No. 24817
John Love Norris, IV, La. Bar No. 35269
Michael J. Simonson, La. Bar No. 34091
King ◆ Norris
2912 Canal Street
New Orleans, LA 70119
Phone 504-909-5464
Fax 800-901-6470
E-mail: bking@kinginjuryfirm.com