UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
STATE OF LOUISIANA

| | | |
|---|---|---|
| ALL COAST, LLC | * | CIVIL ACTON NO 21-258 Lead Case |
| | * | c/w 21-337, 21-464, 21-822, 21-1968, |
| VERSUS | * | 21-1981, 21-1982 AND 21-2075 |
| | * | |
| | * | JUDGE JAY C. ZAINEY |
| SHORE OFFSHORE SERVICES, LLC; | * | |
| MODERN AMERICAN RAILROAD | * | MAGISTRATE EVA J. DOSSIER |
| SERVICES, LLC; and MARTIN | * | |
| ENERGY SERVICES, LLC | * | Pertaining to All Cases |

******************************************************************************

**CLAIMANT, TERRYNN LYONS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

NOW INTO COURT, through undersigned counsel, comes claimant, Terryn Lyons, who, in accordance with Federal Rule of Civil Procedure 10(c), hereby joins and adopts by reference the Proposed Findings of Fact and Conclusions of Law filed by Harvey Seas Interests' and Weeks Marine, Inc. (See Doc 970), including any and all arguments, memoranda, and exhibits, to the extent the arguments contained therein also apply to Terryn Lyons and are not inconsistent with claimant's positions and defenses in this lawsuit and specifically proposing a separate and independent Proposed Allocation of Fault (See Doc 970, Section VI, Paragraph 38 at page 66) as set forth herein below:

I.

"(38) In allocating fault for the breakaway and resulting damage caused thereby, the Courtmust determine, based upon the number and quality of faults by each party, the role that each played in causing the incident. *Stolt Achievement, Ltd. V. Dredge B.E.Lindholm, 447 F.3rd 360, 370 (5th Cir. 2006).* Having considered those factors and after careful consideration of the evidence and testimony as well as the credibility of the witnesses, the Court finds as a matter of fact that Crosby was guilty of a constellation of significant negligent acts and omissions under the general maritime

law of the United States, which played the principle role in causing the breakaway. Although the conduct of both the Thor and Martin made some contribution to the catastrophe, their roles pale in comparison to that of Crosby and its vessel, the ENDEAVOR.

In fact, were it not for the string of irresponsible and unreasonable conduct on the part of the vessel and its owners and managers, this disaster would probably not have happened. The Court is mindful of these events, from the ill-fated decision to send the unsuited and unfit former icebreaker to hold the Thor to the dock, to the mooring of that vessel to the side of the Thor, where it could do nothing but worsen the conditions the motorless barge faced. The list goes on to include the failure of the ENDEAVOR'S equipment and the ineptitude of its crew to follow even the most basic of maritime principles.

In its duty to consider the number and quality of faults by the parties, the Court cannot escape the reality that in shear number and significance of faults, spread across the entire landscape of this tragedy, Crosby and its vessel overwhelmingly outweigh the remaining parties and tip the scale in favor of an attribution of fault almost exclusively toward the tug and its owners. Accordingly, as a matter of fact, the Court allocates fault in this matter as follows:

| | |
|---|---|
| Crosby: | 80% |
| Martin | 10% |
| Thor | 10%" |

Dated: August 31, 2026

[SIGNATURE ON NEXT PAGE]

Respectfully submitted:

PALMINTIER, THROWER & TREUTING
618 Main Street
Baton Rouge, Louisiana 70801
Telephone: 225/344-3735
Facsimile: 225/344-0522
Service@plgroupla.com

By: *___/s/ Michael C. Palmintier___*
MICHAEL C. PALMINTIER (#10288)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been served upon all counsel via the court's ECF filing system, on this, the 31st day of August, 2026.

*/s/ Michael C. Palmintier*
MICHAEL C. PALMINTIER